UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHAWN MCBREAIRTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-cv-00053-LEW |
| | ) |
| BREWER SCHOOL DEPARTMENT et al., | ) |
| | ) |
| Defendants | ) |

MEMORANDUM OF DEFENDANT MICHELLE McDONALD IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

## I.   Introduction.

Defendant Michelle McDonald hereby opposes the motion of Plaintiff Shawn McBreairty for a temporary restraining order. As an initial matter, Ms. McDonald adopts and incorporates here by reference the arguments made by her co-defendants in opposition to the motion. To those arguments, she adds her unique reasons that compel the denial of the motion as it may be applied to her.

## II.   Legal Standard.

All forms of injunctive relief are extraordinary remedies, "never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). In deciding whether to issue a temporary injunction, courts consider the same four factors that apply to requests for preliminary injunctions:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Esso Std. Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006) (quoting *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004)).

Here, the Plaintiff cannot meet his burden on the first element as it applies to Ms. McDonald.

The legal basis on which the Plaintiff claims to be entitled to injunctive relief is a governmental infringement of his First Amendment right to free speech that gives rise to an action under 42 U.S.C. §1983. In order to succeed against a defendant on the merits of an action under 42 U.S.C. §1983, a plaintiff must establish "(1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused by a 'person'; (3) who was acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The Plaintiff cannot demonstrate that he is likely to succeed on the merits of his claim against Ms. McDonald, because his own submissions demonstrate affirmatively that she was not a proximate cause of the injury he claims to have suffered.

**III.   Facts and Argument.**

In his Verified Complaint, the Plaintiff identifies two communications from "the Defendants" to him as the basis for his claim that his First Amendment rights have been infringed. Read in their entirety, however, his submissions demonstrate that Ms. McDonald was not involved in any way in those communications.

Ms. McDonald is "a teacher at Brewer High . . . ." Verified Complaint, ¶ 5 (ECF Doc. 1, Page ID#: 2). There is nothing in the Plaintiff's submissions to suggest she has any role in the management or administration of the Brewer School Department.

In describing the conduct the Plaintiff identifies as having violated his First Amendment Rights, the Verified Complaint first says: "[O]n February 13, 2024, counsel for the Defendants, acting on their behalf, at their behest, and under their authority, threatening [sic] Mr. McBreairty that, if he did not remove the Article by noon the following day, Defendants would be 'forced to take further action' against him." Verified Complaint, ¶60 (Page ID#: 10). It adds: "A true and correct copy of the threatening email is attached as **Exhibit 5.**" Verified Complaint, ¶ 61 (Page ID#: 10).

In the email attached as Exhibit 5 to the Verified Complaint, the author (counsel for the Brewer School Department) is explicit about the capacity in which she is acting: "I am writing on behalf of our client, the Brewer School Department . . . ." ECF Doc. 1-5, Page ID#: 40. Nowhere does she indicate that she is communicating on behalf of any other person or entity. Specifically, she does not indicate that she is acting on behalf of Ms. McDonald.

The plaintiff describes the second offending communication in paragraph 74 of his Verified Complaint: "On February 14, 2024, Defendants acknowledged that the Article had been removed, but now demanded that the threatening email be removed because of the content they chose to identify and disclose in the email." Verified Complaint, ¶ 74 (Page ID#: 11). Again, he adds: ""A true and correct copy of the Feb. 14, 2024, demand is attached as **Exhibit 6**." Verified Complaint, ¶ 75 (Page ID #11).

The email attached as Exhibit 6 to the Verified Complaint, ECF Doc. 1-6, Page ID#: 41-42, is obviously a follow-up to Exhibit 5 and also says nowhere that the author is acting on behalf of Ms. McDonald or anyone other than the Brewer School Department.

3

In short, even if the Plaintiff could carry his burden of demonstrating a likelihood of success on the merits as to the other elements (a proposition Ms. McDonald in no way concedes), the record evidence available for consideration by the Court on the question of whether Ms. McDonald is a proximate cause of any infringement of the Plaintiff's rights compels the conclusion that she was not.

### IV.     Conclusion.

For all of the foregoing reasons, as well as the reasons set forth in the submissions of Ms. McDonald's co-defendants in opposition to the Plaintiff's Motion for Temporary Restraining Order, the Plaintiff's Motion must be denied.

Dated at Portland, Maine this 1st day of March 2024.

/s/ James B. Haddow
Attorneys for Defendant Michelle McDonald
James B. Haddow, Esq.—Maine Bar No. 3340
Scott D. Dolan, Esq. – Maine Bar No. 6334
PETRUCCELLI, MARTIN & HADDOW, LLP
Two Monument Sq., Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
Telephone: (207) 775-0200
jhaddow@pmhlegal.com
sdolan@pmhlegal.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 1, 2024, I filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all counsel of record through the CM/ECF system.

          */s/ James B. Haddow*
James B. Haddow, Esq. - ME Bar No. 3340
Attorneys for Defendant Michelle McDonald
PETRUCCELLI, MARTIN & HADDOW, LLP
2 Monument Square, Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
(207) 775-0200
jhaddow@pmhlegal.com