# Exhibit 2

Complaint
*Hermon School Dept. v. McBreairty*
May 3, 2022

| | |
|---|---|
| STATE OF MAINE<br>PENOBSCOT, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. CV-2022- |

| | |
|---|---|
| HERMON SCHOOL DEPARTMENT )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>)<br>SHAWN MCBREAIRTY, )<br>)<br>Defendant ) | <br><br><br><br><br><br>**COMPLAINT**<br>**INJUNCTIVE RELIEF REQUESTED** |

Plaintiff Hermon School Department, for its complaint against Defendant Shawn McBreairty, states as follows:

## INTRODUCTION

1. This is an action brought by the Hermon School Department seeking a declaration that Defendant Shawn McBreairty has engaged in bullying and harassing behavior toward Hermon School Department employee Mallory Cook, that such conduct violates Hermon School Department Board policy and state law, and that McBreairty should be enjoined from further conduct of this nature for the protection of the School Department as well as Ms. Cook and others like her.

## THE PARTIES

2. Plaintiff Hermon School Department is a Maine municipal school district organized under the laws of the State of Maine, with a principal place of business in Hermon, Penobscot County, Maine.

3. Defendant Shawn McBreairty is an individual who resides in Hampden, Penobscot County, Maine.

1

## FACTS

### A. Bullying of School Employees Generally

4. Public schools in Maine are responsible for providing a free appropriate public education to all students of school age in the state.

5. Schools depend on their ability to attract and keep talented and proficient educators in order to be able to provide their students with a quality education.

6. Attrition among teaching professionals has become a crisis in Maine and around the country as more and more teachers resign due to on-the-job stress.

7. One growing source of on-the-job stress for teachers has been bullying and harassing behavior by members of the public.

8. Teachers are subject to adverse bullying behavior both on line and in person.

9. One way that the Maine Legislature has sought to address this growing problem is through the enactment of 20-A M.R.S.A. § 1000(22), a law that requires public school administrative districts to adopt and implement policies protecting their employees from bullying and harassment.

10. As a school administrative unit within the State of Maine, the Hermon School Department has the obligation to protect its employees from bullying and harassment.

11. 20-A M.R.S.A. § 1001 (22) requires public school boards to adopt and implement a policy to "address the negative effects of bullying of school employees . . . and to ensure the safety of employees and an inclusive environment for all employees and students in the public school."

12. 20-A M.R.S.A. § 1001 (22) further requires that public schools adopt policies prohibiting bullying and harassment of school employees and mandates that they implement and enforce the policies so adopted.

13. In compliance with its obligations under 20-A M.R.S.A. § 1001(22), the Hermon School Department has adopted Board Policy GBGB, a copy of which is attached hereto as Exhibit 1.

14. That policy provides that "[a]ll employees and students in the school unit, as well as parents, community members, and others involved with the schools are prohibited from engaging in workplace bullying."

15. The definition of bullying contained in Hermon Board Policy GBGB includes "humiliating, mocking, name-calling, insulting, maligning, or spreading rumors about an employee."

16. The definition of bullying contained in Hermon Board Policy GBGB also includes cyberbullying which is defined as "bullying occurring through the use of technology or any electronic communication."

17. The Herman School Department has also adopted Board Policy ACAD, a copy of which is attached hereto as Exhibit 2.

18. Board Policy ACAD prohibits injurious hazing of school employees and students.

19. Board Policy ACAD defines injurious hazing as "any action or situation, including harassing behavior, that recklessly or intentionally endangers the mental or physical health of any school personnel or a student enrolled in a public school."

20. If the Hermon School Department is unable to comply with its obligations to protect its employees from bullying, harassment and hazing, it will suffer cognizable damages in that it will be in violation of state law and its own policy; employees who are the victims of bullying, harassment and/or hazing may have contractual rights as against the School Department, the violation of which could lead to the imposition of monetary and nonmonetary consequences against the School Department; and it will lose employees who are unwilling to

3

work in an environment where they are subject to bullying, harassment, and/or hazing, thereby degrading the quality of education it is able to provide to its students.

### B. Bullying of School Employee by Shawn McBreairty

21. McBreairty describes himself on Twitter as "Father, Husband, Dog-Dad, Patriot, Lion, Warrior, Activist, Anti-CRT OG and approves of toxic masculinity."

22. McBreairty publishes a podcast called the Maine Source of Truth Podcast in which he broadcasts his views opposing rights for transgender individuals, racial equality and other issues involving the fair and equitable treatment of all people regardless of race, ethnicity, gender, or any other difference.

23. McBreairty regularly makes statements on his podcast, on various social media platforms, in emails, and in personal presentations, that attack school employees in various school administrative units around the state, including Hermon.

24. McBreairty regularly makes false and defamatory statements about teachers around the state by accusing them, among other things, of "grooming children" and being "sexual predators."

25. These statements intentionally or recklessly endanger the mental or physical health of the individuals that are the subject of the statements.

26. As a result of McBreairty's baseless attacks on school employees, several have either threatened to resign from employment or have submitted their resignations.

27. Mallory Cook is an English teacher at the Hermon High School.

28. Ms. Cook is also an advisor of the Gender and Sexuality Alliance ("GSA").

29. Although McBreairty does not have a child in Ms. Cook's classroom, and indeed does not have a child enrolled in any school within the Hermon School Department, he has made

4

it a personal mission to mock, intimidate and attempt to hold Ms. Cook out for public ridicule and scorn simply because he does not agree with her.

30. On or about April 1, 2022, McBreairty sent the Superintendent of the Hermon School Department a letter in which he requested public records relating to a non-Hermon School Department training Ms. Cook provided to various Bangor area schools.

31. In the same letter McBreairty made the following charges concerning Ms. Cook:

- She "appears to be grooming children";

- "Microaggressions" is simply a nicer sounding term of teaching young children racism;

- "Reflection on their own privilege" is another way for teachers to push the racial divide of whites being oppressors and black student being oppressed;

- There are 2 genders, not the 63 Hermon HS library displayed recently;

- What Mallory Cook is appearing to be doing, on the heels of her participation in last year's anti-Trump, leftist progressive video, in which Cook broke many Hermon school policies, is to attempt to co-parent the children of Hermon High School, while not concentrating on the very basics of education.

32. The statements McBreairty has made about Ms. Cook are both false and defamatory and constitute bullying and harassment of Ms. Cook.

33. The statements McBreairty has made about Ms. Cook intentionally or recklessly endangered her mental or physical health.

34. On February 16, 2022, McBreairty appeared on a radio broadcast called Legacy 1160 and made numerous false statements about Ms. Cook, including that she wanted to distribute a book of pronouns to her classes and that she conduced pronoun surveys in her classes.

5

35. McBreairty's false statements on the radio showcased Ms. Cook to be fearful and not to feel safe in the Herman High School Building.

36. As a result of McBreairty's statements on the radio broadcast, the School relocated Ms. Cook's classroom and Ms. Cook was obliged to seek an alternative meeting place for the GSA club meetings in order to ensure the safety of club members.

37. As a result of McBreairty's statement on the radio broadcast, Ms. Cook filed a formal complaint under Board Policy GBGB.

38. On or about March 18, 2022 on his podcast McBreairty stated that Ms. Cook is a "sexual predator" because of her work with LGBTQIA+ students.

39. On or about March 10, 2022, McBreairty posted on Twitter that Ms. Cook "has a 'secret' Twitter account, who is also the head of the hyper-sexualization movement."

40. This statement is false and defamatory.

41. This statement casts Ms. Cook in a false light.

42. This statement constitutes bullying and harassment of Ms. Cook.

43. This statement intentionally or recklessly endangered the physical or mental health of Ms. Cook.

44. In early April, 2022, McBreairty sent emails to several people accusing Ms. Cook of "grooming children" and stating that she "is running a shadow organization by pushing hyper-sexualization of minors in the Gay Sexuality Alliance (GSA) club s faculty sponsor."

45. On April 12, 2022, McBreairty published the following definition of "grooming" on Facebook: "the deliberate act of bringing a child into a sexual, political, or racial ideology, practice, cult, or lifestyle without the knowledge or consent of his or her parents for the aim of isolating them from their family so the external party can abuse and manipulate them."

46. On or about May 2, 2022, McBreairty posted a message on Twitter accusing Ms. Cook and two other employees of the Hermon School Department of being "groomers."

47. McBreairty's accusations were false and defamatory.

48. McBreairty's accusations constitute bullying and harassment of Ms. Cook.

49. McBreairty's actions concerning Ms. Cook as detailed above have made Ms. Cook feel unsafe.

50. McBreairty's actions concerning Ms. Cook as detailed above have cast Ms. Cook in a false light.

51. McBreairty's statements concerning Ms. Cook as detailed above recklessly or intentionally endanger her mental or physical health causing her to miss work and require counselling.

52. McBreairty's actions as detailed above meet the definition of hazing under state law and Hermon School Department Board policy ACAD.

53. McBreairty has engaged in a course of conduct that would cause a reasonable person to suffer serious inconvenience or emotional distress.

54. As a result of McBreairty's course of conduct, Ms. Cook has suffered emotional distress.

55. McBreairty's course of conduct constitutes stalking under Maine law.

## COUNT I

### (Declaratory Judgment)

56. The Hermon School Department repeats and realleges each of the allegations set forth in paragraphs 1 through 47 of this Complaint as if fully set forth herein.

57. The Hermon School Department has suffered, and will continue to suffer particularized injury as a result of McBreairty's actions detailed above.

58. Such particularized injury includes, but is not limited to, the inability of the Hermon School Department to protect Ms. Cook and its other employees from bullying and harassment by McBreairty as required by state law, Board policy and contract, and the risk of losing Ms. Cook and other teachers because of the stress caused by severe and outrageous bullying behavior by McBreairty.

59. Because McBreairty is not associated with the Hermon School Department in any way, without intervention by this Court, the Hermon School Department has no way to enforce its anti-bullying policy against him and to provide Ms. Cook and its other employees with the protection they deserve and are entitled to under 20-A M.R.S.A. 1001(21).

60. The Hermon School Department therefore brings this action requesting that the Court declare that McBreairty's statements about Ms. Cook are in violation of her rights and enter a preliminary and permanent injunction prohibiting Mr. McBreairty from making false statements concerning Ms. Cook or any of its other teachers

61. The Hermon School Department is entitled to this declaration pursuant to 14 M.R.S.A. § 5951, *et seq.*

62. The Hermon School Department is without an adequate remedy at law to prevent McBreairty from bullying its employee Ms. Cook and thereby meet the obligations imposed upon it by state law.

63. The Herman School Department and its employee Ms. Cook will be irreparably injured if McBreairty is not prevented from further bullying of its employee

64. By contrast, McBreairty will suffer no damage if he is not permitted to bully, defame, harass and invade Ms. Cook's privacy.

65. It is in the best interests of the public that Mr. McBreairty be prevented from bullying, defaming, harassing and invading Ms. Cook's privacy.

WHEREFORE, Plaintiff Herman School Department requests that this Court enter the following relief against Defendant Shawn McBreairty:

1. Declare that McBreairty has engaged in bullying, harassing, and hazing behavior toward Mallory Cook that is in violation of state law and Herman School Department Board policies GBGB and ACAD;

2, Enter a preliminary and permanent injunction prohibiting McBreairty from publishing further statements concerning Mallory Cook that are false and defamatory, or that place Ms. Cook in a false light, or otherwise constitute bullying or harassment under state law and Herman School Department Board policy; and

3. Award Plaintiff its costs and such other further relief as may be just and equitable.

Dated: May 3, 2022

*Melissa A. Hewey*
Melissa A. Hewey, Bar No. 3587
Attorney for Plaintiff
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME 04101
207-772-1941
mhewey@dwmlaw.com

Code: GBGB
Adopted: 02/07/22

EXHIBIT 1

## Hermon School Department

## WORKPLACE BULLYING

The Hermon School Committee is committed to providing a respectful, safe, and inclusive workplace for employees, one that is free from bullying conduct. All employees and students in the school unit, as well as parents, community members, and others involved with the schools are prohibited from engaging in workplace bullying as defined in this policy.

### DEFINITION

For the purposes of this policy, "workplace bullying" means intentional behavior that a reasonable person would expect to interfere with an employee's work performance or ability to work. Generally, workplace bullying will involve repeated conduct. However, a single incident of egregious conduct could constitute workplace bullying.

Examples of workplace bullying include, but may not be limited to:

- Humiliating, mocking, name-calling, insulting, maligning, or spreading rumors about an employee;
- Shunning or isolating and employee or encouraging others to do so;
- Screaming or swearing at an employee, slamming doors or tables, aggressively invading an employee's personal space; placing an employee in reasonable fear or physical harm; or other types of aggressive or intimidating behavior;
- Targeted practical jokes;
- Damaging or stealing an employee's property;
- Sabotaging an employee's work or purposely misleading an employee about work duties (e.g., giving incorrect deadlines or intentionally destroying an employee's work;
- Harassing and/or retaliating against an employee for reporting workplace bullying;
- Cyberbullying, which is defined in Maine law as bullying occurring through the use of technology or any electronic communication, including but not limited to, a transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted by the use of any electronic device, including, but not limited to, a computer, telephone, cellular telephone, text messaging device, or personal digital assistant.

### EXCLUSIONS

Workplace bullying does not include the following:

- When supervisors set reasonable performance goals or provide verbal or written counseling, direction, feedback, or discipline to employees in the workplace when the intent is to address unsatisfactory work performance or violations of law or school policy;

Code: GBGB
Page 2 of 3

- When supervisors make personnel decisions designed to meet the operational or financial needs of the school unit or the needs of students. Examples include, but are not limited to changing shifts, reassigning work responsibilities, taking steps to reduce overtime costs, transferring or reassigning employees to another building or position.

- Discrimination or harassment based on protected characteristics (race, color, sex, sexual orientation, gender identity, religion, ancestry or national origin, age, familial status, disability, or genetic information). Such conduct is prohibited under separate policies and complaints shall be addressed under ACAB-R – Employee Discrimination/Harassment and Title IX Sexual Harassment Complaint Procedure.

- Disrespectful conduct by students directed at school employees that can be addressed through enforcement of classroom rules, school rules, and applicable Committee policies.

## REPORTS AND INVESTIGATIONS

Employees who believe they have been bullied in the workplace, and other persons who believe they have witnessed an incident of an employee being bullied in the workplace, are expected to report the issue to the building administrator.

If the report is about the building administrator, the report should be made to the Affirmative Action Officer.

The building administrator [Or other identified administrator] shall promptly notify the superintendent of all workplace bullying reports.

Any workplace bullying report about the Superintendent should be made to the Committee Chair.

All reports of workplace bullying shall be investigated promptly and documented in writing. The person who was the subject of the alleged workplace bullying and the person alleged to have engaged in workplace bullying will be notified of the outcome of the investigation, consistent with confidentiality and privacy laws.

## DISCIPLINARY ACTION

Any employee who is found to have engaged in workplace bullying will be subject to disciplinary action up to and including termination of employment.

Students who are found to have engaged in bullying of an employee will be subject to disciplinary action in accordance with applicable student discipline procedures.

Code: GBGB
Page 3 of 3

Parents and others who are found to have engaged in bullying of an employee will be dealt with in a manner appropriate to the particular circumstances.

## APPEALS

If dissatisfied with the resolution of the matter, the subject of the alleged workplace bullying or the person alleged to have engaged in workplace bullying may file a written appeal within five (5) business days with the superintendent stating the reason for the appeal. The superintendent will review the matter and issue a written decision within ten (10) business days. The Superintendent's decision shall be final.

If the matter involves employees covered by a collective bargaining agreement, any disagreement with the results of the investigation may be resolved through the agreement's dispute resolution process.

## RETALIATION PROHIBITED

Retaliation for reporting workplace bullying is prohibited. Employees and students found to have engaged in retaliation shall be subject to disciplinary action.

## SUPERINTENDENT'S RESPONSIBILITY

The Superintendent shall be responsible for implementing this policy and for the development of any necessary procedures to enforce it.

Legal References:   20-A MRSA §1001(21); 6544(2)(C)

Cross References:   AC – Nondiscrimination, Equal Opportunity and Affirmative Action

ACAB – Harassment/Sexual Harassment of School Employees

ACAB-R – Discrimination/Harassment and title IX /Sexual Harassment of School Employees

Code: ACAD
Adopted: 02/10/03
Amended: 11/04/19

**EXHIBIT 2**

# Hermon School Department

## Hazing

The Hermon School Committee is committed to providing a safe learning environment for all students, coaches/advisors and supporters, and is unequivocally opposed to hazing activities of any kind.

Maine law defines injurious hazing as "any action or situation, including harassing behavior, that recklessly or intentionally endangers the mental or physical health of any school personnel or a student enrolled in a public school".

Injurious hazing also includes any activity expected of a student as a condition of joining or maintaining membership in a group that humiliates, degrades, abuses or endangers a student, regardless of the student's willingness to participate in the activity.

Injurious hazing activities of any type, either on or off school property, by any student, staff member, group or organization affiliated with the Hermon School Department are inconsistent with the educational process and shall be prohibited at all times.

"Harassing behavior" includes acts of intimidation and any other conduct that recklessly or intentionally endangers the mental or physical health of a student or staff member.

"Acts of intimidation" include extortion, menacing, direct or indirect threats of violence, incidents of violence, bullying, statements or taunting of a malicious nature and/or derogatory nature that recklessly or intentionally endanger the mental or physical health of another person, and property damage or theft.

No administrator, faculty member, or other employee of the School Department shall encourage, permit, condone, or tolerate injurious hazing activities. No student or groups of students, including leaders of students' organizations, shall plan, encourage, or engage in injurious hazing activities.

Students who violate this policy may be subject to disciplinary action which may include suspension, expulsion, or other appropriate measures. Administrators, professional staff, and all other employees who violate this policy may be subject to disciplinary action, up to and including dismissal.

In the case of an organization affiliated with this School Department that authorizes hazing, penalties may include rescission of permission for that organization to operate on school property or to receive any other benefit of affiliation with the School Department.

Code: ACAD
Page 2 of 2

Persons not associated with this School Department who fail to abide by this policy may be subject to ejection from school property and/or other measures as may be available under the law.

These penalties shall be in addition to any civil or criminal penalties to which the violator or organization may be subject.

Incidents of suspected hazing should be reported to building administration or the Hermon Affirmative Action Officer.

The superintendent/designee shall be responsible for administering this policy. In the event that an individual or organization disagrees with an action -- or lack of action -- on the part of the superintendent/designee as he/she carries out the provisions of this policy, that individual or organization may appeal to the Hermon School Committee. The ruling of the School Committee with respect to the provisions of this policy shall be final.

This right to appeal does not apply to student suspensions of ten days or less or to matters submitted to grievance procedures under applicable collective bargaining agreements.

A copy of this policy shall be included in all school, parent and employee handbooks or otherwise distributed to all school employees and students.

Legal Reference:    20-A MRSA § 6553

Cross Reference:    ACAA - Harassment and Sexual Harassment of Students
ACAA-R Student Discrimination and Harassment Complaint Procedure
ACAB - Harassment and Sexual Harassment of Employees
JICIA - Weapons, Violence and School Safety
JICK - Bullying