IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHAWN MCBREAIRTY,<br><br>  Plaintiff,<br><br>  v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>  Defendants. | Case No. 1:24-cv-00053-LEW<br><br>PLAINTIFF'S BRIEF ADDRESSING THE PHOTOGRAPH IN PLAINTIFF'S ARTICLE<br>- AND -<br>THE FIRST AMENDMENT PROTECTION |

Plaintiff, Shawn McBreairty, submits his brief in response to the Court's Order of March 7, 2024 (ECF No. 24), relative to his motion for injunctive relief (ECF No. 4).  The Order directs the parties to "address[] whether the photograph in Plaintiff's article is protected by the First Amendment. More specifically, the parties should discuss whether Plaintiff's use of the photograph, which was seemingly taken by another person in violation of 17-A M.R.S. Section 511, is entitled to First Amendment protection."

The classic lawyer answer to a legal question is "it depends."  That sliver of uncertainty gives us a place to which we can honorably retreat if we are later exposed as wrong.  Here, we have a rare circumstance.  The answer does not depend on anything.  "It depends" will not be uttered.  **Plaintiff's use of the photograph is entitled to First Amendment protection**.  No retreat, no surrender.

The First Circuit decision in *Jean v. Mass. State Police*, 492 F.3d 24 (1st Cir. 2007) is controlling; it is clearly-established that the publication is protected. Even a violation of 17-A

M.R.S. § 511 by the original photographer would have no effect on McBreairty's right to publish the photo. *Jean* and *Bartnicki* compel this result. A "stranger's illegal conduct does not suffice to remove the First Amendment shield[.]" *Jean* at 25, quoting *Bartnicki v. Vopper*, 532 U.S. 514, 535 (2001). Nothing can restrain McBreairty's (or anyone else's) right to publish this lawfully-acquired image, regardless of its provenance.

*Jean* and *Bartnicki* are not an obscure thread in the law. The Supreme Court has established a robust First Amendment right to publish information—even illegal information—and has built strong, tall, and obvious barriers against any governmental intrusion into that right. *See e.g., Fla. Star v. B. J. F.,* 491 U.S. 524 (1989); *Smith v. Daily Mail Pub. Co.*, 443 U.S. 97 (1979); *Okla. Pub. Co. v. Dist. Court of Okla.*, 430 U.S. 308 (1977); *Neb. Press Ass'n v. Stuart*, 427 U.S. 539 (1976); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469 (1975); *Miami Herald v. Tornillo*, 418 U.S. 241 (1974); *Org. for a Better Austin v. Keefe*, 402 U.S. 415 (1971); *N.Y. Times v. United States*, 403 U.S. 713 (1971) ("Pentagon Papers"); *N.Y. Times v. Sullivan*, 376 U.S. 254 (1964); *Grosjean v. Am. Press Co.*, 297 U.S. 233 (1936); *Near v. Minnesota*, 283 U.S. 697 (1931).

In the Pentagon Papers case, the government sought to stop the New York Times from publishing a classified and stolen government report.  403 U.S. 713. The mere act of giving the report to the New York Times violated federal espionage laws.  *Id.* It does not get much more illegal than that.  Nevertheless, the Supreme Court held that the Times had a right to publish the information.  *Id.*  Even stolen state secrets can be published without government interference.

The right to publish is even more clear when the information is already out in the public. Where the government takes action to try to suppress information that has already reached the public, there is "a 'heavy presumption' against its constitutional validity" *Org. for a Better Austin*, 402 U.S. at 419 (quoting *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1971)).

- 2 -

Plaintiff's Brief Addressing the Photograph in Plaintiff's Article

This innocuous photograph is integral to the reporting on a matter of public concern. The article is about a school policy and a petition to change that policy. The photo documents the facts at issue in the Brewer High School students' petition. The photo shows that the students' and parents' concerns were not merely hypothetical. It shows a biological male using the girls' bathroom. It further shows that the issue was already a matter of public discussion, as it was previously circulating throughout the school. McBreairty could not have been reasonably expected to discuss the existence of the photo without showing the photo. The photo should not be subject to a greater exercise of state power to censor than the U.S. government had to censor *state secrets*.

The most illustrative case in this Circuit to address this clearly-established law is the aforementioned *Jean*. In that case, Mary Jean posted a recording of a state police search of a private home. *Jean*, 492 F.3d at 25-26. Jean received the recording from the home's owner. For purposes of the appeal, the First Circuit assumed not only that the homeowner's creation of the recording was illegal, but even Jean's actions of publishing it would violate the text of the statute. "She disclosed to others the contents of an oral communication that she knew had been recorded illegally, and she arguably participated with [the homeowner] in a conspiracy to disclose the content of the illegally recorded oral communication." *Id*. at 31. After Ms. Jean posted the recording online, the state police told her that if she did not "cease and desist" from publication, they would refer the matter for *possible* prosecution.[1] *Id.* at 25-26. Jean sued the police, seeking to protect her First Amendment right to post the recording. *Id.* at 26.

---

[1] In this circumstance, this threat was akin to the threat by the government in the case before the Court. Brewer would argue "we didn't say we *would*, just that it was '*possible*' and thus there is no standing." Just as there was clear standing in *Jean*, Brewer's attempts to squirm out of being told "you may not violate the First Amendment" should fail.

- 3 -
Plaintiff's Brief Addressing the Photograph in Plaintiff's Article

The First Circuit affirmed a preliminary injunction enjoining the state police from interfering with Jean's publication. *Id.* at 25. Applying *Bartnicki*, and notwithstanding its assumption that the wiretap statute may otherwise have made the publication unlawful, *id*. at 31, the Court concluded that publication of the video was First Amendment protected, *id.* at 33. The First Circuit concluded that because "Jean played no part in [any] illegal interception," *id.,* the publication "was protected by the First Amendment." *Id.* at 33. Here, as in *Jean*, McBreairty is not the one who created the image. Thus, his use of the photo enjoys full First Amendment protection, and the government's threats (veiled or otherwise) give him standing.



*The photo, as shown on social media at least as early as December 12, 2023.*

As McBreairty is not the one who took the photograph, he sees little value in arguing extensively as to whether the photographer broke the law by taking it. *See* **Exhibit 1**, Supplemental Declaration of Shawn McBreairty ("McBreairty Decl.") at ¶ 4. In fact, McBreairty did not even receive it from the photographer—he received it independently from two unrelated parents who saw it on social media, and he heard about it from a third. *See id.* at ¶¶ 6-7. As the image itself shows,[2] it was circulated on Snapchat, and it was

---

[2] While the Plaintiff firmly believes that this photo is entirely First Amendment protected, out of respect for the fact that this has not yet been adjudicated, it is being provided in redacted form to simply show that 1) it was already available on social media, and 2) the setting, showing no reasonable expectation of privacy by anyone in the photo.

circulated at least as of December 12, 2023.  *See* McBreairty Decl. at ¶ 8.  This was no "media exclusive" use of the photo by McBreairty.  It was already out in the public eye, and thus republication of it is even *more* protected than if McBreairty had been the first to publish it.  *See Org. for a Better Austin*, supra.

However, the photo does not even actually appear to have been illegally taken, and if it *was* taken in violation of the statute, *the statute itself* would be subject to a First Amendment challenge.  There is no expectation of privacy in a public place—any girl (or, here, anyone who identifies themselves as female) could lawfully be present in the bathroom and observe who was there.  *See Rivera-Rivera v. United States*, No. 11-2132, 2013 U.S. App. LEXIS 26419, at *1 (1st Cir. Nov. 5, 2013) (finding a lack of a "legitimate expectation of privacy" in a "public restroom").  The fact that it is the public portion of *a bathroom* is of no moment—matters of public concern can occur there.  This was not a photograph of individuals engaged in private acts.[3]

The statute (17-A M.R.S. § 511(1)(B)) by its text prohibits taking a photograph in a bathroom without consent, but there is no indication of a lack of consent.  As the photo itself shows, there are a number of people congregating in the bathroom area.  All are fully clothed, and none are in any state of engaging in a private act.  The statute only applies where there is a "justifiable expectation" of privacy (*State v. Strong*, 2013 ME 21, ¶ 17, 60 A.3d 1286, 1291), and per the First Circuit's decision in *Rivera-Rivera, supra,* there is no such expectation here.  Accordingly, this area has no reasonable expectation of privacy, but for the fact that the legislature drafted a constitutionally unsound statute.  For but one example, video recording a police officer

---

[3] Nor is presence in a stall in a public restroom fully protected from outsiders.  "Even when an individual has entered a stall, there is no legitimate expectation of privacy to the extent he may be seen by someone in the common area of the restroom." *Wright v. Bella Vista Police Dep't*, 452 F. Supp. 3d 830, 841 (W.D. Ark. 2020), citing *United States v. White*, 890 F.2d 1012 (8th Cir. 1989).

violently assaulting a citizen in a bathroom would violate the statute, but such recording explicitly protected under *Project Veritas Action Fund v. Rollins*, 982 F.3d 813, 817 (1st Cir. 2020).  One can imagine a multitude of circumstances where matters of public concern might occur in a public restroom.  Should this Court be inclined to deny the relief requested because of the circumstances under which the photo was created, McBreairty will amend to challenge the constitutionality of the statute, facially, and as applied if it is used to suppress the publication of this photograph. However, this need not complicate this case—the statute does not apply to McBreairty—it only applies to the photographer. But, the Court is encouraged to caution Brewer that if they try and strike fear into the heart of the photographer with threats or if they take action against the photographer, they will likely find such actions to be other than to their advantage.

This publication is, without question, protected by the First Amendment; 17-A M.R.S. § 511 does not and cannot apply to McBreairty.  Not only is publication of the photograph protected, but it is protected under clearly-established and long standing First Amendment jurisprudence.

Dated: March 12, 2024.                                      Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
    Lead Counsel
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

/s/ Robert J. Morris
Robert J. Morris, II (ME Bar No. 010402)
HOUSER, LLP
400 TradeCenter, Suite 5900
Woburn, MA 01801
Tel: (339) 203-6498
Email: rmorris@houser-law.com

*Attorneys for Plaintiff,*
*Shawn McBreairty*

Case No. 1:24-cv-00053-LEW

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 12th day of March, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris

RANDAZZA | LEGAL GROUP