UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHAWN MCBREAIRTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BREWER SCHOOL DEPARTMENT, et al., | ) CASE NO. 1:24-cv-00053-LEW |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW DISCUSSING WHETHER PLAINTIFF'S USE OF THE PHOTOGRAPH SEEMINGLY TAKEN BY ANOTHER PERSON IN VIOLATION OF 17-A M.R.S. SECTION 511 IS ENTITLED TO FIRST AMENDMENT PROTECTION**

Pursuant to this Court's Order dated March 7, 2014, ECF Doc. 24, the Brewer School Department ("Brewer"), Gregg Palmer and Brent Slowikowski submit this supplemental brief discussing why Plaintiff's use of the bathroom photograph, which was seemingly taken by another person in violation of 17-A M.R.S. Section 511, is not entitled to First Amendment protection.

Where, as here, the State's prohibition on the *creation* of the underlying photograph is consistent with the First Amendment because of the State's interest in protecting the substantial personal privacy interests of its citizens, a prohibition on the *publication* of the photograph is likewise consistent with the First Amendment. Indeed, Courts have recognized that the publication of such photographs causes more harm than their creation in the first instance, and that States have a compelling interest in preventing that harm.

In his reply in support of his motion for a temporary restraining order and preliminary injunction, Plaintiff asserts that "it is clearly established law that if a publisher obtains even illegally created content, the government as no power to suppress it." ECF Doc. 23, PageID #: 250 (Pl. Reply at 6) (citing *Jean v. Mass. State Police*, 492 F.3d 24 (1st Cir. 2007)). Yet *Jean* does not go so far. Instead, *Jean* follows *Bartnicki v. Vopper* in recognizing that when a government acts to

protect its citizens' privacy, "there are important interests to be considered on both sides of the constitutional calculus," and that "privacy concerns give way <u>when balanced against the interest in publishing matters of public importance.</u>" *Jean*, 492 F.3d at 29 (quoting *Bartnicki v. Vopper*, 532 U.S. 514, 533, 534 (2001)). In *Jean*, the Court found that distributing a recording of police officers recorded from a nanny-cam during a warrantless search did not implicate privacy concerns because "[o]ne of the costs associated with participation in public affairs is an attendant loss of privacy." *Id.* (quoting *Bartnicki*, 532 U.S. at 534). The same analysis reaches the opposite result when applied to unconsented photographs taken in a bathroom. Four students using a school bathroom are not "participat[ing] in public affairs." Instead, the students' privacy rights are near an apex in such a situation and are expressly protected by 17-A M.R.S. § 511 exactly because they are engaged in private—not public—affairs. For this reason, a prohibition on publication of a photograph taken in violation of 17-A M.R.S. § 511 does not violate the First Amendment.

Indeed, a statute, such as 17-A M.R.S. § 511, furthers the compelling governmental interest of protecting citizens from "profound harm" to their "substantial rights" of "personal seclusion, bodily integrity, and sexual privacy," which "are invaded by a private actor who creates unconsented visual images of a person in a place such as a changing room or a bathroom where people are vulnerable, expose their bodies, and engage in highly private activities with the reasonable expectation they are not being photographed or recorded." *Ex parte Metzger*, 610 S.W.3d 86, 103-04 (Tex. App. 2020) (upholding a Texas law that criminalized when a person "transmits a visual image of another in a bathroom or changing room" "without the other person's consent and with intent to invade the privacy of the other person").[1] "Privacy rights, no less than First Amendment freedoms, are 'plainly rooted in the traditions and significant concerns of our

---

[1] While such a statute survives strict scrutiny, *id.*, Maine's statute prohibits all non-consensual photography of other people in a bathroom, regardless of intent, and is therefore a content-neutral restriction on speech subject to intermediate scrutiny. *Id.* at 96.

society.'" *Id.* (citing *The Fla. Star v. B.J.F.*, 491 U.S. 524, 533, (quoting *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 491)). Moreover, Courts have recognized that the harms from widespread publication that violate these privacy rights "can be severe, including serious psychological, emotional, economic, and physical harm," such that the State "has a compelling interest in preventing the nonconsensual distribution of intimate images, and all the potential serious harms that accompany" it. *State v. Katz*, 179 N.E.3d 431, 458 (Ind. 2022) ("The distribution of these images on the Internet means they potentially reach thousands, even millions, of strangers."); *accord State v. Casillas*, 952 N.W.2d 629, 641-43 (Minn. 2020) ("Those who are unwillingly exposed to their friends, family, bosses, co-workers, teachers, fellow students, or random strangers on the internet are often deeply and permanently scarred by the experience."); *People v. Austin*, 2019 IL 123910, ¶69, 155 N.E.3d 439 ("No one can challenge a state's interest in protecting the privacy of personal images of one's body that are intended to be private—and specifically, protecting individuals from the nonconsensual publication on websites accessible by the public.") (quoting *State v. Culver,* 2018 WI App 55, ¶ 19, 384 Wis. 2d 222, 918 N.W.2d 103.); *State v. VanBuren*, 2018 VT 95, ¶¶ 25, 43, 214 A.3d 791 (2019), *as supplemented* (June 7, 2019) (The governmental interest "focuses on protecting the privacy, safety, and integrity of the victim subject to nonconsensual public dissemination of highly private images" such that a nonconsensual privacy violation "seems to be a strong candidate for categorical exclusion from full First Amendment protections" and survives scrutiny even if not categorically excluded).

Here, there is no question that a photograph of four students using a school bathroom is a matter of extreme private concern.[2] Indeed, it is defined so by statute, *see* 17-A M.R.S. § 511, and has been held so in the First Amendment context:

---

[2] McBreairty is likely to argue that the photograph is a matter of public concern because it relates to transgender use of school bathrooms, but such an argument is without merit. It is settled law in this State that all students, including

3

> The right of privacy also includes rights to bodily integrity and sexual privacy. A person's fundamental interest in bodily integrity and sexual privacy have been recognized as liberty interests that are protected from unwarranted state interference by the Due Process Clause. See *Lawrence v. Texas*, 539 U.S. 558, 564-67, 572, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003); *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). Those interests are invaded by a private actor who creates unconsented visual images of a person in a place such as a changing room or a bathroom where people are vulnerable, expose their bodies, and engage in highly private activities with the reasonable expectation they are not being photographed or recorded.
> …
> We conclude the rights to personal seclusion, bodily integrity, and sexual privacy are substantial rights; and the state has a compelling interest in protecting those rights from highly offensive or "intolerable" attack.

*Ex parte Metzger*, 610 S.W.3d at 103 (holding that government prohibitions on the publication of unconsented bathroom photos survive First Amendment scrutiny). The Supreme Court has never struck down a restriction of speech on purely private matters that protected an individual who is not a public figure from an invasion of privacy or similar harms; to the contrary, the Supreme Court has recognized that the First Amendment protection may be "less rigorous" in a case where the speech concerned purely private matters, *Snyder v. Phelps*, 562 U.S. 443, 452 (2011), and has expressly not decided the boundaries of First Amendment protection of purely private truthful speech in the context of claims of invasion of privacy and intentional infliction of emotional distress. *See id*. at 461-62 (Breyer, J., concurring); *id.* at 464-65 (Alito, J., dissenting).

Where, as here, the prohibition on unconsented bathroom photographs complies with the First Amendment expressly because it protects from the privacy harms that could result from widespread distribution, the analysis in *Jean v. Mass. State Police*, 492 F.3d 24 (1st Cir. 2007),

---

transgender students, must be allowed to use the group restroom that corresponds with their gender identity. *See Doe v. Regional School Unit 26*, 2014 ME 11, 86 A.3d 11. While McBreairty has manufactured a debate in Brewer on this settled issue, the broad "public concern" does not allow him (or anyone) to publish photographs of students in the bathroom, any more than engaging in a public debate about whether Maine's Federal Courthouses have adequate sanitation facilities would allow him to publish photographs of court staff using the toilet. In both instances, the people depicted in the photograph do not become matters of public concern simply by using the bathroom.

4

*Bartnicki v. Vopper*, 532 U.S. 514 (2001), and *New York Times Co. v. United States*, 403 U.S. 713 (1971), which balances privacy against the interest in publishing matters of public importance, is inapplicable. Even if it is applicable, the lack of public importance of seeing four students inside a school bathroom, means that any First Amendment concerns are substantially outweighed by the other side of the "constitutional calculus." *See Jean*, 492 F.3d at 29 (quoting *Bartnicki v. Vopper*, 532 U.S. at 534). In *Jean*, the Court held that regardless of whether the recording was lawfully obtained by the publisher, a warrantless search of a private home was an issue of public concern, and that the police officers engaging in that public act did not have protectable privacy interest. *Id.* In *Bartnicki,* the Court reasoned that during publicly contentious collective-bargaining negotiations, a lawfully obtained recording of a cell phone recording of the chief union negotiator talking about the status of the negotiations and saying about the other side "If they're not gonna move for three percent, we're gonna have to go to their, their, homes … To blow off their front porches, we'll have to do some work on some of those guys," was a matter of public concern and that the privacy concerns, though constitutionally significant, were outweighed because "[o]ne of the costs associated with participation in public affairs is an attendant loss of privacy." *Bartnicki*, 532 U.S. at 534. In *New York Times Co. v. United States*, 403 U.S. 713 (1971), the Court declined to uphold a prior restraint on the publication of the underlying information because the significant public concern regarding the underlying content outweighed a unilateral assertion of a national security interest by the executive. In that case, the Court found that the government itself lacked a privacy interest because "[s]ecrecy in government is fundamentally anti-democratic, perpetuating bureaucratic errors. Open debate and discussion of public issues are vital to our national health. On public questions there should be 'uninhibited, robust, and wide-open' debate." *New York Times Co.*, 403 U.S. at 724 (Douglas J. and Black J., concurring) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 269-70 (1964)).

Here, in contrast, the privacy interests of the students using the bathroom are at their apex, and the resulting harms are not theoretical. The parents of all four students depicted in the photograph taken in the girls' bathroom complained to Superintendent Palmer about pictures of their children in the bathroom at the high school being posted on the internet, Palmer Decl. ¶ 9, and one of the students will no longer use any group bathroom as a result of fears of additional invasions of privacy, Palmer Decl. ¶ 18. Plaintiff's publication of this private photograph on the internet is not a communication of an issue of public concern, in contrast to the warrantless search in *Jean* or the comments of the lead union negotiator on a public collective bargaining matter in *Bartnicki*. Every student must use the bathroom, and every student has protected privacy interests to be free from unconsented photographs in so doing. Indeed, Plaintiff's actions in publicizing the bathroom photograph on the internet create the very harms for the students depicted in those photos that Courts have recognized provide a compelling interest for governments to protect the privacy of its citizens. Accordingly, Plaintiff's use of the bathroom photograph, which was seemingly taken by another person in violation of 17-A M.R.S. Section 511, is not entitled to First Amendment protection, even if Plaintiff himself did not take the offending photograph. The same result is reached whether the Court considers this privacy violation to be a category of unprotected speech, or to be a form of protected speech that the government has a compelling interest in suppressing.

Dated: March 12, 2024
/s/ Melissa A. Hewey
Melissa A. Hewey
Jeana M. McCormick
*Attorneys for Defendants*
*Brewer School Department, Gregg Palmer, and Brent Slowikowski*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME 04101
(207) 772-1941
mhewey@dwmlaw.com
jmccormick@dwmlaw.com