UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| SHAWN MCBREAIRTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:24-cv-00053-LEW |
| | ) | |
| BREWER SCHOOL DEPARTMENT et al., | ) | |
| | ) | |
| Defendants | ) | |

<u>BRIEF OF DEFENDANT MICHELLE MacDONALD REGARDING FIRST
AMENDMENT PROTECTION FOR PUBLICATION OF PHOTOGRAPH
OF MINOR TAKEN IN VIOLATION OF 17-A M.R.S. §511</u>

**I.    Introduction.**

The Court has elicited briefs from the parties addressing the question of whether Plaintiff Shawn McBreairty's use in his on-line editorial of a photograph of a minor student taken in a school bathroom without the minor student's consent is protected by the First Amendment. The Court has asked specifically that the question be addressed in light of 17-A M.R.S. §511, which says the use of a device to photograph a person in a bathroom without that person's consent is the Maine Class D crime of Violation of Privacy.

In addressing the Court's question, it is helpful to begin with the general principle that there are limits on the extent to which speech will be protected under the First Amendment.

> "Freedom of speech thus does not comprehend the right to speak on any subject at any time," *American Communications Assn*. v. *Douds*, 339 U.S. 382, 394 (1950), and "the press is not free to publish with impunity

1

> everything and anything it desires to publish." *Branzburg* v. *Hayes*, 408 U.S. 665, 683 (1972); see *Near* v. *Minnesota ex rel. Olson*, 283 U.S. 697, 708, 716 (1931). While we have shown a special solicitude for freedom of speech and of the press, we have eschewed absolutes in favor of a more delicate calculus that carefully weighs the conflicting interests to determine which demands the greater protection under the particular circumstances presented. *E. g., Landmark Communications, Inc.* v. *Virginia*, 435 U.S. 829, 838, 843 (1978); *Nebraska Press Assn.* v. *Stuart*, 427 U.S. 539, 562 (1976); *American Communications Assn.* v. *Douds, supra*, at 400.

*Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 106 (1979) (Rehnquist, J., concurring). For the reasons that follow, when that delicate calculus is employed in the analysis of the competing rights at issue in this case, the inescapable result is the primacy of the privacy rights of the minor over any First Amendment interest Mr. McBreairty may have had in publishing a photo of the minor that was taken in a private location without her consent.

## II.   Argument.

### A.   *The Minor Whose Photograph Mr. McBreairty Published Had A Robust Right To Privacy While In A School Bathroom, Which Included The Right Not To Be Photographed Without Her Consent.*

By enacting 17-A M.R.S. §511, the State of Maine has expressed clearly both (a) that all persons within the state have a right to privacy in private places, and (b) that the right is of sufficient importance that a violation of that right, in addition to any civil remedy it may implicate, is punishable as a crime. This is true regardless of the age of the victim.

When the victim is a minor, the importance of protecting their right to privacy is greater still. In recognition of the paramount need of minors for privacy protections, the Federal Rules of Civil Procedure prohibit the public identification of any minor in any pleadings or filings, except by initials. F.R. Civ. P. 5.2. "Going beyond this level of

protection, courts have sealed proceedings and documents, including settlements, in litigation that exposes sensitive information about a child that could harm the child's future educational or employment prospects or that could cause the child great trauma or embarrassment." *Clark v. Bamberger*, 2016 U.S. Dist. LEXIS 39864, *7 (M.D. Ala.); *see also, Murry v. City of Indianola,* 2023 U.S. Dist. LEXIS 222679*, *10-11 (N.D. Miss.) (in redacting video evidence that showed the shooting of a minor, the court said: "Finding it would be reckless to disregard A.M.'s privacy interests, the court opts to protect the compelling interest in protecting A.M., over the otherwise compelling interests of the public").

There can be no serious question that publication of a photo of a high-school-age student taken in the school bathroom without her consent is likely to cause the student great trauma or embarrassment. *See, e.g., In re M.H.*, 1 Cal. App. 5th 699 (approximately two weeks after a high school student uploaded a 10-second video of a fellow high school student in the school bathroom to Snapchat, the student who was the subject of the video committed suicide).

For all these reasons, in any analysis that requires a balancing of interests between the First Amendment rights of an on-line gadfly and the privacy rights of a minor, the privacy rights must be accorded substantial weight.

B. *The Actions Of Plaintiff McBreairty In Publishing A Photograph Of A Minor In A School Bathroom Taken Without The Minor's Consent Are Not Protected By The First Amendment.*

In *Smith v. Daily Mail Pub. Co., supra,* the U.S. Supreme Court considered a First Amendment challenge to a West Virginia statute that prohibited the publication of names of juvenile offenders without prior leave of court. A newspaper, using ordinary reporting techniques, discovered and published the name of a 14-year-old student who had been charged with shooting a high school classmate at the high school they both attended. The State of West Virginia sought to prosecute the newspaper for violation of the statute, and the newspaper defended on the grounds that the statute violated its First Amendment rights.

The Supreme Court held that the state's interest in protecting the anonymity of juvenile offenders could not justify the imposition of criminal sanctions on the truthful publication of an alleged juvenile offender's name lawfully obtained by a newspaper. *Smith, supra,* 105 – 106. At the same time, the Court was at pains to emphasize that its holding in the case was narrow, and in particular, that it did not consider any issue of unlawful access to protected information or privacy. *Id.*

In 2001, the Supreme Court returned to consideration of the limits on First Amendment protections, this time to address the publication of information acquired through violation of law. In *Bartnicki v. Vopper*, 532 U.S. 514 (2001), the Court was faced with the publication of a recording of a conversation between a union negotiator and a union member that took place while collective bargaining negotiations were under way. The recording had been made in violation of federal and state wiretap laws, but the

4

person who published it was not the person who had recorded it. Before announcing its decision in *Bartnicki,* the Court emphasized, as had the *Smith* Court, the narrowness of the issue it was addressing, saying: "We continue to believe that the sensitivity and significance of the interests presented in clashes between [the] First Amendment and privacy rights counsel relying on limited principles that sweep no more broadly than the appropriate context of the instant case." *Bartnicki*, 532 U.S. at 529 (*quoting Florida Star* v. *B. J. F.*, 491 U.S. 524, 532-533 (1989)).

On the facts as presented, including specifically that the persons whose conversation had been intercepted were "clearly engaged in debate" about a matter of public concern, the Court noted that "[o]ne of the costs associated with participation in public affairs is an attendant loss of privacy," and held "a stranger's illegal conduct does not suffice to remove the First Amendment shield from speech about a matter of public concern." *Id.* at 535.

There are important and material contrasts between the facts in *Bartnicki* and the facts of the instant case. First and most importantly, the student whose photo was published was not an adult engaged in any kind of public discourse when her photo was taken. Rather, she was a minor, standing in a school bathroom. In the process of reasoning through the arguments in *Bartnicki,* the Supreme Court said: "[I]t seems to us that there are important interests to be considered on *both* sides of the constitutional calculus. In considering that balance, we acknowledge that some intrusions on privacy are more offensive than others . . . ." *Id*. at 533. Certainly, the intrusion on privacy that

results from publication of a photo of a child in a school bathroom is objectively at the more offensive end of the continuum.

Meanwhile, on the other side of the balance is the question of what, exactly, is the relationship between the published photo and a matter of public concern that would justify First Amendment protection for its publication. It would be fair to say that the Brewer School Department's policy regarding school bathroom access is a matter of public concern. *See, e.g., Misjuns v. Lynchburg Fire Dep't,* 2023 U.S. Dist. LEXIS 69265, *20 (W.D.Va.) (Political issues regarding gender identity were a matter of public concern). There is no dispute about Mr. McBreairty's First Amendment right to publish all manner of information and opinions on that subject.

The analysis of the public concern question does not end there, however. In order to be entitled to protection, Mr. McBreairty's publication of the photograph must have been related to the matter of public concern in some meaningful way, and that is not the case. The Brewer School Department's policy that students are permitted to use the bathroom that corresponds with their gender identity is well established and has been at all relevant times. Mr. McBreairty has not been shy about publishing information and opinions that he clearly believes demonstrate that the policy is wrongheaded. The publication of a picture of a student who identifies as female in a girls' bathroom did not serve to prove either that the school's policy was being carried out or that someone was acting contrary to the school's policy. In fact, the publication of the photo brought nothing of substance to the public discussion of the policy.

Against that extremely weak connection between the photo and any matter of legitimate public concern, the violation of the student's privacy, as demonstrated most directly by the fact that the photo was taken in violation of 17-A M.R.S. §511, must weigh very heavily – so heavily, in fact, that it outweighs any First Amendment right Mr. McBreairty may claim to have in the publication of the photograph.

### III. Conclusion.

In light of 17-A M.R.S. §511 and other privacy protections, especially as they apply to minors, Plaintiff Shawn McBreairty's use in his on-line editorial of a photograph of a minor student taken in a school bathroom without the minor student's consent is not protected by the First Amendment.

Dated at Portland, Maine this 12th day of March 2024.

/s/ James B. Haddow
Attorneys for Defendant Michelle MacDonald
James B. Haddow, Esq.—Maine Bar No. 3340
Scott D. Dolan, Esq. – Maine Bar No. 6334
PETRUCCELLI, MARTIN & HADDOW, LLP
Two Monument Sq., Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
Telephone: (207) 775-0200
jhaddow@pmhlegal.com
sdolan@pmhlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all counsel of record through the CM/ECF system.

*/s/ James B. Haddow*
James B. Haddow, Esq. - ME Bar No. 3340
Attorneys for Defendant Michelle MacDonald
PETRUCCELLI, MARTIN & HADDOW, LLP
2 Monument Square, Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
(207) 775-0200
jhaddow@pmhlegal.com