UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SHAWN MCBREAIRTY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:24-cv-00053-LEW |
| BREWER SCHOOL DEPARTMENT, GREGG PALMER, BRENT SLOWIKOWSKI, and MICHELLE MACDONALD, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

After counsel for Defendant Brewer School Department emailed Plaintiff Shawn McBreairty to demand that he remove certain content from an online article that he wrote, McBreairty unpublished his article and filed this lawsuit. Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and for a Preliminary Injunction (ECF No. 4). Based upon my review of the pleadings and motion papers, and upon consideration after oral argument on March 14, 2024, the motion is DENIED IN PART insofar as Plaintiff requests a temporary restraining order. The motion is RESERVED IN PART for further proceedings on the request for a preliminary injunction.

Plaintiff remains free to publish his article as he desires, subject only to the admonition of government officials that they may petition a court to redress grievances they harbor as a result of Plaintiff's expressive activity.

My denial of the TRO and my assessment that a hearing is required are based on the following preliminary determinations:

FIRST, that standing is established by the demand email's implied threat of litigation. Based on the email's tone and the historical travel of Attorney Hewey, her firm, and Mr. McBreairty, litigation was substantially likely unless McBreairty complied with the demands. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) ("An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur" (internal quotation marks omitted)).

SECOND, that this case presents nuanced questions, and the current record and briefing do not allow me to find that Plaintiff has demonstrated a likelihood of success on the merits. Plaintiff asks that I enjoin Defendants' exercise of First Amendment freedoms (their right to petition the courts) in favor of his exercise of First Amendment freedoms (the right to criticize the government). As Defendants correctly, although imprecisely observe, Plaintiff's requested injunctive relief implicates Defendants' "right to bring a civil action," which "is itself protected by the First Amendment." Defs.' Resp. at 13; *see also Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983) (explaining "that the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"). Despite Defendants' conclusory argumentation on this point, even a conclusory argument deserves serious consideration in the context of a request that a federal court enjoin litigation. Further examination into whether Plaintiff's requested injunctive relief would itself violate Defendants' First Amendment right to petition the courts for redress is necessary. *See Sindi v. El-Moslimany*, 896 F.3d 1, 29 (1st Cir. 2018)

2

(recognizing "a court's limited authority, consistent with its equitable jurisdiction and the First Amendment, to enjoin speech" and characterizing such relief as having "major institutional implications for the federal judiciary"); *id.* at 29–30 (noting the court's "ongoing duty to review the efficacy and consequences of an injunction takes on special importance in the First Amendment context" because "such an injunction carries significant 'risks of censorship and discriminatory application,'" and "the Supreme Court has directed judges to scrutinize injunctions restricting speech carefully and ensure that they are 'no broader than necessary to achieve [their] desired goals'" (alteration in original) (quoting *Madsen v. Women's Health Ctr.*, 512 U.S. 753, 764–65 (1994)).

Because the First Amendment protects access to the courts, the Supreme Court has cautioned that "enjoining a lawsuit could be characterized as a prior restraint." *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 530 (2002); *see also Alexander v. United States*, 509 U.S. 544, 550 (1993) (describing "[t]emporary restraining orders and permanent injunctions" as "classic examples of prior restraints"). "There is a strong presumption that prior restraints on speech are unconstitutional." *Sindi*, 896 F.3d at 32. However, "baseless litigation is not immunized by the First Amendment right to petition." *Bill Johnson's Rests., Inc.*, 461 U.S. at 743; *Pro. Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993) (outlining a "two-part definition of 'sham' litigation" in an antitrust case); *BE & K Const. Co.*, 536 U.S. at 531 (describing the Court's holdings as having "limited regulation to suits that were both objectively baseless *and* subjectively motivated by an unlawful purpose"); *see also Tomaiolo v. Mallinoff*, 281 F.3d 1, 11 (1st Cir. 2002) ("Several circuits have held, and this one has at least hinted, that in view of the

3

First Amendment the courts should avoid an interpretation of § 1983 so broad as to encompass petitions for government action." (citing *Tarpley v. Keistler*, 188 F.3d 788, 793–95 (7th Cir. 1999) (collecting cases)).  Based on the current briefing and argumentation, I am unable to presently determine whether Plaintiff's request for injunctive relief would violate Defendants' First Amendment rights.

Accordingly, Plaintiff's Emergency Motion for Temporary Restraining Order and for a Preliminary Injunction (ECF No. 4) is **DENIED IN PART**.  The request for a TRO is denied.  The remainder of Plaintiff's Motion (his request for a preliminary injunction) is **RESERVED** pending further proceedings.  The Court will schedule the matter for an evidentiary hearing on Plaintiff's request for a preliminary injunction.  The parties are advised to confer regarding the schedule, including the need for discovery, and the possibility of consolidating the hearing with the trial on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure to facilitate the most efficient resolution of the matter.

SO ORDERED.

Dated this 28th day of March, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge