IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHAWN MCBREAIRTY,<br><br>    Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>    Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL** |

Plaintiff Shawn McBreairty sought a temporary restraining order and a preliminary injunction to enjoin the government from taking action against him on account of publishing a news and opinion Article and a photograph that was already circulating widely on social media. The government threatened him if he did not edit the article to its liking and suppress publication of the photo, they would take action against him.  Fearful of government action, as had been threatened, McBreairty de-published his article, but then published the demand letter.  The government *then* threatened him that he had to take *that* down, too.  McBreairty asked this court to protect him from the government acting in this censorious nature.  McBreairty also asked this court to protect him from the Defendants from taking action to try to apply school policies to McBreairty.  (ECF No. 4).  This court has thus far declined to protect his First Amendment rights.

On March 28, 2024, two weeks after a non-evidentiary hearing (where all parties and the Court had previously agreed in a telephonic conference that no evidentiary hearing was required),[1]

---

[1] *See* **Exhibit 1**, Declaration of Marc J. Randazza at ¶ 5.

the Court denied the requested TRO, indicating that a full evidentiary hearing, following discovery and with possible consolidation with the jury trial on the merits, was needed. (ECF No. 30 (the "Order")). Plaintiff is appealing this denial on an emergency basis and requests the entry of an injunction pending appeal per Rule 62(d).[2]

### 1. Legal Standard

An injunction pending appeal per Fed. R. Civ. P. 62(d) is proper if the movant makes "a strong showing that they are likely to succeed on the merits, that they will be irreparably injured absent emergency relief, that the balance of the equities favors them, and that an injunction is in the public interest." *Together Emples v. Mass Gen. Brigham Inc.*, 19 F.4th 1, 7 (1st Cir. 2021). The test is nearly identical to the standard test for a preliminary injunction. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). All four elements are met.

### 2. Analysis

In its Order, the Court found Mr. McBreairty possessed standing based on the Defendants' counsel's implied threat of litigation. However, the Court determined that the present state of the record did not allow it to find that Plaintiff had demonstrated a likelihood of success on the merits. (Order at 2). This is reversible error.

McBreairty brings three claims against Defendants: a) First Amendment retaliation: 42 U.S.C. § 1983; b) 5 M.R.S. § 4682 for violation of the First Amendment and of Art. I., §§ 4 & 15 of the Maine Constitution; and c) a declaratory judgment that the Defendants may not try to apply their internal policies to McBreairty, an external party. 42 U.S.C. § 1983 provides a remedy for infringement of constitutional rights. *Alfano v. Lynch*, 847 F.3d 71, 74 n.1 (1st Cir. 2017). For

---

[2] Plaintiff had requested such in his motion were the TRO and/or PI denied, but the Court's ruling was silent on the issue. Thus, a separate motion specific to that relief must now be brought, before asking the First Circuit for the same relief.

relief under 5 M.R.S. § 4682, a plaintiff must allege facts to establish that Defendants intentionally interfered with their constitutional rights. *See* 5 M.R.S. § 4682; *Andrews v. Dep't of Envt. Prot.*, 1998 ME 198, ¶ 23, 716 A.2d 212.

The Court's Order neither analyzes nor explains why Mr. McBreairty is unlikely to succeed on the merits of any of his claims. There is nothing in the Order that suggests Defendants were not acting under color of state law or that they did not threaten Mr. McBreairty. Nor is there anything in the Order suggesting the demands made by Attorney Hewey for Defendants did not interfere with or transgress his clearly-established constitutional rights to publish lawfully-acquired information. *See, e.g., Near v. Minnesota,* 283 U.S. 697 (1931); *N.Y. Times v. United States,* 403 U.S. 713 (1971) ("Pentagon Papers"); *Bartnicki v. Vopper*, 532 U.S. 514 (2001); *Jean v. Mass. State Police*, 492 F.3d 24 (1st Cir. 2007). Thus, it was reversible error for the Court to determine Mr. McBreairty had not shown a substantial likelihood of success, and he is, therefore, substantially likely to prevail on appeal.

Instead, without explicitly saying as much, the Court determined that, under a balance of the equities, Mr. McBreairty's freedom of speech did not outweigh the purported right of Defendants to file a frivolous suit against him. This was reversible error in multiple respects.

First, Mr. McBreairty sought *much more* than just a restriction on the government's right to bring a frivolous lawsuit against him. He seeks an injunction against *any* action Defendants might take, as the government's threat was not limited to only frivolous civil litigation. The threat was vague, and therefore the relief sought was broad enough to encompass whatever the government may have had in mind or cook up in the future. For example, the government threatened use of a criminal statute to try to convince McBreairty to de-publish the photograph. (ECF No. 1-5, citing 17-A M.R.S. § 511). The government also claimed that it could apply its

school board policies to McBreairty.  (*Id.* citing Board Policies ACAD, ACAF, and JICK). McBreairty seeks an injunction against the enforcement of Defendants' policies, which cannot be made to apply to him and which would otherwise be unconstitutional.  If the Court doubted its ability to enjoin the government from filing a frivolous civil action, the Court could and should have at least granted the non-civil-litigation injunctive relief.  The Court's Order offers no explanation as to why such was denied, and in fact, not even mentioned.

Second, Defendants' threatened frivolous litigation can and should be enjoined, and the "remedy" of simply waiting to get sued, and then retaining defense counsel, filing an Anti-SLAPP motion, hoping that the state court judge makes the right decision on that, and expending all the resources necessary for defense – is no remedy at all.  There is nothing in our jurisprudence at all that says that a threatened citizen must face the government following through on its threat, and then hope that the outcome is to his liking.  This presumes no First Amendment nor declaratory relief rights at all, merely the right to hire a defense lawyer.

Although the Court correctly quoted *Tomaiolo v. Mallinoff*, 281 F.3d 1, 11 (1st Cir. 2002) as to avoiding "an interpretation of § 1983 so broad as to encompass petitions for government action[,]" the *Tomaiolo* decision expressly thereupon cited to "*Munoz Vargas v. Romero Barcelo*, 532 F.2d 765, 766 (1st Cir. 1976) ('There is no remedy . . . against private persons who urge the enactment of laws, regardless of their motives.')."  That is, the Order of this Court failed to appreciate that the case it relied on pronounced a policy against enjoining "private persons," not government entities and officials, as Defendants are here.  "The Free Speech Clause restricts government regulation of private speech." *Pleasant Grove City v. Summum*, 555 U.S. 460, 467 (2009).  In contrast, "a state entity[] itself has no First Amendment rights[.]" *Student Gov't Ass'n v. Board of Trustees*, 868 F.2d 473, 481 (1st Cir. 1989).  Thus, *Tomaiolo* is inapposite.

Moreover, as the Court observed, baseless and sham litigation is not otherwise protected by the First Amendment (Order at 3). Any suit by Defendants for invasion of privacy or defamation would be baseless and a sham. The government does not have reputational rights, and there is no discovery necessary to explain that the government may not bring a defamation claim against a journalist. "[F]or good reason, no court of last resort in this country has ever held, or even suggested, that prosecutions for libel on government have any place in the American system of jurisprudence." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 291-92 (1964) (cleaned up). The government does not have privacy rights either. No testimony nor evidence can change that. The Court's Order is devoid of any suggestion that Defendants would have standing to bring such claims on behalf of third parties, let alone that such would have any pretense to merit. No evidentiary hearing would be necessary to make such a determination; as Plaintiff otherwise pointed out, all of the speech is either republication of lawfully-acquired material under *Bartnicki/Jean*, is true (and there are no genuine issues of material fact in dispute),³ and/or is protected opinion. Yet all of it remains subject to government threat, and absent this emergency relief either from this Court or the First Circuit, it will need to remain unpublished, because the government has thus far got what it wanted – censorship by threatening government action.

The Court's decision is unjust and works an irreparable harm to Mr. McBreairty. The "loss

---

³ While there is a dispute about whether Attorney Hewey was an agent of Defendant MacDonald in her individual capacity, such dispute does not preclude enjoining her in her official capacity (and McBreairty does not seek such an injunction as to personal capacity). Similarly, the factual issue of whether the trans-female student committed a sexual assault, the allegations of which were reported upon, is immaterial to the question of whether Defendants may restrain Plaintiff's publication of such, especially where there is not a single case suggesting Defendants have standing to sue Mr. McBreairty for purportedly defaming a student (and as the student was a limited purpose or involuntary public figure prior to Plaintiff's article and the allegations related to a matter of public concern, there is no factual question that suggests Mr. McBreairty make a knowingly false statement or did so in reckless disregard of the truth).

of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).  The Court delayed two weeks in denying the TRO already and its Order imposes further delays, while an article about an ongoing matter of public concern remains suppressed because McBreairty fears future action identical to past government action.  Mr. McBreairty should not have to choose between publishing something that is, without any doubt at all, First Amendment protected on one hand and on the other, awaiting threatened action by the government to punish him by filing yet another frivolous DrummondWoodsum concocted lawsuit, designed to silence a political opponent.

No evidentiary hearing was scheduled.  The Order contemplates potentially extensive discovery along with consolidation of the jury trial on the merits.  Such gives Defendants ample opportunity to interpose further delays, as any trial on the merits would necessarily include all the discovery that would address Plaintiff's claim for monetary damages.  Meanwhile, in meeting and conferring on this issue, just today, counsel for both McBreairty and the Government agreed that there is no disagreement on the remaining facts, and that the Court should either grant or deny the injunctive relief sought.  Denying the TRO is, in essence, therefore, denying the preliminary injunction, as no further interlocutory relief would be available.[4]

3.      **Conclusion**

The Court committed reversible error in denying the relief sought, thus, Plaintiff is appealing such denial.  Per Fed. R. Civ. P. 62(d), this motion is brought before this Court in the first instance, and the Court has an opportunity to enjoin baseless action and declaring that the article, photograph, and demand letter may be published pending appeal.  This Court may not find

---

[4] Such otherwise also makes the denial of the TRO immediately appealable, especially where a full adversarial hearing occurred, as occurred here. *See Calvary Chapel of Bangor v. Mills,* 984 F.3d 21, 27 (1st Cir. 2020).

Mr. McBreairty's journalism to be as hard-hitting or important as that vindicated in *New York Times v. United States*, but no court should act as a media critic. Mr. McBreairty wants to publish his article *while the news is timely – which means now, not after weeks or months of discovery that have no relevance to the preliminary injunction*. There would be no harm to the government if the Free Press clause remained intact, and the government were enjoined from taking frivolous criminal, civil, or administrative action. There is immense harm to McBreairty, the public, and the reputation of our entire justice system if we simply allow the government to delay justice until the story is "old news." The First Circuit is not likely to ignore *Jean*, and thus there is a strong likelihood of success on the merits of the appeal. As with the original request, all of the factors favor immediate relief, without which Mr. McBreairty's speech remains chilled.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enjoin application of the district policies against him and enjoin Defendants from taking action against him on account of publishing the Article, the photograph, and the demand letter, pending appeal. Should the First Circuit overrule *Jean* and distinguish this case from *Bartnicki*, and uphold the denial, no harm will come to the government by this short period of publication.

Dated: March 29, 2024.                                      Respectfully Submitted,

*/s/ Robert J. Morris*                                      Marc J. Randazza (*pro hac vice*)
Robert J. Morris, II (ME Bar No. 010402)                    *Lead Counsel*
HOUSER, LLP                                                 RANDAZZA LEGAL GROUP, PLLC
400 TradeCenter, Suite 5900                                 30 Western Avenue
Woburn, MA 01801                                            Gloucester, MA 01930
Tel: (339) 203-6498                                         Tel: (888) 887-1776
Email: rmorris@houser-law.com                               Email: ecf@randazza.com

                                                            *Attorneys for Plaintiff,*
                                                            *Shawn McBreairty*

Case No. 1:24-cv-00053-LEW

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of March, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris

RANDAZZA | LEGAL GROUP