UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHAWN MCBREAIRTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BREWER SCHOOL DEPARTMENT, ) | CASE NO. 1:24-cv-00053-LEW |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL OF DEFENDANTS BREWER SCHOOL DEPARTMENT, GREGG PALMER, AND BRENT SLOWIKOWSKI**

The Defendants Brewer School Department, Gregg Palmer, and Brent Slowikowski ("School Department") oppose Plaintiff Shawn McBreairty's emergency motion for an injunction pending appeal of the denial of his request for a temporary restraining order ("Pl. Mot."). In this procedural posture, McBreairty must make a two-part showing: first, that this Court "refuse[d]" an "injunction," such that Fed. R. Civ. P. 62(d) now authorizes this Court to act, and second, that he carried his burden on the four-factor injunction test, despite this Court's prior conclusion that "the current record and briefing do not allow me to find that Plaintiff has demonstrated a likelihood of success on the merits." ECF Doc. 30, PageID #: 321. McBreairty does neither.

**I.      This Court Has Not Refused An Injunction Within The Meaning of Rule 62(d)**

McBreairty cannot show that this Court has refused an injunction within the meaning of Fed. R. Civ. P. 62(d). The "denial of a temporary restraining order does not normally fall within the compass of" an order "refusing" an injunction. *Calvary Chapel of Bangor v. Mills*, 984 F.3d 21, 27 (1st Cir. 2020). To show otherwise "is a heavy lift." *Id.* Absent such a showing, this Court cannot act under Fed. R. Civ. P. 62(d), which provides that this Court "may … grant an injunction"

1

while an appeal is pending from an order that "refuses … an injunction." McBreairty can thus invoke this rule only if he "can make a three-part showing demonstrating that the refusal of a temporary restraining order had the practical effect of denying injunctive relief, will likely cause serious (if not irreparable) harm, and can only be effectually challenged by means of an immediate appeal." *Id.* (announcing the test with regard to 28 U.S.C. § 1292(a)(1), which uses the same language as Rule 62(d) for appellate jurisdiction). This Court must "examine [McBreairty's] showing on each of these three parts separately, mindful that it is [McBreairty's] burden to carry the devoir of persuasion on each of them and that a failure to do so on any one part is fatal." *Id.*

McBreairty feigns only a head-nod to pay his devoirs to the first and second parts, snubbing the third part entirely. On the first part, McBreairty improperly focuses on his future plans at the upcoming evidentiary hearing rather than the effect of the Court's present order. *See* Pl. Mot. n.4 & accompanying text, ECF Doc. 33, PageID #: 398 (arguing that because McBreairty does not intend to further develop the record, "[d]enying the TRO is, in essence, therefore, denying the preliminary injunction, as no further interlocutory relief would be available.") But McBreairty's voluntary announcement that he will not further develop the record at the upcoming evidentiary hearing does not convert this Court's Order reserving ruling on a preliminary injunction "pending further proceedings" into a TRO decision that "had the practical effect of denying injunctive relief." To carry his burden on this first part, McBreairty must demonstrate the practical effect of what the Court has already done, which cannot be changed by anything McBreairty might or might not do at an upcoming evidentiary hearing.[1] As the First Circuit has explained, it "will deem a

---

[1] Even if McBreairty's voluntary election not to supplement the record were sufficient for this jurisdictional prong (it is not), it would then necessarily mean that he fails on the merits of the four-part standard under Rule 62(d), which includes "mak[ing] a strong showing that [he is] likely to succeed on the merits." *Together Employees v. Mass General Brigham Inc.*, 19 F.4th 1, 7 (2021). This Court has already determined that "the current record and briefing do not allow me to find that Plaintiff has demonstrated a likelihood of success on the merits." ECF Doc. 30, PageID #: 321.

ruling to have had the practical effect of denying injunctive relief either if it was issued after a full adversarial hearing or if no further interlocutory relief is available in the absence of immediate review." *Calvary Chapel of Bangor*, 984 F.3d at 27. Importantly, the First Circuit has found no "full adversarial hearing" occurred when, as here, "no discovery was conducted in advance of the conference; no witnesses were called during the conference;" and "the district court's unambiguous description of itself as adjudicating only the [Plaintiff's] motion for a temporary restraining order … accurately reflected the absence of a full adversarial hearing." *Id.* For those same reasons, McBreairty cannot show that this Court's Order did anything other than exactly what the Court said it was doing: refusing a TRO and reserving ruling on the preliminary injunction. Thus, unless this Court concludes that it did not mean what it said, McBreairty fails in his burden on this first part, which is fatal to his motion.

McBreairty similarly fails to meet his burden to show that "the refusal of a temporary restraining order … will likely cause serious (if not irreparable) harm." *Id.* On this second part, McBreairty rests on the conclusory assertion that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Pl. Mot., ECF Doc. 33, PageID #: 397-398 (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The First Circuit has held that a claim of a temporary loss of First Amendment freedoms is insufficient to support an injunction pending appeal from the refusal of a preliminary injunction. *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010) ("The only irreparable injury claimed by appellants is that to their First Amendment rights. The fact that appellants are asserting First Amendment rights does not automatically require a finding of irreparable injury. Whether there is any such harm is the issue that will ultimately be addressed on the merits of the case. We recognize the importance of rights asserted under the First Amendment, but every case depends on its own facts.") (cleaned

up). Given that such a conclusory assertion is insufficient for the period between refusal of a preliminary injunction and a decision on the merits, it carries even less weight when made about a TRO—where the alleged harm is limited to the time between the TRO Order and the Preliminary Injunction Order. Moreover, McBreairty incorrectly characterizes his harm. As this Court observed in its TRO Order, on the facts of this case, "Plaintiff remains free to publish his article as he desires, subject only to the admonition of government officials that they may petition a court to redress grievances they harbor as a result of Plaintiff's expressive activity." ECF Doc. 30, PageID #: 320. McBreairty's alleged harm stems not from his inability to speak, but from this Court's refusal to impose a prior restraint on the School Department's ability to exercise its own First Amendment rights in the future. Thus, on the facts of this case, McBreairty has failed to show that the refusal of a TRO "will likely cause serious (if not irreparable) harm." The failure to carry his burden on this second part is independently fatal to his motion.

Finally, McBreairty does not even attempt to show that "effective appellate review of the constitutionality of the" School Department's statements to McBreairty "will be thwarted if [his] ability to challenge them is confined to traditional litigation channels." *Calvary Chapel of Bangor*, 984 F.3d at 29. Here, as in *Calvary Chapel of Bangor*, the refusal of the TRO will not "cause trade secrets to be revealed," or "irretrievably deprive a party of an important tactical litigation advantage," and "did not herald an irreversible or meaningful shift in the relationship between the parties." *Id.* (cleaned up). Instead, here (as there) "the denial merely kept in place the same" situation "under which the [Plaintiff] already was operating" and "the effect of the denial was of modest temporal duration." *Id.* The Court's refusal of a TRO to impose a prior restraint on the School Department does not meaningfully shift the relationship between the parties, nor does it prevent appellate review of the issue after a decision on a preliminary injunction. Indeed, here, as

in *Calvary Chapel of Bangor,* had McBreairty "prevailed in [his] quest for a preliminary injunction, the harm of which it complains would have been abated; and had [he] not prevailed, the order denying a preliminary injunction would have been immediately reviewable." *Id.*

## II. McBreairty Cannot Satisfy the Standard for Injunctive Relief Pending Appeal

Even if McBreairty could show that the Court's denial of the TRO constituted a denial of an injunction under Rule 62(d), he cannot carry his burden on the four-factor test necessary for obtaining injunctive relief pending appeal. "To be entitled to an injunction pending appeal, the appellant[] must make a strong showing that [he is] likely to succeed on the merits, that [he] will be irreparably injured absent emergency relief, that the balance of the equities favors [him], and that an injunction is in the public interest." *Together Employees*, 19 F.4th at 7. "The first two factors are the most important," and "[i]f the appellant[] cannot demonstrate irreparable harm, [this Court] need not discuss the other factors." *Id.* Even when awarded on a temporary basis pending appeal, injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008).

This Court already determined that "the current record and briefing do not allow me to find that Plaintiff has demonstrated a likelihood of success on the merits," ECF Doc. 30, PageID #: 321, and in his motion for an injunction pending appeal, McBreairty indicates that he does not intend to introduce any further evidence in support of his request for injunctive relief, ECF Doc. 33, PageID #: 398. Because this Court already denied McBreairty's request for a TRO, he must now demonstrate a "significantly higher justification" for injunctive relief where his request "does not simply suspend judicial alteration of the status quo but grants judicial intervention that has been withheld" by the District Court. *See Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos.*, 996 F.3d 37, 44 (1st Cir. 2021) (cleaned up). Rather than meeting this significantly higher justification for injunctive relief, McBreairty's motion for an injunction

5

pending appeal merely argues that the Court's order did not sufficiently analyze or explain why he is unlikely to succeed on the merits. Pl. Mot. 3, ECF Doc. 33, PageID #: 395. This Court's order, however, did just that.

First, the Court explained "this case presents nuanced questions, and the current record and briefing do not allow me to find that Plaintiff has demonstrated a likelihood of success on the merits." Order at 2, ECF Doc. 30, PageID #: 321. McBreairty, as the movant, bore the burden of "establishing that a temporary restraining order should issue." *McBreairty v. Sch. Bd. of RSU 22*, No. 1:22-cv-00206, 2022 WL 2835458, at *5 (D. Me. July 20, 2022). Second, the Court explained that it could not, again on the record before it, "enjoin Defendants' exercise of First Amendment freedoms (their right to petition the courts) in favor of his exercise of First Amendment freedoms (the right to criticize the government)." Order at 2, ECF Doc. 30, PageID #: 321. As Defendants argued in their opposition to McBreairty's motion for a temporary restraining order, "Courts have not been receptive to retaliation claims arising out of government speech." *Goldstein v. Galvin*, 719 F.3d 16, 30 (citing *Balt. Sun Co. v. Ehrlich*, 437 F.3d 410, 417 (4th Cir. 2006); *see also Thurlow v. Nelson*, 2021 ME 58, ¶ 9, 263 A.3d 494 (discussing the constitutional interests of the right to access courts and the right to petition the government).

Indeed, there is a high evidentiary bar to justify a likelihood of success on the merits when seeking a prior restraint. *See, e.g.*, *Cowhig v. West*, 181 F.3d 79, No. 98-1705, slip op. at 1 (1st Cir. 1999) (upholding a prior restraint on future filings against a litigant with a demonstrated "propensity to file repeated suits ... involving the same or similar claims" of a "frivolous or vexatious nature," where the court made adequate findings demonstrating the need for an injunction, and the record was "'sufficiently developed' to support those findings") (cleaned up); *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984) ("limitation of an individual's access to the courts

may be upheld if supported by similar kinds of findings" that party "had filed many similar complaints" for "frivolous and vexatious lawsuits" against "identical or similar defendants."); *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir. 1980) (upholding prior restraint against filing additional pleadings or new lawsuits without permission from a district judge upon a District Court finding that "its docket was being burdened" with "multiple, impenetrable complaints."); *Spickler v. Dube,* 644 A.2d 465, 468–69 (Me. 1994) ("A court properly may enjoin a party from filing 'frivolous and vexatious lawsuits.' The party seeking the injunction, however, must make a detailed showing of a pattern of abusive and frivolous litigation, and the court must not issue a more comprehensive injunction than is necessary.") (citing and quoting *Spickler v. Key Bank of S. Maine*, 618 A.2d 204, 207 (Me.1992)). There is simply no factual record that could support these types of findings against the School Department. Here, there has been no adjudication and no detailed showing that the School Department or the individual defendants have a pattern of abusive and frivolous litigation that would warrant such a prior restraint. McBreairty does not intend to develop such evidence in this case and, indeed, could not develop such evidence even if he tried.[2]

In light of the Court's conclusion that it needed more evidence to determine that McBreairty may be likely to succeed on the merits for the injunction he seeks, the Court properly denied the TRO and reserved the request for a preliminary injunction pending further proceedings, *i.e.* an evidentiary hearing on McBreairty's request for a preliminary injunction. Order at 4, ECF Doc. 30, PageID #: 323. If McBreairty does not intend to further develop the record, Pl. Mot. 6, ECF Doc. 33, PageID #: 398, that is because he cannot make the factual showing necessary to

---

[2] The Brewer School Department has never once sued McBreairty, let alone engaged in a pattern of frivolous and vexatious litigation against him or anyone else. This Court's Order alludes to the "historical travel of Attorney Hewey, her firm, and Mr. McBreairty," ECF Doc. 30, PageID #: 321, and McBreairty alleges a fear of "yet another frivolous DrummondWoodsum concocted lawsuit, designed to silence a political opponent," ECF Doc. 33, PageID #: 339. It thus bears mention that neither Drummond Woodsum nor Ms. Hewey are Defendants, that they do not have any history of frivolous and vexatious litigation, and that they are not candidates for any political office that McBreairty may have in his sights. Regardless, none of their conduct in their past travels may be attributed to the Brewer School Department.

support the injunction he seeks. That failure does not entitle him to an injunction now, indeed it precludes any injunction pending appeal. For the reasons previously set forth in the Court's order denying his TRO and referenced above, he has not carried his burden on the injunction factors for an injunction pending appeal.

In addition to the reasons explained by the Court in its Order, McBreairty is not likely to succeed on the merits of his claims for the additional reasons set forth in Defendants' opposition to McBreairty's motion for a temporary restraining order, which are incorporated here by reference.[3] In his instant motion, McBreairty argues that even if the Court does not enjoin Defendants from filing a civil lawsuit against him at some point in the future, it should have entered an order enjoining Defendants from applying their policies to him. However, as explained in Defendants' prior opposition and at oral argument, the School Department has never sought to apply its policies to McBreairty directly but, rather, the policies are relevant because they impose upon the School Department an obligation to ensure that its students and staff are free from bullying and hazing. Defendants further stated that the School Department itself has no power to take enforcement action against McBreairty for his internet postings, which is precisely why its First Amendment right to avail itself of the court system in the future if necessary and appropriate must be preserved. Likewise, though McBreairty appears insistent on arguing that Defendants threatened him with the criminal statute, the record reflects that Defendants only referenced the statute in connection with another person's conduct, and surely, he must recognize that the School

---

[3] Denial of the TRO was also appropriate because McBreairty failed to establish the three factors necessary to prevail on a First Amendment retaliation claim, ECF Doc. 16, PageID # 216-220, and because his speech was not protected under the First Amendment as it was both defamatory and an invasion of privacy and constituted bullying and hazing, ECF Doc. 16, PageID # 221-224. Defendants also incorporate by reference their prior arguments on McBreairty's lack of standing. ECF Doc. 16, PageID #: 212-216. However, where the Court concluded that McBreairty had standing but nevertheless failed to carry his burden of demonstrating that injunctive relief was appropriate, Defendants focus on this latter issue for purposes of their opposition.

8

Department has no authority to enforce a criminal statute against him. Thus, it was simply not necessary for the Court's order denying the TRO to address his requests for relief regarding the school board policies and criminal statute.[4]

Since McBreairty "cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm. Wireless Serv., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). Thus, the Court did not have to address the other factors for injunctive relief in its order. Even if the Court did address the other three factors, they all weigh against McBreairty's request for injunctive relief.

First, McBreairty has not established irreparable harm caused by the denial of the TRO. As discussed above, McBreairty's conclusory assertion that his alleged loss of First Amendment freedoms constitutes *per se* irreparable harm is both wrong on the law and a mischaracterization of the facts. Irreparable injury in the First Amendment context depends on a factual showing specific to each case. *Respect Maine PAC*, 622 F.3d at 15. McBreairty has made no such factual showing here. Furthermore, he mischaracterizes his harm as he "remains free to publish his article as he desires, subject only to the admonition of government officials that they may petition a court to redress grievances they harbor as a result of Plaintiff's expressive activity." Order at 1, ECF Doc. 30, PageID #: 320. McBreairty has not—and cannot—show irreparable injury on the basis that the School Department might (or might not) further exercise its own First Amendment rights in response to McBreairty's speech. It bears repeating that while McBreairty has chosen to take down his entire post, counsel for Defendants only ever asked him to remove the photograph and

---

[4] In addition to being unnecessary to enjoin an enforcement of school policies when there has been no threat of such enforcement, such an injunction would also be harmful and overbroad. Although McBreairty need not follow school policies for his off-campus internet posts, if McBreairty avails himself of school facilities, whether at a sporting event, a musical performance, a school board meeting, or for some other reason, he—like anyone else using the school's facilities—would be subject to the school board policies governing their use.

three specific statements in his post; his ability to express his views, even in a fettered manner, prevents a finding of irreparable injury. *See Sonnier v. Crain,* 649 F. Supp. 2d 484, 491 (E.D. La. 2009) ("Plaintiff will not suffer 'irreparable injury' due to policy because he may still express himself pursuant to the SLU speech policy."). In any case, the possibility of the School Department exercising its First Amendment rights in response to his post is not irreparable injury sufficient to support an injunction pending appeal.

Second, McBreairty did not demonstrate that the balance of harms weigh in his favor and he cannot do so. McBreairty chose to remove the entire post. Nevertheless, he has continued to publish and talk about the offending material. In other words, the Defendants' actions have not harmed his ability to discuss these issues. By contrast, the four students in the photograph have all been harmed, including HD who has been harmed extensively by the photograph and McBreairty's false and defamatory statements that suggest HD has engaged in sexual assault. If the School Department is unable to tell someone that his speech is harmful and not protected and that it will take some unspecified further action if the speech continues, then the School Department would be prohibited from engaging in First Amendment speech as well as prohibited from taking even modest action it deems necessary to protect its students and staff.

Finally, McBreairty's request for an injunction is not in the public interest. As the Court's order indicates, an injunction would simply prioritize McBreairty's alleged First Amendment rights over the Defendants' First Amendment right to file a civil lawsuit at some point in the future if they determine such action is appropriate. To the extent that there is a public interest in McBreairty publishing his article, he is free to publish the article either in its entirety or with the few specific statements redacted pending the outcome of this litigation. If McBreairty speaks, there is a public interest in the School Department being able to take appropriate further action. The

public interest is not served by muzzling the School Department while McBreairty bullies, harasses, and defames its students and employees.

## CONCLUSION

For these reasons, and for the reasons the Court denied the TRO, McBreairty's emergency motion for an injunction pending appeal of the denial of his request for a temporary restraining order must be denied.

Dated: April 5, 2024

/s/ Jeana M. McCormick_____
Melissa A. Hewey
Jeana M. McCormick
*Attorneys for Defendants*
*Brewer School Department, Gregg*
*Palmer, and Brent Slowikowski*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME 04101
(207) 772-1941
mhewey@dwmlaw.com
jmccormick@dwmlaw.com