IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

SHAWN MCBREAIRTY,

    Plaintiff,

v.

BREWER SCHOOL DEPARTMENT,
GREGG PALMER, in his personal and
official capacities, BRENT SLOWIKOWSKI,
in his personal and official capacities,
MICHELLE MACDONALD, in her personal
and official capacities,

    Defendants.

Case No. 1:24-cv-00053-LEW

**REPLY TO RESPONSE
BY DEFENDANT MICHELLE
MACDONALD IN OPPOSITION
TO MOTION FOR INJUNCTION
PENDING APPEAL**

Plaintiff Shawn McBreairty files this Reply in response to Defendant Michelle MacDonald's Memorandum in Opposition to Plaintiff's Emergency Motion for Injunction Pending Appeal (ECF No. 34) (the "Motion") and asks that the Court grant the requested relief. Plaintiff incorporates by reference all arguments in his separately-filed Reply in response to the Memorandum in Opposition filed by Defendants Brewer School Department, Gregg Palmer, and Brent Slowikowski.

**1.0    Introduction**

In his Motion, Plaintiff asks this Court to enjoin the Government from pursuing legal action—whether civil, criminal, administrative, or otherwise—while an appeal of this Court's decision is pending. Plaintiff's Motion explains why this relief is necessary: because Plaintiff remains chilled by the Defendants' threats and because Defendants have refused to disclaim their intention to pursue action against him. Plaintiff's Motion also explains why an injunction is proper: because the Court regretfully erred in reaching its decision denying temporary injunctive relief.

Defendant MacDonald argues that she should be treated differently than the other Defendants and raises additional, unsupported claims that she could not even pursue action under color of law[1] against Plaintiff if she wished and that in any case she did not. MacDonald's argument is flawed, because the evidence in this case shows that MacDonald did act under color law to threaten Plaintiff with adverse action, and she continues to threaten to do so through her refusal to disavow doing so in the future. Accordingly, injunctive relief pending appeal is proper against Defendant MacDonald.

**2.0   Argument**

MacDonald argues that the Court should deny injunctive relief against her because she is just a teacher, and she could not possibly take any actions against Plaintiff's right to free speech. The evidence, however, tells a different story. In her communications to Plaintiff on behalf of Defendants—all Defendants, Attorney Hewey made clear and unequivocal demands on behalf of Defendant MacDonald. To wit, in her first email dated February 13, 2024, Attorney Hewey stated:

> Third, there is a statement concerning the minor child of one of our teachers:
>
> … [quotation of portion of article referencing Defendant MacDonald] …
>
> All of the above are invasions of privacy of the students you have referred to and are causing the Brewer High School student ***and the Brewer High School staff member who is the parent of the other student you refer to severe distress within the meaning of Maine statute, 20-A M.R.S. Sections 6553 and 6554.***
>
> Please remove the referenced material by noon on February 14, 2024 and confirm to me that you have done so ***or we will be forced to take further action against you.***

*Exhibit 5* to Verified Complaint, ECF No. 1-5, PageID # 40 (emphasis added).

---

[1] At oral argument, Plaintiff clarified that he was only seeking injunctive relief against Defendant MacDonald in her official capacity. *See* Transcript at 19:14-17. Accordingly, the analysis should be focused on her threats and actions made in conjunction with the other Defendants.

In her follow-up email on February 14, 2024, Attorney Hewey again made demands on behalf of Defendant MacDonald:

> Please redact the information regarding … **and the information regarding the staff member's child on the third page**.

*Exhibit 6* to Verified Complaint, ECF No. 1-6, PageID # 42 (emphasis added).

However, throughout this case, the Government has repeatedly claimed that the words used are not the words used, and the threats issued were not issued, despite the fact that anyone can read them and know what they say. Attorney Hewey had apparent, if not actual, authority to act on MacDonald's behalf, and she exercised that authority in unconstitutionally threatening Plaintiff that the Defendants (not a subset of them) would "be forced to take further action against [him]" if Plaintiff did not comply with their demands. It is telling that, to-date, Defendant MacDonald has refused every opportunity to disclaim any interest in taking action in her official capacity against the Plaintiff. She also has not presented any testimony to the effect that she did not ask for Attorney Hewey to act on her behalf or that Attorney Hewey has never had authority to act on her behalf. She has had a lot to say, but these few words have escaped her, despite the invitations to offer them.  MacDonald could have been forgiven for not realizing that Hewey purported to act on her behalf, and then correcting that lack of realization, and thus potentially mooting the entire case against her.  Why does she choose the argument that she *couldn't* take action, rather than "I never authorized the threat to be on my behalf, nor did I take any part in it?"

MacDonald was given the opportunity at oral argument, repeatedly, to disclaim her interest in any action be taken on her behalf against Plaintiff, and each time she refused. *See* Transcript of Proceedings, attached as **Exhibit 1**, at 51:8-53:4. Her failure to make any such disavowal is noteworthy, particularly, because "in the absence of a disavowal by the government or another reason to conclude that no such intent existed," such intent is presumed. *Hedges v. Obama*, 724

F.3d 170, 197 (2d Cir. 2013); *Antonyuk v. Chiumento*, 89 F.4th 271, 334 (2d Cir. 2023); *Nastri v. Dykes*, No. 23-1023, 2024 U.S. App. LEXIS 7445, at *3-4 (2d Cir. Mar. 29, 2024).

As to the second issue, it is noteworthy that although spending significant time in her briefing arguing that Plaintiff has not proven that Attorney Hewey *was* acting on her behalf (the actual demand letter clearly shows that Hewey was), Defendant has not submitted one word of sworn testimony to this Court refuting this. The Court can take judicial notice that she has had a full and fair opportunity to do so. In the companion case to this one, *H.W. v. Brewer School District*, the Plaintiff there, suing the same Defendants, sought temporary and preliminary injunctive relief. *See H.W. v. Brewer School District*, Case No. 1:24-cv-00062-LEW (filed Feb. 28, 2024) (the "H.W. Case"), at ECF Nos. 1 & 4. In that case, MacDonald filed a sworn declaration of her version of the facts. *See* H.W. Case at ECF No. 17-1. With one extra sentence, stating that Attorney Hewey was not acting on her behalf, that she did not ask for Attorney Hewey to act on her behalf, and that she does want the relief that Attorney Hewey demanded on her behalf that same declaration could have been cross-filed here, yet MacDonald chose not to do so.[2] In the absence of such contrary evidence, and with the emails clearly showing that Attorney Hewey was acting with at least apparent authority on MacDonald's behalf, this Court should find that injunctive relief is proper.

Although MacDonald argues that injunctive relief against her is not proper because she "has [no] role in the management or administration of the Brewer School Department" (Opp. at 3), this is not relevant to determining whether this Court may to enjoin her from acting in an official

---

[2] MacDonald's counsel may have argued this (Transcript at 51:10-25), but "argument of counsel is not evidence." *Hatfield-Bermudez v. Aldanondo-Rivera*, 496 F.3d 51, 64 (1st Cir. 2007). Moreover, it is notable that not even counsel clearly states that Attorney Hewey was not acting for MacDonald, focusing, rather, on the sufficiency of the evidence. But, the evidence is sufficient—Attorney Hewey's words speak for themselves and there is no contravening evidence.

capacity on behalf of the state. Whether or not a party has management authority or the right or duty to take certain actions on behalf of the state, that party may be responsible for state action in deprivation of an individual's rights if their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). This is applicable where the state actor has caused some deprivation in "act[ing] together with or … obtain[ing] significant aid from state officials, or because [her] conduct is otherwise chargeable to the State." *Id*. Here, it makes no difference whether MacDonald had management authority on behalf of the School Department or whether she had authority to instruct Attorney Hewey to make those demands on her behalf—what matters is that Attorney Hewey did make those demands on her behalf and that those demands came under actual authority of the state and at least apparent authority on behalf of MacDonald. Accordingly, injunctive relief against MacDonald is proper.

Finally, the balance of harms weighs in Plaintiff's favor and against MacDonald because injunctive relief is only sought against her *in her official capacity*.  She claims that she is not able to influence what actions the School Department takes on her behalf. Accordingly, what harm would she feel*, if she were telling the truth*?  Even under the requested injunctive relief, MacDonald would still be allowed to take action against Plaintiff in her personal capacity if she had a valid reason to do so. Accordingly, if Defendant MacDonald is enjoined from such action in her official capacity, she will suffer no harm because, according to her, such injunctive relief would not affect her in any way.

### 3.0     Conclusion

In light of the foregoing, Plaintiff asks this Court to grant his Emergency Motion for Injunction Pending Appeal.

Dated: April 8, 2024.                                    Respectfully Submitted,

*/s/ Robert J. Morris*
Robert J. Morris, II (ME Bar No. 010402)
HOUSER, LLP
400 TradeCenter, Suite 5900
Woburn, MA 01801
Tel: (339) 203-6498
Email: rmorris@houser-law.com

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
  *Lead Counsel*
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff
Shawn McBreairty

Case No. 1:24-cv-00062-LEW

## CERTIFICATE OF SERVICE

I hereby certify that, on April 8, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris

RANDAZZA | LEGAL GROUP