UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SHAWN MCBREAIRTY,          )<br>                                                        )<br>            Plaintiff,                       )<br>                                                        )<br>      v.                                           )         No. 1:24-cv-00053-LEW<br>                                                        )<br>BREWER SCHOOL DEPARTMENT, )<br>GREGG PALMER, BRENT             )<br>SLOWIKOWSKI, and MICHELLE )<br>MACDONALD,                             )<br>                                                        )<br>            Defendants.                  )  | |

**ORDER ON EMERGENCY MOTION FOR INJUNCTIVE RELIEF  PENDING APPEAL**

Plaintiff Shawn McBreairty requests an injunction pending appeal following the Court's denial of a temporary restraining order. Pl.'s Emergency Mot. for Inj. Pending Appeal (ECF No. 33). Because Plaintiff has not presently demonstrated a likelihood of success on the merits, the Motion is denied.

A motion for an injunction pending appeal is subject to the same, familiar standard as the underlying request for a temporary restraining order. *Respect Me. PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010). However, a court may also consider whether the appeal raises "serious legal questions" and whether denial of the request would compromise the appellant's access to "meaningful review." *NCTA - Internet & Television Ass'n v. Frey*, No. 2:19-CV-420-NT, 2020 WL 2529359, at *2 (D. Me. May 18, 2020) (quoting *Providence Journal Co. v. Fed. Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979)).

As always, the likelihood of success on the merits remains the weightiest factor. *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002) (per curiam).

As for the likelihood of success, I explained in my previous order that Plaintiff is free to publish his article as he desires, and that before Defendants will be ordered not to bring a civil action based on the content of Plaintiff's article (the only avenue of redress Defendants might have against Plaintiff, as they have no actual state-sanctioned authority to censor Plaintiff or otherwise compel Plaintiff to comply with their wishes), it is necessary to examine whether the cure he proposes (a court-ordered prior restraint imposed against Defendants' right to petition a state court for relief) is worse than the disease (a letter from counsel on behalf of a public school warning of further action if certain demands are not met).

Plaintiff cries foul because, in his view, the mere delivery of counsel's letter and related communications (and a lawsuit a different public high school filed against him in state court) deprived him of a constitutional right, and he has sued the defendants exclusively on that basis. Plaintiff misses the operative point and in the missing, he requests that I spell out for him at length the kind of evidence I believe would be material to a preliminary injunction hearing, complaining that he has no ability to guess what other evidence might matter. *See* Reply at 2 (ECF No. 39). I previously cited authorities he might consider reading, which authorities question whether the First Amendment erects a bulwark against prior-restraints-by-injunction that would prohibit a defendant from petitioning a state court for redress of grievances. Those authorities contemplate both an

objective and a subjective standard designed to flush out "sham" litigation and whether the threat of litigation by counsel constitutes such "sham" litigation.

As for Plaintiff's concern with my prior suggestion that the parties consider consolidating preliminary injunction proceedings with merits proceedings,[1] I overlooked the fact that Plaintiff has demanded trial by jury on his claims, including claims for money damages. Matters like this most often proceed expeditiously on a jury-waived basis and lack claims for damages. Obviously, the preliminary injunction hearing will need to be set in advance of a jury trial. Nothing in my Order foreclosed Plaintiff from simply requesting a prompt hearing on his motion for preliminary injunction if his aim is to efficiently remedy his alleged constitutional injury. Instead, Plaintiff filed a notice of appeal. While the Court waits with bated breath for the First Circuit to return its mandate, the Court will be as poised then as it is now to calendar, promptly, the preliminary injunction hearing to consider the emergency relief Plaintiff seeks.

CONCLUSION

---

[1] The concluding paragraph of my order denying the TRO states:

> The Court will schedule the matter for an evidentiary hearing on Plaintiff's request for a preliminary injunction. The parties are advised to confer regarding the schedule, including the need for discovery, and the possibility of consolidating the hearing with the trial on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure to facilitate the most efficient resolution of the matter.

Order on Pl.'s Mot. for TRO at 4 (ECF No. 30). I do not understand how Plaintiff interprets this suggestion as inconsistent with the possibility of a prompt hearing on his request for a preliminary injunction. *See* Emergency Motion at 6; Reply at 4.

Because a prompt hearing on the request for a preliminary injunction would not compromise Plaintiff's access to meaningful review, Plaintiff's Emergency Motion for Injunction Pending Appeal is DENIED.

SO ORDERED.

Dated this 10th day of April, 2024

/s/ Lance E. Walker
Chief U.S. District Judge