**UNITED STATES D1S1RICT COURT**
**FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| SHAWN McBREAIRTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Civil Action No. 1:24-cv-00053-LEW** |
| BREWER SCHOOL DEPARTMENT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT MICHELLE MACDONALD'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Michelle MacDonald, by and through undersigned counsel, and responds to the allegations in Plaintiff's Complaint in the above captioned action as follows:

**THE PARTIES**

1. Defendant Michelle MacDonald admits that Plaintiff Shawn McBreairty is a resident of Hampden, Maine but otherwise denies the allegations in Paragraph 1 of the Complaint.

2. Defendant Michelle MacDonald admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant Michelle MacDonald admits that Gregg Palmer is the Superintendent of Schools in Brewer, Maine and that he has worked, at all relevant times, in Brewer, Maine. The balance of Paragraph 3 asserts a legal conclusion that requires no response.

4. Defendant Michelle MacDonald admits that Brent Slowikoski is the Principal of Brewer High School and that he has worked, at all relevant times, in Brewer, Maine. The balance of Paragraph 4 asserts legal conclusions that require no response.

5. Defendant Michelle MacDonald admits that she is a teacher at Brewer High School and has worked in Brewer, Maine at all relevant times. Defendant Michelle MacDonald further answers affirmatively that she was not, at any relevant time, acting as an officer or agent of the Brewer School Department. The balance of Paragraph 4 asserts legal conclusions that require no response.

## JURISDICTION AND VENUE

6. Paragraph 6 asserts legal conclusions that require no response.

7. Paragraph 7 asserts legal conclusions that require no response.

8. Paragraph 8 asserts legal conclusions that require no response.

## FACTUAL BACKGROUND

9. Defendant Michelle MacDonald denies that Shawn McBreairty is a journalist or an educational advocate. She is without knowledge sufficient to form a belief regarding the remaining allegations in Paragraph 9 of the Complaint; therefore, she denied those allegations.

### A. The Petition

10. Defendant Michelle MacDonald admits that, at Brewer High School, students may use school bathrooms that correspond to their gender identities. She denies the remaining allegations in Paragraph 10.

11. Defendant Michelle MacDonald admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant Michelle MacDonald is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and therefore denies the same.

13. Defendant Michelle MacDonald is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and therefore denies the same.

14. Defendant Michelle MacDonald is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and therefore denies the same.

15. Defendant Michelle MacDonald is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and therefor denies the same.

16. Defendant Michelle MacDonald is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and therefore denies the same.

17 Defendant Michelle MacDonald admits that a petition generally matching the description of the petition described in Paragraph 17 of the Complaint was circulated at Brewer High School. She is without knowledge sufficient to form a belief about who was the author of the petition or what the motives of H.W. and C.G. were in circulating it; therefore, she denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant Michelle MacDonald admits that a petition generally matching the description of the petition described in Paragraph 17 of the Complaint was circulated at Brewer High School. She is without knowledge sufficient to form a belief about who was involved in distributing it, who signed it, or how many students signed it; therefore, she denies the remaining allegations in Paragraph 18 of the Complaint.

19. Plaintiff's use of the terms "widespread," "broad," and "representative" in Paragraph 19 of the Complaint is both subjective and ambiguous. Because Defendant Michelle MacDonald is without knowledge sufficient to form a belief as to the meanings the Plaintiff attaches to those terms, she denies the allegations set forth in Paragraph 19 of the Complaint that employ those terms. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about whether support for the petition "spanned across genders, gender identities, and multiple belief systems," so she denies that allegation. She is also without knowledge sufficient to form a belief about whether H.D. asked to sign the petition, so she denies that allegation.

20. Defendant Michelle MacDonald denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about whether H.D. asked to sign the petition, so to the extent there are factual allegations set forth in Paragraph 21 of the Complaint, she is unable to evaluate their truth and therefore denies them.

22. Defendant Michelle MacDonald is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 22 of the Complaint and therefore denies that allegation.

23. Defendant Michelle MacDonald denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant Michelle MacDonald is unfamiliar with the concept of "transgender supremacy," which seems to be a straw concept developed by opponents of nondiscriminatory treatment of all people regardless of sex, gender, or gender identity as a way of demonizing those who disagree with them. In any event, due to her lack of knowledge and information about this

terminology, Defendant Michelle MacDonald denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant Michelle MacDonald repeats and repleads her response to the allegations set forth in Paragraph 24 of the Complaint.

26. Defendant Michelle MacDonald repeats and repleads her response to the allegations set forth in Paragraph 24 of the Complaint.

27. Defendant Michelle MacDonald repeats and repleads her response to the allegations set forth in Paragraph 24 of the Complaint and further states she is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 27 of the Complaint regarding (a) threats made by an unidentified person against another unidentified person; and (b) HW's support or lack of support for any ideology; therefore, she denies those allegations.

28. Defendant Michelle MacDonald is informed and believes that the allegations set forth in Paragraph 28 of the Complaint are false; therefore, she denies those allegations.

29. Defendant Michelle MacDonald is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint regarding H.W. and C.G. being "pulled in" to a meeting and told that the petition was "hate speech," so she denies those allegations. In all other respects, she repeats and repleads her response to Paragraphs 24 – 28 of the Complaint.

30. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 30 of the Complaint; therefore, she denies those allegations.

31. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the material factual allegations set forth in Paragraph 31 of the Complaint; therefore, she denies those allegations.

32. Paragraph 32 of the Complaint asserts a combination of legal arguments and factual allegations. As to the legal arguments, no response is required. With respect to the factual allegations, Defendant Michelle MacDonald is without knowledge sufficient to form a belief about their truth; therefore, she denies those allegations.

33. Paragraph 33 of the Complaint asserts a combination of legal arguments and factual allegations. As to the legal arguments, no response is required. With respect to the factual allegations, Defendant Michelle MacDonald is without knowledge sufficient to form a belief about their truth; therefore, she denies those allegations.

34. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 of the Complaint; therefore, she denies those allegations.

35. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 35 of the Complaint; therefore, she denies those allegations.

36. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 36 of the Complaint; therefore, she denies those allegations.

37. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 37 of the Complaint; therefore, she denies those allegations.

38. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 38 of the Complaint; therefore, she denies those allegations.

39. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 of the Complaint; therefore, she denies those allegations.

40. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 of the Complaint; therefore, she denies those allegations.

41. Defendant Michelle MacDonald denies that she had any communication with Plaintiffs involving the terms “hate speech” or “hate crime.” Otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 of the Complaint; therefore, she denies those allegations.

42. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 of the Complaint; therefore, she denies those allegations.

43. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 43 of the Complaint; therefore, she denies those allegations.

44. Paragraph 44 of the Complaint asserts a legal conclusion and therefore requires no response.

45. Defendant Michelle MacDonald has no knowledge about whether school bathroom policy is an issue under consideration by the Superintendent, the Principal or the

Brewer School Committee; therefore, she denies that allegation. She admits that the Superintendent and Principal are executive officials of the Brewer School Department, and she admits that the School Committee sets policy for the Brewer schools. She admits that the petition was about who should or should not be allowed to use which bathrooms at Brewer High School. She is without knowledge sufficient to form a belief about whether the petition was reasonably likely to encourage Brewer school officials to consider or review the issue or to enlist public participation in an effort to effect such consideration; therefore, she denies those allegations.

**B. The Article**

46. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 of the Complaint regarding Plaintiff's activities prior to making the social media post on which his claims are based; therefore, she denies those allegations. She admits Plaintiff made a post on February 12, 2024 regarding, among other things, access to student bathrooms at Brewer High School.

47. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 47 of the Complaint; therefore, she denies those allegations.

48. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 48 of the Complaint; therefore, she denies those allegations.

49. Defendant Michelle MacDonald answers affirmatively that Plaintiff's writing speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint; therefore, she denies those allegations.

50. Defendant Michelle MacDonald answers affirmatively that Plaintiff's writing speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint; therefore, she denies those allegations.

51. Defendant Michelle MacDonald answers affirmatively that Plaintiff's writing speaks for itself; further, she denies the assertion that it was an accurate report "on the response of Brewer High School teacher Michelle MacDonald to the petition."

52. Defendant Michelle MacDonald answers affirmatively that Plaintiff's writing speaks for itself; further, she denies that the description in Paragraph 52 of the Complaint is an accurate characterization of the writing. She further denies that she "unlawfully and retaliatorily threatened the students circulating the petition that she would have them charged with hate crimes and that MacDonald, through Brewer High School Principal Brent Slowiskowki, precluded the students from circulating the petition on campus."

53. Defendant Michelle MacDonald answers affirmatively that Plaintiff's writing speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint; therefore, she denies those allegations.

54. Defendant Michelle MacDonald answers affirmatively that Plaintiff's writing speaks for itself. She denies that she has harassed anyone or that she subscribes to anything known as "trans-supremacy;" otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint; therefore, she denies those allegations.

55. Defendant Michelle MacDonald answers affirmatively that Plaintiff's writing speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint; therefore, she denies those allegations.

56. Defendant Michelle MacDonald answers affirmatively that Plaintiff's writing speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint; therefore, she denies those allegations.

57. Defendant Michelle MacDonald answers affirmatively that Plaintiff's writing speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint; therefore, she denies those allegations.

58. Defendant Michelle MacDonald answers affirmatively that Plaintiff's writing speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint; therefore, she denies those allegations.

59. Defendant Michelle MacDonald answers affirmatively that Plaintiff's writing speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint; therefore, she denies those allegations.

**C. Defendant's Chilling Demands**

60. Defendant Michelle McDonald denies that any lawyer who communicated with the Plaintiff on February 13, 2024 was her lawyer. She further denies that she was represented by any lawyer in connection with the events that give rise to the instant action on February 13, 2024. She denies that she directed, or had the authority to direct, the lawyer or lawyers whose communications are described in Paragraph 60 of the Complaint. Defendant Michelle MacDonald further answers affirmatively that the email communication described in Paragraph 60 of the Complaint (attached as Exhibit 5 to the Complaint) speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint; therefore, she denies those allegations.

61. Defendant Michelle MacDonald is informed and believes that the document attached as Exhibit 5 to the Complaint is a true and correct copy of the email; therefore, she admits that allegation. She further answers affirmatively that the email speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint; therefore, she denies those allegations.

62. Defendant Michelle MacDonald answers affirmatively that the email speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint; therefore, she denies those allegations.

63. Defendant Michelle MacDonald answers affirmatively that the email speaks for itself; otherwise, she is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint; therefore, she denies those allegations.

64. Paragraph 64 of the Complaint asserts only legal argument, which requires no response; however, to the extent any part of Paragraph 64 may be deemed to constitute a factual allegation, any such factual allegation is denied.

65. Paragraph 65 of the Complaint asserts a combination of legal arguments and factual allegations. As to the legal arguments, no response is required. With respect to the factual allegations, Defendant Michelle MacDonald is without knowledge sufficient to form a belief about their truth; therefore, she denies those allegations.

66. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint; therefore, she denies those allegations.

67. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint; therefore, she denies those allegations.

68. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint; therefore, she denies those allegations.

69. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint; therefore, she denies those allegations.

70. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint; therefore, she denies those allegations.

71. Defendant Michelle MacDonald admits that, at some point, Plaintiff posted online a copy of the email attached as Exhibit 5 to his Complaint. She is otherwise without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint; therefore, she denies those allegations.

72. Paragraph 72 of the Complaint asserts a combination of legal arguments and factual allegations. As to the legal arguments, no response is required. With respect to the factual allegations, Defendant Michelle MacDonald is without knowledge sufficient to form a belief about their truth; therefore, she denies those allegations.

73. Paragraph 73 of the Complaint asserts a combination of legal arguments and factual allegations. As to the legal arguments, no response is required. With respect to the factual

allegations, Defendant Michelle MacDonald is without knowledge sufficient to form a belief about their truth; therefore, she denies those allegations.

74. Defendant Michelle MacDonald denies that on February 14, 2024, she "acknowledged," either directly or indirectly, that Plaintiff's article had been removed, or made any demand about the posting or removal of the related email. She is otherwise without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint; therefore, she denies those allegations.

75. Defendant Michelle MacDonald is informed and believes that the document attached as Exhibit 6 to the Complaint is a true and correct copy of the email dated February 14, 2024; therefore, she admits the allegation in Paragraph 75.

76. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint; therefore, she denies those allegations.

77. Defendant Michelle MacDonald denies the allegations in Paragraph 77 of the Complaint s to herself. Based on her observation and experience within the Brewer School system, and on information and belief that she believes to be true, the allegations in Paragraph 77 are also false as to the other Defendants; therefore, she denies those allegations.

78. Defendant is without knowledge sufficient to form a belief about the truth of any of the allegations in Paragraph 78 of the Complaint concerning what the Plaintiff realized or why he decided to retain counsel; therefore, she denies those allegations. She is otherwise without knowledge sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint; therefore, she denies those allegations.

## CLAIMS FOR RELIEF

### *Count I*

**Violation of the First Amendment to the United States Constitution: Retaliation (42 U.S.C. 1983 – First Amendment)**

79. Defendant Michelle MacDonald repeats and repleads all her responses to Paragraphs 1 through 78 above as thought they were fully set forth herein.

80. Defendant Michelle MacDonald denies that she made any threat to or against the Plaintiff and denies that she violated his rights under the United States Constitution. She is otherwise without knowledge or information sufficient to form a belief as to any factual allegations set forth in Paragraph 80 of the Complaint, so she denies those allegations. Paragraph 80 also asserts legal conclusions, and those assertions require no response.

81. Defendant Michelle MacDonald repeats and repleads her response to Paragraph 80.

82. Defendant Michelle MacDonald denies that she retaliated against the Plaintiff in any way for any reason and therefore denies all allegations in Paragraph 82 of the Complaint as applied to her.

83. Paragraph 83 of the Complaint states a legal conclusion and therefore requires no response.

84. Defendant Michelle MacDonald denies that she imposed any restrictions on Plaintiff's speech and therefore denies all allegations in Paragraph 84 of the Complaint as applied to her. Paragraph 84 also asserts legal conclusions, and those assertions require no response.

85. Paragraph 85 of the Complaint states a legal conclusion and therefore requires no response; nevertheless, Defendant denies that Plaintiff is entitled to recover damages from her.

86. Defendant Michelle MacDonald denies the allegations set forth in Paragraph 86 of the Complaint.

87. Defendant Michelle MacDonald is without knowledge sufficient to form a belief about the truth of the factual allegations set forth in Paragraph 87 of the Complaint regarding the Plaintiff's intentions; therefore, she denies those allegations. The balance of Paragraph 87 states a legal conclusion that requires no response; nevertheless, Defendant Michelle MacDonald denies that Plaintiff is entitled to any of the relief asserted in Paragraph 87.

***Count II***

**Violation of Article I Section 4 and Section 15 of the Maine Constitution and the First Amendment**
**(5 M.R.S. § 4682 Free Speech and Right to Petition)**

88. Defendant, Michelle MacDonald, repeats and repleads all her responses to Paragraphs 1 through 87 above as though they were set forth herein.

89. Paragraph 89 of the Complaint asserts only legal argument, which requires no response; however, to the extent any part of Paragraph 89 may be deemed to constitute a factual allegation, any such factual allegation is denied.

90 Paragraph 90 of the Complaint asserts only legal argument, which requires no response; however, to the extent any part of Paragraph 90 may be deemed to constitute a factual allegation, any such factual allegation is denied.

91. Paragraph 91 of the Complaint asserts only legal argument, which requires no response; however, to the extent any part of Paragraph 91 may be deemed to constitute a factual allegation, any such factual allegation is denied.

92. Paragraph 60 of the Complaint states a legal conclusion and, as such, no response is required.

93. Paragraph 93 of the Complaint asserts only legal argument, which requires no response; however, to the extent any part of Paragraph 93 may be deemed to constitute a factual allegation, any such factual allegation is denied.

94. Paragraph 94 of the Complaint asserts only legal argument, which requires no response; nevertheless, Defendant Michelle MacDonald denies that Plaintiff is entitled to any of the relief asserted in Paragraph 94.

95. Defendant Michelle MacDonald denies that plaintiff has suffered any damage of any description as a result of any culpable conduct on her part; in all other respects, she is without knowledge sufficient to for a belief about the truth of the factual allegations set forth in Paragraph 95; therefore, she denies those allegations. Paragraph 95 also includes legal argument, which requires no response.

## ***Count III***

**Violation of the First Amendment to the United States Constitution and Violation of Article I Section 4 and Section 15 of the Maine Constitution – Declaratory Reilief**
(5 **M.R.S. § 4682 Free Speech and Right to Petition)**

96. Defendant, Michelle MacDonald, repeats and repleads all her responses to Paragraphs 1 through 95 above as though they were set forth herein.

97. Defendant Michelle MacDonald denies that she has made any claim of the sort described in Paragraph 97 of the Complaint; otherwise, she is without knowledge sufficient to

form a belief about the truth of the allegations in Paragraph 97 of the Complaint; therefore, she denies those allegations.

98. Paragraph 98 of the Complaint asserts only legal argument, which requires no response.

99. Paragraph 99 of the Complaint asserts only legal argument, which requires no response.

100. Paragraph 100 of the Complaint asserts only legal argument, which requires no response.

101. Paragraph 101 of the Complaint asserts only legal argument, which requires no response.

**Requests for Relief**

WHEREFORE, Defendant Michelle MacDonald demands judgment in her favor against Plaintiff Shawn McBreairty on all Counts of his Complaint, along with an award of her costs and (pursuant to 42 U.S.C. § 1988 and 5 M.R.S. § 4683) her reasonable attorneys' fees, along with such other and further relief as the Court shall deem just and equitable.

**Additional Defenses and Affirmative Defenses**

Defendant, Michelle MacDonald asserts the following Defenses and Affirmative Defenses:

1. The Complaint fails to state a claim against Defendant Michelle MacDonald upon which relief can be granted.

2. To the extent Defendant Michelle MacDonald may be deemed to have been acting under color of state law at any relevant time, she is entitled to qualified immunity for any and all such actions.

3. Defendant Michelle MacDonald acted at all relevant times in good faith and in the reasonable belief that her actions were not in violation of any clearly established constitutional right of the Plaintiff.

WHEREFORE, Defendant, Michelle MacDonald demands judgment in her favor on the Plaintiff's Complaint, along with an award of her costs and reasonable attorneys' fees, and such other and further relief as the Court shall deem just and equitable.

Respectfully Submitted,

Dated: June 20, 2024

/s/ James B. Haddow .

Attorneys for Defendant Michelle McDonald
James B. Haddow, Esq.—Maine Bar No. 3340
Scott D. Dolan, Esq. – Maine Bar No. 6334
PETRUCCELLI, MARTIN & HADDOW, LLP
Two Monument Sq., Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
Telephone: (207) 775-0200
jhaddow@pmhlegal.com
sdolan@pmhlegal.com