UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as Personal Representative of the Estate of Shawn McBreairty,<br><br>      Plaintiff,<br><br>      v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, BRENT SLOWIKOWSKI, and MICHELLE MACDONALD,<br><br>      Defendants. | No. 1:24-cv-00053-LEW |

**PROCEDURAL ORDER CONCERNING PLAINTIFF'S UPDATED MOTION FOR PRELIMINARY INJUNCTION OR INJUNCTION PENDING APPEAL, AND <u>REQUEST FOR ORAL ARGUMENT</u>**

In her motion, (ECF No. 59), Plaintiff Patricia McBreairty, as Personal Representative of Shawn McBreairty's Estate, requests that the Court grant the motion for preliminary injunction previously made by her deceased husband, Shawn McBreairty, (ECF No. 4), which injunction would prohibit Defendants (as in all defendants, including the individual defendants in both personal and official capacities) from initiating legal proceedings in response to Plaintiff's publication of certain media. I previously denied the requested relief in an order denying a temporary restraining order, but I indicated the intention to convene a hearing and consider further evidence and argument before resolving

the request for a preliminary injunction. (ECF No. 41.) In particular, I expressed concern over the provision of injunctive relief that would bar any conceivable litigation by any of the Defendants when it appeared that Shawn McBreairty might simply republish the media in question and the School District, or its counsel, would disavow or simply quit their saber rattling.

Prior to his death, Shawn McBreairty appealed that order, but the First Circuit rejected the appeal in May of 2024, essentially observing that my approach did not have the effect of denying injunctive relief, since timely access to preliminary injunctive relief was still available and moreover, invited by me. As a consequence of the appeal and Plaintiff's death, the matter returns months later following the substitution of Patricia McBreairty, as Personal Representative of her late husband's Estate, as Plaintiff.

Through her Motion, Plaintiff asks that I grant the relief previously denied and observes that, presumably as to the Defendant School Department and any official who could exercise unilateral decision-making authority on its behalf, the injunction would not impede any right to petition the government, as the First Amendment does not extend to government entities any such right. Plaintiff cites a recent opinion of the First Circuit, *Berge v. School Committee of Gloucester*, 107 F.4th 33 (1st Cir. 2024), holding that "public officials cannot . . . threaten a person with legal action under an obviously inapt statute simply because he published speech they did not like." *Id.* at 43. Although the authorities cited by the Court involved actual retaliatory acts carried out by officials like police officers making an arrest, *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019), federal investigators who induced criminal charges as an act of "official reprisal," *Hartman v. Moore*, 547 U.S.

250, 252, 256 (2006), and a public official who actually brought (and won) a libel action against his critics, *New York Times Co. v. Sullivan*, 376 U.S. 254, 256, 283 (1964), the First Circuit applied the same principle to threats of legal action, at least where the legal basis for the threatened action arose under an "obviously inapt statute." *Berge*, 107 F.4th at 43. Presumably based on *Berge* and other authorities, Plaintiff asks for oral argument rather than an evidentiary hearing.

Based on my review of *Berge*, it may be unnecessary to conduct an evidentiary hearing on Plaintiff's motion for preliminary injunction. Furthermore, it appears to be the case that preliminary injunctive relief, were it to enter, should run exclusively against the Defendant School Department, as none of the other Defendants would have authority or standing to bring a lawsuit in their own names to vindicate the interests articulated in defense counsel's threatening letter, which letter the attorney authored at the behest of the School Department. However, I would like to hear from the Defendants on both issues (the impact of *Berge* and the adequacy of relief running exclusively against the School Department) and from Plaintiff on the latter issue, in addition to whatever other positions they may wish to take on the pending Motion. Accordingly, the parties are directed to address these matters in the Response and Reply filings.

Finally, the briefing cycle will be abbreviated. Defendants' Response is due Friday, October 11, 2024. Plaintiff's Reply is due Friday, October 18, 2024. Unless I determine that an evidentiary hearing is necessary, the matter will be set for oral argument shortly thereafter.

**SO ORDERED.**

Dated this 2nd day of October, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge
