UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

PATRICIA MCBREAIRTY, as Personal          )
Representative of the Estate of Shawn      )
McBreairty,                                )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )          CASE NO. 1:24-cv-00053-LEW
                                           )
BREWER SCHOOL DEPARTMENT et al.,           )
                                           )
            Defendants                     )

MEMORANDUM OF DEFENDANT MICHELLE MACDONALD IN OPPOSITION
TO PLAINTIFF'S UPDATED MOTION FOR PRELIMINARY INJUNCTION OR, IN
THE ALTERNATIVE, AN INJUNCTION PENDING APPEAL

## I.      Introduction.

Defendant Michelle MacDonald hereby opposes the motion of Plaintiff Patricia

McBreairty, in her capacity as Personal Representative of the Estate of Shawn

McBreairty ("the Estate"), for a preliminary injunction or an injunction pending appeal.

Ms. MacDonald adopts and incorporates here by reference the arguments made by her

co-defendants in opposition to the motion, and in addition sets forth below her unique

reasons that compel the denial of the motion as it may be applied to her.

## II.     Legal Standard.

All forms of injunctive relief are extraordinary remedies, "never awarded as of

right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). In

deciding whether to issue a preliminary injunction, courts consider four factors:

(1) the likelihood of success on the merits; (2) the potential for irreparable
harm [to the movant] if the injunction is denied; (3) the balance of relevant

1

impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Esso Std. Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006) (quoting *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004)).

In evaluating the Estate's motion, it is important to note that, as indicated in the Suggestion of Death on the Record (ECF Doc. 52), Mr. McBreairty passed away on June 3, 2024.

**Facts and Argument.**

From Ms. MacDonald's perspective, the Estate's motion fails for two reasons, each of which is independently sufficient to defeat the motion. First, the Estate cannot demonstrate a likelihood of success on the merits of its claim against her, because she had no role in the conduct that forms the basis of the Estate's claims. Second, because Mr. McBreairty is no longer living, there is no longer any potential for irreparable harm if the injunction is denied.

A.     Likelihood of Success on the Merits.

The legal basis on which the Estate claims to be entitled to injunctive relief is a governmental infringement of Shawn McBreairty's First Amendment right to free speech that gives rise to an action under 42 U.S.C. §1983. In order to succeed against a defendant on the merits of an action under 42 U.S.C. §1983, a plaintiff must establish "(1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused by a 'person'; (3) who was acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The Estate cannot

demonstrate that it is likely to succeed on the merits of its claim against Ms. MacDonald, because its own submissions demonstrate affirmatively that Ms. MacDonald was not a proximate cause of the injury it claims Mr. McBreairty suffered.

In its Verified Complaint, the Estate identifies two communications from "the Defendants" to Mr. McBreairty as the basis for its claim that his First Amendment rights were infringed. Read in their entirety, however, the Estate's submissions demonstrate that Ms. MacDonald was not involved in any way in those communications.

Ms. MacDonald is "a teacher at Brewer High . . . ." Verified Complaint, ¶ 5 (ECF Doc. 1, Page ID#: 2). There is nothing in the Estate's submissions to suggest she has any role in the management or administration of the Brewer School Department.

In describing the conduct the Estate identifies as having violated Mr. McBreairty's First Amendment Rights, the Verified Complaint first says: "[O]n February 13, 2024, counsel for the Defendants, acting on their behalf, at their behest, and under their authority, threatening [sic] Mr. McBreairty that, if he did not remove the Article by noon the following day, Defendants would be 'forced to take further action' against him." Verified Complaint, ¶60 (Page ID#: 10). It adds: "A true and correct copy of the threatening email is attached as **Exhibit 5."** Verified Complaint, ¶ 61 (Page ID#: 10).

In the email attached as Exhibit 5 to the Verified Complaint, the author (counsel for the Brewer School Department) is explicit about the capacity in which she is acting: "I am writing on behalf of our client, the Brewer School Department . . . ." ECF Doc. 1-5, Page ID#: 40. Nowhere does she indicate that she is communicating on behalf of any

3

other person or entity. Specifically, she does not indicate that she is acting on behalf of Ms. MacDonald.

The Estate describes the second offending communication in paragraph 74 of its Verified Complaint: "On February 14, 2024, Defendants acknowledged that the Article had been removed, but now demanded that the threatening email be removed because of the content they chose to identify and disclose in the email." Verified Complaint, ¶ 74 (Page ID#: 11). The Complaint then adds: ""A true and correct copy of the Feb. 14, 2024, demand is attached as **Exhibit 6**." Verified Complaint, ¶ 75 (Page ID #11).

The email attached as Exhibit 6 to the Verified Complaint, ECF Doc. 1-6, Page ID#: 41-42, is obviously a follow-up to Exhibit 5 and also says nowhere that the author is acting on behalf of Ms. MacDonald or anyone other than the Brewer School Department.

In short, even if the Estate could carry its burden of demonstrating a likelihood of success on the merits as to the other elements (a proposition Ms. MacDonald in no way concedes), the record evidence available for consideration by the Court on the question of whether Ms. MacDonald is a proximate cause of any infringement of Mr. McBreairty's rights compels the conclusion that she was not.

B.    Irreparable Harm.

"[T]he prime prerequisite for injunctive relief is the threat of irreparable future harm. . . ." *Natl Tank Truck Carriers, Inc. v. Burke*, 608 F.2d 819, 824 (1st Cir. 1979).

> "To demonstrate the prospect of future harm, . . . a plaintiff must show more than that she has been injured . . . ." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 16 (1st Cir. 2004). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id*. (quotation

4

marks and citations omitted). Finally, "[t]he burden of demonstrating that a denial of interim relief is likely to cause irreparable harm rests squarely upon the movant." *Charlesbank Equity Fund II*, 370 F.3d [151, 162 (1st Cir. 2004)].

*Gonzalez-Droz v. Gonzalez-Colon*, 573 F.3d 75, 79 (1st Cir. 2009).

In its motion, the Estate says nothing specific about what future harm (as opposed to harm it claims Mr. McBreairty suffered in the past) would be prevented by the issuance of an injunction. *See, e.g., Corporate Techs., Inc. v. Harnett,* 943 F. Supp. 2d 233, 248 (D. Mass. 2013) (Injunction "inappropriate in the absence of evidence of some present threat of future harm."). The only harm, past or future, mentioned in the Estate's motion is the infringement of Mr. McBreairty's First Amendment rights. It is well established, however, that a deceased person has no constitutional rights. *Infante v. Dignan*, 782 F. Supp. 2d 32, 37-38 (W.D.N.Y. 2011) (*citing Whitehurst v. Wright*, 592 F.2d 834, 840 (5th Cir.1979)). It is axiomatic, therefore, that Mr. McBreairty's First Amendment rights cannot be infringed by any future conduct of any of the Defendants, and there is, therefore, no possibility of future irreparable harm absent an injunction.

Because the Estate cannot make the required showing of future irreparable harm in the absence of an injunction, its motion must be denied.

## III.   Conclusion.

For all the foregoing reasons, as well as the reasons set forth in the submissions of Ms. MacDonald's co-defendants in opposition to the Estate's Motion for Preliminary Injunction or, in the Alternative, an Injunction Pending Appeal, the Estate's Motion must be denied.

Dated at Portland, Maine this 8th day of October 2024.

/s/ James B. Haddow
Attorneys for Defendant Michelle MacDonald
James B. Haddow, Esq.—Maine Bar No. 3340
Scott D. Dolan, Esq. – Maine Bar No. 6334
PETRUCCELLI, MARTIN & HADDOW, LLP
Two Monument Sq., Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
Telephone: (207) 775-0200
jhaddow@pmhlegal.com
sdolan@pmhlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on October __, 2024, I filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all counsel of record through the CM/ECF system.

*/s/ James B. Haddow*

James B. Haddow, Esq. - ME Bar No. 3340
Attorneys for Defendant Michelle MacDonald
PETRUCCELLI, MARTIN & HADDOW, LLP
2 Monument Square, Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
(207) 775-0200
jhaddow@pmhlegal.com