UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRTICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBrearty, <br><br> Plaintiff, <br><br> v. <br><br> BREWER SCHOOL DEPARTMENT, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )    CASE NO. 1:24-cv-00053-LEW |

**MEMORANDUM OF LAW OF DEFENDANTS BREWER SCHOOL DEPARTMENT, GREGG PALMER, AND BRENT SLOWIKOWSKI IN OPPOSITION TO PLAINTIFF'S UPDATED MOTION FOR PRELIMINARY INJUNCTION**

Defendants Brewer School Department, Gregg Palmer, and Brent Slowikowski ("Brewer") oppose the updated motion for a preliminary injunction filed by Plaintiff Patricia McBreairty, as personal representative of the Estate of Shawn McBreairty (the "Estate") on three grounds: first, the death of Shawn McBreairty moots any claim for injunctive relief (preliminary or permanent); second, the updated motion does not address the issues this Court identified as necessary to resolve the prior motion for a preliminary injunction; and third, the Estate does not meet the four-part standard for a preliminary injunctive relief. If the Court does not deny the motion on these grounds, then it should schedule an expedited hearing to address the issues it previously identified. *See* ECF Doc. 41 at PageID #: 512-13.

I.    **A Plaintiff's Death Moots A Claim For Injunctive Relief**

This Court has already identified that the death of Mr. McBreairty appears to moot his prior motion for a preliminary injunction. ECF Doc. 54. Yet the Estate's updated motion does not address mootness, nor explain how the Estate could be harmed absent preliminary injunctive relief while

1

this case awaits final disposition. Instead, the Estate files essentially the same motion, simply alleging that Mr. McBreairty had standing and "the Estate now stands in his shoes." ECF Doc. 59 at PageID #:570. This allegation is insufficient to establish standing for the Estate to pursue injunctive relief. Indeed, this Court has previously recognized the "'impeccable line of authority' supporting the conclusion that a plaintiff's death moots a claim for injunctive relief." *Light v. Town of Livermore*, No. 1:21-CV-00266-JAW, 2022 WL 4016809, at *13 (D. Me. Sept. 2, 2022) (*citing Goodwin v. C.N.J.,* 436 F.3d 44, 49 (1st Cir. 2006)).

As the First Circuit explains, this conclusion does "not break new ground," instead "this branch of the mootness doctrine often has been invoked as a basis for dismissal when the court is faced with the death of a plaintiff who has requested injunctive relief peculiar to his situation." *Goodwin v. C.N.J.,* 436 F.3d at 49. "Typically, a substituted plaintiff, such as a decedent's personal representative, has a legally cognizable interest in the recovery of money damages owed to the decedent's estate," *id.*, in contrast to injunctive relief where a plaintiff "who is now deceased, cannot conceivably benefit from such an order" and "[n]either can the Executrix, who is merely administering [the deceased's] estate and not carrying on his business," *id.* at 48.

So too here. Mr. McBreairty's original motion alleged that "[f]ailing to grant the requested injunction will continue to deprive McBreairty of his constitutional rights," ECF Doc. 4 at PageID #:70, and the updated motion merely substitutes "the estate" for "McBreairty" and "its" for the pronoun "his." ECF Doc. 59 at PageID #:581. However, it is well established that a deceased person has no constitutional rights. *McIntyre v. United States*, 336 F. Supp. 2d 87, 105 (D. Mass. 2004) (*citing Judge v. City of Lowell*, 160 F.3d 67, 76 n.15 (1st Cir. 1998) (overruled on other grounds by *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004)); *id.* at n.13 (*citing Guyton v. Phillips*, 606 F.2d 248, 250 (9th Cir. 1979)); *see also Infante v. Dignan*,

782 F. Supp. 2d 32, 37-38 (W.D.N.Y. 2011) (citing *Whitehurst v. Wright*, 592 F.2d 834, 840 (5th Cir.1979)). Thus, absent a living person experiencing an ongoing deprivation of constitutional rights, any claim for an injunction must fail and cannot be maintained by "the Executrix, who is merely administering [the deceased's] estate and not carrying on his business." *Goodwin,* 436 F.3d at 48.

Indeed, an injunction barring Brewer from suing the Estate for a posthumous publication of the article would be meaningless because the Estate would not be a proper defendant for any potential future civil action by Brewer regarding such publication. This Court has previously explained the difficulty with the type of injunction sought here:

> As for the likelihood of success, I explained in my previous order that Plaintiff is free to publish his article as he desires, and that before Defendants will be ordered not to bring a civil action based on the content of Plaintiff's article (the only avenue of redress Defendants might have against Plaintiff, as they have no actual state-sanctioned authority to censor Plaintiff or otherwise compel Plaintiff to comply with their wishes), it is necessary to examine whether the cure he proposes (a court-ordered prior restraint imposed against Defendants' right to petition a state court for relief) is worse than the disease (a letter from counsel on behalf of a public school warning of further action if certain demands are not met).

ECF 41, PageID #:512. This remains true, and if the article were to be republished, that would seem to be the act of a living individual, not the act of the decedent for which the Estate might be a proper defendant. And even if equitable relief "could be fashioned that would prevent" a suit against other individuals who might publish articles illustrated by furtive photographs of students in a school bathroom, "this Court has no constitutional authority to grant the Estate such relief." *Light*, 2022 WL 4016809, at *13 (quoting *Southcoast Health System, Inc.*, 145 F. Supp. 2d 126, 136-37 (D. Mass. 2001)).

Moreover, the above authority explains why this Court could no longer enter a permanent injunction, but the issue is even starker with regard to a *preliminary* injunction. Such preliminary

relief is designed to prevent harm between the time of filing suit and the time of final judgment. Where, as here, the only alleged harm is that of a decedent who cannot experience any further harm between now and final judgment, there is no need—indeed no basis—for preliminary injunctive relief.

Finally, and equally dispositive on the mootness issue, Brewer has never threatened to sue Patricia McBreairty or the Estate over the actions of her deceased husband, and Brewer specifically disclaims any intention to do so in the future.

## II. The Updated Motion Fails to Address the Issues This Court Identified as Necessary to Resolve the Prior Motion for a Preliminary Injunction

This Court has previously spelled out "at length" the kind of evidence it believes "would be material to a preliminary injunction hearing." ECF 41, PageID #:512-13. Specifically, the Court has requested evidence sufficient to evaluate "both an objective and a subjective standard designed to flush out 'sham' litigation and whether the threat of litigation by counsel constitutes such 'sham' litigation." *Id.* Despite this clear direction, the updated motion does not allege any new facts and barely develops the argument. That barely developed argument includes an assertion that the principle for which this Court cited *Tomaiolo v. Mallinooff*, 281 F.3d 1, 11 (1st Cir. 2002) does not apply to governmental defendants, ECF 59, PageID #:580, despite the fact that the defendants there expressly included "the tax collectors and almost all of Rhode Island's municipalities (the 'municipal defendants')," *Tomaiolo*, 281 F.3d at 4, and that all Section 1983 defendants, like those in *Tomaiolo* must be "state actors," *id.* The Estate then includes a single conclusory paragraph:

> Moreover, any putative litigation by the government would be sham litigation, both objectively baseless and subjectively motivated by an unlawful purpose. It is objectively bases as, for the reasons set forth above, there would be no viable causes of action for alleged violation of privacy rights of non-parties or of inapplicable school policies or state law, especially as it is all based on Plaintiff's protected speech and clearly-established right to publish. And, as previously set forth, any such suit would be subjectively motivated by Defendants'

4

> unconstitutional desire to chill disfavored speech. Thus, Plaintiff has a substantial likelihood of success.

ECF 59, PageID #:580. This is insufficient to evaluate either the objective or subjective standard this Court identified. It is well-settled in this Circuit that the Court may deem arguments "that are raised in a perfunctory or undeveloped manner to be waived." *See Vizcarrondo-Gonzalez v. Vilsack*, No. 20-2157, 2024 WL 3221162, at *6 (1st Cir. June 28, 2024). Here, where the Court has been so explicit on the evidence and argument needed, and the Estate has nonetheless rested on only those arguments and facts on which this Court denied a TRO and Motion for Injunctive Relief Pending Appeal, this Court should treat as waived the issue of the objective and subjective standard regarding a threat of "sham litigation." That issue having been waived as underdeveloped, this Court should deny the motion on the same grounds it denied the TRO and Motion for Injunctive Relief Pending Appeal.

### III. The Estate Does Not Meet the Four-Part Standard for Preliminary Injunctive Relief

Because the Estate primarily rehashes the same failed arguments and facts that were insufficient to establish a likelihood of success on the merits, it must likewise fail on its motion for a preliminary injunction. Rather than repeat its arguments in opposition here, Brewer incorporates them by reference including the following: ECF 16, Page ID#:207-226; ECF 26, Page ID#:302-307; ECF 37, Page ID#:416-422. This Court should thus reach the same result it has previously reached and conclude that "the current record and briefing do not allow [the Court] to find that Plaintiff has demonstrated a lack of success on the merits." ECF 30, Page ID#:321-323. The Court should further find against the Estate on the other three prongs. There is no potential for irreparable harm to the Estate if the injunction is denied because the death of Mr. McBreairty ends any ongoing constitutional harm and, thus, there is no need for preliminary injunctive relief prior to final resolution on the merits. The balance of relevant impositions, i.e., the hardship to Brewer if

enjoined from access to the Court system as contrasted with the hardship to the Estate if no injunction issues weighs against any preliminary injunction. The effect of the court imposing a prior restraint against a public entity is against the public interest.

## **CONCLUSION**

The Estate is not entitled to injunctive relief in this case.[1] The death of Mr. McBreairty moots any claim for injunctive relief regarding harm to his constitutional rights, the Estate has no standing to pursue such a remedy on his behalf or anyone else's, the Estate has failed to include evidence or argument on the subjective and objective "sham litigation" standards identified by this Court and therefore waives that issues, the Estate has no likelihood of success on the merits, and the Estate cannot meet the other prongs on the test for injunctive relief.

For all the above reasons, this Motion should be denied. If it is not denied, this Court should schedule a testimonial preliminary injunction hearing for the reasons it previously identified. *See* ECF Doc. 41 at PageID #:512-13.

Dated:  October 10, 2024

/s/ Melissa A. Hewey
Melissa A. Hewey
Jeana M. McCormick
*Attorneys for Defendants*
*Brewer School Department, Gregg*
*Palmer, and Brent Slowikowski*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME  04101
(207) 772-1941
mhewey@dwmlaw.com
jmccormick@dwmlaw.com

---

[1] The Estate repeats its prior failed tactic of requesting that if this Court denies its motion, it should nonetheless enter the injunction it has denied pending a possible appeal. Because the test for entry of an injunction pending appeal is nearly identical to the test for entry of an injunction in the first place, this request should therefore be denied for all the same reasons.

6