| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**REPLY IN SUPPORT OF UPDATED MOTION FOR A PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, AN INJUNCTION PENDING APPEAL** |

Plaintiff Patricia McBreairty files her reply in support of her Updated Motion for a Preliminary Injunction (ECF No. 59).[1] Nothing in either opposition (ECF Nos. 61 & 62) countermands against entry of the injunction necessary for the Estate to republish the article and the threat issued by the government. The First Amendment mandates relief being granted.

**1.0     The Request for Injunctive Relief is Not Moot**

Defendants argue that Shawn McBreairty's death moots any request for injunctive relief, citing *Goodwin v. C.N.J.,* 436 F.3d 44, 49 (1st Cir. 2006). However, as the School Department's opposition notes, this form of the mootness doctrine applies where a court deals with a request for injunctive relief by a deceased plaintiff that is "peculiar to his situation." *Id*. Patricia McBreairty, however, is not merely an executrix dealing with the monetary affairs of the McBreairty estate. As the representative of the estate, she intends to publish the same speech that Mr. McBreairty desired

---

[1]     Defendant Michelle MacDonald filed an opposition (ECF No. 61) separate from the other Defendants (ECF No. 62). This Reply addresses both oppositions.

RANDAZZA | LEGAL GROUP

to publish, and for which he was threatened with criminal prosecution. ECF No. 59-1 at ¶¶ 5-6. M.R.S. § 3-709 empowers the personal representative of an estate to "take all steps reasonably necessary for the management, protection and preservation of the estate in the personal representative's possession." Similarly, "a personal representative has the same power over the title to property of the estate that an absolute owner would have, in trust however, for the benefit of the creditors and others interested in the estate." M.RS § 3-711. As the publications at issue have commercial value, Mrs. McBreairty is properly managing and protecting the Estate's assets by seeking publication. Further, Mrs. McBreairty has every right to maintain her husband's legacy by publishing an article that was unconstitutionally suppressed, simply as a matter of her own expression and resistance against government tyranny, which is still unchecked. For the government to claim that it can't be told to stop suppressing speech, simply because the original author is deceased is an absurd argument. Could the government then threaten to prosecute someone for publishing the writings of Aleksandr Solzhenitsyn because he is dead?

While Mr. McBreairty cannot be criminally prosecuted for publishing speech, the government threatened prosecution, and Mrs. McBreairty certainly can be. Her right to free expression remains as chilled as Shawn's – by a reasonable fear of state action. As she has been substituted in as a party, there is still an active threat of criminal prosecution,[2] and thus an existing

---

[2]     The School Department's feigned confusion over who the criminal defendant would be in such a case is not convincing. In fact, it is insulting that they act this way. Patricia McBreairty is a living person who, according to Defendants, could be criminally prosecuted if she were to republish the statements Mr. McBreairty wanted to republish. ECF No. 59-1 at ¶¶ 6-7. Mystery solved. Defendants' reliance on *Light v. Town of Livermore*, No. 1:21-cv-00266-JAW, 2022 U.S. Dist. LEXIS 158735 (D. Me. Sept. 2, 2022), is also misguided. The court there found it lacked authority to impose an injunction preventing discrimination against other, unnamed individuals following the plaintiff's death. *Id*. at *38. The problem was how broad and abstract the relief would have to be following the plaintiff's death. There are no such concerns here, however, as we're only talking about a single specific individual and the ongoing threat of criminal prosecution if she were to publish specific speech.

Reply in Support of Updated Motion for a Preliminary Injunction

harm to Plaintiff's First Amendment rights. And this desire to republish and consequent threat of retaliation is specific to Mrs. McBreairty, as the McBreairty estate is the exclusive owner of the copyright in the article (including the right to republish it). *Saalfield Pub. Co. v. G. & C. Merriam Co.*, 238 F. 1, 7 (6th Cir. 1917). The request for injunctive relief is not moot.

In an effort to cut off the possibility of injunctive relief, Defendants state that they disclaim any intention of suing Mrs. McBreairty or the McBreairty estate over the actions of Mr. McBreairty. ECF No. 62 at 4. Mrs. McBreairty wishes to take new actions in the future, specifically republishing the exact statements and exact photograph and exact threat letter that Mr. McBreairty wished to republish. Defendants have conspicuously not disclaimed their intent to sue Mrs. McBreairty over such republication. The need for injunctive relief persists.

## 2.0    McBreairty Has a Likelihood of Success

Defendants barely address the likelihood of success analysis, instead either incorporating prior briefing by reference or misrepresenting the renewed motion. Defendants claim the Court previously "spelled out 'at length' the kind of evidence it believes 'would be material to a preliminary injunction hearing,'" despite the Court doing no such thing. ECF No. 62 at PageID # 601. Rather, the Court cited a few cases in its order denying the prior preliminary injunction motion regarding "sham" litigation.

As addressed in the instant Motion, the Court was mistaken in doing so, as the First Circuit case it relied on for this proposition, *Tomaiolo v. Mallinoff*, 281 F.3d 1, 11 (1st Cir. 2002), itself cited a case for this proposition that was limited only to requests to enjoin a private person from petitioning activity. *Munoz Vargas v. Romero Barcelo*, 532 F.2d 765, 766 (1st Cir. 1976). Defendants claim that no such restriction exists because the defendants in *Mallinoff* included government actors and entities, but in doing so Defendants miss the point of the relevant

Reply in Support of Updated Motion for a Preliminary Injunction

discussion. In discussing this issue, the *Mallinoff* court found that the plaintiff had failed to establish that private actor defendants should be treated as state actors, as doing so could chill their right to petition. 281 F.3d at 11. The principle against enjoining petitioning rights did not factor into the Court's decision as to government defendants. Defendants imply there is a similarity between *Mallinoff* and the facts here because all Defendants are "state actors," but Plaintiff does not attempt to cast a private figure as a state actor; all Defendants are either government entities or an injunction is sought only in their official capacity. There is no request to treat anyone as a state actor because they are all indisputably state actors.

Even without this, Defendants are wrong. The First Amendment does not protect sham litigation, meaning litigation that is both objectively baseless and subjectively motivated by an unlawful purpose. Plaintiff's entire discussion as to the likelihood of success demonstrates both that Defendants' threat of litigation was frivolous and that Defendants made the threat for an unlawful purpose, namely silencing Shawn McBreairty (and, necessarily, his successor in interest) for the content and viewpoint of his speech while allowing others to identify specific students while making laudatory comments. Defendants do not address any of these arguments. Even if this selective censorship were an innocent mistake, government employees, while they "may not be constitutional scholars, are expected to follow the law . . . . [E]veryone is presumed to know this law and is bound to take notice of it." *State Ex Rel. Spung v. Evnen*, __ N.W.3d __, 317 Neb. 800, 848 (Neb. Oct. 16, 2024) (Miller-Lerman, J, concurring in part).

A recent decision from the Northern District of Florida demonstrates the unconstitutionality of Defendants' actions. In *Floridians Protecting Freedom, Inc. v. Ladapo*, No. 4:24-cv-00419-MW-MAF, 2024 U.S. Dist. LEXIS 189349 (N.D. Fla. Oct. 17, 2024), the government sent threats of criminal prosecution to television stations if they aired an advertisement

Reply in Support of Updated Motion for a Preliminary Injunction

by a pro-abortion group on a ballot measure. Despite the government's assertions that the statements in the ad were false and could be potentially harmful, the court rightly found that the government's threats constituted unconstitutional viewpoint-based discrimination and caused irreparable harm by silencing protected speech. *Id*. at \*15-16. Defendants' threats here are no less censorious, and they have the same paper-thin justification that does not pass the smell test.

Additionally, despite the Court asking for briefing from Defendants on the applicability of *Berge v. School Committee of Gloucester*, 107 F.4th 33 (1st Cir. 2024), which held that "public officials cannot . . . threaten a person with legal action under an obviously inapt statute simply because he published speech they did not like," Defendants make no mention of *Berge* or attempt to address its holding. They simply pretend that *Berge* does not exist.

**3.0    The Individual Defendants May be Enjoined**

The Court requested that Defendants address whether injunctive relief should run exclusively against the Brewer School Department. ECF No. 60 at PageID # 589. Defendant MacDonald is the only person who addressed this issue.

In her opposition, MacDonald reiterates her earlier argument that the Complaint does not allege she is responsible for the harm McBreairty suffered because the two offending communications were sent by the Brewer School Department's attorney, and not a separate attorney representing her. ECF No. 61 at 3-4. MacDonald fails to address that Attorney Hewey acted with at least apparent authority. MacDonald is a teacher at Brewer High School, is being sued in her official capacity, and Hewey's communications threatening criminal prosecution requested removal of McBreairty's speech because they allegedly caused harm to MacDonald. ECF No. 1-5 at PageID # 40; ECF No. 1-6 at PageID # 42. MacDonald has still not disclaimed any intent to take official action against Plaintiff, nor has she provided any evidence that Hewey

Reply in Support of Updated Motion for a Preliminary Injunction

was not acting on her behalf. MacDonald would have the ability to bring legal action against Plaintiff based on republication of the speech in question, as Hewey's letter states that MacDonald, specifically, was harmed by publication of McBreairty's article.

As for Defendants Palmer and Slowikowski, they have provided no evidence nor made any argument that injunctive relief against them in their official capacity would be improper. It is proper to enjoin them as the superintendent of the School Department and principal of Brewer High School, with much greater authority than a teacher to engage in retaliation against Plaintiff. And again, Hewey had at least apparent authority to send the threats on their behalf.

**4.0     McBreairty Will Suffer Irreparable Harm in the Absence of the Requested Relief**

A finding of irreparable injury is not mandatory in a First Amendment case. However, when the injury flowing from the violation constitutes "direct penalization, as opposed to incidental inhibition of First Amendment rights," the injury cannot "be remedied absent an injunction." *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006) (quoting *Hohe v. Casey*, 868 F.2d 69, 72–73 (3d Cir. 1989) (internal quotation marks omitted)).  Here, just like in *Berge*, an out-of-control government actor threatened criminal sanctions (as well as other sanctions) if a citizen did not cease publication.

Defendants make the ghoulish assertion that Mr. McBreairty's death precludes any possibility of future harms to First Amendment rights because the deceased do not have constitutional rights.  However, First Amendment rights are not about *who* publishes, but *what* is published.  There is not a solitary reason that the article, the photograph, or the threat letter cannot be published without government interference.  Even as a practical/factual matter, the Defendant's argument ignores that Patricia McBreairty, as personal representative, intends to publish the exact same speech over which Defendants threatened to sue Mr. McBreairty. ECF No. 59-1 at ¶¶ 5-6.

Reply in Support of Updated Motion for a Preliminary Injunction

Just as Mr. McBreairty's First Amendment rights were harmed by the unethical and unconstitutional threat of criminal prosecution for protected speech[3] (just like in *Berge*), Patricia McBreairty and the estate's rights are similarly harmed; there is no reason for the estate to believe it will be spared from prosecution for republishing the speech about which Defendants complained. Defendants still stubbornly cling to their position that the publications were unlawful, and an executrix of reasonable firmness would not publish them again, knowing that the government not only made these threats, but (advised by Drummond Woodsum) a similarly situated government agency followed through on nearly identical threats in *Hermon School Department v. McBreairty*, Docket No. CV-2022-00056 (Penobscot Sup. Ct., filed May 3, 2022).

## 5.0    The Remaining Preliminary Injunction Factors Favor McBreairty

Defendants do not address the remaining preliminary injunction factors in their oppositions, instead incorporating by reference prior briefing on these issues. Plaintiff likewise incorporates by reference prior arguments made on these factors. The government would suffer no harm from being told that it can no longer threaten a citizen for engaging in First Amendment protected speech. The public is disserved by the marketplace of ideas being impoverished by an over-reaching government trying to suppress dissent.

## 6.0    Conclusion

The Court should enjoin Defendants from continuing to threaten criminal sanctions, civil sanctions, or administrative sanctions against any publication of the article or the photograph or the threat letter. Should the Court decline, Plaintiff an injunction pending appeal while the First Circuit is asked to reaffirm *Berge*. Fed. R. Civ. P. 62(d).

---

[3]    The protectability of the content has been previously briefed at length and is incorporated by reference. *See* ECF No. 25; ECF No. 59 at PageID # 571-72, 574-75, 578-79.

Reply in Support of Updated Motion for a Preliminary Injunction

Dated: October 18, 2024.

Respectfully Submitted,

/s/ Robert J. Morris
Robert J. Morris, II (ME Bar No. 010402)
HOUSER, LLP
400 TradeCenter, Suite 5900
Woburn, MA 01801
Tel: (339) 203-6498
Email: rmorris@houser-law.com

Marc J. Randazza (*pro hac vice*)
  *Lead Counsel*
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

Reply in Support of Updated Motion for a Preliminary Injunction

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 18, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris