**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| PATRTICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBrearty, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BREWER SCHOOL DEPARTMENT, et al., | ) ) ) |
| Defendants. | ) |

CASE NO. 1:24-cv-00053-LEW

**DEFENDANTS BREWER SCHOOL DEPARTMENT, GREGG PALMER, AND BRENT SLOWIKOWSKI'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF PROCEDURAL ORDER AND RESET SCHEDULING ORDER**

**INTRODUCTION**

Plaintiff Patricia McBreairty, as personal representative of the Estate of Shawn McBreairty, asks this Court to amend its scheduling order to, in essence, restart this case. Plaintiff has failed to meet the good cause standard that would entitle her to the relief requested. Plaintiff's Motion for Continuance of Procedural Order and to Reset Scheduling Order (ECF Doc. 76) ("Plaintiff's Motion") should be denied.

**PROCEDURAL HISTORY**

Plaintiff filed this action on February 22, 2024. (ECF Doc. 1). On June 3, 2024, Plaintiff filed a Motion for Issuance of a Scheduling Order. (ECF Doc. 47.) In that motion, Plaintiff noted that all Defendants had appeared in the action by February 29, 2024, that over 90 days had elapsed since all Defendants appeared in the action, and that pursuant to Local Rule 16.2(d), a scheduling order shall issue in standard track cases "immediately upon the appearance of defendant(s) but in no event more than 90 days after defendant has been served with the

complaint….." (ECF Doc. 47.)  Plaintiff further wrote that he "has met and conferred with respect to filing a motion for early discovery" and "it seems more efficient to request issuance of the scheduling order . . . and discovery should commence without delay." (ECF Doc. 47.)

The next day, on June 4, 2024, the Court issued the Scheduling Order. (ECF Doc. 49.) Pursuant to the Scheduling Order, the deadline for objecting to the Scheduling Order was June 24, 2024, the deadline for initial disclosures was July 1, 2024, the discovery deadline was October 21, 2024, and the deadline to file a notice of intent to file for summary judgment was October 28, 2024.

No party filed an objection to the Scheduling Order. Per Local Rule 16.2(e), "[u]nless a party files an objection to the proposed scheduling order within twenty-one (21) days of its filing…the proposed order shall thereupon become the Scheduling Order of the Court as required by Fed. R. Civ. P. 16(b)."

Contrary to Plaintiff's representation in the Motion that "[t]he parties did not make initial disclosures," (ECF Doc. 76, PageID #: 668), in accordance with the Scheduling Order, on June 25, 2024, Defendant MacDonald served her initial disclosures on all parties,[1] and on July 1, 2024, Defendants Brewer School Department, Gregg Palmer, and Brent Slowikowski served their initial disclosures on all parties.[2] On October 28, 2024, Defendant MacDonald, Defendants Brewer School Department, Gregg Palmer, and Brent Slowikowski, and Plaintiff all filed notices of intent to file a motion for summary judgment. (ECF Docs. 66, 67, 68.)[3]  The Court issued a Procedural Order on January 10, 2025, setting the deadline for each party to file a summary

---

[1] A true and accurate copy of the service email and disclosures is attached as **Exhibit A**.
[2] A true and accurate copy of the service email and disclosures is attached as **Exhibit B**.
[3] Notably, although Plaintiff now asserts that discovery is necessary, that was nowhere noted in Plaintiff's rule 56(h) notice.

judgment pre-filing memorandum by January 17, 2025. Defendants are prepared to file their summary judgment pre-filing memorandum and to proceed with filing for summary judgment.

## ARGUMENT

Plaintiff bears the responsibility of diligently prosecuting the case. *Boulier v. Penobscot Cnty. Jail*, No. 1:21-CV-00080-JAW, 2022 WL 669627, at *3-4 (D. Me. Mar. 7, 2022) (discussing plaintiff's responsibility to diligently prosecute case and application of responsibility to pro se litigants). Here, however, Plaintiff chose not to conduct any discovery prior to the discovery deadline and did not raise any issue with the discovery deadline until nearly three months after it passed.

Accordingly, Plaintiff has not shown good cause the continuance of the Procedural Order and to reset the Scheduling Order. Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." As the First Circuit has explained, "Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004). Further, "[p]rejudice to the opposing party remains relevant but is not the dominant criterion" and "'[i]ndifference' by the moving party 'seal[s] off this avenue of relief' irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." *Id.* Ultimately, "for Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 9F.2d 604, 610 (9th Cir. 1992)).

In this case, Plaintiff was actively involved in the litigation after Patricia McBreairty was substituted as a party, including briefing and arguing a motion for a preliminary injunction and

filing a notice of intent to file a motion for summary judgment.  At no time prior to January 16, 2024, however, did Plaintiff object to the Scheduling Order or request an enlargement of the discovery deadline.  There is no good cause to amend the scheduling order and Plaintiffs' Motion should be denied.

Dated:  January 17, 2025

                                        */s/ Melissa A. Hewey*
                                        Melissa A. Hewey
                                        Jeana M. McCormick
                                        *Attorneys for Defendants*
                                        *Brewer School Department, Gregg*
                                        *Palmer, and Brent Slowikowski*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME  04101
(207) 772-1941
mhewey@dwmlaw.com
jmccormick@dwmlaw.com