IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>　　　　Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTINUANCE OF PROCEDURAL ORDER AND RESET SCHEDULING ORDER** |

　　Undersigned counsel apologizes for missing that Defendants had served their initial disclosures; by the time they were served, Mr. McBreairty had passed away, and the estate had not yet retained the firm. Thus, it was not identified that such had been served when the motion was filed.

　　Nevertheless, such is immaterial. There is no dispute that no actual discovery beyond Defendants' initial disclosures occurred. More important, both the scheduling order and the deadline to object occurred after Mr. McBreairty passed away. While the undersigned might have been more exigent about filing the suggestion of death, it was not unknown to defense counsel. The *Bangor Daily News* published about his death and this case on June 5, 2024. *See* **Exhibit 1**. Attorney Hewey was quoted in that article. It is disingenuous, then, for Defendants to argue that an objection to the scheduling order should have been made when the undersigned had no client on whose behalf an objection could have been filed. Defendants' entire opposition rests on the absence of an impossible-to-file objection to the scheduling order.

Plaintiff has not lacked diligence in prosecuting this case. Mr. McBreairty repeatedly endeavored to meet the Court's requirements to attempt to obtain a preliminary injunction. Mrs. McBreairty has done the same, filing a renewed motion at the Court's direction and meeting the Court's requirements as to her substitution. She should not be prejudiced and denied the ability to take discovery merely due to an inapt and void scheduling order.

The death of Mr. McBreairty abated the action until it was revived by the substitution of the estate. *See, e.g. Carter v. Novartis Pharms. Corp.*, No. 4:12-cv-605-DPM, 2013 U.S. Dist. LEXIS 172521, at *2 (E.D. Ark. June 4, 2013) ("all [the decedent's] claims also abated temporarily and needed reviving by timely substitution of a proper plaintiff—the personal representative"). Thus, although the suggestion of death was not immediately filed, the scheduling order likely had no legal effect. *See, e.g., Pendleton v. Russell,* 144 U.S. 640, 645 (1892)("the suit itself had abated. It ceased to be a pending suit"); *Childs v. Ferguson*, 181 F. 795 (8th Cir. 1910)("the death of a sole defendant, which transferred his interest to others, abated the suit in the absence of a revival, and rendered void all subsequent proceedings to affect that interest"); *Rangel v. Mazda Motor Corp.*, 2001 U.S. Dist. LEXIS 15702, at *5 (N.D. Tex. Sep. 28, 2001) ("An abatement is a present suspension of all proceedings in a suit.")

In light of the foregoing, the Court should continue the deadlines relative to summary judgment and set a new scheduling order to permit the parties to take discovery.

| | |
|---|---|
| Dated: January 17, 2025. | Respectfully Submitted, |
| /s/ Robert J. Morris | Marc J. Randazza (*pro hac vice*) |
| Robert J. Morris, II (ME Bar No. 010402) | *Lead Counsel* |
| HOUSER, LLP | RANDAZZA LEGAL GROUP, PLLC |
| 400 TradeCenter, Suite 5900 | 30 Western Avenue |
| Woburn, MA 01801 | Gloucester, MA 01930 |
| Tel: (339) 203-6498 | Tel: (888) 887-1776 |
| Email: rmorris@houser-law.com | Email: ecf@randazza.com |
| | Attorneys for Plaintiff, |
| | Patricia McBreairty |

Case No. 1:24-cv-00053-LEW

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 17, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris