UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-cv-00053-LEW |
| | ) |
| BREWER SCHOOL DEPARTMENT et al., | ) |
| | ) |
| Defendants | ) |

MEMORANDUM OF DEFENDANT MICHELLE MacDONALD IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF PROCEDURAL ORDER AND [TO] RESET SCHEDULING ORDER

I.   INTRODUCTION

The Estate of Shawn McBreairty ("Estate") has moved to suspend the deadlines set forth in the Court's January 10, 2025 Procedural Order (ECF Doc. 75) and reopen discovery (closed just under 3 months ago) in the above-captioned matter. Because the motion comes too late and fails to articulate sufficient justification for the relief it seeks, it must be denied.

Defendants Brewer School Department, Gregg Palmer, and Brent Slowikowski (collectively, "Brewer") have submitted their opposition to the Estate's motion (ECF Doc. 77). In it, Brewer accurately recounts the relevant procedural history of this matter and the law regarding the "good-cause" standard that applies to certain motions to extend deadlines. Instead of repeating Brewer's account, Ms. MacDonald incorporates Brewer's entire submission by reference here.

1

## II.  ARGUMENT

In one respect, Ms. MacDonald's position on the Estate's motion diverges from Brewer's. In discussing the difference between a motion to extend a deadline filed before the deadline has expired versus a motion filed after expiration of the deadline, this Court has explained:

> "In the ordinary course, a litigant who seeks an extension of time must show good cause for the desired extension." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 26 (1st Cir. 2013) (citing Fed. R. Civ. P. 6(b)(1)). Similarly, when a party seeks to modify or extend a deadline in a scheduling order, such an order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Trans-Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008) ("The deadlines established in the scheduling order may be extended on a showing of good cause."). "Rule 16's 'good cause' standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (quotation marks omitted); *see O'Connell v. Hyatt Hotels*, 357 F.3d 152, 154 (1st Cir. 2004) (recognizing that a "court may extend a scheduling order deadline on a showing 'of good cause if the [deadline] cannot reasonably be met despite the diligence of the party seeking the extension'") (alteration in original) (quoting Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b))). *In contrast, when a deadline has already expired, a court may permit an extension of time "if [a] party failed to act because of excusable neglect."* Fed. R. Civ. P. 6(b)(1)(B); *see Tubens v. Doe*, 976 F.3d 101, 104-105 (1st Cir. 2020) (discussing excusable neglect standard).

*Joy v. Host Int'l, Inc.*, 2021 U.S. Dist. LEXIS 77115, *3-4 (emphasis added); *see also, Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 26 (1st Cir. 2013).

Whether neglect is excusable for purposes of a motion to extend an expired deadline depends on four factors: (1) the danger of prejudice to the party opposing the motion; (2) the length of the delay and its potential impact on judicial proceedings; (3)

the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). However,

> "[t]he four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *Hosp. del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)). "Even where there is no prejudice, impact on judicial proceedings, or trace of bad faith, '[t]he favorable juxtaposition of the[se] factors' does not excuse the delay where the proffered reason is insufficient." *In re Sheedy*, 875 F.3d 740, 744 (1st Cir. 2017) (quoting *Hosp. del Maestro*, 263 F.3d at 175).

*Tubens v. Doe*, 976 F.3d 101, 106 (1st Cir. 2020).

In its motion, the Estate makes no reference to any standard by which its request for relief should be measured, and does not make any effort to explain how its reasons for failing to complete discovery prior to the deadline satisfy the requirements of any potentially applicable standard. From the Estate's motion, all that can be determined about the reasons for its failure to conduct discovery within the time provided in the Scheduling Order is that (a) Shawn McBreairty passed away on June 3, 2024; (b) the parties did not meet and confer prior to June 24, 2024 as contemplated in the Scheduling Order; and (c) Mr. McBreairty's estate was not substituted as a party until September 6, 2024.[1]

Turning to the Pioneer factors, Ms. MacDonald is prepared to concede that the danger of prejudice to her weighs only slightly in her favor (she has complied with the

---

[1] The Estate also asserts that the parties did not exchange initial disclosures, but as Brewer's submissions in opposition to the motion demonstrate, that is not the case. The Plaintiff did not serve initial disclosures, but all other parties did so within the deadlines established in the Scheduling Order.

relevant Scheduling Order deadlines and has a significant interest in seeing this litigation concluded expeditiously), and the question of the Estate's good faith does not weigh against a finding of excusable neglect. On the strength of the other two factors, however, the Estate is not entitled to a finding that its neglect was excusable.

      First, more than six weeks elapsed between the date on which the Estate was substituted as Plaintiff and the discovery deadline. During that period, the Estate took no steps to pursue any discovery initiative. Moreover, even after the deadline passed, the Estate made no effort to pursue discovery and waited another 88 days before filing its motion. That delay is considerable and completely unexplained. The length-of-delay factor therefore weighs against the Estate. *See Hispanic Fed'n v. Uriarte-Otheguy*, 2024 U.S. Dist. LEXIS 13871, *5 (unexplained delay of two months after discovery deadline weighed against finding of excusable neglect).

      Most importantly, the Estate has failed entirely to satisfy the third factor, the reason for the delay and whether it was under the Estate's reasonable control. The unfortunate passing of the original Plaintiff in this matter occurred on June 3, 2024. Between June 3, 2024 and January 16, 2025, the Plaintiff made eight filings in this matter (ECF Doc. Nos. 52, 55, 57, 59, 63, 69, 72, and 73). Five of those filings were made before the close of discovery. Even if it were true that the Estate was not in a potion to undertake discovery before September 6, 2024, nothing in the Estate's motion explains why it did nothing at all about discovery from September 6, 2024 until January 16, 2025. Certainly, the fact that there were at least two court filings by the Estate in this matter

4

during that time (ECF Doc. Nos. 59, 63) strongly suggests that its failure to pursue discovery or to seek additional time was not caused by circumstances beyond its control.

### III.     CONCLUSION

For all the foregoing reasons, and for the reasons set forth in Brewer's opposition to the Estate's motion, the Plaintiff's Motion For Continuance Of Procedural Order And [To] Reset Scheduling Order must be denied.

Dated at Portland, Maine this17th day of January 2025.

/s/ James B. Haddow
Attorneys for Defendant Michelle MacDonald
James B. Haddow, Esq. - Maine Bar No. 3340
Scott D. Dolan, Esq. – Maine Bar No. 6334
PETRUCCELLI, MARTIN & HADDOW, LLP
Two Monument Sq., Suite 900/P.O. Box 17555
Portland, Maine 04112-8555
Telephone: (207) 775-0200
jhaddow@pmhlegal.com
sdolan@pmhlegal.com

## CERTIFICATE OF SERVICE

  I hereby certify that on January 17, 2025, I filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all counsel of record through the CM/ECF system.

              */s/ James B. Haddow*
              James B. Haddow, Esq. - ME Bar No. 3340
              Attorneys for Defendant Michelle McDonald
              PETRUCCELLI, MARTIN & HADDOW, LLP
              2 Monument Square, Suite 900
              P.O. Box 17555
              Portland, Maine 04112-8555
              (207) 775-0200
              jhaddow@pmhlegal.com