UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRTICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBrearty,<br><br>        Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 1:24-cv-00053-LEW<br>)<br>)<br>)<br>) |

### DEFENDANTS BREWER SCHOOL DEPARTMENT, GREGG PALMER, AND BRENT SLOWIKOWSKI'S SUMMARY JUDGMENT PRE-FILING MEMORANDUM

Pursuant to Local Rule 56(h) and this Court's Procedural Order dated January 10, 2025, Defendants Brewer School Department, Gregg Palmer, and Brent Slowikowski submit the following memorandum regarding their proposed motion for summary judgment.

    **I.**    **Basis**

This case arises out of a threat of "further action" by the Brewer School Department, through counsel, to Shawn McBreairty, regarding an article he authored and published online and subsequently took down. Plaintiff's Complaint asserts three claims against the School Department, Superintendent Palmer, and Principal Slowikowski for violation of Mr. McBreairty's constitutional rights. Count I alleges First Amendment Retaliation pursuant to 42 U.S.C. § 1983, and Counts II and III allege violations of Mr. McBreairty's rights to freedom of speech, press, and petition, pursuant to the First Amendment and the Maine Constitution Article I, §§ 4 and 15 under 5 M.R.S. § 4682. Defendants intend to file a motion for summary judgment on all three counts.

    **II.**    **Issues**

### A. First Amendment Retaliation Claim Pursuant to 42 U.S.C. § 1983

To prevail on this claim, Plaintiff must demonstrate "(i) that the conduct complained of has been committed under color of state law, and (ii) that the alleged conduct worked a denial of rights secured by the Constitution or laws of the United States." *Garcia-Gonzalez v. Puig-Morales*, 761 F.3d 81, 87 (1st Cir. 2014) (quoting *Cepero–Rivera v. Fagundo,* 414 F.3d 124, 129 (1st Cir. 2005)).

Defendants are entitled to summary judgment on Plaintiff's First Amendment retaliation claim because the specific speech at issue was not constitutionally protected and because Mr. McBreairty was not subject to an adverse action by the School Department, Superintendent Palmer, or Principal Slowikowski. *See, e.g.*, *Currier v. Town of Gilmanton,* 621 F. Supp. 3d 233, 259 (D.N.H.) ("To prevail on a First Amendment retaliation claim, a 'plaintiff must prove that (1) he or she engaged in constitutionally protected conduct, (2) he or she was subject to an adverse action by the defendant, and (3) the protected conduct was a substantial or motivating factor in the adverse action.'") (quoting *D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 43 (1st Cir. 2012)). First, speech that invades another's privacy, exploits the value of another's name or image, or is false or defamatory, is not constitutionally protected. *See, e.g.*, *Nelson v. Maine Times*, 373 A.2d 1221, 1224 (Me. 1977); *Levesque v. Doocy,* 557 F. Supp. 2d 157, 160 (D. Me. 2008), *aff'd,* 560 F.3d 82 (1st Cir. 2009); *Childs v. Ballou,* 2016 ME 142, ¶ 15, 148 A.3d 291. Second, the threat of "future action" does not constitute an adverse action, sufficient to give rise to Plaintiff's First Amendment claim. *Currier*, 621. F. Supp. 3d at 258. As this Court previously observed, Plaintiff has at all times remained free to publish the article, subject only to the possibility that the School Department may petition a court to redress its grievances. (Order Denying Plaintiff's Motion for TRO, ECF Doc. 30, PageID #: 320.) Additionally, the threat of

2

"further action" was only made on behalf of the Brewer School Department and, thus, cannot give rise to a First Amendment retaliation claim against Superintendent Palmer or Principal Slowiskowski. (Order Denying Motion for Preliminary Injunction, ECF Doc. 74, PageID: # 661-662.) Finally, the threat of "future action" did not chill Mr. McBreairty's speech, as he subsequently published the same substantive content. (ECF Doc. 16-3.)

Even if Plaintiff could prove a First Amendment violation, Defendants are entitled to summary judgment because they cannot establish the requirements for liability under section 1983. First, Plaintiff cannot prove municipal liability under section 1983. "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell,* 436 U.S. at 691). In other words, "the plaintiff must prove a constitutional violation resulting from a 'policy statement, ordinance, regulation or decision officially adopted and promulgated by' those in charge of the [Town]." *Surprenant v. Rivas,* 424 F.3d 5, 19 (1st Cir. 2005) (quoting *Monell v. Dep't of Soc. Serv. Of City of New York,* 436 U.S. 658, 691 (1978)). Second, Superintendent Palmer and Principal Slowikowski acted in their official capacities at all times relevant to this case and both are entitled to qualified immunity. "[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate a clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009).

### B. Freedom of Speech and Right to Petition Claim Under First Amendment and the Maine Constitution Article I, §§ 4 and 15

The alleged constitutional violations in Counts II and II are brought under 5 M.R.S. § 4682. However, Plaintiff cannot satisfy the requirements of 5 M.R.S. § 4682(1-A)(A) or (B). Specifically, there is no evidence that Defendants violated 5 M.R.S. § 4684-B (i.e. an intentional

violation of constitutional rights by physically obstructing a building, making or causing repeated phone calls, activating a device, or making interfering noises that jeopardize health or safety) or 5 M.R.S. § 4682(B) (i.e. interfered with constitutional rights by intentionally interfering, or attempting to intentionally interfere, with those rights by physical force or violence, damage or destruction to property, or engaging in conduct that would cause a reasonable person to suffer emotional distress or fear death or bodily injury). While the Complaint alleges that Mr. McBreairty suffered emotional distress, (ECF Doc. 1, ¶¶ 86, 95), the School Department's conduct, through counsel, would not cause a reasonable person in Mr. McBreairty's shoes to suffer emotional distress as a matter of law. As set forth above, the conduct Plaintiff complains about was conduct of the School Department and not conduct by Superintendent Palmer or Principal Slowikowski.

### III.  Daubert/Kumho Motions

None.

### IV.  Estimated Memorandum Length

Defendants estimate that they will file a memorandum no more than 20 pages in length.

### V.  Estimated Factual Statement Length

Defendants estimate that they will file a statement of fact of no more than 50 paragraphs.

### VI.  Estimated Record

Defendants anticipate that their statement of fact will be supported by the Verified Complaint (ECF Doc. 1, 17 pages), Declaration of Gregg Palmer with Exhibit 1 (ECF Doc. 16-1, 6 pages), Declaration of Austyn Carolin (ECF Doc. 16-3, 2 pages), forthcoming Affidavit of Gregg Palmer (3 pages).

### VII.  Time

Defendants anticipate being prepared to file their motion for summary judgment by February 17, 2025.

### VIII. Agreement of the Parties

On January 16, 2025, Counsel for Defendants Brewer School Department, Gregg Palmer, and Brent Slowikowski conferred with Counsel for Defendant Michelle MacDonald in accordance with the Court's January 10, 2025 Procedural Order. Counsel for these parties agreed to certain stipulated facts and record items. However, despite being invited to, as of the time of this filing, Counsel for Plaintiff has not communicated directly with Counsel for the Defendants other than filing their own proposed record.

Dated: January 17, 2025

*/s/ Melissa A. Hewey*
Melissa A. Hewey
Jeana M. McCormick
*Attorneys for Defendants*
*Brewer School Department, Gregg*
*Palmer, and Brent Slowikowski*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME  04101
(207) 772-1941
mhewey@dwmlaw.com
jmccormick@dwmlaw.com