UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRICIA MCBREAIRTY, | ) | |
|     Plaintiff | ) ) ) | |
| v. | ) ) | 1:24-cv-00053-LEW |
| BREWER SCHOOL DEPARTMENT, et al., | ) ) ) ) | |
|     Defendants | ) | |

**ORDER ON MOTION TO CONTINUE PROCEDURAL ORDER
AND RESET THE SCHEDULING ORDER**

On October 28, 2024, following the expiration of the discovery deadline, in accordance with the Scheduling Order, each party filed a notice of intent to file a motion for summary judgment. (Notices, ECF Nos. 66, 67, 68.) After ruling on Plaintiff's motion for preliminary injunction, the Court issued its standard order to govern the parties' submissions in anticipation of a summary judgment pre-filing conference in accordance with District of Maine Local Rule 56. (Procedural Order, ECF No. 75.)

Plaintiff asks the Court to continue the Procedural Order and reset the Scheduling Order to permit the parties to conduct discovery. (Motion to Continue, ECF No. 76.) Defendants oppose the motion. Following a review of the record, and after consideration of the parties' arguments, the Court denies the motion.

**PROCEDURAL BACKGROUND**

On February 22, 2024, Plaintiff Shawn McBreairty filed a complaint and motion for temporary restraining order. (Complaint, ECF No. 1; Motion, ECF No. 4.) After briefing

and oral argument, the Court denied the motion for temporary restraining order. (Order, ECF No. 30.) The First Circuit dismissed Plaintiff's appeal from the order on May 16, 2024. (Judgment, ECF No. 43.)

On June 4, 2024, pursuant to its standard practice, the Court issued a "Scheduling Order with incorporated Rule 26(f) Order." (Scheduling Order, ECF No. 49.) The order provides in relevant part:

> Counsel and unrepresented parties shall confer as required by Fed.R.Civ.P. 26(f). Unless an objection to this Order and a proposed discovery plan are filed by June 24, 2024, the Court will conclude that the required Rule 26(f) conference has taken place and that the terms and deadlines established in this proposed scheduling order have been agreed to. An objection to this Order shall contain a detailed explanation of the reasons for each requested alteration of the Order. If no objection is timely filed, this Order shall constitute the Court's Scheduling Order under Fed.R.Civ.P. 16(b).

(*Id*. at 1.) Through the order, the Court established October 21, 2024, as the deadline for the completion of discovery and October 28, 2024, as the date by which the parties were to file a notice of intent to file a motion for summary judgment in accordance with Local Rule 56(h). (*Id*. at 2.)

On July 2, 2024, Plaintiff's counsel filed a suggestion of death on the record representing that Shawn McBreairty passed away on June 3, 2024. (Suggestion of Death, ECF No. 52.) On August 15, 2024, Patricia McBreairty, in her capacity as personal representative of the Estate of Shawn McBreairty, asked the Court to substitute her as party. (Motion to Substitute, ECF No. 57.) The Court granted the motion on September 6, 2024. (Order, ECF No. 58.)

On September 30, 2024, Plaintiff filed a motion for preliminary injunction. (Motion, ECF No. 59.) The Court subsequently issued a procedural order to govern the preliminary injunction motion. (Order, EFC No. 60.) Following a hearing on the motion, on January 10, 2025, the Court denied the motion for preliminary injunction. (Order, ECF No 74.) On January 16, 2025, Plaintiff filed the present motion.

Meanwhile, on October 28, 2024, the Scheduling Order deadline for a party to file a notice of intent to file a motion for summary judgment, each party filed a notice. Plaintiff's notice consists of the following:

> Plaintiff Patricia McBreairty, as personal representative of the Estate of Shawn McBreairty ("Plaintiff"), pursuant to Local Rule 56(h), hereby provides notice of intent to file a summary judgment motion, and respectfully requests that this Court schedule a pre-filing conference.

(Notice, EFC No. 68.)

## DISCUSSION

When a party seeks to modify or extend a deadline in a scheduling order, such an order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Trans-Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008) ("The deadlines established in the scheduling order may be extended on a showing of good cause."). "Rule 16's 'good cause' standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (quotation marks omitted). When a deadline has already expired, a court may permit an

extension of time "if [a] party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The First Circuit has described the excusable neglect standard as follows:

> [T]he determination of whether a party's actions constitute excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' Relevant considerations include 'the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'

*Tubens v. Doe*, 976 F.3d 101, 104-105 (1st Cir. 2020) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). Because Plaintiff seeks to extend a deadline that expired nearly three months before she filed her motion, the excusable neglect standard applies.

Plaintiff contends that the requested relief is warranted because the Scheduling Order is a "legal nullity" as the parties were unable to confer after the Court issued the Scheduling Order due to Shawn McBreairty's unexpected passing. (Reply at 1, ECF No. 81.) Plaintiff also asserts that "[t]he parties did not make initial disclosures or accomplish any of the other deadlines in the Scheduling Order." (Motion at 1-2, ECF No. 76.) Plaintiff characterizes her notice of intent to file a motion for summary judgment as a "placeholder." (*Id*. at 2.) She states that if "any of the defendants actually pursue their summary judgment motions, they will be met with motions under Rule 56(d) to actually engage in discovery in the ordinary course." (*Id*.) Plaintiff maintains that "full-blown discovery" is required. (*Id*.)

Notably, Plaintiff does not argue that her failure to conduct discovery and the post-deadline timing of her request to conduct discovery constitute an "omission" to be assessed

4

under the excusable neglect standard. *Tubens*, 976 F.3d at 105. Rather, Plaintiff contends the parties were not governed by a discovery deadline because the Scheduling Order failed to "self-effectuate," (Motion at 1), and was thus a "legal nullity." (Reply at 1.) Plaintiff argues that because of Shawn McBreairty's passing, the parties did not and could not confer and, therefore, the order was not valid. Plaintiff's argument is unconvincing.

The parties' failure to confer did not invalidate the Scheduling Order. The Scheduling Order is clear: in the absence of an objection, the order governs. If Plaintiff's counsel believed that Mr. McBreairty's passing or other circumstances prevented counsel from conferring with opposing counsel or from filing an objection to the Scheduling Order, counsel could have raised the issue with and requested appropriate relief from the Court. Counsel, however, did not raise the issue with the Court. In addition, after Ms. McBreairty was substituted as Plaintiff, she (a) did not ask the Court to enter another Scheduling Order, (b) did not object to or request a modification of the existing Scheduling Order, (c) continued to litigate the matter with multiple filings in which she did not raise the Scheduling Order issue, and (d) filed a notice of intent to file a motion for summary judgment by the deadline established in the Scheduling Order. Plaintiff's filing of a notice of intent to file a motion for summary judgment by the Court-ordered deadline is particularly noteworthy. Although Plaintiff asserts in her motion that the notice was a placeholder, she did not describe it as such in her filing, did not in the notice raise a concern about the validity of the Scheduling Order, and asked the Court to schedule a prefiling conference. Her filing was in accordance with the Scheduling Order and reflected an

understanding that the summary judgment process would proceed with a pre-filing conference pursuant to Local Rule 56(h).

In addition, Plaintiff's apparent suggestion that the parties' failure to "make initial disclosures or accomplish any of the other deadlines in the Scheduling Order" supports her view that the Scheduling Order is a legal nullity or that discovery is necessary is unsupported by the record and otherwise unpersuasive. Contrary to Plaintiff's contention, Defendants acted in accordance with the Scheduling Order when they served initial disclosures. (Initial Disclosures, ECF Nos. 77-1, 77-2.) As noted above, each party also filed a notice of intent to file a motion for summary judgment on the deadline established by the Court in the Scheduling Order. The fact that the parties did not conduct further discovery or designate expert witnesses is of no significance. The civil rules do not require that the parties conduct discovery other than the initial disclosures, and in many cases, the parties do not designate expert witnesses.

Finally, Plaintiff's reported intent to file of a motion for discovery in accordance with Rule 56(d) in the event of a summary judgment filing is immaterial to Plaintiff's current motion. Whether Plaintiff can satisfy the requirements for relief under Rule 56(d) in the context of a summary judgment filing is a separate question that the Court would decide if raised in response to a summary judgment motion. The question here is whether Plaintiff has demonstrated sufficient grounds (i.e., excusable neglect) for an extension of discovery generally. Plaintiff has not directly addressed the excusable neglect standard and the record does not support such a finding. Accordingly, Plaintiff is not entitled to the relief she seeks.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion to continue the Court's Procedural Order and to reset the Scheduling Order.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 6th day of February, 2025.