UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-cv-00053-LEW |
| | ) |
| BREWER SCHOOL DEPARTMENT et al., | ) |
| | ) |
| Defendants | ) |

DEFENDANT MICHELLE MacDONALD'S
MOTION FOR SUMMARY JUDGMENT

## I.   INTRODUCTION

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. [*Cortés-Rivera v. Dep't of Corr. and Rehab. of P.R.*, 626 F.3d 21, 26 (1st Cir. 2010)]. Federal Rule of Civil Procedure 56(c) requires entry of summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

*Baez v. Baymark Detoxification Servs., Inc.*, 123 F.4th 62, 66 (1st Cir. 2024).

In this case, the Estate of Shawn McBreairty (the "Estate") claims to be entitled to injunctive relief under 42 U.S.C. §1983 for an alleged governmental infringement of his First Amendment right to free speech. In order to succeed against a defendant in an action under 42 U.S.C. §1983, a plaintiff must establish "(1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused by a 'person'; (3) who was acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Because the Estate cannot produce any evidence that Defendant Michelle

1

MacDonald proximately caused the circumstances that form the basis of its Complaint (an essential element of the Estate's claim), Ms. MacDonald is entitled to judgment as a matter of law on the Estate's Complaint, and judgment must now be entered in her favor all the Estate's claims.

## II.    FACTS

The Estate asserts that Mr. McBreairty's First Amendment Rights were violated when he received two emails from Attorney Melissa Hewey, one on February 13, 2024, and one on February 14, 2024. Defendant Michelle MacDonald's Statement of Material Facts ("MMSMF") ¶1. The emails demanded that Mr. McBreairty delete certain content that he had posted on an internet site called "[your]NEWS." MMSMF ¶2.

In the first of the two emails, Attorney Hewey said "I am writing on behalf of our client, the Brewer School Department . . . ." MMSMF ¶3. Nowhere does she indicate that she is communicating on behalf of any other person or entity. The second of the two emails was a follow-up to the first. MMSMF ¶4. Importantly, neither of the two emails sent by Attorney Hewey and referenced in the Verified Complaint said that Attorney Hewey was acting on behalf of Ms. MacDonald. *Id*. In fact, the Estate itself describes the emails as (a) "government-sponsored," and (b) having come "from an agent of a governmental entity." MMSMF ¶¶5, 6. The only governmental entity to which the Estate can be referring is the Brewer School Department.

Ms. McDonald is a teacher at Brewer High School. MMSMF ¶7. She has no role in the management or administration of either Brewer High School or the Brewer School

Department. MMSMF ¶12. In other words, she has never had the legal authority to influence any action by the Brewer School Department.

After learning about Mr. McBreairty's February 12, 2024 post, Ms. MacDonald discussed it with Brewer High School administrators, but she did not request or suggest that the School Department take any specific action in response to the post. MMSMF ¶¶8-10. Ms. MacDonald has never at any time been represented by Attorney Hewey or any other lawyer associated in any way with the Drummond Woodsum law firm; in fact, she was recently involved in a legal dispute with the School Department in which Attorney Hewey and her firm were opposing counsel. MMSMF ¶11. Ms. MacDonald never believed she had any authority to act on behalf of the Brewer School Department. MMSMF ¶13. She did not communicate with Attorney Hewey or any other lawyer from the Drummond Woodsum firm at any relevant time. MMSMF ¶14.

In short, even if the Estate could produce evidence supporting a finding in its favor on the other elements necessary for success on the merits of its claims (a proposition Ms. McDonald does not concede), the undisputed record evidence compels the conclusion that Ms. McDonald was not a proximate cause of any infringement of Mr. McBreairty's rights.

### III.    ARGUMENT

To be liable under 42 U.S.C. §1983, a person, acting under color of state law, must cause another person to be deprived of a right, privilege or immunity secured under the Constitution and laws of the United States. 42 U.S.C. §1983. *See also Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1017 (8th Cir. 2011) (affirming summary judgment for

defendant where defendant did not cause plaintiff to suffer a deprivation of protected rights).

"The requisite causal connection can be established . . . by some kind of direct personal participation in the deprivation" or "by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 561 (1st Cir. 1989) (quoting *Springer v. Seaman*, 821 F.2d 879, 879 (1st Cir. 1987)).

"Inquiries into causation under § 1983 are governed by common law tort principles." *Malenko v. Anderson,* No. 2:12-cv-49-GZS, 2012 U.S. Dist. LEXIS 71688, *28 (D. Me. May 23, 2012) (citing *Gutierrez-Rodriguez*, 882 F.2d at 561). "Causation means that there [is] some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered." *Walter v. Wal-Mart Stores, Inc.*, 2000 ME 63, ¶ 17, 748 A.2d 961 (quotation marks omitted).

Here, the two emails from Attorney Hewey to Mr. McBreairty are the act that forms the basis for the Estate's claims. Plainly, however, those emails were neither an act in which Ms. MacDonald participated personally, nor an act by someone else set in motion by Ms. MacDonald. As a matter of law, therefore, Ms. MacDonald did not cause the communications the Estate claims violated Mr. McBreairty's First Amendment rights.

In prior submissions to the Court, the Plaintiff has argued that Ms. MacDonald is an appropriate defendant in this case because Attorney Hewey was acting with Ms. MacDonald's apparent authority. That argument fails for two reasons, however. First, even in circumstances where the immediate actor has actual authority to act for a

principal, there can be no claim against the principal under 42 U.S.C. §1983 for the acts of the agent unless the principal caused the agent to take the challenged action. *See, e.g., Parker v. Landry*, 935 F.3d 9, 14 (1st Cir. 2019) (to establish liability of a supervisor for the acts of a subordinate, a plaintiff must demonstrate "an affirmative link between the abridgement and some action or inaction on the supervisor's part."). The undisputed facts, as demonstrated above, establish affirmatively that, even if the Estate could prove an abridgment of Mr. McBreairty's First Amendment rights, it cannot show that Ms. MacDonald's action or inaction caused it.

      Separately, a claim against Ms. MacDonald based on Attorney Hewey's apparent authority to act on her behalf cannot succeed, because an essential element of apparent authority is missing. "Apparent authority is authority which, though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing. Apparent authority exists only when the *conduct of the principal* leads a third party to believe that a given party is [its] agent*." Gniadek v. Camp Sunshine at Sebago Lake, Inc.*, 2011 ME 11, ¶33, 11 A3d 308, 316-317 (*quoting QAD Investors, Inc. v. Kelly*, 2001 ME 116, ¶19, 776 A.2d 1244, 1250 (emphasis in original)). There is no record evidence to support the proposition that Ms. MacDonald engaged in any conduct that would have led Mr. McBreairty or anyone else reasonably to believe that Attorney Hewey was communicating on her behalf when she sent email messages to Mr. McBreairty.

## CONCLUSION

No material fact is genuinely in dispute. An essential element of the Estate's claim is unsupported by any record evidence. Defendant Michelle MacDonald had no role in the communications on which the Estate bases its entire claim, so she cannot be deemed to have caused any abridgment of Mr. McBreairty's rights, if there was any such abridgment. Ms. MacDonald is therefore entitled to judgment as a matter of law.

Dated at Portland, Maine this 13th day of February 2025.

*/s/ James B. Haddow*
Attorneys for Defendant Michelle MacDonald
James B. Haddow, Esq. - Maine Bar No. 3340
Scott D. Dolan, Esq. – Maine Bar No. 6334
PETRUCCELLI, MARTIN & HADDOW, LLP
Two Monument Sq., Suite 900/P.O. Box 17555
Portland, Maine 04112-8555
Telephone: (207) 775-0200
jhaddow@pmhlegal.com
sdolan@pmhlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2025, I filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all counsel of record through the CM/ECF system.

*/s/ James B. Haddow*
James B. Haddow, Esq. - ME Bar No. 3340
Attorneys for Defendant Michelle McDonald
PETRUCCELLI, MARTIN & HADDOW, LLP
2 Monument Square, Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
(207) 775-0200
jhaddow@pmhlegal.com