IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>    Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>    Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER** |

Plaintiff, Patricia McBreairty, as personal representative of the Estate of Shawn McBreairty, pursuant to Fed. R. Civ. P. 72(b)(2), hereby files her Objection to the Order on Motion to Continue Procedural Order and Reset the Scheduling Order (ECF No. 86). The Order erroneously denied Plaintiff's motion to continue (ECF No. 76).

Briefly, on June 4, 2025, the Court issued a Scheduling Order (ECF No. 49) that purported to set a discovery completion date of October 21, 2024, with subsequent potential summary judgment motion practice. The Scheduling Order set a June 24, 2024, objection deadline. However, the day prior to the issuance of the Scheduling Order, on June 3, 2024, Shawn McBreairty passed away and his estate was not substituted as plaintiff until September 6, 2024. (ECF Nos. 52 & 58).

The Magistrate Judge determined that there was no good cause or excusable neglect to modify the Scheduling Order (ECF No. 86 at 3-4). The Magistrate Judge acknowledged Plaintiff's argument that Mr. McBreairty's passing rendered the Scheduling Order a legal nullity, but

thereupon, without citation to any controlling law, labeled it "unconvincing." (ECF No. 86 at 5). The Magistrate Judge gave the same treatment to the fact that the parties could not have conferred prior to June 21, 2024, and that there was no way for the late Mr. McBreairty or his not-yet-substituted representative to object. *Id.* The Magistrate Judge seems to have placed the burden on counsel, who had no client and, therefore, no authority to act, to have somehow "raise[d] the issue with the Court." *Id.*

The Scheduling Order was a legal nullity. As set forth in Plaintiff's reply (ECF No. 73 at 2), the death of a plaintiff "abate[s] temporarily" the plaintiff's claims, which need "reviving by timely substitution of a proper plaintiff[.]" *Carter v. Novartis Pharms. Corp.*, 2013 U.S. Dist. LEXIS 172521, at *2 (E.D. Ark. June 4, 2013). Thus, "the suit itself had abated. It ceased to be a pending suit." *Pendleton v. Russell*, 144 U.S. 640, 645 (1892); *see also Childs v. Ferguson*, 181 F. 795 (8th Cir. 1910)("the death of a sole defendant, which transferred his interest to others, abated the suit in the absence of a revival, and rendered void all subsequent proceedings to affect that interest"); *Rangel v. Mazda Motor Corp.*, 2001 U.S. Dist. LEXIS 15702, at *5 (N.D. Tex. Sep. 28, 2001) ("An abatement is a present suspension of all proceedings in a suit.") Notably, "a lawsuit filed in the name of a deceased individual is a nullity over which this Court has no jurisdiction." *In re Engle Cases*, 2013 U.S. Dist. LEXIS 186429, at *18 (M.D. Fla. Jan. 22, 2013). Proceedings by a court "without jurisdiction" are not "simply erroneous, but absolutely void." *Roman Catholic Archdiocese of San Juan v. Feliciano*, 589 U.S. 57, 63-64 (2020). The Scheduling Order was, therefore void *ab initio* and the deadlines had no operative effect.

Similarly, the death of Mr. McBreairty meant he could not timely object. A deceased plaintiff lacks standing to litigate. *Anderson v. Dooley,* 2020 U.S. Dist. LEXIS 211703, at *3-4 (N.D. Cal. Nov. 12, 2020). And the personal representative of the estate could not act until she

was substituted as plaintiff, after the deadline to object. A "putative successor, until substituted, is a 'non-party'." *Snider v. Vertex Aero., LLC*, 338 F.R.D. 358, 363 (S.D. Miss. 2021). Thus, objecting before the deadline was impossible; no one had the capacity to object.

Nor could Mr. McBreairty's counsel have taken action. It is well established that "once a party dies, his attorney has no authority to add anything to the record." *Burgos-Yantin v. Municipality of Juana Diaz*, 709 F. Supp. 2d 118, 122 (D.P.R. 2010) (quoting *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1955 (3d ed. 2007))). Essentially, the undersigned had no client on whose behalf action could be taken.

None of the deadlines set by the Scheduling Order had operative effect. However, to the extent that an objection should have been filed to it, the absence of such was occasioned by the death of Mr. McBreairty. There was no neglect, but to the extent there was any, his death rendered it excusable.

And, because there was no scheduling order, Plaintiff desired, for judicial economy, to await the determination of the preliminary injunction before assessing further litigation efforts, including discovery. Plaintiff did not miss any operative October 21, 2024, deadline to complete discovery, and to the extent the Magistrate Judge believed there was such a deadline, Plaintiff's reasonable understanding, based on traditional, governing, common law abatement, that there was no such deadline, excuses any neglect.

WHEREFORE the Court should overrule the Order (ECF No. 86) and establish a reasonable period for discovery to occur prior to summary judgment practice (and, effectively, staying a response to Defendant MacDonald's motion for summary judgment until its completion).

Dated: February 19, 2025.

/s/ Robert J. Morris
Robert J. Morris, II (ME Bar No. 010402)
HOUSER, LLP
400 TradeCenter, Suite 5900
Woburn, MA 01801
Tel: (339) 203-6498
Email: rmorris@houser-law.com

Respectfully Submitted,

Marc J. Randazza (*pro hac vice*)
 *Lead Counsel*
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

Case No. 1:24-cv-00053-LEW

## CERTIFICATE OF SERVICE

I hereby certify that, on February 19, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris  
Robert J. Morris

RANDAZZA | LEGAL GROUP