IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>        Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>        Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

      Plaintiff, Patricia McBreairty, as personal representative of the Estate of Shawn McBreairty, hereby moves for partial summary judgment as to the issues raised in Count III, Paragraphs 97-98. Specifically, Plaintiff is entitled to declaratory relief that, as a matter of law, Brewer School Department Policies ACAD, ACAF, and JICK did not apply to Shawn McBreairty and cannot apply to his Estate upon republication of materials at issue.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0    INTRODUCTION**

      To censor criticism, Defendants threatened legal action if Shawn McBreairty did not remove lawful content from publication. Defendants invoked criminal, civil, and administrative sanctions, including Brewer School Department Policies ACAD, ACAF, and JICK. Fearful of the

---

[1] This motion is without prejudice to Plaintiff's pending motion to continue procedural order (ECF No. 86). Plaintiff reserves the right to amend or refile this summary judgment motion should the Court allow that motion to continue.

government's threats, Shawn McBreairty succumbed to the threats and now seeks this Court's aid in declaring that the threats as to the policies are baseless. [2]

## 2.0 FACTS[3]

### 2.1 The Petition

Brewer School Department permits students to use the bathroom corresponding to their gender identity, rather than their biological sex. ECF No. 1, Verified Complaint ("Complaint") at ¶ 10. HW and CG are students at Brewer High.[4] *See* Complaint at ¶11; ECF No. 1-1, Declaration of HW ("HW Decl."). HW and CG objected to this policy. *See* Complaint at ¶ 13; HW Decl. at ¶ 8. HW and CG drafted a petition to try to convince Brewer High School and Defendant Principal Brent Slowikowski to change school policy to address their concerns. *See* Complaint at ¶ 17; HW Decl. at ¶ 13. HW and CG distributed this petition to other students, and many students signed the petition. *See* Complaint at ¶ 18; HW Decl. at ¶ 14.

Defendants led HW and CG to believe that they would be prosecuted for a "hate crime" or sued by the school, and disciplined by the school if they continued to circulate the petition. *See* Complaint at ¶ 31; HW Decl. at ¶ 21. HW and CG immediately ceased promoting the petition. *See* Complaint at ¶ 34; HW Decl. at ¶ 23. Thereafter, HW and HW's father met with Superintendent Gregg Palmer and Brewer High School Principal Brent Slowikowski. Complaint at ¶ 36; HW Decl. at ¶ 25; ECF No. 1-2, Declaration of Phil Wells (hereinafter "PW Decl.") at ¶ 4. At the second meeting, Superintendent Palmer and Principal Slowikowski reiterated the Brewer

---

[2] Even though the original author, Shawn McBreairty, has passed away, his Estate has stepped into his shoes and retains the same desire to republish the article. *See* ECF No. 59-1, Declaration of Patricia McBreairty ("PM Decl.").
[3] The facts are supported by the Verified Complaint ("Complaint") and its exhibits, which have been adopted by the Estate. *See* PM Decl. at ¶ 4.
[4] Due to their ages, all students are referred to solely by their initials.

School Department would not permit nor tolerate the petition being circulated. Complaint at ¶ 38; HW Decl. at ¶ 26; PW Decl. at ¶ 6. Superintendent Palmer and Principal Slowikowski reiterated that there would be adverse action taken against HW, and HW's father believed that those threats were aimed at him as well. *See* Complaint at ¶ 39; HW Decl. at ¶ 27; PW Decl. at ¶ 7.

Mr. McBreairty wrote about the incident. *See* Complaint at ¶ 43; PW Decl. at ¶ 10.

**2.2     The Article**

Shawn McBreairty was a journalist and an Educational Advocate who petitioned for change in education policy and law. Complaint at ¶ 9. After reviewing evidence, speaking to witnesses, and doing more than reasonable research, on February 12, 2024, Shawn published "Girl's Bathrooms are Not 'Safe Spaces' When Males are Present" on the website *[your]NEWS* (hereafter the "Article"). Complaint at ¶ 46; ECF No. 1-3. In the Article, Shawn discussed his opinions about the underlying facts and concerns. Complaint at ¶ 49. Shawn reported on the students' petition that, over the course of three days, garnered hundreds of signatures. Complaint at ¶ 50. Shawn reported how Brewer High School teacher Defendant Michelle MacDonald reacted negatively to the petition. Complaint at ¶ 51. Specifically, Shawn reported that MacDonald threatened the students circulating the petition. He wrote about how Principal Brent Slowiskowki, precluded the students from circulating the petition. Complaint at ¶ 52. Shawn described MacDonald by quoting this Court's description of her in *Macdonald v. Brewer Sch. Dep't*, 651 F. Supp. 3d 243, 252 (D. Me. Jan. 12, 2023). Complaint at ¶ 53. Shawn described the facts of the *MacDonald* case as including MacDonald harassing students who did not agree with her viewpoints. Complaint at ¶ 54.

Shawn then reported on and reproduced a letter from Palmer and Slowikowski that was sent to Brewer School Department Families, Students, and Staff addressing "hate directed at

members of our school committee," while acknowledging, at least on the surface, "competing viewpoints," and instructing recipients to "celebrate students" notwithstanding those competing viewpoints. Complaint at ¶ 55. Shawn reported on the poor academic outcomes at Brewer High School, criticized the Defendants' law firm, and criticized the Brewer School Committee and its chair, Kevin Forest. Complaint at ¶ 56. Shawn provided his understanding of the holding in *Doe v. Reg'l Sch. Unit 26*, 2014 ME 11 (Me. 2014). Shawn described Brewer School Department policies as being unsafe. Complaint at ¶ 58. Shawn encouraged the public to attend the February 12, 2024, Brewer School Committee meeting and provide public comment for the issues under consideration. Complaint at ¶ 59. His reporting was otherwise based on credible sourcing. ECF No. 23-1 at Ex. B; ECF No. 25-1.

Reporting on high school students or teachers is not uncommon speech. For example, on July 15, 2023, the *Bangor Daily News* published "*Weeks in the Maine Woods are Brewer High School's Answer to Absenteeism*". *See* ECF No. 4-1.[5] That article was laudatory of Brewer High School and Defendant Superintendent Palmer naming minor students and teachers, and showing pictures of them. Nobody minded being praised—and, no one minds that HD and MacDonald's child were publicly identified as an Honor Roll students.[6]

---

[5] Available online at https://www.bangordailynews.com/2023/07/15/bangor/brewer-high-school-woods-program-joam40zk0w/ . *See also* ECF No. 4-2, Authenticating Declaration of Cassidy S. Flavin ("CSF Decl.") at ¶ 4.

[6] *See* BDN Community, "Hampden Academy quarter 2 honor roll", BANGOR DAILY NEWS (Feb. 21, 2024), at https://www.bangordailynews.com/2024/02/21/bdn-maine/hampden-academy-quarter-2-honor-roll-2/ (ECF No. 4-6; CSF Decl. at ¶ 8); Shauna McGinnis, "Q2 Honor Roll 2024", BREWER HIGH SCHOOL NEWS (Feb. 2, 2024), at https://www.brewerhs.org/o/brewer-high-school/article/1441811 (ECF No. 4-7; CSF Decl. at ¶ 9).

### 2.3 Brewer's Demands

On February 13, 2024, Attorney Melissa Hewey, counsel for the defendants, acting on their behalf, at their behest, under their actual and/or apparent authority, threatened Shawn that, if he did not remove the Article from circulation by noon the next day, Defendants would be "forced to take further action" against him. Complaint at ¶ 60; ECF No. 1-5. Specifically, Defendants claimed that the Article invaded HD's privacy, violated Brewer School Department policies ACAD, ACAF, and JICK, and caused HD and MacDonald severe distress under 20-A M.R.S. Section 6553 and 6554. Complaint at ¶ 62. Specifically, Defendants claim the statements and photo are "an impermissible invasion of the privacy of minors and have the effect of bullying and hazing a student and a teacher at the Brewer High School in violation of Board Policies ACAD, ACAF and JICK and Maine law." ECF No. 1-5. Attorney Hewey asserts that "the school policies give the school department standing to bring a claim" against persons not associated with the schools. ECF No. 40-1 at 24:4-6 & 25:8-12. Shawn lawfully obtained the photograph of HD, but Defendants asserted that Shawn could not lawfully publish it. Complaint at ¶ 63. Shawn reluctantly and fearfully removed the article from publication. Complaint at ¶ 66; ECF No 23-1 at Ex. A. He did it because he was "threatened" as though Attorney Hewey, in "bullying" him, was a "stick up artist [who] put a gun in [his] face, told me to give them [his] wallet[.]" ECF No. 16-2 at 1.

Depublishing the article for even a day caused an irrevocable deprivation of speech. Complaint at ¶ 67. Even in the absence of any financial incentive, Shawn wished to have his views circulated, as a matter of participation in our democracy, and he suffered injuries that are non-pecuniary in nature, but are even more important than his pecuniary losses. Complaint at ¶ 69. Shawn desired to republish the Article and intended to do so upon obtaining a preliminary injunction and/or prevailing in this action. Complaint at ¶ 70. His estate continues to desire to

RANDAZZA | LEGAL GROUP

republish the Article. PM Decl. at ¶ 5. However, still the Defendants refused to retract their threats at any point when McBreairty was alive.

In place of the Article, Shawn published a copy of Defendants' threat. Complaint at ¶ 71. That threat was from an agent of the government threatening formal legal action against Shawn. Complaint at ¶ 72. Publishing the threatening email itself was reporting on an issue by a public body on a matter of public concern. Complaint at ¶ 73.

On February 14, 2024, Defendants acknowledged the Article was removed, but newly demanded that the threatening email be removed because of the content they chose to identify and disclose. Complaint at ¶ 74; ECF No. 1-6. Shawn complied with this edict, but he intended to republish the demand letter upon obtaining a preliminary and/or permanent injunction in this matter. Complaint at ¶ 76. The Estate does as well. *See* PM Decl. at ¶ 6. Defendants' threats to enforce the policies are real; counsel for Defendants, Attorney Hewey, confirmed such on February 22, 2024. *See* ECF No. 23-3.

## 3.0  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Fed. R. Civ. P. 56, partial summary judgment may be granted to resolve a claim or defense, or part of a claim or defense. See Fed. R. Civ. P. 56(a), (g). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)).

**4.0  LEGAL ARGUMENT**

Plaintiff is entitled to partial summary judgment as to Count III, ¶¶ 97-98. Those paragraphs, in this count seeking declaratory relief, state as follows:

> 97. Defendants claim that Brewer School Department Policies ACAD, ACAF, and JICK apply to Plaintiff, despite his not being a member of the school community, nor being on campus at any time that Defendants sought to apply them to him.
>
> 98. At all relevant times, none of those Brewer School Department Policies apply nor applied to McBreairty, nor could they, in this context.

ECF No. 1 at p. 15. "[D]eclaratory relief is appropriate when 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant' declaratory relief." *Am. Cyanamid Co. v. Capuano*, 381 F.3d 6, 14 (1st Cir. 2004) (quoting *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000). As set forth above, Defendants threatened Mr. McBreairty with action to enforce policies ACAD, ACAF, and JICK, and have not withdrawn those threats as to the Estate. Plaintiff is, therefore, entitled to partial summary judgment on the issue of whether the Court should declare that the policies did not apply to Mr. McBreairty and do not apply to his estate.

As much as some find discussions of gender policy uncomfortable, uncomfortable discussions must be had. Robust debate is why the First Amendment, and the Maine corollaries, exist. Some students invoked the petition process. A teacher and administrators threatened them. A journalist wrote about the controversy. Defendants want to stifle one side of this debate with threats of legal action. They have no legitimate interest in doing so or authority to do so.

Policy ACAD, the "Hazing" policy, which is enforced by Defendant Palmer on behalf of Defendants, restricts actions only by those who are part of the Brewer school system, not outside

journalists like Shawn McBreairty. *See* ECF No. 4-3.[7] *See also* ECF No. 4-2 at ¶ 5. It expressly only prohibits "Injurious hazing activities of any type, either on or off school property, by any student, staff member, group or organization affiliated with the Brewer School Department[.]" ECF No. 4-3. Thus, by its own terms, Policy ACAD does not regulate unaffiliated persons, like McBreairty or the Estate.

Policy ACAF, the "Workplace Bullying" policy, also enforced by Defendant Palmer for Defendants, fares no better—by its terms, it regulates employees, students, parents, community members, and others involved in the school. *See* ECF No. 4-4.[8] *See also* ECF No. 4-3 at ¶ 6. Only "employees and students in the school unit, as well as parents, community members and others involved with the schools are prohibited from engaging in workplace bullying as defined in this policy." ECF No. 4-4. Thus, by its own terms, Policy ACAF does not regulate persons not involved with the schools, like McBreairty or the Estate.

Policy JICK, the "Bullying" policy, again, enforced by Defendant Palmer for Defendants, regulates only students, employees, volunteers, contractors, visitors, and school-affiliated organizations. *See* ECF No. 4-5.[9] ECF No. 4-2 at ¶ 7. Only "students", "Administrators, professional staff and all other employees", and "Volunteers, contractors and visitors" are expressly within the ambit of the policy. ECF No. 4-5 at 3. Thus, by its own terms, Policy JICK does not regulate persons not involved with the schools, like McBreairty or the Estate.

---

[7]   Available at https://docs.google.com/document/d/1IoMtrBrOiuRXhbjeQf2wZSVU1m-H7sAzMY1KdxJq0-4/edit.
[8]   Available at https://docs.google.com/document/d/1JHV73KUPXvYzITkxnC7N5uD4BjIxYjb0grMtBpGV2cY/edit.
[9]   Available at https://docs.google.com/document/d/1EMBuAyVph-cAhc2VNOU-xuAjRgNFWO24Q917-61LltU/edit.

Even if the policies could be read more broadly, Defendants have no authority to regulate off-campus speech by unaffiliated persons, let alone reporters like Shawn McBreairty. *Compare Mahanoy Area Sch. Dist. v. B.L.*, 141 S. Ct. 2038 (2021) (observing the very little leeway schools have to regulate a *student's* off-campus speech). "[I]t is not at all unusual in our system that different authorities have responsibility only for their own bailiwicks." *Shanley v. Ne. Indep. Sch. Dist.*, 462 F.2d 960, 974 (5th Cir. 1972) (finding a school district had no jurisdiction over a student's off-campus activity under the "aegis of 'policy'[.]") Yet, Attorney Hewey asserts these policies apply to McBreairty and the Estate with a degree of religious certainty. *Compare Hermon School Dep't v. McBreairty*, Law Court Docket No. PEN-13-191 (Me. Filed Oct. 27, 2023) ("Mr. McBreairty falsely states that the School Department admitted that its Workplace Bullying Policy does not apply to him. In fact what the School Department pled is not that the policy does not apply to McBreairty – **it unquestionably does**.") (Red Brief. at 25, internal citation omitted, emphasis added). Brewer had no jurisdiction over McBreairty and it has no jurisdiction over the Estate. *See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) ("[T]he jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person."). The Maine legislature has not granted Brewer any jurisdiction over off-campus conduct—nothing in 20-A M.R.S.A. § 1001 extends the jurisdiction of any school board to off-campus conduct by persons unaffiliated with the schools established by the board. *Contrast Furey v. Temple University*, 884 F. Supp 2d 223, 248 (E.D. Pa. 2012) (permitting university to exercise jurisdiction over student for off-campus misconduct noting that state code provided a jurisdictional buffer of 500 yards, in which the disciplined behavior occurred). While an educational institution might have jurisdiction over a student for his/her off-campus conduct (*Gomes v. Univ. of Maine Sys.*, 304 F. Supp. 2d 117, 126 (D. Me.

2004)), because the student is otherwise part of the institution, there is no similar jurisdiction over independent media like McBreairty and the Estate. Counsel for Defendants even admitted there was no jurisdiction to impose the policies over McBreairty. ECF No. 40-1 at 33:23-34:3. Notwithstanding, the threat, somehow, persists and has not been withdrawn. The Court must resolve the conflict in Attorney Hewey's positions—that a) the policies "unquestionably" apply to McBreairty even though b) there is no jurisdiction over outside parties. Thus, Plaintiff is entitled to partial summary judgment on this issue.

### 5.0    CONCLUSION

Plaintiff wishes to republish the Article and threatening demand. The Court should enter a partial summary judgment against the Defendants declaring that they cannot apply school policies to Plaintiff.

### REQUEST FOR ORAL ARGUMENT

Plaintiff believes that oral argument may assist the court. This matter involved significant issues that oral argument will help to address.

Dated: February 20, 2025.

/s/ Robert J. Morris
Robert J. Morris, II (ME Bar No. 010402)
HOUSER, LLP
400 TradeCenter, Suite 5900
Woburn, MA 01801
Tel: (339) 203-6498
Email: rmorris@houser-law.com

Respectfully Submitted,

Marc J. Randazza (*pro hac vice*)
  *Lead Counsel*
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

Case No. 1:24-cv-00053-LEW

## CERTIFICATE OF SERVICE

I hereby certify that, on February 20, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris

RANDAZZA | LEGAL GROUP