IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,

        Plaintiff,

v.

BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,

        Defendants.

Case No. 1:24-cv-00053-LEW

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1.     Brewer School Department permits students to use the bathroom corresponding to their gender identity, rather than their biological sex. Verified Complaint, ¶ 10 (ECF Doc. 1, Page ID# 2).

2.     HW and CG are students at Brewer High. *See* Complaint at ¶ 11 (ECF Doc. 1, Page ID# 2); ECF No. 1-1, Declaration of HW ("HW Decl.") (ECF Doc. 1-1, Page ID# 18). Due to their ages, all students are referred to solely by their initials.

3.     HW and CG objected to this policy. *See* Complaint at ¶ 13 (ECF Doc. 1, Page ID# 3); HW Decl. at ¶ 8 (ECF Doc. 1-1, Page ID# 19).

4.     HW and CG drafted a petition to try to convince Brewer High School and Defendant Principal Brent Slowikowski to change school policy to address their concerns. *See* Complaint at ¶ 17 (ECF Doc. 1, Page ID# 3); HW Decl. at ¶ 13 (ECF Doc. 1-1, Page ID# 20).

5.     HW and CG distributed this petition to other students, and many students signed the petition. *See* Complaint at ¶ 18 (ECF Doc. 1, Page ID# 4); HW Decl. at ¶ 14 (ECF Doc. 1-1,

Page ID# 20).

6. Defendants led HW and CG to believe that they would be prosecuted for a "hate crime" or sued by the school, and disciplined by the school if they continued to circulate the petition. *See* Complaint at ¶ 31 (ECF Doc. 1, Page ID# 5); HW Decl. at ¶ 21 (ECF Doc. 1-1, Page ID# 21).

7. HW and CG immediately ceased promoting the petition. *See* Complaint at ¶ 34 (ECF Doc. 1, Page ID# 6); HW Decl. at ¶ 23 (ECF Doc. 1-1, Page ID# 21).

8. Thereafter, HW and HW's father met with Superintendent Gregg Palmer and Brewer High School Principal Brent Slowikowski. Complaint at ¶ 36 (ECF Doc. 1, Page ID# 6); HW Decl. at ¶ 25 (ECF Doc. 1-1, Page ID# 21); ECF No. 1-2, Declaration of Phil Wells (hereinafter "PW Decl.") at ¶ 4 (ECF Doc. 1-2, Page ID# 27).

9. At the second meeting, Superintendent Palmer and Principal Slowikowski reiterated the Brewer School Department would not permit nor tolerate the petition being circulated. Complaint at ¶ 38 (ECF Doc. 1, Page ID# 6); HW Decl. at ¶ 26 (ECF Doc. 1-1, Page ID# 21); PW Decl. at ¶ 6 (ECF Doc. 1-2, Page ID# 27).

10. Superintendent Palmer and Principal Slowikowski reiterated that there would be adverse action taken against HW, and HW's father believed that those threats were aimed at him as well. *See* Complaint at ¶ 39 (ECF Doc. 1, Page ID# 6); HW Decl. at ¶ 27 (ECF Doc. 1-1, Page ID# 21); PW Decl. at ¶ 7 (ECF Doc. 1-2, Page ID# 28).

11. Mr. McBreairty wrote about the incident. *See* Complaint at ¶ 43 (ECF Doc. 1, Page ID# 7); PW Decl. at ¶ 10 (ECF Doc. 1-2, Page ID# 28).

12. Shawn McBreairty was a journalist and an Educational Advocate who petitioned for change in education policy and law. Complaint at ¶ 9 (ECF Doc. 1, Page ID# 2).

13. After reviewing evidence, speaking to witnesses, and doing more than reasonable research, on February 12, 2024, Shawn published "Girl's Bathrooms are Not 'Safe Spaces' When Males are Present" on the website *[your]NEWS* (hereafter the "Article"). Complaint at ¶ 46 (ECF Doc. 1, Page ID# 7); ECF No. 1-3 (ECF Doc. 1-3, Page ID# 29).

14. In the Article, Shawn discussed his opinions about the underlying facts and concerns. Complaint at ¶ 49 (ECF Doc. 1, Page ID# 8).

15. Shawn reported on the students' petition that, over the course of three days, garnered hundreds of signatures. Complaint at ¶ 50 (ECF Doc. 1, Page ID# 8).

16. Shawn reported how Brewer High School teacher Defendant Michelle MacDonald reacted negatively to the petition. Complaint at ¶ 51 (ECF Doc. 1, Page ID# 8).

17. Specifically, Shawn reported that MacDonald threatened the students circulating the petition. He wrote about how Principal Brent Slowiskowki, precluded the students from circulating the petition. Complaint at ¶ 52 (ECF Doc. 1, Page ID# 8).

18. Shawn described MacDonald by quoting this Court's description of her in *Macdonald v. Brewer Sch. Dep't*, 651 F. Supp. 3d 243, 252 (D. Me. Jan. 12, 2023). Complaint at ¶ 53 (ECF Doc. 1, Page ID# 8).

19. Shawn described the facts of the *MacDonald* case as including MacDonald harassing students who did not agree with her viewpoints. Complaint at ¶ 54 (ECF Doc. 1, Page ID# 9).

20. Shawn then reported on and reproduced a letter from Palmer and Slowikowski that was sent to Brewer School Department Families, Students, and Staff addressing "hate directed at members of our school committee," while acknowledging, at least on the surface, "competing viewpoints," and instructing recipients to "celebrate students" notwithstanding those competing

viewpoints. Complaint at ¶ 55 (ECF Doc. 1, Page ID# 9).

21. Shawn reported on the poor academic outcomes at Brewer High School, criticized the Defendants' law firm, and criticized the Brewer School Committee and its chair, Kevin Forest. Complaint at ¶ 56 (ECF Doc. 1, Page ID# 9).

22. Shawn provided his understanding of the holding in *Doe v. Reg'l Sch. Unit 26*, 2014 ME 11 (Me. 2014). Shawn described Brewer School Department policies as being unsafe. Complaint at ¶ 58 (ECF Doc. 1, Page ID# 9).

23. Shawn encouraged the public to attend the February 12, 2024, Brewer School Committee meeting and provide public comment for the issues under consideration. Complaint at ¶ 59 (ECF Doc. 1, Page ID# 9).

24. His reporting was otherwise based on credible sourcing. ECF No. 23-1 at Ex. B (ECF Doc. 23-1, Page ID# 261); ECF No. 25-1 (ECF Doc. 25-1, Page ID# 298).

25. Reporting on high school students or teachers is not uncommon speech. For example, on July 15, 2023, the *Bangor Daily News* published "*Weeks in the Maine Woods are Brewer High School's Answer to Absenteeism*". *See* ECF No. 4-1 (ECF Doc. 4-1, Page ID# 73). Available online at https://www.bangordailynews.com/2023/07/15/bangor/brewer-high-school-woods-program-joam40zk0w/ . *See also* ECF No. 4-2, Authenticating Declaration of Cassidy S. Flavin ("CSF Decl.") at ¶ 4 (ECF Doc. 4-2, Page ID# 82).

26. That article was laudatory of Brewer High School and Defendant Superintendent Palmer naming minor students and teachers, and showing pictures of them. Nobody minded being praised—and, no one minds that HD and MacDonald's child were publicly identified as an Honor Roll students. *See* BDN Community, "Hampden Academy quarter 2 honor roll", BANGOR DAILY NEWS (Feb. 21, 2024), at https://www.bangordailynews.com/2024/02/21/bdn-maine/hampden-

academy-quarter-2-honor-roll-2/ (ECF Doc. 4-6, Page ID# 97; CSF Decl. at ¶ 8 (ECF Doc. 4-2, Page ID# 83); Shauna McGinnis, "Q2 Honor Roll 2024", BREWER HIGH SCHOOL NEWS (Feb. 2, 2024), at https://www.brewerhs.org/o/brewer-high-school/article/1441811 (ECF Doc. 4-7, Page ID# 101; CSF Decl. at ¶ 9 (ECF Doc. 4-2, Page ID# 84).

27.     On February 13, 2024, Attorney Melissa Hewey, counsel for the defendants, acting on their behalf, at their behest, under their actual and/or apparent authority, threatened Shawn that, if he did not remove the Article from circulation by noon the next day, Defendants would be "forced to take further action" against him. Complaint at ¶ 60 (ECF Doc. 1, Page ID# 10); ECF No. 1-5, (ECF Doc. 1-5, Page ID# 39).

28.     Specifically, Defendants claimed that the Article invaded HD's privacy, violated Brewer School Department policies ACAD, ACAF, and JICK, and caused HD and MacDonald severe distress under 20-A M.R.S. Section 6553 and 6554. Complaint at ¶ 62 (ECF Doc. 1, Page ID# 10).

29.     Specifically, Defendants claim the statements and photo are "an impermissible invasion of the privacy of minors and have the effect of bullying and hazing a student and a teacher at the Brewer High School in violation of Board Policies ACAD, ACAF and JICK and Maine law." ECF No. 1-5 (ECF Doc. 1-5, Page ID# 39).

30.     Attorney Hewey asserts that "the school policies give the school department standing to bring a claim" against persons not associated with the schools. ECF No. 40-1 at 24:4-6 & 25:8-12 (ECF Doc. 40-1, Page ID# 467 & 468).

31.     Shawn lawfully obtained the photograph of HD, but Defendants asserted that Shawn could not lawfully publish it. Complaint at ¶ 63 (ECF Doc. 1, Page ID# 10).

32.     Shawn reluctantly and fearfully removed the article from publication. Complaint

at ¶ 66 (ECF Doc. 1, Page ID# 11); ECF No 23-1 at Ex. A (ECF Doc. 23-1, Page ID# 261).

33.     He did it specifically because he was "threatened" as though Attorney Hewey, in "bullying" him, was a "stick up artist [who] put a gun in [his] face, told me to give them [his] wallet[.]" ECF No. 16-2 at 1 (ECF Doc. 16-2, Page ID# 231).

34.     Depublishing the article for even a day causes an irrevocable deprivation of speech. Complaint at ¶ 67 (ECF Doc. 1, Page ID# 11).

35.     Even in the absence of any financial incentive, Shawn wished to have his views circulated, as a matter of participation in our democracy, and he suffered injuries that are non-pecuniary in nature, but are even more important than his pecuniary losses. Complaint at ¶ 69 (ECF Doc. 1, Page ID# 11).

36.     Shawn desired to republish the Article and intended to do so upon obtaining a preliminary injunction and/or prevailing in this action. Complaint at ¶ 70 (ECF Doc. 1, Page ID# 11).

37.     His estate continues to desire to republish the Article. PM Decl. at ¶ 5 (ECF Doc. 59-1, Page ID# 585). However, still the Defendants refuse to retract their threats.

38.     In place of the Article, Shawn published a copy of Defendants' threat. Complaint at ¶ 71 (ECF Doc. 1, Page ID# 11).

39.     That threat was from an agent of the government threatening formal legal action against Shawn. Complaint at ¶ 72 (ECF Doc. 1, Page ID# 11).

40.     Publishing the threatening email itself was reporting on an issue by a public body on a matter of public concern. Complaint at ¶ 73 (ECF Doc. 1, Page ID# 11).

41.     On February 14, 2024, Defendants acknowledged the Article was removed, but newly demanded that the threatening email be removed because of the content they chose to

identify and disclose. Complaint at ¶ 74 (ECF Doc. 1, Page ID# 11); ECF No. 1-6 (ECF Doc. 1-6, Page ID# 41).

42. Shawn complied with this edict, but he intended to republish the demand letter upon obtaining a preliminary and/or permanent injunction in this matter. Complaint at ¶ 76 (ECF Doc. 1, Page ID# 12).

43. The Estate does as well. *See* PM Decl. at ¶ 6 (ECF Doc. 59-1, Page ID# 586).

44. Defendants' threats to enforce the policies are real; counsel for Defendants, Attorney Hewey, confirmed such on February 22, 2024. ECF Doc. 23-3, Page ID# 288.

45. Policy ACAD, the "Hazing" policy, which is enforced by Defendant Palmer on behalf of Defendants, restricts actions only by those who are part of the Brewer school system, not outside journalists like Shawn McBreairty. ECF Doc. 4-3, Page ID# 85, available at https://docs.google.com/document/d/1IoMtrBrOiuRXhbjeQf2wZSVU1m-H7sAzMY1KdxJq0-4/edit. *See also* ECF No. 4-2 at ¶ 5 (ECF Doc. 4-2, Page ID# 83).

46. Policy ACAD expressly only prohibits "Injurious hazing activities of any type, either on or off school property, by any student, staff member, group or organization affiliated with the Brewer School Department[.]" (ECF Doc. 4-3, Page ID# 85).

47. Policy ACAF, the "Workplace Bullying" policy, also enforced by Defendant Palmer for Defendants, fares no better—by its terms, it regulates employees, students, parents, community members, and others involved in the school. (ECF Doc. 4-4, Page ID# 88, available at https://docs.google.com/document/d/1JHV73KUPXvYzITkxnC7N5uD4B jIxYjb0grMtBpGV2cY/edit). *See also* ECF No. 4-3 at ¶ 6 (ECF Doc. 4-3, Page ID# 86).

48. Per Policy ACAF, only "employees and students in the school unit, as well as parents, community members and others involved with the schools are prohibited from engaging

in workplace bullying as defined in this policy." (ECF Doc. 4-4, Page ID# 88).

49. Policy JICK, the "Bullying" policy, again, enforced by Defendant Palmer for Defendants, regulates only students, employees, volunteers, contractors, visitors, and school-affiliated organizations. (ECF Doc. 4-5, Page ID# 92, available at https://docs.google.com/document/d/1EMBuAyVph-cAhc2VNOU-xuAjRgNFWO24Q917-61LltU/edit). ECF No. 4-2 at ¶ 7 (ECF Doc. 4-2, Page ID# 7).

50. Per Policy ACAF, only "students", "Administrators, professional staff and all other employees", and "Volunteers, contractors and visitors" are expressly within the ambit of the policy. ECF No. 4-5 at 3 (ECF Doc. 4-5, Page ID# 93).

51. Counsel for Defendants admitted there was no jurisdiction to impose the policies over McBreairty. ECF No. 40-1 at 33:23-34:3 (ECF Doc. 40-1, Page ID# 476 & 477).

52. Attorney Hewey asserts these policies apply to McBreairty and the Estate with a degree of religious certainty. Compare *Hermon School Dep't v. McBreairty,* Law Court Docket No. PEN-13-191 (Me. Filed Oct. 27, 2023) ("Mr. McBreairty falsely states that the School Department admitted that its Workplace Bullying Policy does not apply to him. In fact what the School Department pled is not that the policy does not apply to McBreairty – it unquestionably does.") (Red Brief. at 25, internal citation omitted, emphasis added).

Dated: February 20, 2025.                     Respectfully Submitted,

/s/ Robert J. Morris                          Marc J. Randazza (*pro hac vice*)
Robert J. Morris, II (ME Bar No. 010402)         Lead Counsel
HOUSER, LLP                                   RANDAZZA LEGAL GROUP, PLLC
400 TradeCenter, Suite 5900                   30 Western Avenue
Woburn, MA 01801                              Gloucester, MA 01930
Tel: (339) 203-6498                           Tel: (888) 887-1776
Email: rmorris@houser-law.com                 Email: ecf@randazza.com

                                              Attorneys for Plaintiff,
                                              Patricia McBreairty

Case No. 1:24-cv-00053-LEW

## CERTIFICATE OF SERVICE

I hereby certify that, on February 20, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris

RANDAZZA | LEGAL GROUP