# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRTICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBrearty, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BREWER SCHOOL DEPARTMENT, et al., | ) ) ) | CASE NO. 1:24-cv-00053-LEW |
| Defendants. | ) ) | |

## SCHOOL DEFENDANTS' OPPOSITION TO PLAINITFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER ON MOTION TO RESET SCHEDULING ORDER

### INTRODUCTION

Plaintiff Patricia McBreairty, as personal representative of the Estate of Shawn McBreairty, has objected to the Magistrate Judge' Order on Motion to Continue Procedural Order and Reset the Scheduling Order (the "Order") (ECF Doc. 86) and requested that this Court restart the discovery clock. Plaintiff's objection should be overruled.

### PROCEDURAL HISTORY

Plaintiff Shawn McBreairty filed this action on February 22, 2024. (ECF Doc. 1). On June 3, 2024, Plaintiff filed a Motion for Issuance of a Scheduling Order. (ECF Doc. 47.) In that motion, Plaintiff noted that all Defendants had appeared in the action by February 29, 2024, that over 90 days had elapsed since all Defendants appeared in the action, and that pursuant to Local Rule 16.2(d), a scheduling order shall issue in standard track cases "immediately upon the appearance of defendant(s) but in no event more than 90 days after defendant has been served with the complaint…." (ECF Doc. 47.) Plaintiff further wrote that he "has met and conferred with respect to filing a motion for early discovery" and "it seems more efficient to request

issuance of the scheduling order . . . and discovery should commence without delay." (ECF Doc. 47.)

The next day, on June 4, 2024, the Court issued the Scheduling Order. (ECF Doc. 49.) Pursuant to the Scheduling Order, the deadline for objecting to the Scheduling Order was June 24, 2024, the deadline for initial disclosures was July 1, 2024, the discovery deadline was October 21, 2024, and the deadline to file a notice of intent to file for summary judgment was October 28, 2024.

No party filed an objection to the Scheduling Order. Per Local Rule 16.2(e), "[u]nless a party files an objection to the proposed scheduling order within twenty-one (21) days of its filing…the proposed order shall thereupon become the Scheduling Order of the Court as required by Fed. R. Civ. P. 16(b)." Both the School Defendants and Michelle MacDonald served their initial disclosures on counsel for the Plaintiff.

On July 2, 2024, Plaintiff filed a suggestion of death of Shawn McBreairty. (ECF Doc. 52). That filing was followed by two orders of the Court, an order requiring a motion to substitute parties within 90 days (ECF Doc. 53) and an Order indicating that Plaintiff's pending motion for injunction pending appeal would be dismissed as moot absent objection by Plaintiff. ECF Doc. 54). Counsel of record for Plaintiff responded arguing that the injunction was not moot and stating that counsel would endeavor to ensure timely substitution of Mr. McBreairty's estate. (ECF Doc 55). Subsequently, Patricia McBreairty, as personal representative of Mr. McBreairty's estate, was substituted as a Plaintiff and she filed a renewed motion for a preliminary injunction on September 30, 2024 (ECF Doc. 59), followed by a Notice of Intent to file Summary Judgment Motion and need for Pre-Filing Conference on October 28, 2024, the

deadline established in the Scheduling Order for Rule 56(h) notices.(ECF Doc. 68). Almost three months after that, the Estate filed the Motion to Continue. (ECF Doc. 86).

**ARGUMENT**

Plaintiff bears the responsibility of diligently prosecuting the case. *Boulier v. Penobscot Cnty. Jail*, No. 1:21-CV-00080-JAW, 2022 WL 669627, at *3-4 (D. Me. Mar. 7, 2022) (discussing plaintiff's responsibility to diligently prosecute case and application of responsibility to pro se litigants). Here, although Plaintiff vigorously pursued her request for injunctive relief, she chose not to conduct any discovery prior to the discovery deadline[1] and did not raise any issue with the discovery deadline until nearly three months after it passed. The Magistrate Judge correctly held that Plaintiff had not shown sufficient grounds for an extension of the deadline. Order at 6.

In objecting to the Order, as in her original motion, Plaintiff does not even attempt to argue excusable neglect. Rather, she objects to the Order because, she claims, the Scheduling Order was a "legal nullity" which she was not required to follow. Although Plaintiff criticizes the Magistrate Judge for lack of citation in rejecting this argument, Objection at 2 (ECF Doc. 89, PageID # 785, none of the cases cited by Plaintiff support her contention that because the Scheduling Order was issued one day after Mr. McBreairty died, it was void *ab initio. Carter ex rel. Carter v. Novartis Pharms. Corp.*, No. 4:12-CV-605-DPM, 2013 WL 9935634, at *1 (E.D. Ark. June 4, 2013), decided under Arkansas state law, stands for the unsurprising proposition that failure to comply with the requirements of a case management order to convert a provisional

---

[1] In her Objection, Plaintiff asserts that she did not request a new scheduling order because she "desired, for judicial economy, to await the determination of the preliminary injunction before assessing further litigation efforts, including discovery." Putting aside that it makes little sense that Plaintiff would choose to put more resources into the lawsuit after having lost the motion for preliminary injunction, Plaintiff's choices about what resources to expend when do not constitute excusable neglect.

substitution into a final one resulted judgment in favor of the defendant. *Pendleton v. Russell,* 144 U.S. 743 (1892) held that a claim against a corporation that had no legal existence, was ineffective absent substitution of a receiver. *Childs v. Ferguson,* 1818 F. 795. 798 (8th Cir. 1910) held that "[b]ecause it was the settled law of the state of Nebraska, and a rule of property in that state when the mortgages in suit were made, that sales of mortgaged lands and their confirmations after the death of the mortgagors defendants under decrees ordered against them before their decease were voidable, but were not void, and were not open to collateral attack, the sale of the land here in question and the confirmation thereof were impervious to the assault of the appellants on the application for the writ of assistance, and there was no error in its issue." And *Rangel v. Mazda Motor Corp.,* No. CIV. 301CV1639H, 2001 WL 1167319 (N.D. Tex. Sept. 28, 2001) held that since a state court had ordered a defendant to file an answer it had not abated the lawsuit. The proposition that none of these cases support is that if a party to a lawsuit dies, any orders issued by a court in which they are a party are null and void.

In fact, Rule 25 (a) of the Federal Rules of Civil Procedure is directly contrary to Plaintiff's theory. F.R. Civ. P. 25(a)(1) provides that "if a party dies and the claim is not extinguished, the court may order substitution of the proper party." By specifically providing for an order of the court after a death, the Rule clearly does not contemplate, as Plaintiff argues, that all orders of the court are void.

Nor was Plaintiff's conduct, during the course of this litigation, consistent with her current position. When the Court issued an order indicating a likelihood that Plaintiff's motion for a preliminary injunction would be dismissed, counsel of record quickly responded that substitution papers would be forthcoming, not that the Court had no power to do anything.[2] And

---

[2] This filing is directly contrary to counsel's current protestation that he could not have filed an objection to the Scheduling Order because he had no authority to act. *See* Objection at 3 (ECF Doc. 89, PageID #: 786)

when the deadline established by the Scheduling Order for filing Rule 56(h) statements came up, Plaintiff filed a statement.

In short, in this case, Plaintiff was actively involved in the litigation after Patricia McBreairty was substituted as a party, including briefing and arguing a motion for a preliminary injunction and filing a notice of intent to file a motion for summary judgment. At no time prior to January 16, did Plaintiff object to the Scheduling Order or request an enlargement of the discovery deadline. There is no good cause to amend the scheduling order and the Magistrate Judge correctly denied Plaintiffs' Motion.

Dated: March 5, 2025

*/s/ Melissa A. Hewey*
Melissa A. Hewey
Jeana M. McCormick
*Attorneys for Defendants*
*Brewer School Department, Gregg Palmer, and Brent Slowikowski*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME 04101
(207) 772-1941
mhewey@dwmlaw.com
jmccormick@dwmlaw.com