UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:24-cv-00053-LEW |
| ) | |
| BREWER SCHOOL DEPARTMENT et al., ) | |
| ) | |
| Defendants ) | |

DEFENDANT MICHELLE MacDONALD'S RESPONSE
TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S
ORDER ON MOTION TO RESET SCHEDULING ORDER

## I.  INTRODUCTION

On February 6, 2025, Magistrate Judge Nivison issued an Order (ECF Doc. 86) denying a motion filed by the Estate of Shawn McBreairty ("Estate") to suspend the deadlines set forth in the Court's January 10, 2025 Procedural Order (ECF Doc. 75) and reopen discovery in the above-captioned matter. On February 19, 2025, the Estate filed its Objection (ECF Doc. 89) to the Magistrate Judge's Order. As an initial matter, the Estate misidentified the procedural basis for its objection. Because the Estate's motion was nondispositive, the proper basis for any objection to the Order is Fed. R. Civ. P. 72(a), not Fed. R. Civ. P. 72(b)(2). In any event, because nothing in the Magistrate Judge's Order is clearly erroneous or contrary to law, the Order must be affirmed.

## II.  ARGUMENT

First, the Magistrate Judge was correct to employ the "excusable neglect" standard in evaluating the Estate's motion. In discussing the difference between a motion to extend

1

a deadline filed before the deadline has expired versus a motion filed after expiration of the deadline, this Court has explained:

> "In the ordinary course, a litigant who seeks an extension of time must show good cause for the desired extension." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 26 (1st Cir. 2013) (citing Fed. R. Civ. P. 6(b)(1)). Similarly, when a party seeks to modify or extend a deadline in a scheduling order, such an order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Trans-Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008) ("The deadlines established in the scheduling order may be extended on a showing of good cause."). "Rule 16's 'good cause' standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (quotation marks omitted); *see O'Connell v. Hyatt Hotels*, 357 F.3d 152, 154 (1st Cir. 2004) (recognizing that a "court may extend a scheduling order deadline on a showing 'of good cause if the [deadline] cannot reasonably be met despite the diligence of the party seeking the extension'") (alteration in original) (quoting Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b))). *In contrast, when a deadline has already expired, a court may permit an extension of time "if [a] party failed to act because of excusable neglect."* Fed. R. Civ. P. 6(b)(1)(B); *see Tubens v. Doe*, 976 F.3d 101, 104-105 (1st Cir. 2020) (discussing excusable neglect standard).

*Joy v. Host Int'l, Inc.*, 2021 U.S. Dist. LEXIS 77115, *3-4 (emphasis added); *see also, Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 26 (1st Cir. 2013).

Whether neglect is excusable for purposes of a motion to extend an expired deadline depends on four factors: (1) the danger of prejudice to the party opposing the motion; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). However,

> "[t]he four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *Hosp. del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)). "Even where there is no prejudice, impact on judicial proceedings, or trace of bad faith, '[t]he favorable juxtaposition of the[se] factors' does not excuse the delay where the proffered reason is insufficient." *In re Sheedy*, 875 F.3d 740, 744 (1st Cir. 2017) (quoting *Hosp. del Maestro*, 263 F.3d at 175).

*Tubens v. Doe*, 976 F.3d 101, 106 (1st Cir. 2020).

The Estate has made no reference to any standard by which its request for relief should be measured, either in its motion or in its objection, and it did not make any effort to explain how its reasons for failing to complete discovery prior to the deadline satisfy the requirements of any potentially applicable standard. From the Estate's submissions, all that can be determined about the reasons for its failure to conduct discovery within the time provided in the Scheduling Order (ECF Doc. 49) is that (a) Shawn McBreairty passed away on June 3, 2024; (b) the parties did not meet and confer prior to June 24, 2024 as contemplated in the Scheduling Order; and (c) Mr. McBreairty's estate was not substituted as a party until September 6, 2024. While the Estate asserted in its motion that the Scheduling Order was "a nullity," it cited no authority for that proposition in the motion, and while it cites authority in its objection, none of that authority says an order issued after a party's death and pending substitution of the proper party is void *ab initio*. *Cf.* Fed. R. Civ. P. 25(a)(1) (expressly authorizing court to order substitution of the proper party "[i]f a party dies and the claim is not extinguished").

3

Turning to the Pioneer factors, Ms. MacDonald is prepared to concede that the danger of prejudice to her weighs only slightly in her favor (she has complied with the relevant Scheduling Order deadlines and has a significant interest in seeing this litigation concluded expeditiously), and the question of the Estate's good faith does not weigh against a finding of excusable neglect. On the strength of the other two factors, however, the Estate is not entitled to a finding that its neglect was excusable.

First, more than six weeks elapsed between the date on which the Estate was substituted as Plaintiff and the discovery deadline. During that period, the Estate took no steps to object to the Scheduling Order, move to amend the Scheduling Order, request a new scheduling order, or pursue any discovery initiative. Moreover, even after the deadline passed, the Estate made no effort to pursue discovery and waited another 88 days before filing its motion. That delay is considerable and completely unexplained. The length-of-delay factor therefore weighs against the Estate. *See Hispanic Fed'n v. Uriarte-Otheguy*, 2024 U.S. Dist. LEXIS 13871, *5 (unexplained delay of two months after discovery deadline weighed against finding of excusable neglect).

Most importantly, the Estate has failed entirely to satisfy the third factor, the reason for the delay and whether it was under the Estate's reasonable control. The unfortunate passing of the original Plaintiff in this matter occurred on June 3, 2024. Between June 3, 2024 and January 16, 2025, the Plaintiff made eight filings in this matter (ECF Doc. Nos. 52, 55, 57, 59, 63, 69, 72, and 73). Five of those filings were made before the close of discovery. Even if it were true that the Estate was not in a position to undertake discovery before September 6, 2024, nothing in the Estate's motion explains

why it did nothing at all about discovery from September 6, 2024 until January 16, 2025. Certainly, the fact that there were at least two court filings by the Estate in this matter during that time (ECF Doc. Nos. 59, 63) strongly suggests that its failure to pursue discovery or to seek additional time was not caused by circumstances beyond its control.

### III. CONCLUSION

For all the foregoing reasons, and for the reasons set forth in Brewer's Opposition to Plaintiff's Objection to Magistrate Judge's Order on Motion to Reset Scheduling Order (ECF Doc. 94), which are incorporated here by reference, the Plaintiff's Objection to Magistrate Judge's Order must be overruled, and the Magistrate Judge's Order affirmed.

Dated at Portland, Maine this 5th day of March 2025.

>   /s/ James B. Haddow
>   Attorneys for Defendant Michelle MacDonald
>   James B. Haddow, Esq. - Maine Bar No. 3340
>   Scott D. Dolan, Esq. – Maine Bar No. 6334
>   PETRUCCELLI, MARTIN & HADDOW, LLP
>   Two Monument Sq., Suite 900/P.O. Box 17555
>   Portland, Maine 04112-8555
>   Telephone: (207) 775-0200
>   jhaddow@pmhlegal.com
>   sdolan@pmhlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2025, I filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all counsel of record through the CM/ECF system.

*/s/ James B. Haddow*
James B. Haddow, Esq. - ME Bar No. 3340
Attorneys for Defendant Michelle McDonald
PETRUCCELLI, MARTIN & HADDOW, LLP
2 Monument Square, Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
(207) 775-0200
jhaddow@pmhlegal.com