IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**MOTION FOR LEAVE TO CONDUCT DISCOVERY TO RESPOND TO MACDONALD'S SUMMARY JUDGMENT MOTION** |

Pursuant to Fed. R. Civ. P. 56(d), Plaintiff Patricia McBreairty, as personal representative of the Estate of Shawn McBreairty, hereby moves for leave to take discovery that would enable her to fully respond to Defendant Michelle MacDonald's Motion for Summary Judgment (ECF No. 87) and, thereupon, supplement the opposition to such motion filed herewith. Until such time, the court should defer consideration of the summary judgment motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On January 16, 2025, Plaintiff filed a Motion for Continuance of Procedural Order and Reset Scheduling Order (ECF No. 76). As set forth in that motion, the replies (ECF Nos. 79 & 81), and the Objection to the Magistrate Judge's order (ECF No. 89), incorporated herein by reference, save for Defendants' initial disclosures, no discovery has occurred in this matter. *See* **Exhibit 1**, Declaration of Marc J. Randazza ("Randazza Decl."), at ¶ 3. Notably, the underlying purported scheduling order is void as this matter was abated upon the death of Shawn McBreairty, and Plaintiff should be permitted to take discovery in the ordinary course.

### 1.0 Legal Standard

"The proper office of Rule 56(d) is to ensure that a party opposing a motion for summary judgment has an adequate opportunity to access facts that would meaningfully inform her efforts to oppose that motion." *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 728 (1st Cir. 2022). The rule "provides a safety valve for claimants genuinely in need of further time to marshal 'facts, essential to justify [their] opposition . . . to a summary judgment motion.'" *Reid v. New Hampshire*, 56 F.3d 332, 341 (1st Cir. 1995) (alteration in original) (quoting *Mattoon v. City of Pittsfield*, 980 F.2d 1, 7 (1st Cir. 1992)). "[T]he crucial inquiry under Rule 56(d) is whether the movant has had a full and fair opportunity to conduct discovery needed to mount an effective opposition to a summary judgment motion." *Emigrant Residential LLC*, 37 F.4th at 724.

### 2.0 Discovery is Appropriate

Plaintiff should be afforded the opportunity to conduct discovery to respond to the summary judgment motion. A litigant seeking additional discovery under Rule 56(d) must demonstrate and provide as follows:

> a timely statement — if not by affidavit, then in some other authoritative manner — that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion.

*Vélez v. Awning Windows, Inc.*, 375 F.3d 35, 40 (1st Cir. 2004). Plaintiff refers generally to the accompanying Declaration of Marc J. Randazza (**Exhibit 1**), which is sufficiently authoritative. This motion is timely—it is being filed prior to the deadline for the opposition to the subject summary judgment motion, and Plaintiff raised these issues before the motion was even filed (ECF Nos. 76, 79, 81, 83, 84 & 85). *See* Randazza Decl. at ¶ 4.

As set forth in the prior filings (ECF Nos. 76, 79, 81 & 89), incorporated herein by reference, the prior scheduling order was *void ab initio* due to the passing of Shawn McBreairty.

*See* Randazza Decl. at ¶ 5. The priority, thereafter, was attempting to substitute the estate and effectuate a preliminary injunction in the face of the defendants' threats, leaving no time to conduct discovery. *See* Randazza Decl. at ¶ 6. And, because the parties had not conferred under Rule 26(f) and there was no valid order permitting discovery, prior discovery would have been impermissible under Fed. R. Civ. P. 26(d)(1). *See* Randazza Decl. at ¶ 7. Thus, Plaintiff has sufficiently explained her inability to adduce the facts essential to filing an opposition.

The facts can be assembled within a reasonable time. This is not a fact-heavy case. *See* Randazza Decl. at ¶ 8. Document requests can be served within one week of the allowance of this motion. *See* Randazza Decl. at ¶ 9. Depositions of Michelle MacDonald, Gregg Palmer, Brent Slowikowski, and Melissa Hewey can be taken within 30 days of the production of documents. *See* Randazza Decl. at ¶ 10. Thus, the facts can be assembled within a reasonable time.

MacDonald's motion raises a number of factual questions where the facts are within the possession of the defendants and their counsel and they otherwise are dependent on credibility assessments. *See* Randazza Decl. at ¶ 11. As it otherwise stands, Plaintiff cannot effectively admit or deny the following statements in Defendant Michelle MacDonald's Statement of Material Facts (ECF No. 88): 2, 8, 9, 10, 11, 12, & 13. *See* Randazza Decl. at ¶ 12. If permitted, to respond to the summary judgment motion, Plaintiff would take discovery as to the following:

a) MacDonald's receipt and review of the Article and her response to it;

b) MacDonald's communications with Palmer about Shawn McBreairty and/or the Article;

c) Direct and indirect communications between MacDonald and the Drummond Woodsum firm/Attorney Hewey;

d) MacDonald's receipt and review of Hewey's emails to Shawn McBreairty and her response to them;

e) MacDonald's plans and efforts to take action against Shawn McBreairty and/or third parties on account of the Article; and

f) Alleged injuries incurred by MacDonald and her child on account of the Article.

*See* Randazza Decl. at ¶ 13.  This discovery all relates to the express, implied, or apparent authority of Hewey and MacDonald's ratification of Hewey's actions.  *See* Randazza Decl. at ¶ 14.  Thus, the facts discovered would influence the outcome of the pending summary judgment motion.

In light of the foregoing, Plaintiff requests the opportunity to take the aforesaid discovery and supplement her opposition to the subject summary judgment motion prior to its determination.

Dated: March 6, 2025.                                   Respectfully Submitted,

/s/ Robert J. Morris                                        Marc J. Randazza (*pro hac vice*)
Robert J. Morris, II (ME Bar No. 010402)      *Lead Counsel*
HOUSER, LLP                                                 RANDAZZA LEGAL GROUP, PLLC
400 TradeCenter, Suite 5900                         30 Western Avenue
Woburn, MA 01801                                       Gloucester, MA 01930
Tel: (339) 203-6498                                       Tel: (888) 887-1776
Email: rmorris@houser-law.com                  Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

Case No. 1:24-cv-00053-LEW

## CERTIFICATE OF SERVICE

I hereby certify that, on March 6, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris