UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:24-cv-00053-LEW |
| ) | |
| BREWER SCHOOL DEPARTMENT, et ) | |
| al, ) | |
| ) | |
| Defendants ) | |

**DEFENDANT MICHELLE MACDONALD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY TO RESPOND TO MACDONALD'S SUMMARY JUDGMENT MOTION**

Pursuant to F.R. Civ. P. 56(d), the Estate of Shawn McBreairty ("Estate") has asked the Court to permit it to conduct discovery in the above-referenced matter so that it can respond to Ms. MacDonald's Motion for Summary Judgment. There are two reasons, each sufficient in itself, why the Estate's motion must be denied.

1. **The Estate Failed to Pursue Discovery Diligently During the Discovery Period.**

To date, the Estate has initiated no discovery. It initiated no discovery in the three and one-half months after commencing this action, while Mr. McBreairty was living, and it initiated no discovery during the six weeks between the substitution of the Estate as Plaintiff and the close of discovery on October 21, 2024. Additional discovery to aid in the opposition of a motion for summary judgment is appropriate only if the party seeking discovery has "diligently pursued discovery." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001); *see also Jones v. Secord*, 684 F.3d 1, 6 (1st Cir. 2012) ("A party opposing summary judgment who wishes to invoke Rule 56(d) must act diligently . . ."). Having failed to pursue any discovery at all in the thirteen months since the above-

1

captioned action was initially filed, the Estate is not now entitled to resort to Rule 56(d), so its motion must be denied.

### 2. The Declaration Submitted by the Estate in Support of Its Motion Does Not Satisfy the Requirements of Rule 56(d).

Besides taking a diligent approach to discovery when it had the opportunity, a party opposing summary judgment that requests additional discovery under Rule 56(d) must:

> proffer to the trial court an affidavit or other authoritative submission that "(i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion." *Vélez v. Awning Windows, Inc.*, 375 F.3d 35, 40 (1st Cir. 2004).

*Jones*, 684 F.3d at 6. The Estate's proffer is the Declaration of its counsel, and it fails to explain adequately both why the Estate is currently unable to adduce the necessary facts, and how the facts it seeks to adduce would influence the outcome of the motion.

### a. The Estate's explanation for its failure to pursue discovery before now does not support a Rule 56(d) order permitting discovery.

Through its counsel, the Estate asserts that its priorities in litigating this matter, have been "attempting to substitute the Estate and effectuate a preliminary injunction . . . leaving no time to conduct discovery." (E.C.F. Doc. 97-1, PageID #900). It offers no other explanation or justification for its current inability to adduce facts it claims it needs to oppose Ms. MacDonald's motion.

The bare assertion that those two activities, securing an order substituting the Estate as Plaintiff and seeking a preliminary injunction, have been so all-consuming as to preclude any discovery by the Plaintiff in this case is not credible. A review of the docket

2

in this matter shows, as one example, that more than three weeks elapsed between the order granting the Estate's motion to substitute party (E.C.F. Doc. 58) and the Estate's renewed motion for preliminary injunction (E.C.F. Doc. 59), which was nearly identical to Mr. McBreairty's Motion for Temporary Restraining Order (E.C.F. Doc. 4) filed seven months earlier. As another example, for almost two months, between April 10, 2024, when this Court issued its order denying the Plaintiff's Emergency Motion for Injunctive Relief Pending Appeal (E.C.F. Doc. 41), and June 3, 2024, when the Plaintiff filed his Motion for Issuance of Scheduling Order (E.C.F. Doc. 47), the Plaintiff made no filings in this matter. In short, even if the Plaintiff was unable to pursue substitution and injunctive relief while simultaneously engaging in discovery, there were very obviously times after the commencement of this action and before the close of discovery when the Plaintiff was doing nothing that would have interfered with the initiation of discovery.

Having failed to explain adequately why it is unable now to adduce facts to oppose Ms. MacDonald's motion, the Estate cannot be permitted to take advantage of Rule 56(d) to engage in discovery, and its motion must be denied.

      **b. The Estate has failed to provide a plausible account of how any facts it might reasonably be expected to discover would influence the outcome of the pending summary judgment motion.**

No party to this action has ever alleged, or provided any evidence to suggest, that Defendant Michelle MacDonald holds any position with the Brewer School Department other than teacher. The Estate's claims in this case are all based on what it perceives as a threat by Brewer to take legal action against Shawn McBreairty, placing him in fear of the consequences of exercising his First Amendment right to speak freely. The argument on which Ms. MacDonald bases her summary judgment motion is that she cannot be a

3

legal cause of any of the harm the Estate claims Mr. McBreairty suffered, because she has never had any authority to act on behalf of the Brewer School Department. She can neither cause Brewer to file a lawsuit nor prevent Brewer from filing a lawsuit.

If Ms. MacDonald had been inclined to file a lawsuit against Mr. McBreairty, it could only have been in her individual capacity.[1] Nowhere in its Rule 56(d) submissions does the Estate say it is seeking information that would cause a reasonable person to suspect otherwise; instead, the Estate says what it is looking for is information that relates to "the express, implied, or apparent authority of [Attorney Melissa] Hewey and MacDonald's ratification of Hewey's actions." (E.C.F. Doc. 97-1, PageID #901). As a principal, however, Ms. MacDonald could not have cloaked an agent with any authority greater than what she herself had. *See, e.g.,* 18-C M.R.S. §5-931 (general authority to act on behalf of a principal means authority to do "all acts that a principal could do."). Thus, even if Attorney Hewey had been acting as Ms. MacDonald's agent, as well as Brewer's, that would not change the fact that Ms. MacDonald was without authority to take any relevant action as a state actor.

If Ms. MacDonald had sent an email directly to Mr. McBreairty demanding that he take down his posts or face legal action, she would not, in so doing, subject herself to potential liability under 42 U.S.C. §1983. *See Zambrana-Marrero v. Suarez-Cruz*, 172 F.3d 122, 125 (1st Cir. 1999) (42 U.S.C. §1983 "imposes liability only for conduct attributable to the state."); *Martinez v. Colon*, 54 F.3d 980, 986 (1st Cir. 1995) ("In

---

[1] The Complaint in this matter includes no allegation that Ms. MacDonald engaged in a conspiracy or joint activity with state actors to infringe Mr. McBreairty's rights. *Cf. Tauvar v. Bar Harbor Congregation of Jehovah's Witnesses, Inc.*, 633 F. Supp. 741, 747 (D. Me. 1985) (for private individual to be liable under 42 U.S.C. §1983, "plaintiff must plead in some detail, through reference to material facts, the relationship or nature of the cooperation between the state actors and the private individuals.").

general, section 1983 is not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved in that way but for the authority of his office."). If she had taken the same action through an agent (a proposition the evidence does not support), her legal status would be unchanged: she would still not have been a state actor, and she would still not be subject to liability under 42 U.S.C. §1983. This is true regardless of whether any such principal-agent relationship was actual or apparent, and it is true regardless of whether Ms. MacDonald ever "ratified" any action by Attorney Hewey.

"A court need not grant a Rule 56(d) continuance if discovery would be futile." *Ins. Co. v. Nat'l Fire & Marine Ins. Co.*, Case No. 2:11-CV-02033-PMP-RJJ, 2012 U.S. Dist. LEXIS 138044, *7 (D. Nev. Sept. 26, 1995) (*citing Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003)). In this case, even if there were further discovery, and even if evidence turned up in the course of that discovery to support the proposition that Attorney Hewey was acting, in part, on behalf of Ms. MacDonald in demanding that Mr. McBreairty remove his posts, that information would be of no legal consequence. For that reason, the Estate's Motion for Leave to Conduct Discovery must be denied.

| | |
|---|---|
| Dated: March 11, 2025 | /s/ James B. Haddow<br>James B. Haddow, Esq. – Maine Bar No. 3340<br>Scott D. Dolan, Esq. – Maine Bar No. 6334<br>Attorneys for Defendant Michelle MacDonald<br>PETRUCCELLI, MARTIN & HADDOW, LLP<br>Two Monument Sq., Suite 900<br>P.O. Box 17555<br>Portland, Maine 04112-8555<br>Telephone: (207) 775-0200<br>jhaddow@pmhlegal.com<br>sdolan@pmhlegal.com |

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, I filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all counsel of record through the CM/ECF system.

*/s/ James B. Haddow*
James B. Haddow, Esq. – Maine Bar No. 3340
Attorney for Defendant Michelle McDonald
PETRUCCELLI, MARTIN & HADDOW, LLP
2 Monument Square, Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
(207) 775-0200
jhaddow@pmhlegal.com