UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRTICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBrearty, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BREWER SCHOOL DEPARTMENT, et al., | ) ) ) |
| Defendants. | ) |

CASE NO. 1:24-cv-00053-LEW

**MEMORANDUM OF LAW OF DEFENDANTS BREWER SCHOOL DEPARTMENT, GREGG PALMER, AND BRENT SLOWIKOWSKI IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Maine legislature has codified certain protections for students and staff in public schools. For students, it has made findings that:

> All students have the right to attend public schools that are safe, secure and peaceful environments. The Legislature finds that bullying and cyberbullying have a negative effect on the school environment and student learning and well-being. These behaviors must be addressed to ensure student safety and an inclusive learning environment. Bullying may be motivated by a student's actual or perceived race; color; religion; national origin; ancestry or ethnicity; sexual orientation; socioeconomic status; age; physical, mental, emotional or learning disability; gender; gender identity and expression; physical appearance; weight; family status; or other distinguishing personal characteristics or may be based on association with another person identified with such a characteristic.

20-A M.R.S. § 6554(1). The law therefore requires that schools adopt policies prohibiting bullying, requires that schools take adequate steps to protect their students, *id.* at §§ 6554(5), and includes virtually identical requirements with respect to bullying of school employees. *Id.* at § 1001(22). The law similarly requires schools to adopt policies and address "injurious hazing," which is defined as "any action or situation, including harassing behavior, that recklessly or intentionally endangers the mental or physical health of any school personnel or a student

enrolled at an institution in this State . . ." 20-A M.R.S. § 6553. In compliance with these laws, the Brewer School Committee has adopted policies ACAD, ACAF and JICK.

On February 12, 2024, Shawn McBreairty published an article entitled "Girl's Bathrooms are Not 'Safe Spaces' When Males are Present" on a website. SMF ¶ 13, OSMF ¶ 13. Certain portions of his publication inappropriately targeted students, including a transgender student, and an employee of the School Department. As a result, the transgender student not to come to school and parents and students complained about students being pictured in a bathroom of the High School. OSMF ¶¶ 53,54. In furtherance of the School Department's obligation to protect employees and students from bullying, it therefore reached out to request that McBreairty remove only the constitutionally unprotected content from his post. OSMF ¶¶ 55, 56. This lawsuit followed.

## ARGUMENT

Plaintiff has only moved for summary judgment on the claim pled in Count III of the complaint requesting a declaration "that Brewer School Department Policies ACAD, ACAF, and/or JICK do not govern or restrict his publication of the Article, the letter, and/or any and all related matter." Complaint ¶ 101 (ECF Doc 1, PageID #: 15). This claim fails as a matter of law and Plaintiff's motion should be denied.

### I. This Court Lacks Jurisdiction to Enter the Requested Declaration Because There is No Actual Controversy

Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. Art. III § 2. The United States Supreme Court has stated repeatedly that "no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual

2

cases or controversies." *Simon v. E. Kentucky Welfare Rts. Org.,* 426 U.S. 26, 37 (1976); *Raines v. Byrd,* 521 U.S. 811, 818 (1997); *Spokeo, Inc. v. Robins,* 578 U.S. 330, 337 (2016).

This general principle applies with equal force to actions for declaratory judgment. *E.g. State of R.I. v. Narragansett Indian Tribe,* 19 F.3d 685, 692-693 (1st Cir. 1994) ("The linchpin of ripeness under the Declaratory Judgment Act, as in all Article III cases, is adverseness . . . satisfying the adverseness requirement demands that 'the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'") (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941)); *Lab. Rels. Div. of Constr. Indus. of Massachusetts, Inc. v. Healey,* 844 F.3d 318, 326 (1st Cir. 2016); *see also* Plaintiff's Motion at 7 (ECF Doc. 90, PageID #: 795 (quoting *Am. Cyanamid Co. v. Capuano,* 381 F.3d 6, 14 (1st Cir. 2004)) and acknowledging that there must be a sufficiently immediate and substantial controversy.) Furthermore, the party seeking jurisdiction has the burden to prove that the claim is ripe, *i.e.*, that the matter presents a case or controversy *Lab. Rels. Div. of Constr. Indus. of Massachusetts, Inc.*, 844 F.3d at 326.

Here, Plaintiff has not carried this burden because there is no justiciable controversy – in fact there is no controversy at all. Plaintiff claims the Brewer School Department cannot impose its policies on Plaintiff and the School Department agrees. Indeed, Plaintiff's statement of material fact acknowledges there is no dispute. *See* SMF ¶¶ 50, 51 (ECF Doc. 91, PageID #: 807). Whether by design or confusion, Plaintiff has consistently ignored the School Department's explanation that all it contends is that the policies *applied* to McBreairty only inasmuch as his harassment and bullying of students and staff gave rise to an obligation of the School Department to protect them, not that it could have enforced the policies *against* Mr.

3

McBreairty when he was alive.¹ *See e.g.*, *Transcript* (ECF Doc. 31, PageID #: 356-357) (The Court: . . . But what do you suppose the Brewer School Department would have by way of jurisdiction over Mr. McBreairty whatsoever in terms of imposing – I think you said they don't have – they can't impose the school policy – the board policies over Mr. McBreairty. True?" Ms. Hewey: That's exactly right. The Court: Okay. Ms. Hewey: . . . It's the Brewer School Department. He doesn't live in Brewer. He doesn't have kids in Brewer. He doesn't work in Brewer. That's all they have. They have no more power over Mr. McBreairty than Gavin Newsom does."); (*Id.*, PageID #: 348); ("Ms. Hewey: . . . The only thing we're talking about here is that when – when this was published and these very specific parts of the article – no one told him to remove the whole article. Just certain parts of the article that the Brewer School Department felt that it had the obligation to try to address with this outside person under these policies and under the state law that also requires that they protect students and teachers from bullying, harassment and hazing. So that's all we're talking about. This is not – nobody is trying to enforce those policies against him.") (*Id.,* PageID #: 356); ("Ms. Hewey: . . . [T]he plan language of the email says these – the inappropriate postings have the effect of bullying and hazing a student and a teacher in violation of the statutes. So what it's saying there is that that conduct constitutes bullying and hazing, thereby kicking in the school department's obligation to address it. That's all it's saying.")

---

¹ The only "fact" Plaintiff presents in support of her motion for partial summary judgment is a partial quotation from a brief written by counsel for the School Defendants in the course of representing a client not involved in this case. SMF ¶ 52. Putting aside that this is not a "fact" upon which Plaintiff could support a motion for summary judgment, when put in context, the quotation referenced by Plaintiff is entirely consistent with Brewer's position here, namely that the school there did not have the authority to enforce its policies against McBreairty and was thus left powerless to protect its employees.

Because there is no controversy between the parties on this issue, this Court has no jurisdiction to enter the declaratory judgment Plaintiff has requested and her motion for summary judgment should be denied and Count III should be dismissed.

## II.   The Request Is Moot Because McBreairty Has Passed Away

In a similar vein, "because Article III restricts [a federal court's] jurisdiction to "Cases" and "Controversies," U.S. Const. art. III § 2, "a suit becomes moot[ ] 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Harris v. Univ. of Massachusetts Lowell*, 43 F.4th 187, 191 (1st Cir. 2022), *quoting Chafin v. Chafin,* 568 U.S. 165, 172, (2013); *Lowe v. Mills*, 718 F. Supp. 3d 69, 78 (D. Me. 2024), *aff'd sub nom. Lowe v. Gagné-Holmes*, 126 F.4th 747 (1st Cir. 2025).

In this case, it is undisputed that Mr. McBreairty has passed away, *see* Suggest of Death, ECF Doc. 52, and therefore any request for a declaration as to the applicability of school policies to him is moot. Nor can Plaintiff keep this claim alive by claiming that Mr. McBreairty's estate has stepped into his shoes.  In the first place, Plaintiff's Statement of Material Facts does not so allege.  Furthermore, as a matter of law, Mrs. McBreairty's only role as executrix is to administer Mr. McBreairty's estate, not to carry on his business. *Goodwin v. C.N.J,* 436 F.3d 44, 48 (1st Cir. 2006). Plaintiff's request for a declaration as to the applicability of School Department Policies is therefore moot.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for partial summary judgment should be denied and Count III of the Claim should be dismissed.

Dated: March 13, 2025                     */s/ Melissa A. Hewey*
                                          Melissa A. Hewey
                                          Jeana M. McCormick

*Attorneys for Defendants*
*Brewer School Department, Gregg*
*Palmer, and Brent Slowikowski*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME  04101
(207) 772-1941
mhewey@dwmlaw.com
jmccormick@dwmlaw.com