**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| PATRTICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBrearty, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| BREWER SCHOOL DEPARTMENT, et al., | )   Case No.: 1:24-cv-00053-LEW<br>)<br>) |
| Defendants. | ) |

**SCHOOL DEFENDANTS' OPPOSING**
**STATEMENT OF MATERIAL FACTS**

Defendants Brewer School Department, Gregg Palmer and Brent Slowikowski hereby submit the following Opposing Statement of Material Facts. As provided in Local Rule 56(g), facts admitted herein are for the purposes of Plaintiff's Motion for Partial Summary Judgment only and shall not be deemed admitted for any other purpose.

1. Brewer School Department permits students to use the bathroom corresponding to their gender identity, rather than their biological sex. Verified Complaint, ¶ 10 (ECF Doc. 1, Page ID# 2).

   **ADMITTED.**

2. HW and CG are students at Brewer High. *See* Complaint at ¶ 11 (ECF Doc. 1, Page ID# 2); ECF No. 1-1, Declaration of HW ("HW Decl.") (ECF Doc. 1-1, Page ID# 18). Due to their ages, all students are referred to solely by their initials.

   **ADMITTED.**

3. HW and CG objected to this policy. *See* Complaint at ¶ 13 (ECF Doc. 1, Page ID# 3); HW Decl. at ¶ 8 (ECF Doc. 1-1, Page ID# 19).

**ADMITTED.**

4. HW and CG drafted a petition to try to convince Brewer High School and Defendant Principal Brent Slowikowski to change school policy to address their concerns. *See* Complaint at ¶ 17 (ECF Doc. 1, Page ID# 3); HW Decl. at ¶ 13 (ECF Doc. 1-1, Page ID# 20).

**ADMITTED.**

5. HW and CG distributed this petition to other students, and many students signed the petition. *See* Complaint at ¶ 18 (ECF Doc. 1, Page ID# 4); HW Decl. at ¶ 14 (ECF Doc. 1-1. PageID# 20).

**ADMITTED.**

6. Defendants led HW and CG to believe that they would be prosecuted for a "hate crime" or sued by the school, and disciplined by the school if they continued to circulate the petition. *See* Complaint at ¶ 31 (ECF Doc. 1, Page ID# 5); HW Decl. at ¶ 21 (ECF Doc. 1-1, Page ID# 21).

**ADMITTED.**

7. HW and CG immediately ceased promoting the petition. *See* Complaint at ¶ 34 (ECF Doc. 1, Page ID# 6); FIW Decl. at ¶ 23 (ECF Doc. 1-1, Page ID# 21).

**ADMITTED**.

8. Thereafter, HW and HW's father met with Superintendent Gregg Palmer and Brewer High School Principal Brent Slowikowski. Complaint at ¶ 36 (ECF Doc. 1, Page ID# 6); HW Decl. at ¶ 25 (ECF Doc. 1-1, Page ID# 21); ECF No. 1-2, Declaration of Phil Wells (hereinafter "PW Decl.") at ¶ 4 (ECF Doc. 1-2, Page ID# 27).

**ADMITTED.**

9. At the second meeting, Superintendent Palmer and Principal Slowikowski reiterated the Brewer School Department would not permit nor tolerate the petition being circulated.

Complaint at ¶ 38 (ECF Doc. 1, Page ID# 6); HW Decl. at ¶ 26 (ECF Doc. 1-1, Page ID# 21); PW Decl. at ¶ 6 (ECF Doc. 1-2, Page ID# 27).

**ADMITTED.**

10. Superintendent Palmer and Principal Slowikowski reiterated that there would be adverse action taken against HW, and HW's father believed that those threats were aimed at him as well. *See* Complaint at ¶ 39 (ECF Doc. 1, Page ID# 6); HW Decl. at ¶ 27 (ECF Doc. 1-1, Page ID# 21); PW Decl. at ¶ 7 (ECF Doc. 1-2, Page ID# 28).

**ADMITTED.**

11. Mr. McBreairty wrote about the incident. *See* Complaint at ¶ 43 (ECF Doc. 1, Page ID# 7); PW Decl. at ¶ 10 (ECF Doc. 1-2, Page ID# 28).

**ADMITTED.**

12. Shawn McBreairty was a journalist and an Educational Advocate who petitioned for change in education policy and law. Complaint at ¶ 9 (ECF Doc. 1, Page ID# 2).

**ADMITTED.**

13. After reviewing evidence, speaking to witnesses, and doing more than reasonable research, on February 12, 2024, Shawn published "Girl's Bathrooms are Not `Safe Spaces' When Males are Present" on the website *[your]EWS* (hereafter the "Article"). Complaint at ¶ 46 (ECF Doc. 1, Page ID# 7); ECF No. 1-3 (ECF Doc. 1-3, Page ID# 29).

**ADMITTED.**

14. In the Article, Shawn discussed his opinions about the underlying facts and concerns. Complaint at ¶ 49 (ECF Doc. 1, Page ID# 8).

**ADMITTED.**

15. Shawn reported on the students' petition that, over the course of three days, garnered hundreds of signatures. Complaint at ¶ 50 (ECF Doc. 1, Page ID# 8).

   **ADMITTED.**

16. Shawn reported how Brewer High School teacher Defendant Michelle MacDonald reacted negatively to the petition. Complaint at ¶ 51 (ECF Doc. 1, Page ID# 8).

   **ADMITTED.**

17. Specifically, Shawn reported that MacDonald threatened the students circulating the petition. He wrote about how Principal Brent Slowiskowki, precluded the students from circulating the petition. Complaint at ¶ 52 (ECF Doc. 1, Page ID# 8).

   **ADMITTED.**

18. Shawn described MacDonald by quoting this Court's description of her in *Macdonald v. Brewer Sch. Dep't,* 651 F. Supp. 3d 243, 252 (D. Me. Jan. 12, 2023). Complaint at ¶ 53 (ECF Doc. 1, Page ID# 8).

   **ADMITTED.**

19. Shawn described the facts of the *MacDonald* case as including MacDonald harassing students who did not agree with her viewpoints. Complaint at ¶ 54 (ECF Doc. 1, Page ID# 9).

   **ADMITTED.**

20. Shawn then reported on and reproduced a letter from Palmer and Slowikowski that was sent to Brewer School Department Families, Students, and Staff addressing "hate directed at members of our school committee," while acknowledging, at least on the surface, "competing viewpoints," and instructing recipients to "celebrate students" notwithstanding those competing viewpoints. Complaint at ¶ 55 (ECF Doc. 1, Page ID# 9).

   **ADMITTED.**

21. Shawn reported on the poor academic outcomes at Brewer High School, criticized the Defendants' law firm, and criticized the Brewer School Committee and its chair, Kevin Forest. Complaint at ¶ 56 (ECF Doc. 1, Page ID# 9).

**ADMITTED.**

22. Shawn provided his understanding of the holding in *Doe v. Reg '1 Sch. Unit 26,* 2014 ME 11 (Me. 2014). Shawn described Brewer School Department policies as being unsafe. Complaint at ¶ 58 (ECF Doc. 1, Page ID# 9).

**ADMITTED.**

23. Shawn encouraged the public to attend the February 12, 2024, Brewer School Committee meeting and provide public comment for the issues under consideration. Complaint at ¶ 59 (ECF Doc. 1, Page ID# 9).

**ADMITTED.**

24. His reporting was otherwise based on credible sourcing. ECF No. 23-1 at Ex. B (ECF Doc. 23-1, Page ID# 261); ECF No. 25-1 (ECF Doc. 25-1, Page ID# 298).

**ADMITTED.**

25. Reporting on high school students or teachers is not uncommon speech. For example, on July 15, 2023, the *Bangor Daily News* published *"Weeks in the Maine Woods are Brewer High School's Answer to Absenteeism". See* ECF No. 4-1 (ECF Doc. 4-1, Page ID# 73). Available online at https://www.bangordailynews.com/2023/07/15/bangor/brewer-high-school-woods-program-joam4OzkOw/ . *See also* ECF No. 4-2, Authenticating Declaration of Cassidy S. Flavin ("CSF Decl.") at ¶ 4 (ECF Doc. 4-2, Page ID# 82).

**ADMITTED.**

26. That article was laudatory of Brewer High School and Defendant Superintendent Palmer naming minor students and teachers, and showing pictures of them. Nobody minded being praised—and, no one minds that HD and MacDonald's child were publicly identified as an Honor Roll students. *See* BDN Community, "Hampden Academy quarter 2 honor roll", BANGOR DAILY NEWS (Feb. 21, 2024), at https://www.bangordailynews.com/2024/02/21/bdn-maine/hampden- academy-quarter-2-honor-roll-2/ (ECF Doc. 4-6, Page ID# 97; CSF Decl. at ¶ 8 (ECF Doc. 4-2, Page ID# 83); Shauna McGinnis, "Q2 Honor Roll 2024", BREWER HIGH SCHOOL NEWS (Feb. 2, 2024), at https://www.brewerhs.org/o/brewer-high-school/article/1441811 (ECF Doc. 4-7, Page ID# 101; CSF Decl. at 119 (ECF Doc. 4-2, Page ID# 84).

**ADMITTED.**

27. On February 13, 2024, Attorney Melissa Hewey, counsel for the defendants, acting on their behalf, at their behest, under their actual and/or apparent authority, threatened Shawn that, if he did not remove the Article from circulation by noon the next day, Defendants would be "forced to take further action" against him. Complaint at 1160 (ECF Doc. 1, Page ID# 10); ECF No. 1-5, (ECF Doc. 1-5, Page ID# 39).

**QUALIFIED.  Although Attorney Hewey is currently counsel of record for the School Defendants (but not MacDonald), neither Ms. MacDonald nor Mr. Slowikowski had any role in the email being sent.  Palmer Dec. ¶12, ECF Doc. 16-1, PageID #: 229.**

28. Specifically, Defendants claimed that the Article invaded HD's privacy, violated Brewer School Department policies ACAD, ACAF, and JICK, and caused HD and MacDonald severe distress under 20-A M.R.S. Section 6553 and 6554. Complaint at ¶ 62 (ECF Doc. 1, Page ID# 10).

6

**QUALIFIED.  The email stated that *portions* of the article invaded the privacy of minors and that the identified portions of the post "have the effect of bullying and hazing a student and a teacher."  ECF Doc. 1, Page ID#: 10.**

29. Specifically, Defendants claim the statements and photo are "an impermissible invasion of the privacy of minors and have the effect of bullying and hazing a student and a teacher at the Brewer High School in violation of Board Policies ACAD, ACAF and DICK and Maine law." ECF No. 1-5 (ECF Doc. 1-5, Page ID# 39).

**ADMITTED.**

30. Attorney Hewey asserts that "the school policies give the school department standing to bring a claim" against persons not associated with the schools. ECF No. 40-1 at 24:46 & 25:8-12 (ECF Doc. 40-1, Page ID# 467 & 468).

**OBJECTION.  Arguments of counsel are not evidence.  *E.g. U.S. v. Wihby*, 75 F.3d 761, 773 (1st Cir. 1996).  Further, the citation provided does not support the proposed fact.**

**ADMITTED.**

31. Shawn lawfully obtained the photograph of HD, but Defendants asserted that Shawn could not lawfully publish it. Complaint at ¶ 63 (ECF Doc. 1, Page ID# 10).

**ADMITTED.**

32. . Shawn reluctantly and fearfully removed the article from publication. Complaint at ¶ 66 (ECF Doc. 1, Page ID# 11); ECF No 23-1 at Ex. A (ECF Doc. 23-1, Page ID# 261).

**ADMITTED.**

33. He did it specifically because he was "threatened" as though Attorney Hewey, in "bullying" him, was a "stick up artist [who] put a gun in [his] face, told me to give them [his] wallet[.]" ECF No. 16-2 at 1 (ECF Doc. 16-2, Page ID# 231).

**OBJECTION. The record citation provided to support this proposed fact is an email from McBreairty and is therefore inadmissible hearsay.**

**DENIED. The email said only that the School Department would be forced to take further action, ECF Doc. 1, PageID #: 10. There was no reference to violence, weapons of any threat to take his wallet.** *Id.*

34. Depublishing the article for even a day causes an irrevocable deprivation of speech. Complaint at ¶ 67 (ECF Doc. 1, Page ID# 11).

**ADMITTED IN PART, that McBreairty earned money by his articles being circulate. DENIED IN PART, that McBreairy was deprived of First Amendment rights. Mr. McBreairty had no right to publish defamatory material or material that invaded the privacy of students in the restroom.** *See, generally* **School Defendants' Memorandum in Opposition to Motion for Temporary Restraining Order, ECF Doc. 16, PageID #:221-223.**

35. Even in the absence of any financial incentive, Shawn wished to have his views circulated, as a matter of participation in our democracy, and he suffered injuries that are non-pecuniary in nature, but are even more important than his pecuniary losses. Complaint at ¶ 69 (ECF Doc. 1, Page ID# 11).

**ADMITTED.**

36. Shawn desired to republish the Article and intended to do so upon obtaining a preliminary injunction and/or prevailing in this action. Complaint at ¶ 70 (ECF Doc. 1, Page ID# 11).

**ADMITTED.**

37. His estate continues to desire to republish the Article. PM Decl. at ¶ 5 (ECF Doc. 59-1, Page ID# 585). However, still the Defendants refuse to retract their threats.

**ADMITTED in part, that the Estate has articulated a desire to republish.**

**DENIED in part.** *See* **Order on Motion for Preliminary Injunction, ECF Doc. 74, PageID#: 660.**

38. In place of the Article, Shawn published a copy of Defendants' threat. Complaint at ¶ 71 (ECF Doc. 1, Page ID# 11).

**ADMITTED.**

39. That threat was from an agent of the government threatening formal legal action against Shawn. Complaint at ¶ 72 (ECF Doc. 1, Page ID# 11).

**DENIED.  The email did not reference legal action.  ECF Doc. 1, PageID #: 11.**

40. Publishing the threatening email itself was reporting on an issue by a public body on a matter of public concern. Complaint at ¶ 73 (ECF Doc. 1, Page ID# 11).

**DENIED. The content the School Department requested be taken down was defamatory and/or an invasion of privacy not entitled to First Amendment protection.**

41. On February 14, 2024, Defendants acknowledged the Article was removed, but newly demanded that the threatening email be removed because of the content they chose to identify and disclose. Complaint at ¶ 74 (ECF Doc. 1, Page ID# 11); ECF No. 1-6 (ECF Doc. 16, Page ID# 41).

**QUALIFIED.**

42. Shawn complied with this edict, but he intended to republish the demand letter upon obtaining a preliminary and/or permanent injunction in this matter. Complaint at ¶ 76 (ECF Doc. 1, Page ID# 12).

9

**ADMITTED.**

43. The Estate does as well. *See* PM Decl. at ¶ 6 (ECF Doc. 59-1, Page ID# 586).

**ADMITTED.**

44. Defendants' threats to enforce the policies are real; counsel for Defendants, Attorney Hewey, confirmed such on February 22, 2024. ECF Doc. 23-3, Page ID# 288.

**DENIED.  The citation provided does not support the fact alleged.**

45. Policy ACAD, the "Hazing" policy, which is enforced by Defendant Palmer on behalf of Defendants, restricts actions only by those who are part of the Brewer school system, not outside journalists like Shawn McBreairty. ECF Doc. 4-3, Page ID# 85, available at https://docs.google.com/document/d/lIoMtrBrOiuRXhbj eQf2wZ SVUlm-H7 sAzMY1KdxJq0-4/edit. *See also* ECF No. 4-2 at ¶ 5 (ECF Doc. 4-2, Page ID# 83).

**DENIED.  The eighth paragraph of the policy specifically related to "persons not associated with the Brewer School Department."  ECF Doc. 4-3, PageID #: 86.**

46. Policy ACAD expressly only prohibits "Injurious hazing activities of any type, either on or off school property, by any student, staff member, group or organization affiliated with the Brewer School Department[.]" (ECF Doc. 4-3, Page ID# 85).

**ADMITTED.**

47. Policy ACAF, the "Workplace Bullying" policy, also enforced by Defendant Palmer for Defendants, fares no better—by its terms, it regulates employees, students, parents, community members, and others involved in the school. (ECF Doc. 4-4, Page ID# 88, available at https://docs.google.com/document/d/lJHV73KUPXyYzITkxnC7N5uD4B jIxYjb0grMtBpGV2cY/edit). *See also* ECF No. 4-3 at ¶ 6 (ECF Doc. 4-3, Page ID# 86).

**ADMITTED.**

48. Per Policy ACAF, only "employees and students in the school unit, as well as parents, community members and others involved with the schools are prohibited from engaging in workplace bullying as defined in this policy." (ECF Doc. 4-4, Page ID# 88).

**ADMITTED.**

49. Policy JICK, the "Bullying" policy, again, enforced by Defendant Palmer for Defendants, regulates only students, employees, volunteers, contractors, visitors, and school-affiliated organizations. (ECF Doc. 4-5, Page ID# 92, available at

https://docs.google.com/document/d/lEMBuAyVph-cAhc2VNOU-xuAjR_gNFWO24Q917-61L1tUiedit). ECF No. 4-2 at ¶ 7 (ECF Doc. 4-2, Page ID# 7)

**ADMITTED.**

50. Per Policy ACAF, only "students", "Administrators, professional staff and all other employees", and "Volunteers, contractors and visitors" are expressly within the ambit of the policy. ECF No. 4-5 at 3 (ECF Doc. 4-5, Page ID# 93).

**ADMITTED.**

51. Counsel for Defendants admitted there was no jurisdiction to impose the policies over McBreairty. ECF No. 40-1 at 33:23-34:3 (ECF Doc. 40-1, Page ID#: 476 & 477).

**OBJECTION.  Argument of counsel is not evidence.  *E.g. U.S. v. Wihby,* 75 F.3d 761, 773 (1ˢᵗ Cir. 1996).**

**ADMITTED.**

52. Attorney Hewey asserts these policies apply to McBreairty and the Estate with a degree of religious certainty. Compare *Hermon School Dep't v. McBreairty,* Law Court Docket No. PEN-13-191 (Me. Filed Oct. 27, 2023) ("Mr. McBreairty falsely states that the School Department admitted that its Workplace Bullying Policy does not apply to him. In fact what the

11

School Department pled is not that the policy does not apply to McBreairty — it unquestionably does.") (Red Brief. at 25, internal citation omitted, emphasis added).

**OBJECTION. Argument of counsel (particularly in a different case on behalf of a different client) is not evidence.** *E.g. U.S. v. Wihby,* **75 F.3d 761, 773 (1st Cir. 1996). DENIED, IN PART. The citation does not support the allegation that any assertion made by Attorney Hewey was "made with religious certainty."**

### SCHOOL DEFENDANTS' ADDITIONAL FACTS (L.R. 56(C))

53. After McBreairty's post appeared on line and was the subject of discussion at the Brewer High School, HD stopped coming to school. Palmer Dec. ¶ 8.

54. Superintendent Palmer also heard complaints from the students and families of students photographed in the bathroom. Palmer Dec. ¶ 9.

55. As a result of the disruption and emotional distress that the post caused to students and a staff member, Brewer decided to try to get Mr. McBreairty to take the portions of the post that were defamatory or an invasion of privacy down. Palmer Dec. ¶ 11

56. Counsel therefore sent him the email requesting that those portions of the post be removed. Palmer Dec. ¶ 11.

Dated: March 13, 2025

> */s/ Melissa A. Hewey*
> Melissa A. Hewey
> Jeana M. McCormick
> *Attorneys for Defendants*
> *Brewer School Department, Gregg Palmer, and Brent Slowikowski*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME  04101

(207) 772-1941
mhewey@dwmlaw.com
jmccormick@dwmlaw.com