IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**OPPOSING STATEMENT OF MATERIAL FACTS** |

Pursuant to Local Rule 56(c), Plaintiff Patricia McBreairty, as personal representative of the Estate of Shawn McBreairty, submits her Opposing Statement of Material Facts in response to Defendants Brewer School Department, Gregg Palmer, and Brent Slowikowski's Statement of Material Facts (ECF No. 93) as follows:

**1.0.   Opposition to Defendants' Statement of Material Facts**

1.  On February 12, 2024, Shawn McBreairty published an article entitled "Girl's Bathrooms are Not 'Safe Spaces' When Males are Present" on the website [your]NEWS (the "Article"). Verified Compl. ¶¶ 46, 48 & Exhibit 3 (ECF Doc. 1).

    **Admitted.**

2.  After Mr. McBreairty's Article appeared online, HD stopped going to school. Declaration of Gregg Palmer ("Palmer Decl.") ¶ 8 (ECF Doc. 16-1).

    **Qualified**.  HD allegedly stopped going to school both after the Article and "was the subject of discussion. (ECF No. 16-1 at ¶ 8).  HD at some point resumed going to school and

graduated in the Spring of 2024. ECF No. 93-1 at ¶ 1. Whether the Article caused HD to miss any school is absent from the record and further discovery is required. The testimony of Palmer is, additionally, inadmissible hearsay to the extent it implies causation. Moreover, his testimony is subject to a credibility assessment, which is the province of the jury.

3. Superintendent Palmer also heard complaints from the students and families of the other students in the photograph Mr. McBreairty posted of the minor students in the girls' bathroom at the High School, who were upset about the violation of their children's privacy rights. Palmer Decl. ¶ 9 (ECF Doc. 16-1).

**Qualified**. Whether he heard complaints is subject to a credibility assessment, which is the province of the jury. As to whether they really were upset, such is inadmissible hearsay. The statement is vague—are the parents or the students upset? It is also an improper legal conclusion—no privacy rights were violated. Finally, it lacks credibility where picture itself (ECF No. 1-3) offers no indication that the students were concerned with the photograph being taken. Further discovery is required.

4. Mr. McBreairty's statement that the student had a documented history of sexual assault at Brewer is false. Palmer Decl. ¶ 6 (ECF Doc. 16-1).

**Denied**. HD has a documented history of sexual assault at Brewer. *See* ECF No. 23-1 at Ex. B. Further discovery is required.

5. Michelle MacDonald, a teacher at the High School, felt bullied by the statements Mr. McBreairty made about her child in the Article. Palmer Decl. ¶ 10 (ECF Doc. 16-1).

**Qualified**. Palmer's declaration is inadmissible hearsay. Moreover, his testimony is subject to a credibility assessment, which is the province of the jury. Further discovery is required.

6. Due to the disruption and emotional distress that the Article was causing students and a teacher, the Brewer School Department decided that it had to try to get Mr. McBreairty to take down the portions of the Article that were defamatory or invaded the privacy rights of students. Palmer Decl. ¶ 11 (ECF Doc. 16-1).

**Qualified**. Palmer's declaration is inadmissible hearsay as to alleged disruption and distress and the causation thereof. No portions of the article were defamatory or invaded anyone's privacy rights. Moreover, his testimony is subject to a credibility assessment, which is the province of the jury. Further discovery is required.

7. Neither Brent Slowikowski nor Michelle MacDonald had anything to do with the email being sent. Palmer Decl. ¶ 12 (ECF Doc. 16-1).

**Denied**. Slowikowski and MacDonald's actions were a but-for cause of the email being sent. *See, generally*, ECF No. 1. Moreover, Palmer's testimony is subject to a credibility assessment, which is the province of the jury. Further discovery is required.

8. On February 13, 2024, counsel for the Brewer School Department sent Mr. McBreairty an email. Verified Compl. ¶¶ 60-61 & Exhibit 5 (ECF Docs. 1 & 1-5).

**Admitted**.

9. The full text of the February 13, 2024 email stated:

Dear Mr. McBreairty,

I am writing on behalf of our client the Brewer School Department to demand that you remove certain content from your February 12, 2024, online post entitled "Girl's Bathrooms Are Not 'Safe Spaces' When Males are Present." If you are represented by counsel in this matter, please let me know and I will be glad to direct my correspondence to them.

Although we acknowledge that much of that post contains your opinions on matters of public concern and recognize your right to express them, there are certain portions that are not protected because they are either false or an impermissible invasion of the privacy of minors and have the effect of bullying and hazing a

student and a teacher at the Brewer High School in violation of Board Policies ACAD, ACAF and JICK and Maine law. In particular:

First, there is a picture of Brewer High School students in the restroom. As we understand it, this picture was taken without their consent, presumably in violation of 17-A M.R.S. Section 511.

Second, there are the following two statements concerning a Brewer High School student that identifies the student specifically:

[HD], aka "Jax" is a senior at Brewer High School. He goes by the pronouns they/them on Instagram and his profile name is "dumbjaxdawson." He's been allowed by the administration to continue to enter female spaces for the last three months. Even after students' concerns were reported. He once stated he was "too emo for this school," but now he is literally playing dress up, because the school policy allows it to continue and no one has the balls to stop it.

There have been various social media posts that "...he is alleged to have touched some female student(s)." Additional, yet unconfirmed reports state he is accused online of a "sexual assault" of a fellow student "in late 2021." There was another post stating "...in September (sic) of 2022 i (sic) was taken advantage of by [HD]." Sources state these are "different people" making these serious claims. Is the school aware of these claims? Some say they are.

Third, there is a statement concerning the minor child of one of our teachers:

MacDonald has a transgender child who attends a different school (Hampden Academy. She's a girl who pretends to be a boy on the male track team, usually coming in dead last).

All of the above are invasions of privacy of the students you have referred to and are causing the Brewer High School student and the Brewer High School staff member who is the parent of the other student you refer to severe distress within the meaning of Maine statute, 20-A M.R.S. Sections 6553 and 6554.

Please remove the referenced material by noon on February 14, 2024 and confirm to me that you have done so or we will be forced to take further action against you.

M

Verified Compl. Exhibit 5 (ECF Doc. 1-5).

> **Admitted**.

10. The Brewer School Department recognized that Mr. McBreairty was entitled to express his opinion about matters involving LGBTQ rights of students and, thus, only requested

that he remove the specific items outlined in Attorney Hewey's email. Palmer Decl. ¶ 13 (ECF Doc. 16-1).

**Denied**. The email demanded he "remove the referenced material" and the only "material" was the Article. (ECF No. 1-5). Hewey offered no qualification that Mr. McBreairty removed too much. (ECF No. 1-6). Further, it is contradictory to suggest that his rights were recognized while demanding removal of any statements. As to what Brewer "recognized", Palmer's testimony is subject to a credibility assessment, which is the province of the jury. Further discovery is required.

11. Mr. McBreairty removed the entire Article from the website [your]NEWS and published a copy of the School Department's counsel's email dated February 13, 2024. Verified Compl. ¶¶ 66, 71 (ECF Doc. 1).

**Admitted**.

12. On February 14, 2024, counsel for the School Department sent Mr. McBreairty a second email with the subject line "Brewer Follow-up." Verified Compl. ¶¶ 74-75 & Exhibit 6 (ECF Docs. 1 & 1-6). 13.

**Admitted**.

13. The full text of the February 14, 2024 email stated:

Dear Mr. McBreairty,

As an initial matter, I want to thank you for complying with our request to remove the image and certain content from your post in response to the email I sent you yesterday. I understand that instead, you posted a screenshot of the email I sent you. What you may not have been aware of is that my email quoted verbatim the inappropriate content so by posting the email on X, you have effectively re-posted the inappropriate content.

Please redact the information regarding the BHS student from your second picture and the information regarding the staff member's child on the third page. Thank you for your prompt attention to this demand.

Verified Compl. Exhibit 6 (ECF Doc. 6).

**Admitted**.

14. As of February 27, 2024, the photograph of the minor students in the girls' bathroom at Brewer High School was still published online and had been republished in different places, including on Mr. McBreairty's X account. Declaration of Austyn Carolin ("Carolin Decl.") ¶¶ 2-6 (ECF Doc. 16-3).

**Qualified**. It was no longer published as part of the Article as the Article had been removed.

15. On February 16, 2024, Mr. McBreairty appeared as a guest on the Stew Peters Show, and during his appearance, the photo of minor students in the girls' bathroom at Brewer High School was displayed, and was viewable online thereafter. Carolin Decl. ¶ 7 (ECF Doc. 16-3).

**Admitted**.

16. Mr. McBreairty passed away on June 3, 2024. Suggestion of Death as to Plaintiff Shawn McBreairty, (ECF Doc. 52).

**Admitted**.

17. HD and the other students pictured in the post no longer attend the Brewer High School. Supplemental Declaration of Gregg Palmer ("Palmer Supp. Decl.") ¶ 1, attached as Exhibit 1.

**Admitted**.

18. Brewer has no obligation to protect former students and does not intend to try to prevent anyone from posting the content it previously objected to. Palmer Supp. Decl. ¶¶ 2-4.

**Qualified**. Brewer never had an obligation to "protect" the students—and any insinuation to the contrary is an impermissible legal conclusion. Plaintiff lacks sufficient information as to Brewer's intent and further discovery is required.

**2.0.  Additional Facts**

    **a.  The Petition**

1. Brewer School Department permits students to use the bathroom corresponding to their gender identity, rather than their biological sex. Complaint at ¶ 10.

2. HW and CG are students at Brewer High.[1] *See* Complaint at ¶11; ECF No. 1-1, Declaration of HW ("HW Decl.").

3. HW and CG objected to this policy. *See* Complaint at ¶ 13; HW Decl. at ¶ 8.

4. HW and CG drafted a petition to try to convince Brewer High School and Defendant Principal Brent Slowikowski to change school policy to address their concerns. *See* Complaint at ¶ 17; HW Decl. at ¶ 13.

5. HW and CG distributed this petition to other students, and many students signed the petition. *See* Complaint at ¶ 18; HW Decl. at ¶ 14.

6. The Defendants led HW and CG to believe that they would be prosecuted for a "hate crime" or sued by the school, and they would be disciplined by the school if they continued to circulate the petition. *See* Complaint at ¶ 31; HW Decl. at ¶ 21.

7. HW and CG immediately ceased promoting the petition. *See* Complaint at ¶ 34; HW Decl. at ¶ 23.

8. Thereafter, HW and HW's father met with Superintendent Gregg Palmer and Brewer High School Principal Brent Slowikowski. Complaint at ¶ 36; HW Decl. at ¶ 25; ECF No. 1-2, Declaration of Phil Wells (hereinafter "PW Decl.") at ¶ 4.

9. At the second meeting, Superintendent Palmer and Principal Slowikowski reiterated the Brewer School Department would not permit nor tolerate the petition being

---

[1] Due to their ages, all students are referred to solely by their initials.

circulated. Complaint at ¶ 38; HW Decl. at ¶ 26; PW Decl. at ¶ 6.

10. Superintendent Palmer and Principal Slowikowski reiterated that there would be adverse action taken against HW, and HW's father believed that those threats were aimed at him as well. *See* Complaint at ¶ 39; HW Decl. at ¶ 27; Decl. at ¶ 7.

11. Mr. McBreairty wrote about the incident. *See* Complaint at ¶ 43; PW Decl. at ¶ 10.

### b. The Article

12. Shawn McBreairty was a journalist and an Educational Advocate who petitioned for change in education policy and law. Complaint at ¶ 9.

13. After reviewing evidence, speaking to witnesses, and doing more than reasonable research, on February 12, 2024, Shawn published "Girl's Bathrooms are Not 'Safe Spaces' When Males are Present" on the website *[your]NEWS* (hereafter the "Article"). Complaint at ¶ 46; ECF No. 1-3.

14. In the Article, Shawn discussed his opinions about the underlying facts and concerns. Complaint at ¶ 49.

15. Shawn reported on the students' petition that, over the course of three days, garnered hundreds of signatures. Complaint at ¶ 50.

16. Shawn reported how Brewer High School teacher Defendant Michelle MacDonald reacted negatively to the petition. Complaint at ¶ 51.

17. Specifically, Shawn reported that MacDonald threatened the students circulating the petition. He wrote about how Principal Brent Slowiskowki, precluded the students from circulating the petition. Complaint at ¶ 52.

18. Shawn described MacDonald by quoting this Court's description of her in *Macdonald v. Brewer Sch. Dep't*, 651 F. Supp. 3d 243, 252 (D. Me. Jan. 12, 2023). Complaint at

¶ 53.

19. Shawn described the facts of the *MacDonald* case as including MacDonald harassing students who did not agree with her viewpoints. Complaint at ¶ 54.

20. Shawn then reported on and reproduced a letter from Palmer and Slowikowski that was sent to Brewer School Department Families, Students, and Staff addressing "hate directed at members of our school committee," while acknowledging, at least on the surface, "competing viewpoints," and instructing recipients to "celebrate students" notwithstanding those competing viewpoints. Complaint at ¶ 55.

21. Shawn reported on the poor academic outcomes at Brewer High School, criticized the Defendants' law firm, and criticized the Brewer School Committee and its chair, Kevin Forest. Complaint at ¶ 56.

22. Shawn provided his understanding of the holding in *Doe v. Reg'l Sch. Unit 26*, 2014 ME 11 (Me. 2014). Shawn described Brewer School Department policies as being unsafe. Complaint at ¶ 58.

23. Shawn encouraged the public to attend the February 12, 2024, Brewer School Committee meeting and provide public comment for the issues under consideration. Complaint at ¶ 59.

   c. **Brewer's Demands**

24. On February 13, 2024, counsel for the defendants, Melissa Hewey of Drummond Woodsum, acting on their behalf, at their behest, under their actual and/or apparent authority, threatened Shawn that, if he did not remove the Article from circulation by noon the next day, Defendants would be "forced to take further action" against him. Complaint at ¶ 60; ECF No. 1-5.

25. Specifically, Defendants claimed that the Article invaded HD's privacy, violated Brewer School Department policies ACAD, ACAF, and JICK, and caused HD and MacDonald severe distress under 20-A M.R.S. Section 6553 and 6554. Complaint at ¶ 62.

26. Shawn lawfully obtained the photograph of HD, but Defendants asserted that Shawn could not lawfully publish it, claiming that he violated 17-A M.R.S. Section 511. Complaint at ¶ 63.

27. While it may seem absurd to fear a threat of using Brewer School Department policies ACAD, ACAF, and JICK, against him, McBreairty's fear was not in a vacuum. Previously, Attorney Hewey and Drummond Woodsum had filed a complaint against McBreairty seeking sanctions against him for violating identical policies in the Hermon school district. (ECF No. 23-1).

28. The lower court had denied an Anti-SLAPP motion on those claims, and the Maine Supreme Court dismissed his appeal as moot when he perished. *Hermon School Dept. v. McBreairty,* Docket No. PENSC-CIV-2022-00056 (Penobscot Sup. Ct. May 16, 2023); *Hermon School Dept. v. Estate of Shawn McBreairty*, Docket No. Pen-23-191 (Me. Jan. 14, 2025).

29. 17-A M.R.S. Section 511 is a criminal statute. Shawn reluctantly and fearfully removed the article from publication. Complaint at ¶ 66.

30. Depublishing the article for even a day caused an irrevocable deprivation of speech. Complaint at ¶ 67.

31. Shawn desired to republish the Article and intended to do so upon obtaining the requested injunction and/or prevailing in this action. Complaint at ¶ 70.

32. His estate continues to desire to republish the Article. PM Decl. at ¶ 5. However, still the Defendants refused to retract their threats at any point when McBreairty was alive.

33. In place of the Article, Shawn published a copy of Defendants' threat. Complaint at ¶ 71.

34. That threat was from an agent of the government threatening formal legal action against Shawn. Complaint at ¶ 72.

35. Publishing the threatening email itself was reporting on an issue by a public body on a matter of public concern. Complaint at ¶ 73.

36. On February 14, 2024, Defendants acknowledged the Article was removed, but newly demanded that the threatening email be removed because of the content they chose to identify and disclose. Complaint at ¶ 74; ECF No. 1-6.

37. Shawn complied with this edict, but he intended to republish the demand letter upon prevailing in this matter. Complaint at ¶ 76.

38. The Estate does as well. *See* PM Decl. at ¶ 6. Defendants' threats to enforce the policies are real; counsel for Defendants, Attorney Hewey, confirmed such on February 22, 2024. *See* ECF No. 23-3.

39. Shawn McBreairty suffered emotional distress on account of Defendants' unconstitutional acts. ECF No. 1 at ¶ 95.

Dated: March 13, 2025.     Respectfully Submitted,

/s/ Robert J. Morris
Robert J. Morris, II (ME Bar No. 010402)
HOUSER, LLP
400 TradeCenter, Suite 5900
Woburn, MA 01801
Tel: (339) 203-6498
Email: rmorris@houser-law.com

Marc J. Randazza (*pro hac vice*)
　*Lead Counsel*
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

Case No. 1:24-cv-00053-LEW

## CERTIFICATE OF SERVICE

I hereby certify that, on March 13, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris

RANDAZZA | LEGAL GROUP