UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as Personal Representative of the Estate of Shawn McBreairty, <br><br> Plaintiff, <br><br> v. <br><br> BREWER SCHOOL DEPARTMENT, GREGG PALMER, BRENT SLOWIKOWSKI, and MICHELLE MACDONALD, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) No. 1:24-cv-00053-LEW ) ) ) ) ) ) ) |

**ORDER ON RECOMMENDED DECISION**

The matter is before the Court on Plaintiff's Objection (ECF No. 89) to Magistrate Judge John Nivison's Order on Motion to Continue Procedural Order and Reset Scheduling Order (ECF No. 86). At issue is Plaintiff's nonattendance to the Court's now expired discovery schedule.

Following the referral of a nondispositive pretrial matter to a magistrate judge for ruling, the district court judge may set aside the resulting ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72. Generally speaking, a magistrate judge's factual findings are reviewed for clear error and rulings on issues of law are subject to *de novo* review. 28 U.S.C. § 636(b)(1)(A); *see also In re HIPAA Subpoena*, 961 F.3d 59, 64 (1st Cir. 2020); *Morgan v. Ocean Warrior Fisheries, LLC*, 537 F. Supp. 3d 30, 33 (D. Me.

2021).  Factors associated with the evaluation of discretion-heavy matters are generally reviewed against an "abuse of discretion" standard.  *Morgan*, 537 F. Supp. 3d at 33.

Shawn McBreairty filed this civil action in February 2024.  After initial proceedings on a motion seeking a temporary restraining order and a related appeal, Shawn McBreairty died.  McBreairty's death occurred on June 3, 2024.  That very day, he had filed a motion requesting the issuance of a scheduling order, and the following day, the day after McBreairty's death, the Court entered its initial Scheduling Order (ECF No. 49).  Among other deadlines, the Scheduling Order set the deadline for discovery to October 21, 2024.

The Court was not advised of McBreairty's death until July 2, 2024, by a Suggestion of Death (ECF No. 52) that plaintiff's counsel purported to file on behalf of their deceased client.  The Court did not strike the filing although it could have because there was no client on whose behalf or at whose direction counsel could file the suggestion of death.  Instead, the Court immediately ordered that 90 days would be allowed for a motion for substitution of parties.

Patricia McBreairty, Mr. McBreairty's widow and Personal Representative of his Estate, filed her motion to substitute on August 15, 2024.  I granted the motion on September 6, 2024 (ECF No. 58).  As of September, the scheduling order afforded another five weeks for discovery.  On September 30, 2024, Patricia McBreairty renewed the motion for preliminary injunction (ECF No. 59).  The parties used the month of October to brief the preliminary injunction motion and, with input from the parties, the Court established a hearing date of December 4, 2024.

Meanwhile, on October 28, 2024, all of the parties filed notices of their intent to file summary judgment motions (ECF No. 66–68), meeting the deadline for such filings established in the Scheduling Order. When counsel observed that deadline, they should have also recognized that the deadline for discovery had expired.

On December 4, 2024, I held the hearing on the motion for preliminary injunction. In the lead up to the hearing and days before the expiration of the discovery deadline, on October 18, 2024, Patricia McBreairty, in her reply memo, was dismissive of the suggestion that she might want to present evidence at the hearing in order to secure the desired injunction. Reply in Support of Updated Motion for a Preliminary Injunction (ECF No. 63). Even as late as the hearing date, no party had suggested a need or desire to extend the discovery deadline or conduct discovery.

On January 10, 2025, I issued my Order on Motion for Preliminary Injunction (ECF No. 74), denying the motion. Upon learning of the denial of the motion, Plaintiff now seeks to extend the discovery deadline, then expired by roughly three months. Cynically, it appears that Plaintiff presumed she would prevail on her preliminary injunction motion and that, with the victory, she would be able to secure a favorable settlement. Only after being denied an injunction has she reevaluated her position.

On January 16, 2025, Plaintiff filed a Motion to Continue Procedural Order (ECF No. 76) in which she argues that the Scheduling Order had never "self-effectuated" because of Shawn McBreairty's death. Shawn McBreairty's death preceded the meet and confer deadline established in the Scheduling Order and Patricia McBreairty's substitution postdated the deadline for objecting to the Scheduling Order, so Plaintiff argues that the

3

Scheduling Order was null and void.  She advises that in the event Defendants move for summary judgment, she will in any event request discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.  Defendants oppose Plaintiff's request to reset the clock on discovery.

 I referred the matter of belatedly amending the schedule to United States Magistrate Judge John Nivison.  On February 6, 2025, Judge Nivison denied the motion.  In his Order on Motion to Continue Procedural Order and Reset the Scheduling Order (ECF No. 86), Judge Nivison applied the "excusable neglect" standard of Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure.  That standard applies because Plaintiff filed the Motion three months after expiration of the discovery deadline.  Judge Nivison rejected the notion that the Scheduling Order was a nullity, observing that it governed in the absence of an objection from a party.  I see no clear error in this conclusion.  And assuming the determination involves a matter of law, I agree that the Court's management of its schedule in a case is not negated by the death or substitution of a party.  Moreover, I concur in the assessment that, "[i]f Plaintiff's counsel believed that Mr. McBreairty's passing or other circumstances prevented counsel from conferring with opposing counsel or from filing an objection to the Scheduling Order, counsel could have raised the issue with and requested appropriate relief from the Court." Order at 5. Judge Nivison also correctly observed that Patricia McBreairty was substituted as Plaintiff with ample time remaining to attend to such matters.  Instead of pursuing discovery, she pursued preliminary injunctive relief and filed notice of her intent to seek summary judgment, all without a mention of a need for discovery or evidence other than the exhibits attached to the pleadings.  On this record

4

there is no sound basis to overturn Judge Nivison's Order because there is no evidence of excusable neglect on Plaintiff's part.

For the foregoing reasons, Plaintiff's Objection (ECF No. 89) is OVERRRULED and the Order on Motion to Continue Procedural Order and Reset the Scheduling Order (ECF No. 86) is AFFIRMED AND ADOPTED.

SO ORDERED.

Dated this 18th day of March, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge