IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>    Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>    Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY TO RESPOND TO MACDONALD'S SUMMARY JUDGMENT MOTION** |

Nothing in Defendant MacDonald's opposition to Plaintiff's Rule 56(d) motion (ECF No. 100) warrants denial of that motion. Contrary to her assertion, there was no proper opportunity for Plaintiff take discovery.

First, MacDonald claims that Rule 56(d) relief is only proper if the movant has acted diligently. Plaintiff has, in fact, been seeking to commence discovery prior to the filing of the summary judgment motion. As a matter of law, Rule 26 precluded such as neither a discovery conference nor order permitting discovery had occurred—the Court's scheduling order is a legal nullity due to the death of Mr. McBreairty. Once the Court indicated it was going to move forward toward summary judgment rather than the beginning of discovery, the Estate has acted to seek proper deadlines and an opportunity to take discovery.

Second, MacDonald argues that the Declaration of Attorney Randazza in support of the motion is insufficient, but her argument is merely conclusory and seems to have been filed with no other purpose than trying to delay or raise the costs here. Plaintiff's opposition to MacDonald's

statement of facts outlines where discovery is needed and each of these is identified in Attorney Randazza's declaration. The subject matter for discovery is properly set out and would potentially influence the outcome of MacDonald's summary judgment motion.

Third, while MacDonald recounts the history of the case, she offers no proper argument why, as a matter of law, discovery could have occurred in this case where the scheduling order was void and no discovery conference had occurred.

Fourth, MacDonald argues that there is no possible discovery that could alter the outcome of this case. However, all of her assertions are based on her untested and insufficient declaration and there can be no automatic assumption that her statements are credible. Further discovery would potentially undermine her claims as to whether Attorney Hewey was acting on her behalf and/or for her benefit when Hewey threatened Shawn McBreairty. Notably, as Hewey's actions for Brewer were state actions, the simultaneous action for MacDonald necessarily was. And it would certainly shore up the fact that MacDonald has ratified Hewey's actions.

MacDonald raises the "state actor" issue for the first time in her opposition here—it is not an issue she raised on summary judgment and it should not properly be considered. However, Plaintiff notes that MacDonald's liability is similar to the individual defendants in the *Berge* case where the First Circuit noted that the letter threatening action exposed them to liability under Section 1983. *Berge v. Sch. Comm. of Gloucester*, 107 F.4th 33 (1st Cir. 2024). Just as *Berge* appellees Ben Lummis, Roberta Eason, and Stephanie DeLisi were exposed to liability on account of a single letter sent on their behalf threatening action if protected speech was not removed, MacDonald is liable for Hewey's unconstitutional threats.

In light of the foregoing, the Court should grant Plaintiff's Motion for Leave to Conduct Discovery (ECF No. 97).

Dated: March 19, 2025.

/s/ Robert J. Morris
Robert J. Morris, II (ME Bar No. 010402)
HOUSER, LLP
400 TradeCenter, Suite 5900
Woburn, MA 01801
Tel: (339) 203-6498
Email: rmorris@houser-law.com

Respectfully Submitted,

Marc J. Randazza (*pro hac vice*)
 *Lead Counsel*
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

*Attorneys for Plaintiff,
Patricia McBreairty*

Case No. 1:24-cv-00053-LEW

## CERTIFICATE OF SERVICE

I hereby certify that, on March 19, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris  
Robert J. Morris

RANDAZZA | LEGAL GROUP