UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRTICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBrearty, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BREWER SCHOOL DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) |

CASE NO. 1:24-cv-00053-LEW

**OPPOSITION OF DEFENDANTS BREWER SCHOOL DEPARTMENT, GREGG PALMER, AND BRENT SLOWIKOWSKI TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY TO RESPOND TO SUMMARY JUDGMENT MOTION**

Defendants Brewer School Department, Gregg Palmer, and Brent Slowikowski (collectively, the "School Defendants") oppose Plaintiff Patricia McBreairty's Motion for Leave to Conduct Discovery to Respond to the School Defendants' Motion for Summary Judgment. As set forth in more detail below, Plaintiff cannot satisfy the criteria necessary for leave under Federal Rule of Civil Procedure 56(d) because she did not diligently pursue discovery during the discovery period, which is itself fatal to her motion. Additionally, the declaration submitted in support of Plaintiff's motion does not establish good cause for Plaintiff's failure to conduct discovery, or a plausible basis that the desired discovery probably exists, or how the belated discovery would suffice to defeat the pending summary judgment motion. Accordingly, the Court should deny Plaintiff's motion.

**I.    Procedural History**

This case has been pending since February 22, 2024, yet the first time Plaintiff ever indicated a need for discovery was on January 16, 2025, after the Court denied Plaintiff's

updated motion for a preliminary injunction, and nearly three months after the discovery deadline had expired. More specifically, the Court held initial proceedings on Plaintiff's motion seeking a temporary restraining order and preliminary injunction, and related appeal, in March and April 2024. Thereafter, the School Defendants filed their answer on May 20, 2024. Shawn McBreairty, the original Plaintiff in this case, died on June 3, 2024. That same day, Mr. McBreairty filed a motion for issuance of a scheduling order.

The next day, on June 4, 2024, the Court entered its Scheduling Order. Pursuant to the Scheduling Order, the deadline for objecting to it was June 24, 2024, the discovery deadline was October 21, 2024, and the deadline to file a notice of intent to file for summary judgment was October 28, 2024. No party filed an objection to the Scheduling Order. Accordingly, per Local Rule 16.2(e), the Scheduling Order became "the Scheduling Order of the Court as required by Fed. R. Civ. P. 16(b)." In accordance with the Scheduling Order, on June 25, 2024, Defendant MacDonald served her initial disclosures on all parties, and on July 1, 2024, the School Defendants served their initial disclosures on all parties.

On July 2, 2024, Plaintiff's counsel filed a Suggestion of Death. On August 15, 2024, Patricia McBreairty, as Personal Representative of Mr. McBreairty's estate, filed her motion to substitute. The Court granted the motion on September 6, 2024.

Plaintiff updated the previously denied motion for a preliminary injunction on September 30, 2024, and the parties briefed the motion in October 2024. As this Court noted in its Order on Recommended Decision, ECF Doc. 106, PageID #: 991, "[i]n the lead up to the hearing and days before the expiration of the discovery deadline, on October 18, 2024, Patricia McBreairty, in her reply memo, was dismissive of the suggestion that she might want to present evidence at the

hearing in order to secure the desired injunction." (citing Reply in Support of Updated Motion for a Preliminary Injunction, ECF Doc. 63).

In accordance with the Scheduling Order, on October 28, 2024, all of the parties filed notices of their intent to file motions for summary judgment.

On December 4, 2024, the Court held a hearing on Plaintiff's updated motion for a preliminary injunction. "Even as late as the hearing date, no party had suggested a need or desire to extend the discovery deadline or conduct discovery." Order on Recommended Decision, ECF Doc. 106, PageID #: 991. On January 10, 2025, this Court issued its Order on Motion for Preliminary Injunction, denying Ms. McBreairty's motion. (ECF Doc. 74). Also on January 10, 2025, the Court issued a Procedural Order instructing the parties to file their summary judgment pre-conference filings no later than January 17, 2025.

On January 16, 2025, Plaintiff filed a Motion to Continue Procedural Order. (ECF Doc. 76). The School Defendants filed an opposition to that motion on January 17, 2025, as did Defendant MacDonald. Also on January 17, 2025, all parties filed their summary judgment pre-conference filings.

On February 6, 2025, Magistrate Judge Nivison denied Plaintiff's Motion to Continue Procedural Order. (ECF Doc. 86). Plaintiff filed an objection to the Magistrate Judge's Order on February 19, 2025. This Court affirmed the Magistrate Judge's Order and Recommended Decision on March 18, 2025.

On February 20, 2025, the School Defendants filed their motion for summary judgment. On March 13, 2024, Plaintiff filed an opposition and the instant motion for leave to conduct discovery.

## II. Argument

### A. Legal Standard

Federal Rule of Civil Procedure 56(d)[1] provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The First Circuit has explained that "[a] litigant who seeks to invoke the rule must act with due diligence to show that his predicament fits within its confines." *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007). To do so, the litigant's affidavit or declaration must show "(i) good cause for his inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion." *Id.* (citing *Vélez v. Awning Windows, Inc.,* 375 F.3d 35, 40 (1st Cir. 2004); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 988 (1st Cir. 1988)).

However, "there is a caveat: the rule 'is not designed to give relief to those who sleep upon their rights.'" *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 29 (1st Cir. 2013) (quoting *Rivera–Torres,* 502 F.3d at 10). Thus, "[i]t follows that 'a party seeking to derive the benefit of [this rule] must demonstrate due diligence both in conducting

---

[1] The Federal Rules of Civil Procedure were amended, such that former Rule 56(f) is now Rule 56(d). "To avoid any confusion, we note that, notwithstanding the renumbering of the Rules, our earlier cases under former Rule 56(f) remain good law vis-à-vis current Rule 56(d)." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 28 (1st Cir. 2013) (citing *Nieves–Romero v. United States,* 715 F.3d 375, 381 n. 3 (1st Cir.2013); Fed. R. Civ. P. 56 advisory committee's note).

discovery before the emergence of the summary judgment motion and in pursuing an extension of time once the motion has surfaced.'" *Id.* (quoting *Rivera–Torres,* 502 F.3d at 11).

### B. Plaintiff Cannot Show Diligence in Conducting Discovery Before the Summary Judgment Motion

Plaintiff slept upon her rights by choosing not to conduct any discovery whatsoever in this case and, therefore, is not entitled to leave to conduct belated discovery to oppose the School Defendants' motion for summary judgment. *See, e.g.*, *Rivera-Almodovar*, 730 F.3d at 29. Plaintiff does not even attempt to argue that she was diligent in conducting discovery before the School Defendants' motion for summary judgment. Instead, in the supporting declaration, Attorney Randazza states that after Mr. McBreairty's death, "[t]he priority, thereafter, was attempting to substitute the estate and effectuate a preliminary injunction in the face of the defendants' threats, leaving no time to conduct discovery." (ECF Doc. 103-1, PageID #: 954.) This does not pass the straight face test.

Plaintiff's counsel filed a suggestion of death on July 2, 2024. Ms. McBreairty, as personal representative, filed a motion to substitute on August 15, 2024. No objections were filed, and the Court granted the motion to substitute on September 6, 2024. Then, on September 30, 2024, Plaintiff filed an "Updated Motion for a Preliminary Injunction or, In the Alternative, An Injunction Pending Appeal" that was nearly identical to previously filed motions. The motion was fully briefed by October 18, 2024. In her instant motion, Plaintiff asserts that she could serve written discovery requests within one week and complete depositions within 30 days of the production of documents. If Plaintiff can do that now, there is absolutely no reason why she could not have served written discovery and noticed depositions prior to the discovery deadline of October 21, 2024.

In *Rivera-Almodovar*, the First Circuit found that "the plaintiff slumbered through discovery and never seasonably availed herself of the discovery-enforcement tools that were at her disposal" *Id.* at 29. Worse than the plaintiff in *Rivera-Almodovar* who served discovery requests but failed to follow up on them, Plaintiff in this case did not send a single document request, interrogatory, or request for admission during the discovery period and never even raised the need for discovery until three months after the discovery deadline expired. If it is true that a requestor "cannot simply ask for discovery and then forget about it", *Rivera-Almodovar*, 730 F.3d at 27, then it must also be true that a plaintiff cannot fail to ask for discovery and then get relief under Rule 56(d). *Id.* at 29 ("Although a district court should generally apply Rule 56(d) liberally, the court need not employ the rule to spare litigants from their own lack of diligence.") (quoting *Paterson-Leitch Co.*, 840 F.2d at 989).

Plaintiff had the ability to conduct discovery; she just did not do it. Consequently, her motion must fail. *Vargas-Ruiz v. Golden Arch Dev., Inc.*, 368 F.3d 1, 5 (1st Cir. 2004) ("The plaintiff had available to him a full complement of discovery devices. Yet he apparently chose not to use these devices in a timely fashion … This lassitude is fatal to his argument on appeal."); *Hebert v. Wicklund,* 744 F.2d 218, 222 (1st Cir.1984) ("Although a district court should generally apply Rule 56(f) liberally, the court need not employ the rule to spare litigants from their own lack of diligence.").

### C. Plaintiff Cannot Meet her Burden to Show Good Cause, a Plausible Basis that the Discovery Exists, or that the Discovery Would Defeat Summary Judgment

#### i. There is no good cause for Plaintiff's failure to conduct discovery.

Plaintiff has not, and cannot, articulate any good cause for failing to conduct any discovery whatsoever in this case. "To make use of Rule 56(d), a party 'must demonstrate good cause for failure to have conducted the discovery earlier.'" *Rivera-Almodovar*, 730 F.3d at 29

(quoting *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 988 (1st Cir. 1988)). Indeed, "[w]hen a party has had a full and fair opportunity to obtain relevant facts earlier in a case and has forgone that opportunity, there will seldom be good cause to grant the party's request for additional discovery through the medium of Rule 56(d)." *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 726 (1st Cir. 2022).

As referenced above, the only reason articulated in the declaration submitted in support of Plaintiff's motion for Plaintiff's failure to conduct discovery is that "[t]he priority, thereafter, was attempting to substitute the estate and effectuate a preliminary injunction in the face of the defendants' threats, leaving no time to conduct discovery." (ECF Doc. 103-1, PageID #: 954.) This is incorrect. There was time for Plaintiff to conduct discovery, which she now says she can do in short order. Even if Plaintiff did not have enough time to complete discovery, she certainly had enough time to serve written discovery and notice depositions and request an enlargement of the discovery deadline. Accordingly, Plaintiff's excuse that the priority was elsewhere and, thus, left no time does not meet her burden to show a real "inability to have discovered or marshalled the necessary facts earlier in the proceedings". Rivera-Torres, 502 F.3d at 10.

Rather than providing a legitimate explanation as to why Plaintiff failed to undertake any discovery whatsoever, Plaintiff continues to pound the table with an erroneous, and twice rejected, legal argument that the Scheduling Order was no longer in effect. *See, e.g.*, Motion (ECF Doc. 103, PageID #: 948-949; ECF Doc. 103-1). This Court has issued two Orders rejecting that argument. (ECF Doc. 86, PageID #: 726 ("The parties' failure to confer did not invalidate the Scheduling Order. The Scheduling Order is clear: in the absence of an objection, the order governs."); ECF Doc. 106, PageID #: 992 ("Judge Nivison reject the notion that the Scheduling Order was a nullity, observing that it governed in the absence of an objection from a

party. I see no clear error in this conclusion. And assuming the determination involves a matter of law, I agree that the Court's management of its schedule in a case is not negated by the death or substitution of a party." Thus, it is the law of this case that the Scheduling Order was valid and in effect. *See, e.g.*, *Negron-Almeda v. Santiago*, 579 F.3d 45, 50–51 (1st Cir. 2009) ("Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" (quoting *United States v. Wallace,* 573 F.3d 82, 87–88 (1st Cir. 2009)). Moreover, Plaintiff's own conduct filing her notice of intent to file summary judgment on October 28, 2024 in accordance with the Scheduling Order, belies her position that she did not believe the Scheduling Order was in effect.

Finally, it has not gone unnoticed by this Court that Plaintiff decided she needed discovery only after the Court denied her motion for preliminary injunction. (ECF Doc. 106, PageID #: 991) ("Upon learning of the denial of the motion, Plaintiff now seeks to extend the discovery deadline, then expired by roughly three months."). Rolling the dice is not good cause. This Court denied her belated attempt to enlarge the discovery deadline, and should not permit her to use Rule 56(d) as a backdoor way to get discovery that she was fully able to get prior to this stage of the litigation.

        ii.    **Plaintiff's request for discovery is speculative and futile.**

Plaintiff has also failed to meet her burden of showing a plausible basis for believing that additional facts probably exist and that they would suffice to defeat the School Defendants' motion for summary judgment. *Rivera-Torres*, 502 F.3d at 10. "[A] petitioning party must offer the trial court more than optimistic surmise. He must give the court reason to believe that undiscovered facts exist and that those facts, if obtained, would help defeat the pending motion." *Vargas-Ruiz v. Golden Arch Dev., Inc.*, 368 F.3d 1, 4 (1st Cir. 2004).

Here, Plaintiff offers nothing more than wishful thinking to support her contention that undiscovered facts exist. In her motion, Plaintiff asserts that "Plaintiff cannot effectively admit or deny the following statements in Defendants' Statement of Material Facts (ECF No. 93): 2, 3, 4, 5, 6, 7, 10 & 18." (ECF Doc. 103, PageID #: 949). Nothing, of course, has prevented Plaintiff from obtaining information from third parties and Plaintiff has known that Facts 2, 3, 4, 5, 6, 7, and 10 were a part of Brewer's case for more than a year.[2] Additionally, fact 10 is supported by the email that was sent from the School Department and speaks for itself. That Plaintiff does not like these statements, or that Plaintiff questions the credibility of these statements, does not establish "a plausible basis for believing that additional facts probably exist…." *Rivera-Torres*, 502 F.3d at 10. *See also id.* ("Speculative conclusions, unanchored in facts, are not sufficient to ground a Rule 56(f) motion."); *Paterson–Leitch,* 840 F.2d at 989 ("cryptic allusions [that] fail[ ] to set out any basis for believing that some discoverable material facts ... exist" are "entirely insufficient to extract the balm of Rule 56(f)").

### III. Conclusion

Because Plaintiff has failed to meet the standard set forth in Rule 56(d) of the Federal rules of Civil Procedure, her Motion for Leave to Conduct Discovery to Respond to the School Defendants' Motion for Summary Judgment should be denied.

Dated: March 21, 2025

/s/ Melissa A. Hewey
Melissa A. Hewey
Jeana M. McCormick
*Attorneys for Defendants*
*Brewer School Department, Gregg Palmer, and Brent Slowikowski*

---

[2] .Defendants' Statement of Material Facts 2, 3, 4, 5, 6, 7, 10 are all set forth in Superintendent Palmer's declaration dated March 1, 2024, and filed with this Court on that same date. (ECF Doc. 16-1).

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME  04101
(207) 772-1941
mhewey@dwmlaw.com
jmccormick@dwmlaw.com