IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT DISCOVERY TO RESPOND TO BREWER'S SUMMARY JUDGMENT MOTION** |

The Court should ignore the misstatements in the Opposition of Defendants Brewer School Department, Gregg Palmer, and Brent Slowikowski ("Defendants") (ECF No. 100) and grant Plaintiff's Rule 56(d) motion (ECF No. 103) relative to Defendants' summary judgment motion (ECF No. 92).

The Court now has an opportunity to correct its errors in its Order of March 18, 2025 (ECF No. 106). For one, although the Court says there is no "clear error" in Judge Nivison's rejection of the argument that the Scheduling Order was a nullity, the Court offers no explanation of how such comports with *Pendleton v. Russell,* 144 U.S. 640, 645 (1892), which establishes that this action abated at Mr. McBreairty's death (until the estate was substituted). Similarly, the Court suggests that undersigned counsel could have objected to the Scheduling Order (Order at 4), which is inconsistent with the Court's recognition two pages prior (Order at 2) that "there was no client on whose behalf or at whose direction counsel could file[.]" While discovery under Rule 56(d) is not as broad as full discovery, a significant amount of discovery is, nevertheless, appropriate.

Defendants argue that the "law of the case" precludes the Court from reversing itself; this is incorrect. The law of the case doctrine "bars a party from resurrecting issues that either were, or could have been, decided on an earlier appeal." *United States v. Matthews*, 643 F.3d 9, 12-13 (1st Cir. 2011). The Court's March 18 order has not been the subject of an appeal and is inapt. "A district court has the inherent power to reconsider its interlocutory orders . . . ." *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 61 n.2 (1st Cir. 2008) (internal quotation marks omitted); *see also Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994) ("Interlocutory orders… remain open to trial court reconsideration, and do not constitute the law of the case."). Thus, the Court should take this opportunity to reverse the Order of March 18, 2025, in whole or in part, to allow the discovery sought.

Plaintiff has not "slept upon her rights." It is patently false that January 16, 2025, was the "first time Plaintiff ever indicated a need for discovery[.]" On April 16, 2024, undersigned counsel corresponded with Attorney Hewey that formal discovery would be needed. *See* **Exhibit 1**. This was reiterated again on May 23, 2024. *See* **Exhibit 2**. However, as previously set forth, the death of Mr. McBreairty altered the direction of the litigation, with substitution and procuring the preliminary injunction being paramount. This was not a decision, as Defendants mischaracterize it, to only seek discovery after denial of the preliminary injunction motion.

While it is accurate that Plaintiff did not, upon being substituted, specifically address the deadlines of the Scheduling Order, such should not have been necessary—Plaintiff could not have anticipated that the Court would determine that an order entered after the death of Mr. McBreairty and before substitution would be deemed operative. Thus, in, what was believed to be the absence of any operative discovery deadline, the focus, as noted, was on obtaining the preliminary injunction. Unlike the cases cited by Defendants, Plaintiff did not simply "forget about" discovery;

Plaintiff was unaware that there was an operative discovery deadline. Thus, good cause exists to grant the motion.

As to the specific facts, Defendants do not dispute Plaintiff's inability to effectively admit or deny the facts in statements 2, 3, 5, 6, 7, 10 & 18. They assert that Plaintiff could have obtained information as to all but 18 previously, but that is merely a rehashing of the good cause argument, not the substantive issue. As to statement 10, while the email does speak for itself and belies Defendants' characterization of it, what Brewer "recognized" and the extent to which they understood his First Amendment freedom (what they wrongly call an "entitle[ment]") is not evident from the email and otherwise requires assessment of Defendant Palmer's credibility, necessitating discovery. These are not mere "cryptic allusions" as in *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 989 (1st Cir. 1988), where the party vaguely gestured at the need for discovery or asserted that "information could be obtained" *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 12 (1st Cir. 2007), but rather Plaintiff has pointed to the specific purported facts asserted by Defendants that require further exposition and testing.

In light of the foregoing, the Court should afford Plaintiff the opportunity to take the discovery necessary to fully respond to Defendants' summary judgment motion.

Dated: March 26, 2025.   Respectfully Submitted,

/s/ Robert J. Morris
Robert J. Morris, II (ME Bar No. 010402)
HOUSER, LLP
400 TradeCenter, Suite 5900
Woburn, MA 01801
Tel: (339) 203-6498
Email: rmorris@houser-law.com

Marc J. Randazza (*pro hac vice*)
   *Lead Counsel*
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

Case No. 1:24-cv-00053-LEW

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 26, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris<br>Robert J. Morris

RANDAZZA | LEGAL GROUP