UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRICIA MCBREAIRTY, as Personal Representative of the Estate of Shawn McBreairty, | )<br>)<br>)<br>) | |
| Plaintiff | )<br>) | |
| v. | )<br>) | No. 1:24-cv-00053-LEW |
| BREWER SCHOOL DEPARTMENT, GREGG PALMER, BRENT SLOWIKOWSKI, and MICHELLE MACDONALD, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants | ) | |

### ORDER ON MOTION FOR SUMMARY JUDGMENT AND <u>MOTION FOR RULE 56(d) DISCOVERY</u>

The matter is before the Court on Defendant Michelle MacDonald's Motion for Summary Judgment (ECF No. 87) and Plaintiff Patricia McBreairty's Motion for Leave to Conduct Rule 56(d) Discovery (ECF No. 97).

In this action, Patricia McBreairty claims that the Defendants violated her late husband's First Amendment rights by threatening litigation in response to an article he authored and posted concerning a transgender student's access to the girls' bathroom at Brewer High School and the Defendants' involvement in matters related to transgender student rights. Through her Motion for Summary Judgment, Michelle MacDonald, a teacher at Brewer High School, denies that the threat was made at her direction such that she could be liable for causing the alleged constitutional injury.

## BACKGROUND

The following narrative is based on the parties' Local Rule 56 statements of material facts and the record cited in support of their statements. The narrative also relates some uncontested facts established in the pleadings and key exhibits. The narrative states the facts in the light most favorable to Patricia McBreairty, Personal Representative of the Estate of Shawn McBreairty (hereafter, "the Estate").

The Estate's claims are based on two email communications from Attorney Melissa Hewey to Shawn McBreairty, one dated February 13, 2024, and the other dated February 14, 2024. In the first email, Attorney Hewey, a partner at the Drummond Woodsum law firm, demanded that McBreairty take down certain content included in an article he posted on February 12, 2024, on a site called "[your]NEWS." Attorney Hewey wrote that she was communicating "on behalf of our client, the Brewer School Department." Feb. 13, 2024 Email (ECF Doc. 1-5, PageID# 40). She warned that if Mr. McBreairty did not take down the objected to portions of his article, the School Department would be "forced to take further action" against him. *Id.* Among the objected to portions was content targeting Ms. MacDonald's child, who did not attend Brewer High School. Attorney Hewey stated that the content was causing MacDonald and her child "severe distress." *Id.*

Shawn McBreairty complied with the request because he was then party to a suit[1] filed by Attorney Hewey on behalf of another school district and he interpreted the threat of further action as a threat of litigation if he did not comply. However, Shawn McBreairty

---

[1] *Hermon School Department v. McBreairty*, Docket No. CV-2022-00056 (Penobscot Sup. Ct., filed May 3, 2022).

then posted Attorney Hewey's first email on a social media account. Because the email described some of the objected to content, Attorney Hewey emailed Shawn McBreairty on February 14 to demand that he redact those portions. Feb. 14, 2024 Email (ECF No. 1-6, PageID# 41). Shawn McBreairty complied, and then filed this civil action.

Michelle MacDonald is a teacher at Brewer High School. She and her school-aged child were criticized in McBreairty's Article and post alongside the Department, its superintendent, and its high school principal. More specifically, McBreairty portrayed MacDonald as a teacher who harasses students who do not agree with her opinions about the rights of transgender students and he mocked the athletic capabilities of MacDonald's child.

There is no evidence of record that Ms. MacDonald ever communicated a threat of litigation or demanded of Mr. McBreairty that he take down any content he posted online. Ms. MacDonald has never at any time been represented by Attorney Hewey or any other lawyer associated with the Drummond Woodsum law firm. She has, however, been on the opposing side in litigation against the School Department, in which Hewey represented the School Department. *See MacDonald v. Brewer Sch. Dep*., 651 F. Supp. 3d 243 (D. Me. 2023).

As a member of the Brewer High School faculty, Ms. MacDonald has never believed nor understood that she had the authority to engage counsel on behalf of the School Department or to direct the School Department's counsel in any way (including but not limited to counsel's communication with third parties or counsel's commencement and prosecution of litigation on behalf of the School Department). Ms. MacDonald denies ever

3

directing Attorney Hewey or any other lawyer from the Drummond Woodsum firm regarding any communication that occurred between Attorney Hewey and Mr. McBreairty.

In opposition to the preceding facts concerning Ms. MacDonald, the Estate questions MacDonald's credibility, supposing that self-serving declarations should simply be disregarded for purposes of summary judgment. That is not a valid supposition. In fact, a party's self-serving affidavit or declaration is competent evidence to support or overcome a summary judgment motion, provided that it relates relevant information based on personal knowledge. *Velazquez-Garcia v. Horizon Lines Of Puerto Rico, Inc.*, 473 F.3d 11, 18 (1st Cir. 2007). It is up to the Estate to present its own evidence that MacDonald's testimony should not be credited. The Estate does not have that evidence, but it asserts that there may be discoverable facts that would show that MacDonald gave Attorney Hewey authority to speak on her behalf or that MacDonald somehow ratified Hewey's relevant conduct after the fact.

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that has the potential to determine the outcome of the litigation. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Oahn Nguyen Chung v. StudentCity.com*, *Inc.*, 854 F.3d 97, 101 (1st Cir. 2017). To raise a genuine issue of material fact, the party opposing the summary judgment motion must demonstrate that the record contains evidence that would permit the finder of fact to resolve the material

issues in her favor. *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999).

> Pursuant to Rule 56 of the Federal Rules of Civil Procedure:
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "[T]he rule's core purpose [is] to 'protect[ ] a litigant who justifiably needs additional time to respond in an effective manner to a summary judgment motion.'" *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 724 (1st Cir. 2022) (quoting *Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc.*, 730 F.3d 23, 29 (1st Cir. 2013)). "[T]he crucial inquiry under Rule 56(d) is whether the movant has had a full and fair opportunity to conduct discovery needed to mount an effective opposition to a summary judgment motion." *Id.* "[D]iscovery under the aegis of Rule 56(d) need not be authorized wholesale but, rather, may be tailored to the circumstances at hand." *Id.* The movant seeking discovery is required to explain its present inability to produce the evidence needed for its opposition, provide a plausible basis to believe that the evidence can be assembled within a reasonable time, and articulate how the anticipated evidence would inform the court's analysis of the pending summary judgment motion. *Id.* at 725. But "[w]hen a party has had a full and fair opportunity to obtain relevant facts earlier in a case and has forgone that opportunity, there will seldom be good cause to grant the party's request for additional discovery through the medium of Rule 56(d)." *Id.* at 726.

In its Complaint, the Estate attributes to every defendant, and not just the School Department, responsibility for Attorney Hewey's threatening demand emails. Compl. (ECF No. 1) ¶ 60. The Estate alleges that the threat was state action in violation of Shawn McBreairty's free speech rights protected by the First Amendment of the United States Constitution and Article I of the Maine Constitution. It asserts its claims pursuant to 42 U.S.C. § 1983 (Count I) and 5 M.R.S. § 4682 (Count II). The Estate also requests a declaratory judgment as to the inapplicability of certain school policies in relation to Shawn McBreairty's private publishing activity (Count III).

Through her Motion for Summary Judgment, Ms. MacDonald disputes the allegation that Attorney Hewey acted as her agent or counsel and argues that the record will not permit such a finding. In its Response, the Estate argues that agency principles would permit a jury to find the requisite authorization running from Ms. MacDonald to Attorney Hewey or that Ms. MacDonald ratified the threat by remaining silent. In its Motion for Rule 56(d) Discovery, the Estate requests leave to conduct discovery targeted to the existence of an agency relationship in which Ms. MacDonald was the principal and Attorney Hewey the agent.

In my review of Ms. MacDonald's Motion for Summary Judgment and the Estate's Motion for Discovery, I begin with an assessment of whether the record, as it currently exists, generates a genuine issue capable of overcoming MacDonald's assertion that the record will not support a finding that MacDonald caused or ratified the harm generated by Attorney Hewey's emails.

The crux of the case consists in Attorney Hewey's initial email that threatened Shawn McBreairty with further action. Attorney Hewey informed Shawn McBreairty that she wrote "on behalf of our client the Brewer School Department." Feb. 23, 2024 Email. Nothing in her follow-up email could reasonably be interpreted as changing that representation. Furthermore, there is no evidence of record that would cause a reasonable person in Shawn McBreairty's position to infer that Ms. MacDonald had retained Attorney Hewey to act on her behalf; only that Attorney Hewey indicated that a portion of the Article's content had harmed MacDonald by disparaging her child and she had requested that that portion be taken down.

"Agency . . . results from the manifestation of consent by one person to another that the other shall act on his behalf *and subject to his control*, and consent by the other so to act." *Desfosses v. Notis*, 333 A.2d 83, 86 (Me. 1975) (emphasis added). On this record, there is nothing to support a finding that Attorney Hewey, counsel for the School Department, was subject to Ms. MacDonald's control. The fact that MacDonald was a beneficiary of Hewey's emails is not a sufficient basis, standing alone, to make MacDonald liable as an undisclosed principal actor.

The Estate insists that if the Court allowed targeted discovery, it could demonstrate that Attorney Hewey had "express, implied, or apparent authority" to threaten Shawn McBreairty on MacDonald's behalf, or that MacDonald subsequently ratified Hewey's threat by failing to disavow it. Mot. for Discovery at 3; *see also* Response to Mot. for Summary J. (ECF No. 98) at 6-8. I fail to see how this proposed discovery would bear fruit.

As I explained in the recent Order on Motion for Preliminary Injunction (ECF No. 74), as a teacher Ms. MacDonald lacks the authority to direct the conduct of the School Department, let alone its counsel. For example, MacDonald did not have the capacity to instruct counsel to refrain from doing something that the School Department directed. Nor is there cause to infer that MacDonald might ratify an act that counsel carried out on behalf of the School Department, since MacDonald herself was merely an agent of the School Department lacking the authority to either repudiate or ratify its decision in regard to how best to communicate with Mr. McBreairty. Moreover, the record does not disclose any act by MacDonald that can fairly be regarded as an outward manifestation of assent to join in the threat contained in Attorney Hewey's communications, effectively ruling out any finding of ratification. *See*, *generally*, Restatement (Third) of Agency §§ 3.04, 4.01(2), 4.03 cmt. b, 4.04. Finally, for apparent authority to be relevant Ms. MacDonald (not Attorney Hewey) would have needed to provide Shawn McBreairty with some cause to believe that Hewey was MacDonald's agent. *Gniadek v. Camp Sunshine at Sebago Lake, Inc.*, 11 A.3d 308, 316-317 (Me. 2011). There is no evidence in the record that would support that finding and discovery is not needed to reveal it because it is, by definition, something that Shawn McBreairty would have needed to be aware of in order for Attorney Hewey's alleged authority to be apparent to him.

For these varied reasons, I deny the Motion for Rule 56(d) Discovery. In terms of the Rule 56(d) factors, the Estate has not demonstrated that the proposed discovery "would influence the outcome of the pending summary judgment motion." *Emigrant Residential*, 37 F.4th at 725. Moreover, I do not see good cause on this record for Rule 56(d) discovery

since the Estate neglected to conduct discovery during the scheduled discovery period. *See* Order (ECF No. 106) on the Estate's Objection (ECF No. 89) to Magistrate Judge Nivison's Order on Motion to Continue Procedural Order and Reset Scheduling Order (ECF No. 86).

## CONCLUSION

For the foregoing reasons, Michelle MacDonald's Motion for Summary Judgment (ECF No. 87) is GRANTED and the Estate's Motion for Rule 56(d) Discovery (ECF No. 97) is DENIED.

SO ORDERED.

Dated this 6th day of May, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge