UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRTICIA MCBREAIRTY, as Personal Representative of the Estate of Shawn McBrearty,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>BREWER SCHOOL DEPARTMENT, et al.,  )<br>)<br>Defendants.  )<br>)<br>)<br>)<br>) | CASE NO. 1:24-cv-00053-LEW |

### PRETRIAL MEMORANDUM OF DEFENDANTS
### BREWER SCHOOL DEPARTMENT AND GREGG PALMER

Pursuant to D. Me. L.R. 16.5(b), Defendants Brewer School Department and Gregg Palmer submit the following pretrial memorandum.

**I.     BRIEF FACTUAL STATEMENT**

On February 12, 2024, Shawn McBreairty, a self-styled advocate for changes in education policy and law, published a lengthy blog post on the internet criticizing Brewer School Department administrators for "pushing this trans-nonsense on minor children," asserting that Gender and Sexuality Alliances "are indeed 'like a religion,' but more like a cult," accusing Superintendent Palmer of being a "sexual narcissist," and characterizing Brewer as being "pathetic." He exhorted parents to "[p]ull your kids now . . . as your local schools are being run by trans-stripper, groomer-clowns performing in female blackface," concluding that "[u]ntil these school boards fear the will of parents with sane kids more than they fear parents of insane kids, this crap will continue." In addition to sharing his views on these and other issues, he included a picture of four children in the girls' bathroom at Brewer High School, two defamatory comments about a particular student he calls HD in his complaint, and a mean-spirited statement

making fun of the child of a Brewer High School teacher who attended school in a different district.

After McBreairty's post, word of it spread through Brewer High School. HD was so upset that they stopped going to school. The parents of the three other students depicted in the photograph taken in the girls' bathroom also complained to Superintendent Palmer about pictures of their children in the bathroom at the high school being posted on the internet. Finally, Michelle MacDonald, whose child was humiliated in the post, expressed her own distress from McBreairty's statement about her child.

Because of the significant negative effect the post had on both students and a staff member, including interfering with the student's ability to attend school, Brewer, through counsel, asked McBreairty to remove only very specific material within the post. The email specifically acknowledged his right to express his opinions and never asked him to remove his post in its entirety. It requested only that he remove the picture of students in the bathroom, the two defamatory statements about HD, and the comment about MacDonald's child "pretend[ing] to be a boy" and lacking athletic prowess. Brewer never asked McBreairty to remove any of his statements criticizing the School, its policies, or his lengthy berating and mocking of Superintendent Palmer. The email concluded by requesting that McBreairty "[p]lease remove the referenced material" by the following day "or we will be forced to take further action against you."

In response to the email, McBreairty, who by then had a significant history of suing school districts, removed the entire post and substituted a copy of Brewer's email identifying the specific portions that Brewer was requesting be removed. Because the email quoted the specific portions, Brewer pointed out that by posting the email he was simply republishing the same

2

statements and, therefore, asked him to remove the email. McBreairty responded with anger but complied with the request. He continued, however, to ensure that the photograph of students in the bathroom and the defamatory comments about HD were publicized, including appearing on a podcast featuring both.

## II.     CONTROVERTED POINTS OF LAW

To prevail on the First Amendment Retaliation claim at trial, Plaintiff must prove that: (1) the specific portions of McBreairty's post that Defendants asked him to remove were protected; (2) Brewer's statement, through counsel, "or we will be forced to take further action against you" was meaningfully adverse (i.e., it would chill or deter a reasonably hardy person from engaging in continued speech activity); and (3) McBreairty's protected activity was a substantial or motivating factor in the Defendants' conduct. Defendants expect that the controverted issues primarily relate to the first two elements.

First, whether the specific portions of McBreairty's speech are protected depends on whether the speech was defamatory, false light and/or an invasion of privacy, or otherwise harmful. *See, e.g.*, *Childs v. Ballou*, 2016 ME 142, ¶ 15, 148 A.3d 291; *Nelson v. Maine Times*, 373 A.2d 1221, 1224 (Me. 1977); *Levesque v. Doocy*, 557 F. Supp. 2d 157, 160 (D. Me. 2008), *aff'd,* 560 F.3d 82 (1st Cir. 2009). At trial, Plaintiff has the burden of proving that the specific speech was protected. To the extent that Plaintiff has any admissible evidence to support that position, Defendants will introduce rebuttal evidence showing that the statements about HD were false and defamatory, the statements and photograph portrayed the students in a false light and/or invaded their privacy, and that the content was harmful to the students and staff member.

Second, while the Court explained that "the finder of fact could readily conclude that counsel's email would deter a reasonably hardy person who shared the same past experience and

3

perspective as McBreairty from continuing to publish the content in question," ECF Doc. 117, PageID #: 1087, it remains Plaintiff's burden at trial to prove that a threat was made and that a reasonable person in McBreairty's shoes would have been chilled or deterred, and that McBreairty was in fact chilled or deterred. Defendants anticipate that there will be a question as a matter of law as to whether Plaintiff can meet his ultimate burden on those elements.

Additionally, Defendants anticipate controverted issues regarding damages. Given that Plaintiff never disclosed his alleged damages as required under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), any damages must be limited to nominal damages. Nevertheless, to the extent that Plaintiff intends to claim actual or compensatory damages, including that McBreairty committed suicide because of the "threat" made in this case, Defendants intend to move *in limine* to exclude all evidence related to such alleged damages and McBreairty's suicide, including any eleventh-hour claim attempting to link his suicide to Defendants' actions in this case.

Defendants reserve the right to file additional motions in limine in accordance with the schedule issued by the Court after the pretrial conference.

### III. PROPOSED STIPULATIONS

None at this time.

### IV. POTENTIAL WITNESSES

1. Gregg Palmer, Superintendent, Brewer School Department, 261 Central Street, Brewer, Maine.
2. Brent Slowikowski, Principal, Brewer High School, 79 Parkway S, Brewer, Maine.

Defendants reserve the right to add witnesses in accordance with the schedule issued by this Court after the pretrial conference.

## V. PROPOSED CASE-SPECIFIC JUROR QUESTIONNAIRE

Because of the politically sensitive nature of the allegations and evidence in this case, Defendants propose the use of a written questionnaire exploring potential jurors' experiences, opinions, and beliefs on LGTBQ+ issues, including transgender issues.

## VI. PROPOSED TRIAL EXHIBITS

1. McBreairty's post
2. Emails from counsel to McBreairty regarding post
3. McBreairty's responses, including emails, online posts, and media appearances

Defendants reserve the right to add exhibits in accordance with the schedule issued by this Court after the pretrial conference.

Dated: May 21, 2025                         */s/ Jeana M. McCormick*
                                            Jeana M. McCormick
                                            Kasia S. Park
                                            *Attorney for Defendants*
                                            *Brewer School Department and Gregg Palmer*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME  04101
(207) 772-1941
kpark@dwmlaw.com
jmccormick@dwmlaw.com