IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>        Plaintiff,<br><br>      v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>        Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**MOTION FOR ORDER REGARDING TRIAL EVIDENCE** |

On May 21, 2025, Plaintiff filed her Final Pretrial Memorandum (ECF No. 128) in which she identified the witnesses and exhibits for trial. During preparation, Plaintiff's counsel observed that since Shawn McBreairty passed away before the issuance of the scheduling order and the Estate was not substituted as plaintiff until months after the expiration of the initial disclosure deadline, formal initial disclosures had not been served. Thus, in the interest of completeness, Plaintiff served formal initial disclosures that same day.

Counsel for Defendants Palmer and Brewer School Department responded the following day, stating they were untimely. *See* Exhibit 1. Yet, they did nothing about it. Approximately six weeks later, on July 8, counsel for Plaintiff inquired as to whether Defendants intended to raise timeliness as an issue, and Defendants responded the same day that they intend to obstruct on this issue at a later date. *Id.* Yet, they still did nothing about it.

The parties are preparing for trial and obtaining a last-minute determination as to the scope

of the trial is in no one's interest.  Thus, Plaintiff seeks an order clarifying that the timing of the initial disclosures is not, of itself, a bar to the introduction of the identified witnesses and exhibits.

## MEMORANDUM OF POINTS AND AUTHORITIES

This case was filed on February 22, 2024 (ECF No. 1).  Shawn McBreiarty died on June 3, 2024 (ECF No. 52).  The following day, a scheduling order issued setting July 1, 2024 as the deadline for initial disclosures.[1]  (ECF No. 49).  The Estate was not substituted as plaintiff until September 6, 2024 (ECF No. 58).  As a technical matter, thus, neither plaintiff had the ability to serve timely initial disclosures.  And at no time did Defendants move to compel production of initial disclosures.

The Court is well aware of the multiple substantive motions for injunctive relief and summary judgment before it.  All of the exhibits Plaintiff identified for introduction have been on the docket for month, with the last exhibit of a substantive nature having been filed on September 30, 2024 (ECF No. 59-1),[2] before the close of discovery set forth in the scheduling order. Relative to the summary judgment motions, the bulk of the exhibits appear as identified in the Estimated Record (ECF Nos. 83, 84 & 85).

At no time did Defendants object to the use of any exhibit for summary judgment purposes or mention that absence of initial disclosures.  Defendants opposed reopening discovery generally (ECF Nos. 77 & 94) and for summary judgment purposes (ECF No. 110).

Preclusion "is not a strictly mechanical exercise." *Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este*, 456 F.3d 272, 276 (1st Cir. 2006).  Rather, the Court must consider "a host of factors, including: (1) the history of the litigation; (2) the … need for the precluded evidence;

---

[1] To avoid any question of waiver, Plaintiff maintains her objection to the validity of the scheduling order.
[2] ECF No 69-1, filed November 8, 2024, is the Personal Representative's letters of authority.

(3) the … justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects -- e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket." *Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 78 (1st Cir. 2009).  None of the factors warrant preclusion.

First, as to the history—the exhibits and witnesses, along with the calculation of damages, have been generally known to Defendants and were disclosed in filings, at argument, or in discussions.  Moreover, and tellingly, while Plaintiff had a good faith basis to believe the scheduling order was not operative, Defendants have consistently asserted the contrary.  Yet, Defendants chose to take no discovery at all.

As to the need for the evidence, Plaintiff requires it to prove her case.  Otherwise, if the witnesses and exhibits are excluded, there is no evidence.  Since preclusion would have "the force of a dismissal, the justification for it must be comparatively more robust." *Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 79 (1st Cir. 2009).  There is no robust justification for preclusion of the witnesses or exhibits. A dismissal with prejudice would not be sustained "solely for a single allegation of noncompliance with a single (albeit multi-part) discovery order -- at least where that noncompliance was never brought to the plaintiffs' attention  by the court prior to dismissing the case."  *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5 (1st Cir. 2006).  As in *Esposito,* "[t]his is not a case of a party repeatedly balking at court-imposed deadlines. … Nor is this a case where the sanctioned party ignored pre-sanction warnings from the district court. … Nor does this case involve, from all appearances, an act of calculated gamesmanship ..." 590 F.3d 72 at79.  Plaintiff already prevailed on partial summary judgment and in defeating Defendants' motion for summary judgment using much of this evidence.  The Court already considered it and Defendants did not object.  It would be improvident to entertain a late objection that would have such a drastic result.

As to the justification, as set forth above, neither Shawn nor Patricia McBreairty could have served timely initial disclosures on account of the procedural posture—the entire period for initial disclosures occurred between the dates of death and substitution. And, even though the Court determined that the scheduling order was operative, that does not undermine Plaintiff's good faith belief that it was not. After all, this is a very unusual set of factual circumstances.

There is no prejudice to Defendants. Fed. R. Civ. P. 26, for example, only requires supplementation of a party's initial disclosures if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). "Courts routinely decline to require a party to supplement their initial disclosures where information was provided through other means, such as a document production or through a deposition." *United States ex rel. Long v. Janssen Biotech, Inc.*, 2022 U.S. Dist. LEXIS 162782, at *21-22 (D. Mass. Sep. 9, 2022) (collecting cases). There is no reason why the same should not apply where initial disclosures had not been made at all, and such disclosures were made nearly two months ago. Defendants have suffered no surprise or prejudice. They have consistently opposed reopening discovery. They chose not to take any discovery. Any purported surprise or prejudice is of their own making.

Nor is there any impact on the Court's docket. Rather than Defendants themselves seeking to reopen discovery, they have chosen to proceed to trial. And, with the happenstance of the rescheduling of the trial on multiple occasions for unrelated reasons, they could have used the intervening period to seek to take such discovery without delaying trial or otherwise impacting the docket. In fact, that option remains open to them.

Finally, "[o]n the procedural side," a relevant consideration is "whether the [] court gave the offending party notice of the possibility of sanctions and the opportunity to explain its

misconduct and argue against the imposition of such a penalty." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015). Defendants have never raised the issue with the Court. They never even complained to Plaintiff about the absence of formal initial disclosures.

Simply put, Defendants cannot choose to bury their heads in the sand and threaten to cry foul. They have not even sought to bring the issue before the Court; presumably, they intended to raise it in a last-minute pre-trial motion, exhausting all possible time they had to remedy any purported prejudice. If Defendants had truly claimed prejudice, Plaintiff would not stand in the way of them taking even belated discovery. The Court should send a message that procedural gamesmanship is not appropriate.

WHEREFORE Plaintiff respectfully requests this Honorable Court issue an order that the timing of the service of the initial disclosures shall not serve as a basis for preclusion.

Dated: July 31, 2025.                                  Respectfully Submitted,

/s/ Robert J. Morris                                       Marc J. Randazza (*pro hac vice*)
Robert J. Morris, II (ME Bar No. 010402)        *Lead Counsel*
HOUSER, LLP                                                Jay M. Wolman (*pro hac vice*)
400 TradeCenter, Suite 5900                         RANDAZZA LEGAL GROUP, PLLC
Woburn, MA 01801                                       30 Western Avenue
Tel: (339) 203-6498                                        Gloucester, MA 01930
Email: rmorris@houser-law.com                   Tel: (888) 887-1776
                                                                       Email: ecf@randazza.com

                                                                       Attorneys for Plaintiff,
                                                                       Patricia McBreairty

Motion for Order Regarding Trial Evidence

Case No. 1:24-cv-00053-LEW

## CERTIFICATE OF SERVICE

I hereby certify that, on July 31, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris