# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRTICIA MCBREAIRTY, as Personal Representative of the Estate of Shawn McBrearty, ) ) ) Plaintiff, ) ) v. ) ) BREWER SCHOOL DEPARTMENT, et al., ) ) ) Defendants. ) | CASE NO. 1:24-cv-00053-LEW |

## OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REGARDING TRIAL EVIDENCE

Defendants Brewer School Department and Gregg Palmer oppose Plaintiff Patricia McBreairty's Motion for Order Regarding Trial Evidence (ECF No. 138). As set forth in more detail below, this Court has already decided that the Scheduling Order entered on June 4, 2025 was valid, and that after Ms. McBreairty was substituted as the Plaintiff, she had ample opportunity to satisfy the deadlines in the Scheduling Order but instead chose to take her chances on a renewed motion for preliminary injunctive relief. (ECF No. 106). Only after the case was scheduled for trial in July 2025, and the parties filed their final pretrial memoranda, did Plaintiff serve initial disclosures—more than 10 months after the deadline, 9 months after she filed her motion to substitute, 7 months after discovery closed, and 1 month before trial was scheduled to start. The Defendants were prepared to try the case in July 2025; however, Plaintiff has filed three motions to continue the trial and, thus, the trial has been continued until December 2025. Plaintiff cannot use her own delay as a means to correct her failure to comply with the Scheduling Order and Federal Rules of Civil Procedure. For the reasons set forth below, this

Court should deny Plaintiff's motion and exclude the introduction by Plaintiff of evidence, including witnesses and exhibits, that were not disclosed during the discovery period.

I.     **Procedural History**

This case has been pending since February 22, 2024. The Court held initial proceedings on Plaintiff's motion seeking a temporary restraining order and preliminary injunction in March and April 2024. Thereafter, the Defendants filed their answer on May 20, 2024. Shawn McBreairty, the original Plaintiff in this case, filed a motion for issuance of a scheduling order on June 3, 2024. Mr. McBreairty died that same day.

On June 4, 2024, the Court issued the Scheduling Order. (ECF No. 49). Pursuant to the Scheduling Order, the deadline for objecting to the Scheduling Order was June 24, 2024, the deadline for initial disclosures was July 1, 2024, the discovery deadline was October 21, 2024, and the deadline to file a notice of intent to file for summary judgment was October 28, 2024. No party filed an objection. In accordance with the Scheduling Order, on June 25, 2024, Defendant Michelle MacDonald served her initial disclosures on all parties, and on July 1, 2024, the Defendants served their initial disclosures on all parties.

On July 2, 2024, Plaintiff's counsel filed a Suggestion of Death. On August 15, 2024, Patricia McBrearity, as Personal Representative of Mr. McBreairty's Estate, filed a motion to substitute as the Plaintiff, and the Court granted the motion on September 6, 2024. Plaintiff updated the previously denied motion for a preliminary injunction on September 30, 2024, and the parties briefed the motion in October 2024. Then, on October 28, 2024, all of the parties, including Plaintiff, filed notices of their intent to file motions for summary judgment. (ECF Nos. 66-68). On December 4, 2024, the Court held a hearing on Plaintiff's updated motion for a preliminary injunction and later recognized that "[i]n the lead up to the hearing and days before

the expiration of the discovery deadline, on October 18, 2024, Patricia McBreairty, in her reply memo, was dismissive of the suggestion that she might want to present evidence at the hearing in order to secure the desired injunction." (ECF No. 106, PageID #: 991).

On January 10, 2025, this Court issued its Order on Motion for Preliminary Injunction, denying Plaintiff's motion. (ECF No. 74). As this Court previously observed: "Upon learning of the denial of the motion, Plaintiff now seeks to extend the discovery deadline, then expired by roughly three months. Cynically, it appears that Plaintiff presumed she would prevail on her preliminary injunction motion and that, with the victory, she would be able to secure a favorable settlement. Only after being denied an injunction has she reevaluated her position." (ECF No. 106, PageID #: 991).

Also on January 10, 2025, the Court issued a Procedural Order instructing the parties to file their summary judgment pre-conference filings no later than January 17, 2025. On January 16, 2025, Plaintiff filed a Motion to Continue Procedural Order. (ECF No. 76). In that motion she argued that the Scheduling Order never "self-effectuated" because of Mr. McBreairty's death. On January 17, 2025, the Defendants filed an opposition to that motion, as did Defendant MacDonald, and all parties filed their summary judgment pre-conference filings.

On February 6, 2025, Magistrate Judge Nivison denied Plaintiff's Motion to Continue Procedural Order. (ECF No. 86). Plaintiff filed an objection to the Magistrate Judge's Order on February 19, 2025. This Court affirmed the Magistrate Judge's Order and Recommended Decision on March 18, 2025, explaining that Magistrate Judge Nivison correctly "rejected the notion that the Scheduling Order was a nullity, observing that it governed in the absence of an objection from a party." (ECF No. 106, PageID #: 992). Further, this Court determined "that the Court's management of its schedule in a case is not negated by the death or substitution of a

3

party." (ECF No. 106, PageID #: 992). Indeed, "[i]f Plaintiff's counsel believed that Mr. McBreairty's passing or other circumstances prevented counsel from conferring with opposing counsel or from filing an objection to the Scheduling Order, counsel could have raised the issue with and requested appropriate relief from the Court." (ECF No. 106, PageID #: 992 (citing ECF No. 86)). Moreover, "Patricia McBreairty was substituted as a Plaintiff with ample time remaining to attend to such matters. Instead of pursuing discovery, she pursued preliminary injunctive relief and filed notice of her intent to seek summary judgment…." (ECF No. 106, PageID #: 992).

On February 20, 2025, the Defendants filed their motion for summary judgment and Plaintiff filed a motion for partial summary judgment. On March 13, 2024, Plaintiff filed an opposition and a motion for leave to conduct Rule 56(d) discovery. On May 6, 2025, the Court issued an order granting Plaintiff's motion for partial summary judgment and granting in part and denying in part the Defendants' motion for summary judgment. The Court also denied Plaintiff's motion for leave to conduct Rule 56(d) discovery explaining "I do not see good cause on this record for Rule 56(d) discovery since the Estate neglected to conduct discovery during the scheduled discovery period." (ECF No. 118, PageID # 1115) (citing Order on the Estate's Objection to Magistrate Judge Nivison's Order on Motion to Continue Procedural Order and Reset Scheduling Order (ECF No. 106)).

After the completion of the summary judgment process, the case was placed on three successive trial lists, all of which were continued at Plaintiff's request. First, Plaintiff moved to continue the case off the July trial list because "Attorney Randazza's assistant is having a baby." (ECF Nos. 123, 125). Second, Plaintiff moved to continue the case off the August trial list because Attorney Randazza was "engaged to be married since the last motion, and between

wedding planning, attendance, and honeymoon, a trial date prior to October would create hardship and strife." (ECF. No. 133). Third, Plaintiff moved to continue the case off the October trial list because her newly retained local counsel has long standing plans to be out of the country for the entire month of October. (ECF No. 143).

The Court granted all three of Plaintiff's requests and the case is now scheduled for trial in December. According to Plaintiff's final pretrial memorandum, in addition to the parties, she plans to call a total of 11 witnesses that were first disclosed to Defendants on May 21, 2025, when she filed her pretrial memorandum and served, for the first time, her initial disclosures.

## II.     Argument

Plaintiff failed to provide timely initial disclosures and should be precluded from calling witnesses and using documents that were not disclosed during the discovery period.[1] The motion pending before the Court is Plaintiff's motion regarding trial evidence, but the underlying issue is the same issue that the Court has previously addressed in this case: "At issue is Plaintiff's nonattendance to the Court's now expired discovery schedule." (ECF No. 106, Page ID #: 989). And where this Court has already held that the Scheduling Order was valid (ECF No. 106), Plaintiff's ongoing protestations about the validity of the Scheduling Order are meritless. Plaintiff only took the possibility of a trial seriously and, likewise, her discovery obligations seriously, after the case was placed on the July 2025 trial list and the parties filed their final pretrial memoranda, at which time she decided to serve her initial disclosures.

---

[1] Witnesses numbered 1-5 on Plaintiff's late initial disclosures are all named parties and, therefore, the School Defendants do not object to Plaintiff calling those witnesses. However, witnesses numbered 6-16 are not named parties and were not disclosed until May 21, 2025 and, therefore, the School Defendnats object to these witnesses. To the extent the Court allows Plaintiff to call any of these witnesses, the School Defendants reserve their right to file motions *in limine* addressing any and all issues related to their testimony.

The timeliness of initial disclosures is governed by Federal Rule of Civil Procedure 26, which pertains to a party's duty to disclose evidence during discovery. Rule 26 requires a party to disclose each individual likely to have discoverable information, all documents they will use to support their case, and all evidence they may present at trial. Fed. R. Civ. P. 26 (a)(1)(A)(i), (a)(1)(A)(ii), (a)(3)(A). A party must also "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." *Id*. § (e)(1)(A). Failure to properly disclose under Rule 26 triggers Federal Rule of Civil Procedure 37, which provides that incomplete or late disclosures may preclude a party from using "that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See also Grajales-Romero v. Am. Airlines, Inc.,* 194 F.3d 288, 297 (1st Cir. 1999) ("Rule 37(c)(1) provides an exclusionary sanction for failures to disclose witnesses as required by Fed. R. Civ. P. 26: 'A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial ... any witness ... not so disclosed.'"); *Klonoski v. Mahlab*, 156 F.3d 255, 271 (1st Cir. 1998) ("[A]bsent some unusual extenuating circumstances ... the appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from trial.").

Here, Plaintiff's failure to serve initial disclosures until May 21, 2025, is not substantially justified nor is it harmless. The factors used to analyze whether a failure to disclose is substantially justified or harmless include:

> (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.

6

*Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009); *see also Klinges v. Pomerleau,* No. 2:19-CV-00418-NT, 2022 WL 1487036, at *6 (D. Me. May 11, 2022). Moreover, "it is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction." *Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 21 (1st Cir. 2001).

In *Burnett v. Ocean Properties, Ltd.*, 987 F.3d 57, 74 (1st Cir. 2021), the First Circuit upheld this Court's preclusion of testimony when the defendants' initial disclosures did not include all discoverable information a witness had as required by Rule 26(a) because the defendants' failure to disclose prevented the plaintiff from fully preparing for trial. Specifically, the defendants disclosed that a set of doors had been tested when the building was first built, but failed to disclose that the doors had been retested in 2013 or 2014 until after discovery had closed and only days before trial. *Id.* The defendants tried to blame the plaintiff for the resulting harm, arguing that it was plaintiff's fault for not deposing the witness or pursuing other discovery about the witness's work. *Id.* The First Circuit held that "[t]his attempt to blame [plaintiff] is unsuccessful because the Federal Rules required [defendants] to timely disclose the information and [defendants'] failure to do so prevented [plaintiff] from fully preparing his case (i.e., designating an expert and testing the doors)." *Id.* (citing *Esposito*, 590 F.3d at 78 (for the proposition that "the rules require formal disclosure for a reason: without it, parties … may be hindered in their ability to prepare effectively for trial"). Additionally, because defendants failed to disclose the later door testing, it was not reasonable to expect plaintiff to depose the witness about the later door testing. *Id.*

Likewise, in *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 37 (1st Cir. 2012), the First Circuit upheld this Court's decision to preclude expert opinion testimony when the expert was

not disclosed pursuant to Rule 26. Most relevant to the analysis of *Esposito* factors was the plaintiff's lack of justification for their late designation and the prejudice to the defendant. *Id.* As the First Circuit noted, "[t]he deadline for designating the plaintiff's experts expired on March 30, 2010, and discovery closed on August 16 of that year. From that date forward, the defendants pursued litigation strategies based on their justifiable understanding that Dr. Tikoo was the plaintiff's only causation expert." *Id.* Indeed, "[i]t was not until March of 2011—nearly a year after the deadline for designating experts, seven months after discovery closed, three months after the exclusion of Dr. Tikoo's testimony, and a mere month before the scheduled start of trial—that the plaintiff for the first time claimed that Drs. Walsh and Hussein had been designated all along to provide expert testimony on causation." *Id.* As the First Circuit put it, "[i]t strains credulity to explain the plaintiff's actions as anything other than a Hail Mary pass to resurrect a case fatally wounded by Dr. Tikoo's exclusion." *Id.* The preclusion of expert testimony was upheld, notwithstanding that it was fatal to the plaintiff's claim. *Id.* at 36-37.

      Here, the *Esposito* factors and subsequent case law support exclusion of witnesses and documents that Plaintiff failed to disclose until the day she filed her final pretrial memorandum and only after Defendants raised this failure in their pretrial memorandum. As an initial matter, Plaintiff's suggestion that the Defendants could cure her noncompliance by conducting discovery now, 10 months after discovery closed, and the case has been set for trial, places an undue burden on the Defendants and is out of touch with the trial preparation process. Plaintiff's failure to disclose in this case is even more egregious than the failure to disclose in *Burnett* because she did not disclose any witnesses whatsoever. Plaintiff still tries to blame the Defendants for the resulting prejudice. As the First Circuit explained in *Burnett*, the Federal Rules require a party to timely disclose information so that the opposing party can effectively prepare for trial. Since the

close of discovery, the Defendants have been preparing for trial under the assumption that the only witnesses for this case are the named parties. Yet when Plaintiff served her initial disclosures on May 21, 2025, she named 11 witnesses who are not named parties and who were never listed on any initial disclosures prior to that date. Under the reasoning in *Burnett*, it is simply not reasonable to expect that the Defendants would have conducted discovery about the undisclosed witnesses, or to have the Defendants start conducting discovery now—three months after the final pretrial memoranda were filed and a month after the case was first set for trial. Plaintiff cannot use the fact that her three motions to continue the trial were granted as "a Hail Mary pass to resurrect a case fatally wounded" by her failure to comply with the Scheduling Order and Rule 26. *See Samaan,* 670 F.3d at 37. Indeed, if discovery were to start now, the case would almost certainly need to be continued for a fourth time, not only prejudicing the Defendants but also adversely impacting the Court's docket. *See Esposito*, 590 F.3d at 78.

Additionally, throughout this litigation, Plaintiff has acted with disregard for the Scheduling Order, and rather than complying with her discovery obligations, chose to exclusively pursue preliminary injunctive relief. The timeline in this case is quite similar to the timeline in *Samaan*, where the late disclosure was not justified. Here, Plaintiff failed to provide initial disclosures in this case until May 21, 2025, the day the parties filed their final pretrial memoranda. That was more than 10 months after the deadline for initial disclosures, 9 months after Plaintiff filed her motion to substitute, 7 months after discovery closed, and 1 month before trial was scheduled to start. Plaintiff had ample opportunity to disclose witnesses and documents after she was substituted in September, and she should not receive special treatment after she failed to comply with the Scheduling Order and Rule 26 and did not seek any relief for such failure prior to filing this motion after the case was twice set for trial.

9

Plaintiff accuses Defendants of choosing to "bury their heads in the sand and threaten to cry foul" but that characterization misrepresents the record and attempts to blame the Defendants for Plaintiff's own failure to disclose. Defendants timely raised this issue when they filed their final pretrial memorandum (ECF No. 127), which is presumably what prompted Plaintiff to submit her untimely disclosures later that same day. The next day, counsel for the Defendants acknowledged receipt of Plaintiff's initial disclosures but noted that the disclosures were untimely under the rules and the scheduling order. (ECF No. 138-1, PageID #: 1211). The Defendants intended to further address the issue with the Court at the final pretrial conference set for May 28, 2025; however, that conference was cancelled after the Court granted Plaintiff's first motion to continue the trial. (ECF No. 130).

On July 8, 2025, Plaintiff's counsel inquired if the Defendants intended to raise the timeliness issue, and the Defendants' counsel responded the same day that they intended to do so. (ECF No. 138-1, PageID #:1210-1211). Though the Defendants view the timeliness of the initial disclosures as an appropriate issue for the final pretrial conference and likely a motion *in limine*, Plaintiff's counsel filed the instant motion and, thus, the Defendants address it here and respectfully request that the Court deny Plaintiff's motion.

### III.    Conclusion

For the foregoing reasons, Plaintiff has failed to meet her burden of proving that her failure to provide timely disclosures was justified or harmless and, therefore, the Defendants respectfully request that Plaintiff's motion regarding trial evidence be denied.

Dated: August 21, 2025                              */s/ Jeana M. McCormick*
                                                                              Jeana M. McCormick
                                                                              Kasia S. Park
                                                                              *Attorney for Defendants*
                                                                              *Brewer School Department and Gregg Palmer*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME  04101
(207) 772-1941
jmccormick@dwmlaw.com
kpark@dwmlaw.com