# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,

Plaintiff,

v.

BREWER SCHOOL DEPARTMENT and GREGG PALMER, Defendants.

Case No. 1:24-cv-00053-LEW

**REPLY IN SUPPORT OF MOTION FOR ORDER REGARDING TRIAL EVIDENCE**

Plaintiff replies in support of her Motion For Order Regarding Trial Evidence (ECF No. 138) and in response to Defendants Brewer School Department and Gregg Palmer's opposition to same (ECF No. 146), stating further:

Rather than trying to cure any theoretical prejudice to Defendants, Melissa Hewey's colleagues at DrummondWoodsum are trying to protect DrummondWoodsum. Tucked in Footnote 1 on page 5 of their opposition (ECF No. 146) is a statement that Defendants are not contesting the named parties being called as witnesses but are contesting "witnesses numbered 6-16[.]"[1] Nearly every witness is identified in the complaint, and their body of knowledge and purpose in this litigation has been known from the beginning. There is no functional difference here between a party witness and a witness identified in the complaint. Witness number 6 is Attorney Melissa Hewey. It is clear that DrummondWoodsum is looking out for themselves, not Defendants. A motion to disqualify will follow.

As Defendants' own argument sets forth, where the lack of a disclosure either has a substantial justification or results in harmless failure, witnesses are not excluded. (ECF No. 145

---

[1] For clarity, the numbering refers to the witnesses as listed in Plaintiff's initial disclosures. A different ordering appeared in Plaintiff's Pretrial Memorandum (ECF No. 128).

at 6).  The absence of service of initial disclosures was substantially justified—Mr. McBreairty died before the deadline was set and *the estate was not substituted until the deadline passed*, and its operative effect was not understood.  The failure was harmless—at no time prior to the pretrial memorandum submission date did Defendants even comment on it.  They did not seek to compel it.  They did not object during the extensive summary judgment process when witness statements and exhibits were used.  If there was any harm, it was because DrummondWoodsum opted against conducting discovery, not because of the lack of service of initial disclosures.  They sat on their own putative objection without even remotely attempting to cure it, simply to keep Attorney Hewey off the stand. Even before the opposition was served, Plaintiff offered to allow one-sided discovery to cure any theoretical prejudice, but DrummondWoodsum declined.  *See* **Exhibits A & B.**

Defendants cite *Burnett v. Ocean Properties, Ltd*. in support of exclusion, but as they themselves note, the disclosure was days before trial and the specific use was not asserted until opening statements, preventing the opposing party from fully preparing for trial.  987 F.3d 57, 74 (1st Cir. 2021). Here, the overwhelming majority of the witnesses were named in the complaint, and the formal initial disclosures were made 6 weeks before the then-trial and more than 6 months before the current trial date.  Unlike in *Burnett*, where the party "could not have been reasonably expected to depose [the witness] or pursue discovery[,]" nothing stopped Defendants here except their choices.  *Id.*

Similarly, Defendants cite to *Samaan v. St. Joseph Hosp*., but that case was specifically about expert opinion and a targeted litigation strategy.  670 F.3d 21, 37 (1st Cir. 2012).  Defendants offered nothing to suggest their litigation strategy would have been any different had the initial disclosures been made earlier.  They claim they "have been preparing for trial under the assumption that the only witnesses for this case are the named parties."  (ECF No. 146 at 9).  But they offered

no proof of this and there is no justification for it.  It was an unreasonable assumption for them, assuming that was their assumption.  How, for example, could they not have anticipated that Attorney Melissa Hewey would be a trial witness when she was the author of the very First-Amendment-retaliatory documents made subject of the complaint?  Her very credibility is at issue, and her very integrity was questioned at a prior hearing.  For DrummondWoodsum to act shocked that Melissa Hewey, the author of the very threat, might have to answer questions about it in front of the jury is feigned surprise at which even Captain Renault would scoff.

The analysis of disclosure focuses on actual notice, not the form in which it comes.  *See, e.g., Lawes v. CSA Architects & Engineers LLP*, 963 F.3d 72, 93 (1st Cir. 2020).  Defendants have had actual notice of nearly every witness since the inception of the case.[2]  They experienced no surprise or prejudice by the lack of document entitled "Initial Disclosures."

Nor do Defendants come to the Court with clean hands, complaining about the lack of early formal initial disclosures when they themselves only named Mr. Palmer and Mr. Slowikowski as individuals likely to have discoverable information.  *See* **Exhibit C** (Defendants' Initial Disclosures).  They, themselves, knew others had discoverable information—it is customary to, as a matter of course, name every person named in the complaint. They neglected to name H.D.'s mother and to name Melissa Hewey.  They neglected to name anyone who wasn't an individual-capacity defendant.  They have no footing on which to complain.  *Cf. Serra v. Quantum Servicing, Corp.*, 747 F.3d 37, 40 n.2 (1st Cir. 2014) (noting that those "in glass houses ought not throw stones").

Defendants' closing paragraph made patent their gamesmanship.  (ECF No. 146 at 10).  Their plan was to wait and wait, not raising the question of admissibility with the Court until it

---

[2] Only the Maine Wire (which has had interest in purchasing the article), and Haley Keezer (a friend of Mr. McBreairty), have not previously come up in filings in this litigation, though the Maine Wire was disclosed to Attorney Hewey on December 9, 2024.

Reply in Support of Motion for Order Regarding Trial Evidence

was too late to cure any potential prejudice. Even now, they are explicitly not cross-moving to exclude, merely seeking a denial of Plaintiff's affirmative motion. Plaintiff will not stand in the way of one-sided discovery and there is more than enough time to complete it before trial. The fact that counsel for Defendants would rather potentially try the case without discovery rather than risk Melissa Hewey being called as a witness is disturbing, but the Court should not exclude Plaintiff's witnesses on account of DrummondWoodsum's glaring conflict of interest. The witnesses (except Keezer) were disclosed months before the formal initial disclosures, and all except Keezer and the Maine Wire (and H.D.'s mother, whose identity was then-known only to Defendants) before the initial disclosure deadline. Defendants experienced no surprise or prejudice, and the *Esposito* factors favor the admission of the witness testimony.

In light of the foregoing, the Court should grant Plaintiff's Motion for Order Regarding Trial Evidence. (ECF No. 138).

Dated: August 25, 2025.                 Respectfully Submitted,

/s/ *Stephen C. Smith*                      Marc J. Randazza (*pro hac vice*)
Stephen C. Smith, Bar No. 8270                *Lead Counsel*
John E. Baldacci, Jr., Bar No. 5773         Jay M. Wolman (*pro hac vice*)
Steve Smith Trial Lawyers                   RANDAZZA LEGAL GROUP, PLLC
191 Water Street                            30 Western Avenue
Augusta, MA 04330                           Gloucester, MA 01930
info@mailtriallaw.com                       Tel: (888) 887-1776
Tel: (207) 622-3711                         Email: ecf@randazza.com
Fax: (207) 707-1036
                                            Attorneys for Plaintiff,
                                            Patricia McBreairty

Case No. 1:24-cv-00053-LEW

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 25, 2025, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing

system or by mail to anyone unable to accept electronic filing as indicated on the Notice of

Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ *Stephen C. Smith*

RANDAZZA | LEGAL GROUP

Reply in Support of Motion for Order Regarding Trial Evidence