UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as Personal Representative of the Estate of Shawn McBreairty,<br><br>        Plaintiff<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, et al.,<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 1:24-cv-00053-LEW<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION FOR ORDER REGARDING TRIAL EVIDENCE**

This case is scheduled for trial in December of 2025. Plaintiff has filed a Motion for Order Regarding Trial Evidence (ECF No. 138), seeking an order stating that she will be permitted to introduce at trial witnesses who, and exhibits that were not, timely disclosed by means of an initial disclosure under Federal Rule of Civil Procedure 26 and the June 4, 2024 Scheduling Order (ECF No. 49). Defendants oppose the Motion and maintain that because of the tardy disclosure the only proper witnesses are the parties themselves. Response at 5 n.1, 9 (ECF No. 146). For reasons that follow, Plaintiff's requested relief concerning trial evidence is granted in part and denied in part.

**BACKGROUND**

This matter has an unfortunate procedural history that was complicated by the death of Shawn McBreairty, the named plaintiff in the Complaint. Shawn McBreairty passed

away on June 3, 2024, the same day as he requested the issuance of the Scheduling Order. Counsel could not have met the Scheduling Order's July 1, 2024, deadline for initial disclosures because of the death of their client and because their client's wife, Patricia McBreairty, acting as the Personal Representative of his Estate, was not substituted as party plaintiff until September 6, 2024 (ECF No. 58).

Upon the substitution of Patricia McBreairty as party plaintiff, rather than attending to initial disclosures and discovery, Plaintiff attended to her request for a preliminary injunction and related declaratory relief. When the dust eventually settled on those proceedings, Plaintiff then sought leave to amend the scheduling order to reopen the by then closed discovery window. Magistrate Judge Nivison recommended the denial of the motion to reopen discovery (ECF No. 86), which recommendation I adopted (ECF No. 106).

Meanwhile, the parties pursued and resisted summary judgment motions. In her Rule 56(h) papers, filed in January 2025, Plaintiff noted:

> To the extent necessary, Plaintiff anticipates moving under Rule 56(d) to take full discovery to explore the relationship between Ms. MacDonald, Brewer, the other defendants, and the Drummond Woodsum law firm (including Attorney Hewey), and the communications between them regarding Mr. McBreairty and the publications.

Response to Defs.' Summary J. Pre-Filing Mem. at 2 (ECF No. 84). Plaintiff itemized several exhibits that she would rely on for purposes of summary judgment. *Id.*; Pl.'s Pre-Filing Mem. at 3 (ECF No. 83). In her summary judgment motion, Plaintiff also introduced

declarations by certain non-party witnesses, including HW and PW. Those declarations were long of record as attachments to the Complaint filed in February 2024.

In May 2025, Plaintiff filed her Pretrial Memorandum (ECF No. 128) and also served Defendants with her disclosures. In the Pretrial Memorandum, she itemized a somewhat more extensive list of witnesses than those previously identified for purposes of earlier proceedings.[1] The longer list includes Connor Girard, Hunter Dawson and his mother, a corporate representative of the web hosting service where Shawn McBreairty posted media (*i.e.*, [your]NEWS), a corporate representative of the Maine Policy Institute, and Haily Keezer. Although the first two persons listed are identified in the Complaint, there was no prior indication of which I am aware that the determination of this dispute required either witness's testimony. Nor is it apparent that corporate representatives of media entities have ever been regarded as essential to the resolution of the merits of this matter. The same is true of Haily Keezer, whose relationship to this dispute is not at all apparent.

## DISCUSSION

Rule 26 and the Court's Scheduling Order required that the parties provide each other with initial disclosures. Fed. R. Civ. P. 26(a); Scheduling Order (ECF No. 49). The failure to do so is subject to the potential exclusion of the witness or evidence. Fed. R. Civ. P. 37. According to Rule 37, "the party is not allowed to use that information or witness

---

[1] According to the motion papers, the Plaintiff's initial disclosure, which is not of record, lists 16 witnesses. Plaintiff's Pretrial Memorandum, however, lists 13. I treat the Pretrial Memorandum as the official list of trial witnesses.

to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). However, Rule 37 also affords the Court leeway to impose a lesser sanction where appropriate. Fed. R. Civ. P. 37(c).

Whether a party's witnesses and exhibits should be excluded based on a failure to timely disclose is not, in other words, "a strictly mechanical exercise." *Santiago–Diaz v. Laboratorio Clinico Y De Referencia Del Este,* 456 F.3d 272, 276 (1st Cir. 2006). "[D]istrict courts have broad discretion in meting out . . . sanctions for Rule 26 violations." *Laplace–Bayard v. Batlle,* 295 F.3d 157, 162 (1st Cir. 2002) (citation omitted). Factors that guide the exercise of discretion include (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket. *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009).

Given the history of the litigation—in particular, the circumstances surrounding Patricia McBreairty's substitution as Plaintiff—I am inclined toward some indulgence of the late disclosures specifically regarding witnesses and exhibits long of record, including declarants offered in support of the Complaint and in the context of summary judgment proceedings. Attorney Melissa Hewey's status as a witness Plaintiff intends to question, likewise, has long been a basic component of this litigation.

Also, as to these witnesses and exhibits, Plaintiff's need is self-evident. An order excluding all would effectively end the case, and a sanction that works a dismissal needs a

more robust justification than I can articulate with the aid of this record. *Esposito*, 590 F.3d at 79 (observing that where "the sanction carrie[s] the force of a dismissal, the justification for it must be comparatively more robust").

I am also satisfied that for most of what has now been disclosed, Plaintiff's justification is sufficient, albeit less than ideal. The failure to attend to the Scheduling Order is by no means commendable, but given the occurrence of the death of a party and the extent to which Plaintiff's case and the evidence on which it depends have long been known, Plaintiff's tardiness in regard to disclosure does not warrant anything approaching a broad order of exclusion.

In terms of Defendants' ability to overcome the late disclosure's adverse effects, I find that as to the core of the case the Defendants have never actually been at and will not prospectively face any disadvantage or prejudice. However, I cannot say the same as to certain newly proposed witnesses whose importance to the trial is questionable or not at all apparent, as discussed below.

Finally, concerning the Court's docket, this case has not been especially slow moving or of excessive duration. Nor does the late disclosure threaten or require any unanticipated delay.

However, although I will grant Plaintiff most of the relief requested in the Motion, I will impose a sanction of exclusion in regard to certain newly identified witnesses. Specifically, Plaintiff has never suggested a need to call Connor Girard, Hunter Dawson, or Hunter Dawson's mother to substantiate Plaintiff's claims. I do not consider the late disclosure of these witnesses to be adequately justified. Nor do I consider these witnesses

5

to be essential to Plaintiff's case such that the exclusion of their testimony would have a damning impact on Plaintiff's claims. Plaintiff has not attempted to clarify these concerns. Additionally, I find the late disclosure of the [your]NEWS corporate representative to be prejudicial and insufficiently justified. Finally, in terms of the corporate representative of the Maine Policy Institute and Haily Keezer, I am at a loss as to Plaintiff's need for them. They will be excluded because this late disclosure is prejudicial and insufficiently justified, at least on the anemic rationale so far offered to the court.

With this ruling, which is necessarily based on the record currently available to me, I have not drawn any lines in regard to exhibits that were not previously part of the evidentiary record. My understanding of the case is that the relevant exhibits have long been identified and known to the parties, but my understanding may well fail to appreciate the existence of some new evidentiary disclosure that is unjustified for being unanticipated and prejudicial. I therefore enter this Order without prejudice to Defendants' ability to raise any such concern in the context of a motion in limine.

## CONCLUSION

Plaintiff's Motion for Order Regarding Trial Evidence (ECF No. 138) is GRANTED IN PART and DENIED IN PART, as outlined in the body of this Order.

SO ORDERED.

Dated this 24th day of September, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge