IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>　　　　Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**MOTION FOR LIMITED RECONSIDERATION** |

　　Plaintiff, Patricia McBreairty, as personal representative of the Estate of Shawn McBreairty, respectfully moves this Court to partially reconsider its Order on Motion for Order Regarding Trial Evidence (ECF No. 150) to permit Haily Keezer to testify as a witness at trial.

　　At the beginning of the case, Shawn McBreairty was to have spoken for himself as to his mental distress. If Shawn were able to speak for himself, there would be no reason for third parties to speak to that. A plaintiff's own testimony as to how a violation made them feel "[is] acceptable to support an award for emotional distress." *United States v. Balistrieri*, 981 F.2d 916, 932 (7th Cir. 1992). With Mr. McBreairty deceased, his mental distress and the damages coming from it are central to the case.

　　While his widow can testify to that distress in part, Ms. Keezer was a dear friend of his, in whom he regularly confided. Accordingly, her testimony will be to discuss how the Defendants' actions, how Drummond Woodsum, acting in conjunction with the Defendants, directly contributed to his deep feelings of emotional distress and ultimately to the culmination of that

distress in his suicide. Her testimony is admissible. Rule 701 of the Federal Rules of Evidence permits the rendering of lay opinion testimony when such testimony is (a) "rationally based upon the perception of the witness," and (b) "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Her testimony as to the impact of Defendants' actions that drove him to suicide are also admissible under Rule 803(3) and 807. *See, e.g., United States v. Veltmann,* 6 F.3d 1483, 1494 (11th Cir. 1993) (admitting prior suicidal statements of a victim to show her state of mind).

In short, when the victim of mental distress is not alive to discuss his mental state, no one person can be the proxy for that. It takes a patchwork of people to do so. Ms. Keezer is a necessary witness to illustrate the effects of the Defendants' actions upon Mr. McBreairty. Ms. Keezer will be competent to testify as to her perception of Mr. McBreairty's distress and will help the trier of fact to understand the severity and causes of the distress.

Mr. McBreairty's widow can, and will, partially testify to this as well. However, people are complicated, and one person's perception will not offer a complete picture of the crises that Mr. McBreairty suffered due to the weight of a censorious government placing him in fear of its unlimited resources being slammed down upon him. Quite simply, when someone is in mental distress, it is rare that one person and one person only can paint the entire picture of a troubled soul. Mr. McBreairty had intended to, consistent with *Balistreri*, testify as to this on his own, but here, the trier of fact will have an incomplete picture if it is only the one provided by one confidant.

If failure to designate a witness earlier is harmless or substantially justified, it should be allowed. *See Griffith v. Eastern Maine Med. Ctr.*, 599 F.Supp.2d 59, 65 & n.4 (D. Me. 2009). The failure to initially disclose Ms. Keezer was because it simply was not necessary – Shawn was to testify as to his feelings. See *Balistreri, supra*. Further, at the case's inception, the effects of mental distress had not run their course. The Estate was forced to change direction, unexpectedly,

in mid-case, due to this tragic intervening circumstance. That Ms. Keezer possessed admissible evidence was not known to the Estate until Spring 2025, shortly before disclosure.

At this point, there remains time to depose Ms. Keezer, should Defendants wish to, prior to trial. Further, while the case has been advanced previously, Plaintiff would not object to any request by the defense for a reasonable continuance so that they have every opportunity for the most robust defense they can muster. Plaintiff has no desire to seek to prevail due to surprise. However, the unusual nature of a case where the plaintiff dies during the case's prosecution, leaving a void in the evidence, warrants the Court exercising its discretion to permit testimony by Ms. Keezer. A lack of such use of the Court's discretion could create an unfair situation where a defendant can put a plaintiff into severe emotional distress, then essentially profit from it being so severe that it contributes to that plaintiff's suicide.

Accordingly, Plaintiff respectfully requests that this Court amend its order to permit Ms. Keezer to testify, with all latitude that the defense may require so that they suffer no ambush-like effects from this late roster change, including the right to take her deposition, the right to extend deadlines, or whatever they may need so that this matter is resolved on its merits, rather than by anything resembling a lack of due process.

Dated: September 26, 2025.    Respectfully Submitted,

/s/ Stephen C. Smith
Stephen C. Smith, Bar No. 8270
Steve Smith Trial Lawyers
191 Water Street
Augusta, MA 04330
info@mailtriallaw.com
Tel: (207) 622-3711
Fax: (207) 707-1036

Marc J. Randazza (*pro hac vice*)
  *Lead Counsel*
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

Case No. 1:24-cv-00053-LEW

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 26, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Stephen C. Smith
Stephen C. Smith

RANDAZZA | LEGAL GROUP