UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRTICIA MCBREAIRTY, as Personal Representative of the Estate of Shawn McBrearty, <br><br>Plaintiff, <br><br>v. <br><br>BREWER SCHOOL DEPARTMENT, et al., <br><br>Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 1:24-cv-00053-LEW ) ) ) ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY**

Defendants Brewer School Department and Gregg Palmer oppose Plaintiff Patricia McBreairty's Motion to Disqualify Drummond Woodsum (ECF No. 149). As set forth in more detail below, Plaintiff fails to cite the correct legal standard to disqualify counsel, and she cannot meet her burden under the correct legal standard. First, as Plaintiff acknowledges in her Motion, continued representation of Defendants by their chosen counsel will not result in an affirmative violation of a particular ethical rule. Second, continued representation of Defendants by their chosen counsel will not result in "actual prejudice" to Plaintiff. Because Plaintiff cannot meet her burden, her motion to disqualify must be denied.

### I. Legal Standard

This Court has established a clear legal standard for a moving party to satisfy when trying to disqualify counsel. "Because this Court has adopted the Maine Rules of Professional Conduct, the Court applies Maine law when assessing whether disqualification is required." *Sea Salt, LLC v. Bellerose*, No. 2:18-CV-00413-JAW, 2020 WL 2475873, at *1 (D. Me. May 13, 2020) (citing

*Concordia Partners, LLC v. Ward*, No. 2:12-cv-138-GZS, 2012 WL 3229300 at *1 (D. Me. Aug. 6, 2012)). This Court has explained the applicable legal standard as follows:

> In Maine, the Law Court has held that disqualification of an attorney is appropriate only where the moving party produces evidence supporting two findings: (1) "continued representation of the nonmoving party by that party's chosen attorney results in an affirmative violation of a particular ethical rule" and (2) continued representation by the attorney would result in "actual prejudice" to the party seeking that attorney's disqualification. *Morin v. Maine Educ. Ass'n*, 993 A.2d 1097, 1100 (Me. 2010).

*Id.* (quoting *Concordia Partners, LLC*, 2012 WL 3229300 at *1). The party moving for disqualification "has the burden of showing the grounds for disqualification." *Casco N. Bank v. JBI Assocs. Ltd.*, 667 A.2d 856, 859 (Me. 1995). Furthermore, "any order disqualifying an attorney must include "express findings of that ethical violation and resulting prejudice." *Morin*, 993 A.2d at 110.

## II.     Argument

Plaintiff's motion to disqualify fails because Plaintiff's arguments are not even based on the correct legal standard, and in any event, she cannot meet her burden of showing grounds for disqualification.

First, Plaintiff fails to show that continued representation of Defendants by their chosen counsel will result in an affirmative violation of a particular ethical rule. Indeed, Plaintiff's motion expressly states that "[i]n the present case, the subject of this motion—Drummond Woodsum—is not targeted as a 'transgressor' against rules, *per se*." (ECF No. 149 at 3). Because Plaintiff cannot meet her burden of showing an affirmative violation of a particular ethical rule, she proceeds to speculate about what different attorneys may or may not have done, which she argues "feeds unresolved concerns about likely confusion at trial and latent conflicts of interest." (ECF No. 149 at 4). The possible ethical violation that underlies Plaintiff's motion is premised

2

upon the fact that Plaintiff plans on calling Attorney Hewey as a witness at trial. Even if Attorney Hewey is a witness at trial, there is no evidence whatsoever of an ethical violation under the Maine Rules of Professional Conduct. Rule 3.7(b) provides that "[a] lawyer may act as advocate in a tribunal in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so under Rule 1.7 or Rule 1.9." Plaintiff cites Comment 7 to Rule 3.7 but that does not advance her cause. Comment 7 states:

> Paragraph (b) provides that a lawyer is not disqualified from serving as an advocate because a lawyer with whom the lawyer is associated in a firm is precluded from doing so under paragraph (a). If, however, the testifying lawyer would also be disqualified by Rule 1.7 or Rule 1.9 from representing the client in the matter, other lawyers from the firm will be precluded from representing the client by Rule 1.10 unless the client gives informed consent under the conditions stated in Rule 1.7.

Plaintiff feigns concern for Defendants and, relying on Rule 1.7(a)(2), argues that "the aforementioned nexus between Defendants' liability and the Hewey emails generates a tension between litigation choices that benefit the Defendants, and those that may benefit Drummond Woodsum." (ECF No. 149 at 7). Other than this single sentence suggesting an imagined tension, Plaintiff produces no evidence to support the finding that would be required for a Rule 1.7(a)(2) violation and there is none.

Second, Plaintiff's motion to disqualify fails for the separate and distinct reason that Plaintiff would not suffer "actual prejudice" if Defendants continue to be represented by counsel of their choice. Plaintiff appears to argue prejudice under the theory that any advice from Drummond Woodsum—"a set of Matryoshka dolls"—to Defendants related to Mr. McBreairty's post "will cast a shadow over the proceeding if not undermine the integrity of the judicial process." (ECF No. 149 at 5, 6). As an initial matter, this is grossly speculative and falls far short of Plaintiff's burden. *See, e.g.*, *Morin*, 2010 ME 36, ¶ 11, 993 A.2d 1097 ("Rather, the moving party must point to the specific, identifiable harm she will suffer in the litigation by opposing

3

counsel's continued representation. Indeed, to allow disqualification with proof of anything less than such actual prejudice would be to invite movants to employ this 'obvious vehicle for abuse.'") (quoting *Adam v. Macdonald Page & Co.*, 644 A.2d 461, 464-65 (Me. 1994)). Even in cases where an opposing party's counsel is named as a defendant in an action, this Court has held that disqualification may not be appropriate reasoning that if "counsel must be disqualified because their law firm is a named party, then any party would be able to successfully disqualify opposing counsel simply by naming them as a party-opponent." *Marrett v. Aroostook Cnty. Fed. Sav. & Loan*, No. 1:24-CV-00300-JAW, 2024 WL 4145233, at *2 (D. Me. Sept. 11, 2024) (quoting *Shah v. Lorber*, No. 3:13-cv-103-JD-JEM, 2016 WL 1128259, at *2 (N.D. Ind. Mar. 22, 2016), citing *Williams v. Bezos*, No. 1:17-cv-00043-GZS, No. 1:17-cv-00120-GZS, 2017 WL 2241503, at *3 (D. Me. May 22, 2017)). Finally, any speculative harm arising from the alleged ethical violation (i.e. Drummond Woodsum is looking out for itself and not its client) would run to Defendants and not to Plaintiff.

As this Court has cautioned, "[w]hen evaluating a request for disqualification, a court must be 'mindful that motions for disqualification are capable of being abused for tactical purposes, and ... justifiably wary of this type of strategic maneuvering.'" *Williams v. Bezos*, No. 1:17-CV-00043-GZS, 2017 WL 2241503, at *2 (D. Me. May 22, 2017), *aff'd*, No. 1:17-CV-43-GZS, 2017 WL 5957818 (D. Me. July 31, 2017) (quoting *Morin*, 2010 ME 36, ¶ 8). In sum, "[t]he Court's practical task is to determine whether any alleged or actual conflict of interest would undermine its confidence in the attorney's representation of his client." *Id.* at *3 (quoting *Pu v. Greenthal Mgmt. Corp.*, No. 1:08-cv-10084, 2009 WL 648898, at *4 (S.D.N.Y. Mar. 10, 2009). Where there is no conflict under Rule 1.7, the Court should be assured that Defendants can be well represented by the counsel of their choice.

### III.     Conclusion

It should come as no surprise that the Defendants have consulted independent counsel, with which they already have a relationship, about this matter and are confident in their position. In order to prevail on a motion to disqualify counsel, the moving party has the burden of proof; Plaintiff has simply not met her burden. Accordingly, the Court must deny Plaintiff's Motion to Disqualify.

Dated: September 26, 2025                  /s/ Kasia S. Park
                                           Kasia S. Park
                                           Jeana M. McCormick
                                           *Attorneys for Defendants*
                                           *Brewer School Department and Gregg*
                                           *Palmer*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME  04101
(207) 772-1941
kpark@dwmlaw.com
jmccormick@dwmlaw.com