# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRTICIA MCBREAIRTY, as Personal Representative of the Estate of Shawn McBrearty, </br></br>Plaintiff,</br></br>v.</br></br>BREWER SCHOOL DEPARTMENT, et al.,</br></br>Defendants. | CASE NO. 1:24-cv-00053-JAW |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED RECONSIDERATION OF ORDER REGARDING TRIAL EVIDENCE

Defendants Brewer School Department and Gregg Palmer oppose Plaintiff Patricia McBreairty's Motion for Limited Reconsideration (ECF No. 151). In her Motion, Plaintiff seeks partial reconsideration of the Court's Order on Plaintiff's Motion for Order Regarding Trial Evidence (ECF No. 150), which excluded Haily Keezer from testifying at trial. As set forth in more detail below, Plaintiff provides no valid basis for reconsideration and therefore her Motion should be denied.

### I.  PROCEDURAL HISTORY

This case has been pending since February 22, 2024. The Court held initial proceedings on Plaintiff's motion seeking a temporary restraining order and preliminary injunction in March and April 2024. Thereafter, the Defendants filed their answer on May 20, 2024. Shawn McBreairty, the original Plaintiff in this case, filed a motion for issuance of a scheduling order on June 3, 2024. Mr. McBreairty died that same day. On June 4, 2024, the Court issued the Scheduling Order. (ECF No. 49). Pursuant to the Scheduling Order, the deadline for objecting to the Scheduling Order was June 24, 2024, the deadline for initial disclosures was July 1, 2024,

and the discovery deadline was October 21, 2024. No party filed an objection. In accordance with the Scheduling Order, on June 25, 2024, Defendant Michelle MacDonald served her initial disclosures on all parties, and on July 1, 2024, the Defendants served their initial disclosures on all parties. In contrast, Plaintiff filed no initial disclosures at all – neither on the July 1, 2024 deadline, nor at any time during the discovery period.

On July 2, 2024, Plaintiff's counsel filed a Suggestion of Death. On August 15, 2024, Patricia McBrearity, as Personal Representative of Mr. McBreairty's Estate, filed a motion to substitute as the Plaintiff, and the Court granted the motion on September 6, 2024. Plaintiff updated the previously denied motion for a preliminary injunction on September 30, 2024, and the parties briefed the motion in October 2024. Then, on October 28, 2024, all of the parties, including Plaintiff, filed notices of their intent to file motions for summary judgment. (ECF Nos. 66-68). On December 4, 2024, the Court held a hearing on Plaintiff's updated motion for a preliminary injunction and later recognized that "[i]n the lead up to the hearing and days before the expiration of the discovery deadline, on October 18, 2024, Patricia McBreairty, in her reply memo, was dismissive of the suggestion that she might want to present evidence at the hearing in order to secure the desired injunction." (ECF No. 106, PageID #: 991).

On January 10, 2025, this Court issued its Order on Motion for Preliminary Injunction, denying Plaintiff's motion. (ECF No. 74). As this Court previously observed: "Upon learning of the denial of the motion, Plaintiff now seeks to extend the discovery deadline, then expired by roughly three months. Cynically, it appears that Plaintiff presumed she would prevail on her preliminary injunction motion and that, with the victory, she would be able to secure a favorable settlement. Only after being denied an injunction has she reevaluated her position." (ECF No. 106, PageID #: 991).

2

Also on January 10, 2025, the Court issued a Procedural Order instructing the parties to file their summary judgment pre-conference filings no later than January 17, 2025. On January 16, 2025, Plaintiff filed a Motion to Continue Procedural Order. (ECF No. 76). In that motion she argued that the Scheduling Order never "self-effectuated" because of Mr. McBreairty's death. On January 17, 2025, the Defendants filed an opposition to that motion, as did Defendant MacDonald, and all parties filed their summary judgment pre-conference filings.

On February 6, 2025, Magistrate Judge Nivison denied Plaintiff's Motion to Continue Procedural Order. (ECF No. 86). Plaintiff filed an objection to the Magistrate Judge's Order on February 19, 2025. This Court affirmed the Magistrate Judge's Order and Recommended Decision on March 18, 2025, explaining that Magistrate Judge Nivison correctly "rejected the notion that the Scheduling Order was a nullity, observing that it governed in the absence of an objection from a party." (ECF No. 106, PageID #: 992). Further, this Court determined "that the Court's management of its schedule in a case is not negated by the death or substitution of a party." (ECF No. 106, PageID #: 992). Indeed, "[i]f Plaintiff's counsel believed that Mr. McBreairty's passing or other circumstances prevented counsel from conferring with opposing counsel or from filing an objection to the Scheduling Order, counsel could have raised the issue with and requested appropriate relief from the Court." (ECF No. 106, PageID #: 992 (citing ECF No. 86)). Moreover, "Patricia McBreairty was substituted as a Plaintiff with ample time remaining to attend to such matters. Instead of pursuing discovery, she pursued preliminary injunctive relief and filed notice of her intent to seek summary judgment…." (ECF No. 106, PageID #: 992).

On February 20, 2025, the Defendants filed their motion for summary judgment and Plaintiff filed a motion for partial summary judgment. On March 13, 2025, Plaintiff filed an

opposition and a motion for leave to conduct Rule 56(d) discovery. On May 6, 2025, the Court issued an order granting Plaintiff's motion for partial summary judgment and granting in part and denying in part the Defendants' motion for summary judgment. The Court also denied Plaintiff's motion for leave to conduct Rule 56(d) discovery explaining, "I do not see good cause on this record for Rule 56(d) discovery since the Estate neglected to conduct discovery during the scheduled discovery period." (ECF No. 118, PageID # 1115) (citing Order on the Estate's Objection to Magistrate Judge Nivison's Order on Motion to Continue Procedural Order and Reset Scheduling Order (ECF No. 106)).

After the completion of the summary judgment process, the case was placed on three successive trial lists, all of which were continued at Plaintiff's request.[1] But before the first continuance, Defendants filed their Pretrial Memorandum (ECF No. 127) on May 21, 2025. As part of the controverted points of law, Defendants raised the issue of Plaintiff's damages and argued that because Plaintiff never disclosed any compensatory damages as required under Fed. R. Civ. P. 26(a)(1)(A)(iii), any damages must be limited to nominal damages. Defendants also indicated their intention to file motions in limine in accordance with the pretrial schedule issued by the Court, including a motion to exclude all evidence related to emotional distress damages and any claim attempting to link Mr. McBreairty's suicide to Defendants' actions. Defendants' Pretrial Memo at 4; PageID# 1184. It was only after Defendants raised in their pretrial memo the issue of Plaintiff's failure to comply with Fed. R. Civ. P. 26(a)(1)(A)(iii) to provide initial

---

[1] First, Plaintiff moved to continue the case off the July trial list because "Attorney Randazza's assistant is having a baby." (ECF Nos. 123, 125). Second, Plaintiff moved to continue the case off the August trial list because Attorney Randazza was "engaged to be married since the last motion, and between wedding planning, attendance, and honeymoon, a trial date prior to October would create hardship and strife." (ECF. No. 133). Third, Plaintiff moved to continue the case off the October trial list because her newly retained local counsel has long standing plans to be out of the country for the entire month of October. (ECF No. 143). The Court granted all three of Plaintiff's requests.

disclosures, when Plaintiff subsequently sent Defendants her untimely "initial" disclosures later that day, on May 21, 2025. That was more than 10 months after the deadline for initial disclosures, 9 months after Plaintiff filed her motion to substitute, 7 months after discovery closed, 3 months after Magistrate Judge Nivison denied Plaintiff's motion to "continue" the scheduling order, and only 1 month before trial was initially scheduled to start.

On July 31, 2025, Plaintiff filed a Motion for Order Regarding Trial Evidence (ECF No. 138) asking the Court for an order seeking clarification regarding whether her failure to timely serve initial disclosures would bar the introduction of witnesses and exhibits. Defendants opposed the motion in part. (ECF No. 146). On September 24, 2025, this Court issued its Order (ECF No. 150) granting in part and denying in part Plaintiff's motion. Relevant to the instant motion for reconsideration, this Court determined that the late disclosure of the testimony of Haily Keezer was prejudicial and insufficiently justified and held that her testimony would be excluded. Order at 6; PageID# 1269. Plaintiff now seeks reconsideration to allow the testimony of Ms. Keezer to testify as to "how the Defendants' actions . . . directly contributed to [Mr. McBreairty's] deep feeling of emotional distress and ultimately to the culmination of that distress in his suicide." Motion for Reconsideration at 1-2; PageID#1270-71.

II.     ARGUMENT

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *Salmon v. Lang*, 57 F.4th 296, 323 (1st Cir. 2022). "To prevail on such a motion, a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." *Caribbean Mgmt. Grp, Inc. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020) (quotation marks omitted); *see also* D. Me. L.R. 7(f) ("[A] motion to reconsider an interlocutory

order of the Court . . . must demonstrate that the order was based on a manifest error of fact or law."). A manifest error "is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004). "[A] party may not advance new arguments in a motion for reconsideration when such arguments could and should have been advanced at an earlier stage of the litigation." *Caribbean Mgmt. Grp.*, 966 F.3d at 45.

In the Order on Motion for Order Regarding Trial Evidence, the Court cited the correct standard for exclusion for failure to timely disclose witnesses and the relevant factors that are considered by the First Circuit. Order at 4. The Court then applied those factors to Plaintiff's request to present witnesses that were not timely disclosed and excluded the testimony of Ms. Keezer because Plaintiff's late disclosure was prejudicial to Defendants and insufficiently justified. Order at 6.

Plaintiff has not identified any errors of fact or law in the Court's ruling let alone anything that "amounts to complete disregard of the controlling law." *Venegas-Hernandez*, 370 F.3d at 195. In connection with the Motion for Reconsideration, Plaintiff attempts to provide additional information to the Court as to her desire for Ms. Keezer's testimony. However, Plaintiff has not provided any basis to believe that these new assertions were not known or available to her at the time Plaintiff filed her Motion for Order regarding Trial Evidence. *See Caribbean Mgmt. Grp.*, 966 F.3d at 45. Plaintiff offers no argument as to how the Court's decision to exclude Ms. Keezer's testimony was a manifest error of law or fact. Nor can she, which is reflected in Plaintiff's fallback position that the trial should be further continued so Defendants can depose Ms. Keezer prior to trial. That argument misses the point and fails to alleviate the prejudice that Defendants would endure in essentially reopening discovery on the

eve of trial, incurring further expense, and further delaying the resolution of this case. Plaintiff's failure to satisfy her disclosure obligations cannot be used to impose unnecessary burdens on Defendants. That approach would defeat the entire purpose of Rule 26(a)(1)(A) initial disclosures. Plaintiff's noncompliance with Rule 26(a)(1)(A)(iii) justifiably results in a forfeiture of all compensatory damages claims in this case.

In the event the Court is inclined to reconsider its decision to exclude Ms. Keezer despite Plaintiff's failure to articulate a legitimate basis that satisfies the applicable standard for reconsideration, the Court should exclude her testimony for the additional reasons set forth in Defendants' forthcoming motion in limine to exclude Plaintiff's damages.

### III. CONCLUSION

For the foregoing reasons, Plaintiff has failed to meet her burden of demonstrating that the Court's order excluding Ms. Keezer's testimony was a manifest error of fact or law and therefore the Motion for Limited Reconsideration should be denied.

| | |
|---|---|
| Dated: October 16, 2025 | /s/ Kasia S. Park<br>Jeana M. McCormick<br>Kasia S. Park<br>*Attorneys for Defendants*<br>*Brewer School Department and Gregg Palmer* |

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME 04101
(207) 772-1941
jmccormick@dwmlaw.com
kpark@dwmlaw.com

/s/ Jonathan W. Brogan
Jonathan W. Brogan, Esq.
/s/ Russell B. Pierce
Russell B. Pierce, Jr., Esq

*Attorneys for Defendants Brewer School Department and Gregg Palmer*

NORMAN, HANSON & DETROY, LLC
Two Canal Plaza
220 Middle Street
Portland, ME  04112-4600
(207) 774-7000
jbrogan@nhdlaw.com
rpierce@nhdlaw.com