# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,

    Plaintiff,

v.

BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,

    Defendants.

Case No. 1:24-cv-00053-JAW

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LIMITED RECONSIDERATION OF ORDER REGARDING TRIAL EVIDENCE**

The Court should grant Plaintiff's motion (ECF No. 151) and permit Haily Keezer to testify. Nothing in Defendants' opposition (ECF No. 167) warrants her exclusion.

Notably, in the original motion (ECF No. 138) and reply (ECF No. 148), of the specifics of individual witnesses was not at issue. The question was whether the entirety of the witnesses and exhibits would be excluded. Defendants made no argument in opposition (ECF No. 146) as to any specific witness or exhibit. It was not until the Order itself that it was understood there would be distinctions made by the Court as to specific witnesses.

In its Order, the Court excluded Ms. Keezer due to being "at a loss as to Plaintiff's need for [her]" and that the belated disclosure was deemed "prejudicial and insufficiently justified, at least on the anemic rationale **so far** offered to the Court." (ECF No 150 at 6)(emphasis added). Thus, the exclusion of Ms. Keezer as a witness was without prejudice to Plaintiff making an additional attempt where greater justification was demonstrated.

In the reconsideration motion, Plaintiff justifies why Ms. Keezer should be permitted to

testify. (ECF No. 151 at 1-2). As set forth in the motion, Plaintiff was unaware until Spring 2025, shortly before disclosure, that Ms. Keezer possessed admissible evidence. The proffer made is that:

> her testimony will be to discuss how the Defendants' actions, how Drummond Woodsum, acting in conjunction with the Defendants, directly contributed to his deep feelings of emotional distress and ultimately to the culmination of that distress in his suicide.
>
> …
>
> Ms. Keezer is a necessary witness to illustrate the effects of the Defendants' actions upon Mr. McBreairty. Ms. Keezer will be competent to testify as to her perception of Mr. McBreairty's distress and will help the trier of fact to understand the severity and causes of the distress.

*Id.* Defendants do not dispute this or suggest her testimony would be otherwise inadmissible. Instead, they attempt to elevate form over substance and fail in that effort.

Their first argument is that Plaintiff should have advanced this information with her original motion. However, the original motion was addressed to Defendants' threatened temporal challenge to all witnesses and exhibits in their entirety. Because Defendants made no distinctions among witnesses or exhibits in their underlying threat, there was no basis for Plaintiff to have done so in her motion. Individualized arguments were not reasonably anticipated—even Defendants did not make them in their opposition to the original motion. Thus, it is disingenuous to blame Plaintiff for not addressing an argument that Defendants themselves were not making.

Defendants' second argument is there was no manifest error of law or fact in the Order.[1] However, there was manifest error—the Court did not account for Plaintiff's own lack of knowledge as to Ms. Keezer's potential testimony. Unlike the other witnesses, Plaintiff could not have disclosed Ms. Keezer prior to the deadline in the scheduling order. The Court gave no consideration for any potential distinction. Had there been a timely set of initial disclosures, Ms.

---

[1] Moreover, while the motion is styled a motion for reconsideration, it is more in the nature of a renewed motion given the Court's order inviting such a motion as to Ms. Keezer upon presentation of further evidence.

Keezer still could not have been disclosed until Spring 2025. In essence, her disclosure was pursuant to Fed. R. Civ. P. 26(e), as it was tantamount to a supplemental disclosure. The considerations regarding a failure to make a timely Rule 26(a) disclosure are distinct from weighing whether witnesses disclosed on a supplemental Rule 26(e) disclosure, where the witness was not previously known, should be excluded. Viewed through that prism, it was a manifest error of law to lump the Keezer disclosure in with the other disclosures and exclude her on that basis.

Defendants' final argument is that her testimony should be excluded because Plaintiff's damages should be excluded in its entirety, claiming a noncompliance with Rule 26(a)(1)(A)(iii). This is a frivolous argument—emotional distress damages are not susceptible to computation. "Courts have held that because emotional suffering is personal and difficult to quantify and because compensatory damages for emotional distress are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii)." *Anderson v. UPS, Inc.*, Civil Action No. 09-2526-KHV-DJW, 2010 U.S. Dist. LEXIS 123878, at *32 (D. Kan. Nov. 22, 2010)(collecting cases); *see also, Newkirk v. Enzor*, No. 2:13-cv-1634, 2017 U.S. Dist. LEXIS 29333 (D.S.C. Mar. 2, 2017) ("Damages for pain and suffering or for indignity and punitive damages are not party-calculable damages subject to Rule 26(a)(1)(A)(iii)."); *Crocker v. Sky View Christian Acad.*, 2009 U.S. Dist. LEXIS 1116 (D. Nev. Jan. 8, 2009) ("[B]ecause emotional suffering is personal and difficult to quantify, damages for emotional anguish likely will be established predominantly through the plaintiffs' testimony concerning the emotional suffering they experienced, not through the[] type of documentary evidence or expert opinion relied upon to make a Rule 26(a)(1)(A)(iii) disclosure of a computation of damages.") Ms. Keezer's testimony, thus, is not excludable because Plaintiff's damages, being Mr. McBreairty's emotional distress, was not subject to Rule 26(a)(1)(A)(iii) obligations.

Plaintiff made the disclosure in May. It is now October, and the trial has been moved. The defense very well could have thought of seeking a deposition or other discovery the moment this witness was disclosed. However, they decided to forego that opportunity. Plaintiff suggested it in their July 31, 2025, motion. (ECF No. 138 at 4). Defendants decided to forego that opportunity. Here, they still have ample time to take her deposition, if they want to. If they want to informally interview her, they probably could. If they do not wish to take advantage of Plaintiff's suggestion they use this time productively, that is their prerogative. But they cannot then claim prejudice by the timing of the disclosure with any credibility. It is pure gamesmanship.

In light of the foregoing, the Court should permit Plaintiff to offer Ms. Keezer as a witness at trial to testify as to Mr. McBreairty's emotional distress and how the defense caused it.

Dated: October 29, 2025.

Respectfully Submitted,

/s/ Stephen C. Smith
Stephen C. Smith, Bar No. 8270
Steve Smith Trial Lawyers
191 Water Street
Augusta, ME 04330
info@mainetriallaw.com
Tel: (207) 622-3711
Fax: (207) 707-1036

Marc J. Randazza (*pro hac vice*)
　*Lead Counsel*
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

## CERTIFICATE OF SERVICE

I hereby certify that, on October 29, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Stephen C. Smith
Stephen C. Smith