UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:24-cv-00053-JAW ) |
| BREWER SCHOOL DEPARTMENT, et al | ) ) |
| Defendants. | ) |

**ORDER ON MOTION FOR RECONSIDERATION**

Concluding that a motion for reconsideration failed to show any new evidence or that the contested order was grounded on a manifest error of law or fact, the court rejects the motion for reconsideration.

**I.     BACKGROUND**

On February 22, 2024, Sean McBreairty filed a verified complaint against Defendants Brewer School Department and Brewer Superintendent Gregg Palmer (collectively, Defendants) alleging that by threating litigation in response to an article he authored and posted concerning a transgender student's access to the girl's bathroom at Brewer High School, Defendants violated his First Amendment Rights. *Verified Comp. 42 U.S.C. § 1983 Compl. for Declaratory, Inj. Relief, and Damages* at 1, 7-12 (ECF No. 1) (*Compl.*).[1]  The case is set for trial in January 2026.  *October 16, 2025 Notice* (ECF No. 164).

---

[1] The complaint additionally named Brewer High School Principal Brent Slowikowski and Brewer High School English Teacher Michelle MacDonald as defendants.  Mr. Slowikowski has been dismissed by order of this Court.  *See Order on Cross Motions for Summary Judgment and Motion for Rule 56(d) Discovery* at 31 (ECF No. 117) (*Order on Cross Motions for Summ. J.*).  The Court also

Sean McBreairty passed away on June 3, 2024, *Suggestion of Death as to Plaintiff Shawn McBreairty* at 1 (ECF No. 52), the same day that he filed a motion for issuance of a scheduling order. *Pl.'s Mot. for Issuance of Scheduling Order* (ECF No. 47). Though the scheduling order set July 1, 2025 as the deadline for initial disclosures, *Scheduling Order with Incorporated Rule 26(f) Order* (ECF No, 49) (*Scheduling Order*), it was not until August 8, 2025 that Patricia McBreairty filed a motion to substitute herself, as personal representative of the Estate of Shawn McBreairty, as plaintiff in this case. *Mot. to Substitute Party* at 1 (ECF No. 57). On September 6, 2024, Ms. McBreairty (hereinafter, Plaintiff) was formally substituted as plaintiff, and she has continued to litigate this case on behalf of the estate of her late husband. *Order Granting Mot. to Substitute Party* (ECF No. 58).

Initially, Plaintiff focused her efforts on her request for a preliminary injunction and related declaratory relief. It was only on January 16, 2025 that Plaintiff sought leave to amend the scheduling order to reopen the closed discovery window. *Mot. for Continuance of Procedural Order and Reset Scheduling Order* (ECF No. 76). Magistrate Judge Nivison recommended the denial of the motion to reopen discovery, *Order on Mot. to Continue Procedural Order and Reset Scheduling Order* (ECF No. 86), which the Court adopted. *Order on Recommended Decision* (ECF No. 106).

On May 21, 2025, Plaintiff filed a final pretrial memorandum and served her initial disclosures. *Pl.'s Pretrial Mem.* (ECF No. 128). In that motion, she itemized a

---

granted Ms. MacDonald's motion for Summary Judgment. *Order on Motion for Summary Judgment and Motion for Rule 56(d) Discovery* at 8-9 (ECF No. 118) (*Order on Mot, for Summ. J.*).

2

more extensive list of witnesses than previously identified. *Id.* at 3-4. On July 31, 2025 Plaintiff filed a motion seeking an order stating that she will be permitted to introduce at trial exhibits and witnesses not timely disclosed by initial disclosure under Federal Rule of Civil Procedure 26 and the June 4, 2024 Scheduling Order. *Mot. for Order Regarding Trial Evid.* (ECF No. 138) (*Mot. on Trial Evid.*); *see also Scheduling Order*. Defendants opposed the motion, maintaining that because of the tardy disclosure the only proper witnesses are the parties themselves. *Opp'n to Pl.'s Mot. for Order Regarding Trial Evid.* (ECF No. 146) at 5 n.1, 9 (*Opp'n to Mot. on Trial Evid.*). The Court granted in part and denied in part that motion and, as relevant here, excluded Hailey Keezer as a witness, reasoning "this late disclosure is prejudicial and insufficiently justified." *Order on Mot. for Order Regarding Trial Evid.* (ECF No. 150) (*Order on Mot. on Trial Evid.*).

On September 26, 2025, Plaintiff filed a motion for reconsideration on the Court's exclusion of Hailey Keezer as a witness. *Mot. for Limited Recons.* (ECF No. 151). On October 16, 2025 Defendant's filed their opposition, arguing that Plaintiff had failed to meet the burden for successful motions on reconsideration. *Defs.' Opp'n to Pl.'s Mot. For Limited Recons. Of Order Regarding Trial Evid.* (ECF No. 167). On October 29, 2025, Plaintiff responded, providing reasons why Ms. Keezer would be a useful witness to the Plaintiff. *Pl.'s Reply in Support of Mot. for Limited Recons. Of Order Regarding Trial Evid.* (ECF No. 168) (*Pl.'s Reply*).

## II.  LEGAL STANDARD

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *Salmon v. Lang*, 57 F.4th 296, 323 (1st Cir. 2022) (quotation omitted).  "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).  "To prevail on such a motion, 'a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact.'" *Caribbean Mgmt. Grp., Inc. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014)).

## III.  DISCUSSION

The Plaintiff's motion for reconsideration does not demonstrate "that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." *Id.*  Under First Circuit law, to determine whether the movant in a motion for reconsideration has demonstrated new evidence, the courts focus on whether the evidence was available to the movant before the district court issued its order.  In *Cruz-Cedeño v. Vega-Moral*, 150 F.4th 1 (1st Cir. 2025), the First Circuit wrote that "Motions for reconsideration 'do[] not provide a vehicle for a party . . . to introduce new evidence of advance arguments that could and should have been presented to the district court

4

prior to judgment.'" *Id.* at 9 (quoting *Quality Cleaning Prods. R.C. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 208 (1st Cir. 2015) (quoting *Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005)) (internal quotation marks omitted).

In her July 31, 2025 motion for order regarding trial evidence, Ms. McBreairty elected to make a blanket argument to be allowed to introduce at trial the thirteen witnesses she identified in her May 21, 2025 pretrial memorandum. *See Mot. on Trial Evid.* at 1 (citing *Pl.'s Pretrial Mem.*). After objection by the Defendants, *Opp'n to Mot. on Trial Evid.*, the district court judge[2] carefully reviewed the history of the case, analyzed the disclosures already a matter of record, and applied the five-factor test in *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009), to the question of exclusion. *Order on Mot. on Trial Evid.* At 4-5. The judge allowed some of the newly listed witnesses but excluded others, including Haily Keezer. *Id.* at 6. The judge observed that Haily Keezer's "relationship to this dispute is not at all apparent," *id.* at 3, and that he was "at a loss as to Plaintiff's need for [her testimony]." *Id.* at 6. He concluded that Ms. Keezer would be excluded "because this late disclosure is prejudicial and insufficiently justified, at least on the anemic rationale so far offered to the court." *Id.*

In response to the exclusion of Ms. Keezer, Ms. McBreairty now makes the argument in her motion for reconsideration that she could and should have made in

---

[2] The judge who issued the September 24, 2025 order which is the subject of the motion for reconsideration recused himself on October 8, 2025. *Order of Recusal* (ECF No. 157). The case was randomly assigned to this judge.

5

her original motion. *Mot. for Limited Recons.* at 1-3. Ms. McBreairty describes who Ms. Keezer is, her proposed testimony, and the reason for her late disclosure. *Id.* Ms. McBreairty excuses her failure to provide this information in her original motion by saying that "the specifics of the individual witnesses was not at issue." *Pl.'s Reply* at 1.

But this omission was the Plaintiff's choice. The First Circuit has long set forth the criteria that a district court must weigh before imposing the sanction of witness exclusion. *See Esposito*, 590 F.3d at 78; *Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2006). The district judge simply applied the law to Ms. McBreairty's motion and found that she had not provided sufficient basis under *Esposito* to allow Ms. Keezer's testimony. Whether the district judge's view would have changed if Ms. McBreairty had made the arguments then she is making now is unknowable. But First Circuit authority is clear: a disappointed litigant cannot use a motion for reconsideration to backfill arguments she could and should have made originally.

In her motion for reconsideration, Plaintiff argues that Mr. McBreairty "was to have spoken for himself as to his mental distress," but given that he has passed, third parties like Ms. Keezer are necessary to establish the testimony. *Mot. for Limited Recons.* at 1. Although "Ms. Keezer possessed admissible evidence [that] was not known to the Estate until Spring 2025," *id.* at 3, this does not establish that this evidence was previously unavailable at the time she filed her July 31, 2025 motion. *Caribbean Mgmt. Grp., Inc.*, 966 F.3d at 44-45.

6

Furthermore, Plaintiff's motion for reconsideration does not argue, nor allow the Court to independently conclude, that its "original [order] was premised on a manifest error of law or fact." *Id.* The Court's decision to exclude Ms. Keezer as a witness was premised on late disclosure, which the Court considered "prejudicial and insufficiently justified." *Order on Mot. on Trial Evid.* at 6.

The Court DISMISSES Patricia McBreairty's Motion for Limited Reconsideration (ECF No. 151).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2025