UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **PATRICIA MCBREAIRTY, in her capacity as Personal Representative of the Estate of Shawn McBreairty,**<br><br>Plaintiff,<br><br>v.<br><br>**BREWER SCHOOL DEPARTMENT and GREGG PALMER,**<br><br>Defendants. | No. 1:24-cv-00053-JAW |

**FINAL PRETRIAL MEMORANDUM OF DEFENDANTS**
**BREWER SCHOOL DEPARTMENT AND GREGG PALMER**

Pursuant to this Court's order of November 12, 2025 (ECF No. 177) and Local Rule 16.5(b), Defendants file this Final Pretrial Memorandum, supplementing their prior final pretrial memorandum filed on May 21, 2025 (ECF No. 127) submitted before several past continuances of trial.

A. **BRIEF FACTUAL STATEMENT**

On February 12, 2024, Shawn McBreairty ("McBreairty") posted an article on his *[your]*NEWS website entitled "Girl's Bathrooms are Not 'Safe Spaces' When Males are Present." ECF No. 1-3, at 1-6. Apart from publishing his views on issues related to transgender students' use of school bathrooms, McBreairty's article publicized an unauthorized photograph of Brewer High School students—who were minors—inside the school's bathroom. *See id.* McBreairty also singled out one of those students by name and suggested they had engaged in sexual assault. *See id.* After the article was published online, the minor student named in the

1

article and shown in the photograph stopped attending school. *See* ECF No. 16-1 ¶ 8. The parents of the pictured students also complained that the photograph violated their children's privacy rights. *See id.* ¶ 9. In response, the Brewer school administration directed its attorney, Melissa Hewey of Drummond Woodsum, to ask McBreairty to remove the photograph and not call the minor student out by name, telling him that he otherwise had the right to express his opinions. *See id.* ¶ 11; ECF No. 1-5, at 1.

Instead of taking down the unauthorized photograph and editing his article, McBreairty voluntarily removed the entire post and replaced it with a copy of Attorney Hewey's email to him. *See* ECF No. 16-1 ¶¶ 14-15. This prompted Attorney Hewey to send a follow up email, dated February 14, 2024, out of concern that McBreairty's gamesmanship in this respect still did not remove reference to the minor student's name. *See id.* ¶ 15; ECF No. 1-6, at 1. While McBreairty did remove that post, *see* ECF No. 16-1 ¶ 16, he made a guest appearance on the Stew Peters Show two days later, during which the photograph of the minor students in the Brewer High School bathroom was displayed (and was thereafter viewable online, by virtue of his appearance), *see* ECF No. 16-3 ¶ 7. And as of February 27, 2024, starting with posts he filed before this suit, McBreairty continued to post the photograph on his X account. *See id.* ¶¶ 2-6.

### B. CONTROVERTED POINTS OF LAW

Defendants incorporate by reference their previously filed Final Pretrial Memorandum (ECF No. 127) on controverted points of law.

Pending are two motions in limine seeking to preclude Plaintiff from compensatory damages and/or preclude any reference to Plaintiff's suicide at any trial. Plaintiff will not be able to generate evidence of liability and causation for recovery of emotional distress damages. There are no other alleged or preserved compensatory damages in the case. Without actual injury, or

2

any remaining financial interest in the case, the Plaintiff Estate therefore may no longer be able to sustain Article III standing. *See Harris v. University of Massachusetts Lowell*, 43 F.4th 187 (1st Cir. 2022).

To be clear, Defendant Palmer (the Brewer School Department Superintendent) maintains that he is entitled to qualified immunity on any damages claims. While the Court denied summary judgment to Palmer on the qualified immunity defense, the Court did not enter judgment against him, or either remaining defendant, on Counts I and II of the Complaint, which seek relief pursuant to section 1983 for an alleged pre-enforcement violation of the First Amendment (Count I) or the Maine Constitution (Count II). Plaintiff still needs to prove all the elements for liability under Counts I and II. Qualified immunity should remain a defense, as it is an immunity to damages at least as much as an immunity to suit. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (qualified immunity, as an immunity from suit as well as a defense to liability, may be addressed "in light of the circumstances in the particular case at hand").

### C., D., E., F. of LOCAL RULE 16.5(b) ON CONTENTS OF PRETRIAL MEMORANDA

Defendants incorporate by reference the remaining sections of their previously filed Final Pretrial Memorandum (ECF No. 127).

The Court's rulings on Defendants' motions in limine seeking to exclude compensatory damages and all references to Shawn McBreairty's suicide at trial, will define the scope of a jury trial and whether there should even be a jury trial in this matter, following the Court's rulings mooting Plaintiff's claims for injunctive or equitable relief after Shawn McBreairty's death (ECF No. 74). Accordingly, Defendants reserve the right to identify witnesses and exhibits consistent

with those rulings and in accordance with the schedule issued by the Court after the final pretrial conference.

Dated: December 2, 2025

/s/ Russell B. Pierce, Jr., Esq.
Russell B. Pierce, Jr., Esq.
Jonathan W. Brogan, Esq.
NORMAN, HANSON & DETROY, LLC
220 Middle Street
Portland, ME  04112-4600
(207) 774-7000
rpierce@nhdlaw.com
jbrogan@nhdlaw.com

Kasia S. Park, Esq.
DRUMMOND WOODSUM
84 Marginal Way
Suite 600
Portland, ME 04101
(207) 772-1941
kpark@dwmlaw.com
Attorneys for Defendants Brewer School Department, Gregg Palmer and Brent Slowikowski