UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, in her capacity as Personal Representative of the Estate of Shawn McBreairty,<br><br>**Plaintiff,**<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT and GREGG PALMER,<br><br>**Defendants.** | No. 1:24-cv-00053-JAW |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO SUICIDE AND STATEMENTS OF EMOTIONAL DISTRESS AND CAUSATION**

To begin with, the defendants Gregg Palmer and the Brewer School Department do not dispute that emotional damages are recoverable in 28 U.S.C. § 1983 actions for First Amendment violations so long as it is proved they were directly caused by an established constitutional injury. *See generally Acevedo-Luis v. Pagan*, 478 F.3d 35 (1st Cir. 2007); *Memphis Cmty. Sch. Dist.*, 477 U.S. 299 (1986); *Carey v. Piphus*, 435 U.S. 247 (1978); *Price v. City of Charlotte, N.C.*, 93 F.3d 1241 (4th Cir. 1996). The only question presented by this motion is whether the plaintiff Patricia McBreairty is entitled to put on evidence of Shawn McBreiarty's ("McBreairty") suicide—even though she admits she "is not seeking damages from the suicide," ECF 180 at 4— on the theory that the commission of the suicide somehow proves that the defendants' conduct caused McBreairty to take his own life. That theory is both illogical and legally unsupportable.

The plaintiff's theory is illogical because her rationale for offering the evidence necessarily rests on the assumption that the emotional distress the defendants allegedly inflicted upon McBreairty caused his suicide. *See* ECF 180 at 4 ("Plaintiff is seeking damages for emotional

1

distress, distress so severe that it *resulted* in suicide." (emphasis added)).  The distinction the plaintiff purports to draw is therefore of limited effect: it disavows any claim for traditional wrongful death damages but still requires the jury to decide whether the defendants are legally culpable for McBreairty's death.  This presents the Court with a classic preliminary evidentiary issue under Rule 104(b):

- The relevance of the suicide "depends on whether a fact exists."

- The "fact" the plaintiff must prove to make the suicide relevant is that the defendant's conduct caused McBreairty "distress so severe that it resulted in suicide."

- For the reasons explained below, the plaintiff does not possess, and she cannot offer, "proof . . . sufficient to support a finding that the fact does exist."

- Because the fact upon which the relevance of the suicide depends "does not exist," the suicide is not admissible.

Fed. R. Evid. 104(b).

The plaintiff's theory is also legally unsupportable because it turns a blind eye to the well-established limits courts have drawn around liability for suicide.  In her opposition, the plaintiff says suicide is not an independent, intervening act if it was the foreseeable result of another's wrongful conduct.  *See* ECF No. 180 at 3-4.  This is true, as far as it goes.  However, as the defendants explained in their principal brief, *see* ECF No. 173 at 8, there are only two exceptions to the general rule that suicide severs causation because it is not foreseeable.  The first allows the imposition of civil liability where there is a special relationship between the actor and the decedent that generates a duty in the actor to prevent suicide.  *See Story as Tr. for Story v. Marquette Univ.*, 728 F.Supp3d 948, 955 (E.D. Wis. 2024).  Those cases typically involve relationships between caregivers and patients, or custodial relationships.  *See id.*  The second

exception permits the imposition of civil liability where the actor's wrongful conduct is so extraordinary that it creates an "uncontrollable impulse, . . . delirium, frenzy or rage" in the decedent, during which they commit suicide "without conscious volition to produce death." *Id.* The plaintiff has neither alleged nor argued that one of these exceptions fits the facts of this case. Therefore, as a matter of law, McBreairty's suicide was an unforeseeable result of the school's brief correspondence to him in February of 2024. His act of suicide is an independent and intervening cause for which the school is not liable.

Importantly, even if one of those exceptions applied, the plaintiff would *still* need expert testimony to establish that the defendants' alleged violation of McBreairty's constitutional rights was both a cause in fact and a proximate cause of his suicide, *see, e.g.*, *Anderson v. Bristol*, 936 F.Supp.2d 1039, 1064-67 (S.D. Iowa 2013), and that expert testimony must be sufficiently reliable to pass muster under the test set forth in *Daubert v. Merrill Dow Pharm., Inc.,* 509 U.S. 579 (1993). Where suicide causation is concerned, that means that the testimony must be the product of a psychological autopsy or a differential diagnosis "under which all reasonable hypotheses are ruled in as possible causes of a medical problem and then some of these possible causes are ruled out to the extent reliable evidence makes it appropriate to do so." *Tucker v. SmithKline Beecham Corp.*, 701 F.Supp.2d 1040, 1063 (S.D. Ind. 2010); *see also Long v. Murray County School District,* No. 4:10-CV-00015-HLM, 2012 WL 13071603, at *13 (N.D. Ga. Apr. 18, 2012) (describing psychological autopsy as a methodology courts have "generally accepted . . . for analyzing what led to suicide"); *Teal v. Prasad*, 283 Mich.App. 384, 395, 772 N.W.2d 57, 63 (2009) (noting, in a case involving a suicide causation assessment, that the plaintiff "need not negate all other possible causes" but "must exclude other reasonable hypotheses with a fair amount of certainty") (citations omitted). It is not enough, then, for even a

well-qualified expert to latch onto a single potential cause of a suicide, ignore the decedent's psychiatric history and life experience, and attribute the suicide to the one condition or event of which he was made aware. In view of the law's demand for rigorous expert analysis of suicide causation, it would be even more clearly improper to permit the jury in this case to speculate about what might have moved McBreairty to take his own life. *See Merriam v. Wanger*, 2000 ME 159, ¶ 8, 757 A.2d 778 (stating that "speculation or conjecture" cannot establish proximate cause).[1]

In any event, the limited probative value of introducing evidence of McBreairty's suicide is far outweighed by its tendency to confuse the issues, mislead the jury, or unfairly prejudice the defendants. *See* Fed. R. Evid. 403. Contrary to the plaintiff's suggestion, *see* ECF No. 5-6, the defendants are not concerned with the shock value of the suicide evidence itself, but rather the strong likelihood that its introduction would appeal to jurors' sympathies and suggest that they should consider it in their damages calculation which, for the reasons stated above, is improper because the plaintiff cannot recover for McBreairty's suicide as a matter of law. *See United States v. Gaudet*, 933 F.3d 11, 17 (1st Cir. 2019) (defining undue prejudice in the Rule 403 context as "an undue tendency to suggest decision on an improper, commonly, though not necessarily, an emotional one" (cleaned up)). These are precisely the risks that Rule 403 guards against.

Finally, the defendants will put the plaintiff to her proof on the rules of evidence if she attempts to admit hearsay statements by McBreairty about his emotional distress or its cause, and otherwise offer only two points in rebuttal to her opposition which, tellingly, lacked any supportive authority. *See* ECF No. 180 at 6. First, it is unlikely that McBreairty's hearsay statements would

---

[1] The plaintiff's averment, which plaintiff apparently draws from a single news article, that it is "not unusual" for someone to commit suicide when faced with legal threats from the government, ECF No. 180 at 4, lacks the force of both evidence and reasoned legal argument. At bottom, the plaintiff's undeveloped reference to Aaron Swartz is nothing more than an anecdote which, to use her own words, offers "comically weak" support for the expansive claim made in her opposition. *See id.*

4

be admitted under Fed. R. Evid. 804(3)(A) considering pecuniary interests "are of no moment to a dead man." *Reliastar Life Ins. Co. v. Thompson*, No. M-07-140, 2008 WL 4327259, at *5 (S.D. Tex. Sep. 16, 2008) (quoting *United States v. Lemonakis*, 485 F.2d 941, 957 n.24 (D.C. Cir. 1973)). Second, the applicability of the residual hearsay exception turns on whether the statement itself "is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement," Fed. R. Evid. 807(a)(1), not the plaintiff's own trustworthiness. Regardless, the exception is likely inapplicable considering neither the plaintiff nor McBreairty (the declarant) is disinterested enough for the statements to be trustworthy. *See, e.g.*, *Great Lakes Reinsurance (UK) SE v. Herzig*, 673 F.Supp.3d 432, 458-59 (S.D.N.Y. 2023) (declining to admit hearsay statements of an attorney-advocate under the Fed. R. Evid. 807 residual exception because the declarant was not a disinterested witness and the evidence was therefore not "particularly trustworthy").

For the aforementioned reasons, the defendants respectfully request that this Court enter an order excluding any evidence related to McBreairty's suicide and any out-of-court statements he made to the plaintiff or any other person about his emotional distress or its cause.

Dated: December 3, 2025

/s/ Russell B. Pierce, Jr., Esq.
Russell B. Pierce, Jr., Esq.
Jonathan W. Brogan, Esq.
NORMAN, HANSON & DETROY, LLC
220 Middle Street
Portland, ME  04112-4600
(207) 774-7000
rpierce@nhdlaw.com
jbrogan@nhdlaw.com

Kasia S. Park, Esq.
DRUMMOND WOODSUM
84 Marginal Way
Suite 600

>Portland, ME 04101
>(207) 772-1941
>kpark@dwmlaw.com
>Attorneys for Defendants Brewer School
>Department, Gregg Palmer and
>Brent Slowikowski

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, I electronically filed the foregoing reply with the Clerk of Court using the CM/ECF system, which will also notify counsel of record of the filing.

Dated:                                              /s/ Russell B. Pierce, Jr., Esq.
                                                    Russell B. Pierce, Jr. – Bar No. 7322