UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **PATRICIA MCBREAIRTY, in her capacity as Personal Representative of the Estate of Shawn McBreairty,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BREWER SCHOOL DEPARTMENT and GREGG PALMER,**<br><br>**Defendants.** | No. 1:24-cv-00053-JAW |

**FINAL PRETRIAL MEMORANDUM OF DEFENDANTS**
**<u>BREWER SCHOOL DEPARTMENT AND GREGG PALMER</u>**

Pursuant to this Court's order of December 12, 2025 (ECF No. 190) and Local Rule 16.5(b), Defendants file this Final Pretrial Memorandum, supplementing their prior final pretrial memoranda filed on May 21, 2025 (ECF No. 127) and December 2, 2025 (ECF No. 182) submitted before previous trial continuances.

A. **BRIEF FACTUAL STATEMENT**

On February 12, 2024, Shawn McBreairty ("McBreairty") posted an article on his *[your]*NEWS website entitled "Girl's Bathrooms are Not 'Safe Spaces' When Males are Present." ECF No. 1-3, at 1-6. Apart from publishing his views on issues related to transgender students' use of school bathrooms, McBreairty's article publicized an unauthorized photograph of Brewer High School students—who were minors—inside the school's bathroom. *See id.* McBreairty also singled out one of those students by name and suggested they had engaged in sexual assault. *See id.* After the article was published online, the minor student named in the

1

article and shown in the photograph stopped attending school. *See* ECF No. 16-1 ¶ 8. The parents of the pictured students also complained that the photograph violated their children's privacy rights. *See id.* ¶ 9. In response, the Brewer school administration directed its attorney, Melissa Hewey of Drummond Woodsum, to ask McBreairty to remove the photograph and not call the minor student out by name, telling him that he otherwise had the right to express his opinions. *See id.* ¶ 11; ECF No. 1-5, at 1.

Instead of taking down the unauthorized photograph and editing his article, McBreairty voluntarily removed the entire post and replaced it with a copy of Attorney Hewey's email to him. *See* ECF No. 16-1 ¶¶ 14-15. This prompted Attorney Hewey to send a follow up email, dated February 14, 2024, out of concern that McBreairty's gamesmanship in this respect still did not remove reference to the minor student's name. *See id.* ¶ 15; ECF No. 1-6, at 1. While McBreairty did remove that post, *see* ECF No. 16-1 ¶ 16, he made a guest appearance on the Stew Peters Show two days later, during which the photograph of the minor students in the Brewer High School bathroom was displayed (and was thereafter viewable online, by virtue of his appearance), *see* ECF No. 16-3 ¶ 7. McBreairty commenced this action on February 22, 2024. And as of February 27, 2024, starting with posts he filed before this suit, McBreairty continued to post the photograph on his X account. *See id.* ¶¶ 2-6.

**B. CONTROVERTED POINTS OF LAW**

To prevail on a First Amendment pre-enforcement retaliation claim at trial, Plaintiff must prove that: (1) the specific portions of McBreairty's post that Defendants asked him to remove were protected; (2) Brewer's statement, through counsel, "or we will be forced to take further action against you" was meaningfully adverse (i.e., it would chill or deter a reasonably hardy person from engaging in continued speech activity); and (3) McBreairty's protected activity was a substantial or

2

motivating factor in the Defendants' conduct, and that McBreairty was in fact chilled or deterred in a meaningful way. Defendants anticipate that each of these elements will be lacking in Plaintiff's case in chief.

      First, whether the specific portions of McBreairty's speech are protected depends on whether the speech was defamatory, false light and/or an invasion of privacy, or otherwise harmful. *See, e.g., Childs v. Ballou,* 2016 ME 142, ¶ 15, 148 A.3d 291; *Nelson v. Maine Times,* 373 A.2d 1221, 1224 (Me. 1977); *Levesque v. Doocy,* 557 F. Supp. 2d 157, 160 (D. Me. 2008), *affd,* 560 F.3d 82 (1st Cir. 2009). Furthermore, Maine law protects the students who were the subject of McBreairty's speech by requiring the school to address "bullying" and "cyberbullying" (20-A M.R.S. § 6554) or "hazing" (20-A M.R.S. § 6553) by "any person"  whether taking place on school grounds or "elsewhere or through the use of technology, but only if the bullying also infringes on the rights of the student at school [under 20-A M.R.S. § 6554(2)(B)]."[1] At trial, Plaintiff has the burden of proving that the specific speech was protected. To the extent that Plaintiff has any admissible evidence to support that position, Defendants will introduce rebuttal evidence showing that the statements in issue about HD and publication of the photograph were harmful to the students (and staff member mentioned) and were reasonably within the scope of "cyberbullying," "bullying," or "hazing," under Maine law.

      Second, while the Court explained that "the finder of fact could readily conclude that

---

[1] Section 6554(2)(B) references bullying conduct "based on a student's actual or perceived characteristics identified in [5 M.R.S. § 4602]," Maine's educational anti-discrimination law, which in turn prohibits discrimination on "the basis of sex, sexual orientation or gender identity." 5 M.R.S. § 4602(1). The photograph of minor students in the school restroom violates their right of privacy generally, even outside the scope of these statutes; and use of that photograph by broadcasting it on the internet both violates the student's rights and is arguably a violation of 17-A M.R.S. § 511(1)(C) & (2), regardless of how McBreairty may have come into possession of the illegal photograph taken without consent.

Counsel's email would deter a reasonably hardy person who shared the same past experience and perspective as McBreairty from continuing to publish the content in question," (ECF Doc. 117, PageID #: 1087), it remains Plaintiff's burden at trial to prove that a threat was made and that a reasonable person in McBreairty's shoes would have been chilled or deterred, and that McBreairty was in fact chilled or deterred. Defendants anticipate that there will be a question as a matter of law as to whether Plaintiff can meet his ultimate burden on those elements.

Additionally, Defendants anticipate controverted issues regarding damages. Following this Court's rulings on Defendants' motions in limine (ECF Nos. 194 & 195), there remains an issue whether Plaintiff will have sufficient evidence to generate a jury question for recovery of "emotional distress" proximately caused by the school's correspondences of February of 2024.

As a general rule, "damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages." *Acevedo-Luis v. Pagan*, 478 F.3d 35, 39 (1st Cir. 2007) (quoting *Memphis Cmty. Sch. Dist.*, 477 U.S. 299, 310 (1986)). The standard for recovering for emotional distress in a section 1983 "pre-enforcement" First Amendment case such as this still requires "proof of actual injury." *Id*. at 38 (quoting *Farrar v. Hobby,* 506 U.S. 103, 112 (1992)).  In most cases, as is true here, "it may be appropriate to apply the tort rules of damages directly to the § 1983 action."  *Carey v. Piphus*, 435 U.S. 247, 258 (1978). Common law tort principles will not allow recovery for emotional distress in this case, on either the "serious" actual injury burden of proof or on the proximate causation element. "Serious mental distress amounting to actual injury that is compensable occurs only 'where a reasonable person[,] normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the event.' " *Lynch v. Christie*, 815 F. Supp. 341, 350 (D. Me. 2011) (quoting *Schelling v. Lindell*, 942 A.2d 1226, 1233 (Me. 2008) (quoting in part *Culbert v. Sampson's*

4

*Supermarkets, Inc.,* 444 A.2d 433, 437 (Me.1982)). Defendants do not presently know the nature of any testimony Plaintiff will rely on to meet the burden of proving actual injury and causation (Plaintiff has disclosed no exhibits upon which she will rely). Plaintiff has not described in detail any proffered testimony in final pretrial memoranda or in motion in limine briefing.[2]

In addition, Defendant Palmer (the Brewer School Department Superintendent) maintains that he is entitled to qualified immunity on any damages claims. While the Court denied summary judgment to Palmer on the qualified immunity defense, the Court did not enter judgment against him, or either remaining defendant, on Counts I and II of the Complaint, which seek relief pursuant to section 1983 for an alleged pre-enforcement violation of the First Amendment (Count I) or the Maine Constitution (Count II). Plaintiff still needs to prove all the elements for liability under Counts I and II. Qualified immunity should remain a defense, as it is an immunity to damages at least as much as an immunity to suit. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (qualified immunity, as an immunity from suit as well as a defense to liability, may be addressed "in light of the circumstances in the particular case at hand").

### C., D., E., F. of LOCAL RULE 16.5(b) ON CONTENTS OF PRETRIAL MEMORANDA

Defendants incorporate by reference the remaining sections of their previously filed Final Pretrial Memorandum (ECF No. 127).

Dated: December 30, 2025

                                        /s/ Russell B. Pierce, Jr., Esq.
                                        Russell B. Pierce, Jr., Esq.
                                        Jonathan W. Brogan, Esq.
                                        NORMAN, HANSON & DETROY, LLC

---

[2] Plaintiff is not pursuing recovery of any pecuniary damages (and nonetheless has disclosed no evidence of pecuniary damages proximately caused by the school's correspondence). Further, the Verified Complaint does not allege or seek recovery of punitive damages (ECF No. 1 ¶¶ 86, 95 and "Request for Relief" at Page ID.#: 15-16). Plaintiff's case does not meet the standards for recovery of punitive damages in any event.

220 Middle Street
Portland, ME  04112-4600
(207) 774-7000
rpierce@nhdlaw.com
jbrogan@nhdlaw.com

Kasia S. Park, Esq.
DRUMMOND WOODSUM
84 Marginal Way
Suite 600
Portland, ME 04101
(207) 772-1941
kpark@dwmlaw.com
Attorneys for Defendants Brewer School
Department, Gregg Palmer and
Brent Slowikowski