UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, in her capacity as Personal Representative of the Estate of Shawn McBreairty, <br><br>Plaintiff, <br><br>v. <br><br>BREWER SCHOOL DEPARTMENT and GREGG PALMER, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:24-cv-00053-JAW |

**REPORT OF FINAL PRETRIAL CONFERENCE AND ORDER**

The Court held a final pretrial conference at the Gignoux Courthouse, Portland, Maine on Tuesday, January 6, 2026. Attorneys Jay M. Wolman and Connor Mark Herrold represented Patricia McBreairty, Personal Representative of the Estate of Shawn McBreairty; Attorneys Russell Pierce, Cecilia Shields-Auble, and Jonathan W. Brogan, represented Brewer School Department and Gregg Palmer. The Court addressed the following matters, and this Order will govern the trial of this case.

Patricia McBreairty, the Plaintiff, is the personal representative of the Estate of Shawn McBreairty, who took his own life on June 3, 2024. Ms. McBreairty alleges that the Brewer School Department and Gregg Palmer, the Department's Superintendent, (School Defendants) allowed a transgender high school student who was born male access to the girls' locker room, and when Mr. McBreairty, an activist and journalist, publicized a student protest, Attorney Melissa Hewey, acting on

behalf of the School Defendants, threatened Mr. McBreairty with civil and criminal consequences if he did not cease making comments and if he did not take down a copy of her first demand letter. Ms. McBreairty seeks nominal, actual, and punitive damages against the School Department and Mr. Palmer, the Superintendent of the Brewer School Department for alleged violations under federal and state law to his constitutional rights.

The School Defendants respond that Mr. McBreairty published an unauthorized photograph of Brewer High School students, who were minors, inside the high school bathroom and singled out one student by name and suggested that the student committed a sexual assault, causing the student to stop attending school. The School Defendants contend that Mr. McBreairty violated the privacy rights of the students, and, once warned, continued to do so by posting the invasive photograph during a talk show and on social media. Mr. Palmer also asserts the right to qualified immunity.

I. **Trial Preparation**

　A. **Discovery:**

The discovery deadline lapsed on October 21, 2024, and the parties agree that discovery is complete.

　B. **Motions in Limine:**

On December 22, 2025, the Court issued orders on two motions in limine. *Order on Defs.' Mot. in Limine to Exclude Evid. of Compensatory Damages under Fed. R. Civ. P. 37(c)(1)* (ECF No. 194); *Order on Defs.' Mot. in Limine to Exclude Evid.*

*Related to Suicide and Statements of Emotional Distress and Causation* (ECF No. 195). If the parties wish to file additional motions in limine, they must do so by February 9, 2026, and any responses will be due by February 23, 2026. No replies will be allowed.

    **C.**    **Deposition and Videoconference Testimony:**

The parties do not anticipate any testimony by deposition in lieu of live testimony or videoconference testimony.

    **D.**    **Maximum Number of Trial Days and Trial Scheduling:**

The parties estimate that trial should be completed in four days.

**II.**    **Trial Schedule**

    **A.**    **Jury Selection:**

The jury will be selected on March 4, 2026. At the Final Pretrial Conference, the parties consented to the Magistrate Judge presiding at jury selection. Following the Final Pretrial Conference, the parties will file with the Court a written consent to the Magistrate Judge presiding over jury selection by Tuesday, January 13, 2026.

    **B.**    **Trial Scheduling:**

The Court set trial for Monday, March 23, 2026 through Thursday, March 26, 2026.

    **C.**    **Witness Issues:**

The parties do not anticipate any unusual issues with witness availability.

**III.**    **Trial Process**

    **A.**    **Jury Voir Dire:**

As the Magistrate Judge will conduct jury voir dire, he will address any issues regarding jury selection and will set the deadline for the submission of proposed jury voir dire questions.

B.   **Stipulations:**

The parties shall file agreed upon stipulations with the Court by March 16, 2026.

C.   **Exhibits:**

The parties shall exchange exhibits by March 2, 2026. The parties shall jointly prepare a consolidated list of all exhibits to be offered by the parties by March 16, 2026. The consolidated list of exhibits shall indicate whether there is an objection and if so, the basis therefor.

D.   **Witnesses:**

Each party shall file her or its witness list by March 2, 2026. For each witness, the list shall indicate (i) the witness's name and address; (ii) whether the witness is a fact witness or an expert witness; (iii) a concise statement of the general subject matter of the witness's testimony; and (iv) an estimate of the time required for the direct examination of the witness.

E.   **Jury Instructions:**

The parties shall submit proposed jury instructions on liability, compensatory and punitive damages by February 23, 2026. Proposed instructions shall be stated in separate paragraphs and numbered sequentially. Following the text of a proposed instruction, any applicable statutory or case authority for the requested instruction

shall be provided. The parties must submit any objections to proposed instructions by March 2, 2026.

    **F.    Special Verdict Forms:**

The parties shall prepare proposed special verdict forms and submit the same to the Court by March 2, 2026.

    **G.    Double Damages:**

The Plaintiff is proceeding under more than one theory of liability and against two defendants with potentially overlapping damages. To avoid a double recovery for the same damages under different theories, the parties must suggest to the Court how it should instruct the jury on this issue and how the verdict form should clarify the issue of total damages to avoid double damage awards.

    **H.    Trial Briefs:**

Each party shall file a trial brief by March 2, 2026, setting forth the significant factual and legal issues to be presented at trial and the party's position on the issues so identified. The trial brief shall not exceed ten pages. If a party wishes to respond, they must do so by March 16, 2026.

    **I.    Punitive Damages:**

The Plaintiffs claim punitive damages. The Court confirmed that it would hold a bifurcated trial with the issues of liability and compensatory damages tried first to verdict and the issue of punitive damages tried second, if necessary. Only if the jury issues a verdict for the Plaintiff, will the Court proceed with the punitive damages claim. If so, the Court will instruct the jury that it may use all the evidence already

before them and will offer the parties an opportunity to present any further evidence on the issue of punitive damages. This may or may not include evidence of the Defendants' wealth, depending on the Court's determination of the admissibility of such evidence. Counsel will be given an opportunity to make closing arguments on the issue of punitive damages, and the Court will instruct the jury.

### J. Specific Issues:

The Court observed that there are several issues it would like the parties to address in their trial briefs and proposed instructions: 1) whether and how the Court should instruct the jury in a manner consistent with Chief Judge Walker's Orders dated May 6, 2025; 2) how the parties wish to address the fact of Shawn McBreairty's death; 3) whether and how the parties wish to address an instruction on the jury's consideration of the fact of Mr. McBreairty's death; and 4) whether and how the parties propose to address the affirmative defense of qualified immunity for Mr. Palmer.

### K. Juror Notebooks:

The Court will permit the jurors to take notes in individual notebooks.

## IV. CONCLUSION

The Court ORDERS this matter scheduled for trial March 23, 2026 through March 26, 2026 at the Margaret Chase Smith United States Courthouse in Bangor, Maine with jury selection to take place on March 4, 2026 also at the Margaret Chase Smith United States Courthouse in Bangor, Maine.

SO ORDERED.

        /s/ John A. Woodcock, Jr.
        JOHN A. WOODCOCK, JR.
        UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2026

## **NOTICE**

Any objections to a Pretrial Order shall be filed within fourteen (14) days from the date of its filing.