IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>      Plaintiff,<br><br>    v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>      Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**PLAINTIFF'S LIMITED OBJECTIONS TO THE PRETRIAL ORDER FILED JANUARY 7, 2026** |

    Pursuant to the Court's Report of Final Pretrial Conference and Order (ECF No. 205), Plaintiff Patricia McBreairty sets forth her limited objections to that order as follows:

    1)    Section I(A) states that the discovery deadline lapsed on October 21, 2024, and the parties agree that discovery is complete. Plaintiff repeats and preserves her objection to the imposition of the said deadline as it was void when issued as Mr. McBreairty had died and the estate had not yet been substituted. Plaintiff only agrees to discovery being complete in the sense that the Court has prohibited further discovery and, therefore, no discovery can be taken.

    2)    Section I(B) addresses the Court's orders of December 22, 2025 (ECF Nos. 194 & 195). To the extent necessary, Plaintiff repeats and preserves her objections to the exclusion of testimony as to the manner of Mr. McBreairty's death and Defendants' causation of the same. Defendants never interposed a defense of intervening or superseding causation or offered a plausible alternative causation such that the proffered evidence of Mr. McBreairty's emotional distress caused by Defendants at the moment of his death might be excluded.

3) Section III(A) sets forth that the Magistrate Judge will set a deadline for the submission of proposed jury voir dire questions. As no deadline has yet been set, Plaintiff reserves the right to object to the extent the forthcoming deadline might leave insufficient time. Plaintiff requests a deadline of February 23, 2026.

4) Section III(H) sets a 10-page limit for the trial brief. Trial briefs in this District customarily address pertinent facts, argument/authorities, jury instructions, and/or verdict forms. The parties briefed many of the issues on Defendants' summary judgment motion, which took 20 pages, and only one issue is no longer before the Court. Further, the Court has requests specific attention to Double Damages (Section III(G)), and Specific Issues of instructions as to the summary judgment rulings, the fact of the death of Mr. McBreairty and instruction thereon, and qualified immunity (Section III(J)). Thus, Plaintiff objects to the 10-page limit and requests a 20-page limit.

To the extent necessary, Plaintiff preserves and restates any and all objections to adverse judicial determinations throughout the proceeding. Plaintiff does not otherwise object to any other part of the Report of Final Pretrial Conference and Order.

Dated: January 21, 2026.

/s/ Stephen C. Smith
Stephen C. Smith, Bar No. 8270
Steve Smith Trial Lawyers
191 Water Street
Augusta, ME 04330
info@americantrialgroup.com
Tel: (207) 622-3711
Fax: (207) 707-1036

Respectfully Submitted,

Marc J. Randazza (*pro hac vice*)
  *Lead Counsel*
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

Case No. 1:24-cv-00053-LEW

## CERTIFICATE OF SERVICE

I hereby certify that, on January 21, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Stephen C. Smith
Stephen C. Smith