IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>      Plaintiff,<br><br>  v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>      Defendants. | Case No. 1:24-cv-00053-JAW<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND TESTIMONY RELATED TO RESPONSE TO ARTICLE** |

Shawn McBreairty authored a politically-charged article; Brewer and Palmer didn't like it and they caused their attorney, Melissa Hewey, to threaten Mr. McBreairty with criminal charges and civil claims in derogation of his rights.[1]  In opposition to Plaintiff's motion for preliminary injunction, Palmer submitted a declaration stating, in relevant part:

> 8. After Mr. McBreairty's post appeared online and was the subject of discussion at the High School, HD stopped coming to school.[2]
>
> 9. I also heard complaints from the students and families of the other students depicted in the photograph Mr. McBreairty posted of students in the girls' bathroom at the High School. They were upset about the violation of their children's privacy rights.
>
> 10. I also heard from Michelle MacDonald, one of our teachers at the High School

---

[1] In denying Brewer and Palmer summary judgment, the Court held "[o]n balance, considering the totality of the circumstances, the School Department threatened Mr. McBreairty with legal consequences for speech related to a matter of political, social, or general concern to the community, having as much legitimate news interest as much other content found in our Nation's newspapers, periodicals, and online fora." *McBreairty v. Brewer Sch. Dep't*, 783 F. Supp. 3d 394, 410 (D. Me. May 6, 2025).  Their threats "went so far as to demand the removal of [First Amendment] protected content[.]" *Id.* at 411.

[2] "HD" is an individual named Hunter Dawson, who is no longer a minor, and who has been referred to by the Court using their real name. *McBreairty v. Brewer Sch. Dep't*, No. 1:24-cv-00053-LEW, 2025 U.S. Dist. LEXIS 187385, at *3-4 (D. Me. Sept. 24, 2025).

> that she was feeling bullied by the statements Mr. McBreairty made about her child in the post.
>
> 11. As a result of the disruption and emotional distress that the post was causing to students and a staff member, we decided that we had to try to get Mr. McBreairty to take the portions of the post down that were defamatory or invaded the privacy of our students and, therefore, our counsel sent him an email, a copy of which is attached to the complaint in this matter as Exhibit 5.
>
> …
>
> 17. HD remained out of school through February 16, 2024, when February vacation started.
>
> 18. Over February vacation, HD's parent wrote me an email stating that when HD returned to school, they intend to use a single stall bathroom. The parent explained the decision as follows:
>
> This is what we feel is best for our family, for their academics and for the school. Reading that article only strengthens the decision. I have many strong feelings about how this group has gone about things and how they have villainized and victimized children. They are not looking out for the greater good. However, I can not allow my childs [sic] and my family's matters to be laid out for public debate and scrutiny.

(ECF No. 16-1). On the basis of this declaration, Defendant argued that Mr. McBreairty's article caused harm to non-party students and faculty. *See* ECF No. 16 at 3, 16-17 & 19 (opposition to preliminary injunction); ECF No. 92 at 2 (in support of summary judgment); ECF No. 101 at 1 (opposition to summary judgment); ECF No. 182 (supplemental pretrial memorandum). None of this purported evidence of the reactions of non-parties is admissible and testimony regarding the same should be excluded.

First, evidence of the reaction of non-party students, staff, and their families is irrelevant and unduly prejudicial and should be excluded per Fed. R. Evid. 401 & 403.[3] As "the Committee Notes to Rule 403 explain, 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'

---

[3] For purposes of this motion, the term non-party includes MacDonald as summary judgment entered in her favor, although a formal separate and final judgment has not been entered.

Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C. App., p. 860." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "Rule 403 provides a mechanism to guard against the possibility that 'evidence could . . . cause the jury to condemn a [party] based on passion or bias, for example, which is a no-no.'" *Gonpo v. Sonam's Stonewalls & Art, LLC*, 41 F.4th 1, 7 (1st Cir. 2022) (quoting *United States v. Jones*, 748 F.3d 64, 71 (1st Cir. 2014))(revisions in original). Here, the Court already determined that Defendants violated Mr. McBreairty's rights,[4] and any attempt by Defendants to justify this violation serves no purpose but to prejudice the jury against Plaintiff. It is, moreover, irrelevant, as a heckler's veto is an impermissible justification for the restriction of speech. *See Bachellar v. Maryland*, 397 U.S. 564, 567 (1970) ("it is firmly settled that under our Constitution the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers, or simply because bystanders object to peaceful and orderly demonstrations" (internal citations omitted)). Thus, such evidence is inadmissible for any purpose.

Second, any evidence of the alleged opinion or reaction of non-parties is inadmissible hearsay per Fed. R. Evid. 802. Defendants Brewer and Palmer have expressed no intention to call Hunter Dawson, Hunter Dawson's parent, the unnamed students or families, or MacDonald as trial witnesses nor introduce any messages or emails received from them. *See* ECF No. 148-3, Defendants' Initial Disclosures; ECF No. 127, Defendants' Pretrial Memorandum. As a result, the only evidence about the reactions of these non-parties would be hearsay about oral statements

---

[4] As the Court observed in denying Defendants summary judgment on Count I, Hewey's threat "demand[ed] the removal of protected content." *McBreairty v. Brewer Sch. Dep't,* 783 F. Supp. 3d 394, 411 (D. Me. 2025)

or hearsay on hearsay about written statements.[5] None of the statements would meet any exceptions under Rule 803, 804 & 807.

Nor can Defendants avoid exclusion on the basis of hearsay by calling any of the non-parties to testify or introducing written statements from them. On September 24, 2025, the Court determined that Plaintiff's non-identification of Hunter Dawson or Hunter Dawson's mother, as well as other witnesses not timely listed on Plaintiff's initial disclosures, warranted a Fed. R. Civ. P. 37 sanction of exclusion. *McBreairty v. Brewer Sch. Dep't*, 2025 U.S. Dist. LEXIS 187385, at *7.[6] If Plaintiff cannot even call witnesses even though they were clearly named in the Complaint for lack of a timely, formal disclosure prior to the close of discovery under the scheduling order, Defendants certainly cannot call individuals they never said they would ever call nor introduce exhibits they never identified. Thus, these hearsay statements should be excluded.

WHEREFORE evidence and testimony regarding non-party reactions to the article should be excluded.

| | |
|---|---|
| Dated: February 6, 2026. | Respectfully Submitted, |
| /s/ Stephen C. Smith | Marc J. Randazza (*pro hac vice*) |
| Stephen C. Smith, Bar No. 8270 |   *Lead Counsel* |
| Steve Smith Trial Lawyers | Jay M. Wolman (*pro hac vice*) |
| 191 Water Street | RANDAZZA LEGAL GROUP, PLLC |
| Augusta, ME 04330 | 30 Western Avenue |
| info@americantrialgroup.com | Gloucester, MA 01930 |
| Tel: (207) 622-3711 | Tel: (888) 887-1776 |
| Fax: (207) 707-1036 | Email: ecf@randazza.com |
| | Attorneys for Plaintiff, Patricia McBreairty |

---

[5] Defendants may argue that some of the statements would not be admitted for their truth, but rather for their effect on Palmer. However, Palmer's feelings are not an element of any claim or defense in this matter. To the extent any such statement would be admitted, Plaintiff requests a contemporaneous jury instruction that the absent declarants could have been lying.

[6] Arguably, Hunter Dawson's attendance record might be admissible under FRE 803(6) &/or (8), but it would be still inadmissible under Rule 403 as there would be admissible evidence to tie Dawson's attendance to Mr. McBreairty. Moreover, such exhibit was never previously identified nor produced and it is therefore inadmissible under Fed. R. Civ. P. 26 & 37.

Case No. 1:24-cv-00053-JAW

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 6, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Stephen C. Smith
Stephen C. Smith