IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>Defendants. | Case No. 1:24-cv-00053-LEW<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND TESTIMONY RELATED TO NON-LISTED EXHIBITS** |

Defendants spent much of the past 9 months arguing that the timing of Plaintiff's initial disclosures meant that what was disclosed should not be admitted. And, in the orders of September 24, 2025 (ECF No. 150) and October 31, 2025 (ECF No. 169), the Court determined that the "newly identified" witnesses would not be permitted to testify, including two witnesses identified in the Complaint and one identified in Defendants' opposition to the motion for preliminary injunction (Connor Girard, Hunter Dawson, and Mrs. Dawson). Without prejudice to Plaintiff's prior arguments, Defendants must be held to the same standard and Plaintiff, therefore, moves *in limine* for the exclusion of witnesses and exhibits not identified in Defendants' initial disclosures.

Defendants identify only two witnesses in their initial disclosures: Defendants Gregg Palmer and Brent Slowikowski.[1] *See* **Exhibit A**. In their first pretrial memorandum (ECF No. 127), which Defendants incorporated in their subsequent iterations (ECF Nos. 182 & 197), Defendants

---

[1] Principal Slowikowski obtained summary judgment in his favor, but separate and final judgment has not been entered.

listed Palmer and Slowikowski as witnesses, but then "reserve[d] the right to add witnesses in accordance with the schedule issued by this Court after the pretrial conference." To the extent that Defendants would add witnesses, such should be excluded. Plaintiff has had no notice of who these possible witnesses might be, and such should be excluded for failure to make timely disclosure per Fed. R. Civ. P. 26(a) and 37, as naming new witnesses at this late hour would be far more egregious than Plaintiff's misapprehension of the validity of the scheduling order.

Similarly, Defendants should be precluded from seeking to introduce exhibits (and testimony thereon) not previously disclosed and provided. In their initial disclosures, Defendants list, as to documents that may support their defenses: "Board policies – available online [and] Social media posts – attached to the complaint[.]" In their pretrial memorandum, Defendants change course and identify the following:

1. McBreairty's post;

2. Emails from counsel to McBreairty regarding post; and

3. McBreairty's responses, including emails, online posts, and media appearances.

ECF No. 127. As to items 1 & 2, while not identified in the initial disclosures, Plaintiff does not, in this motion, seek their exclusion, assuming Defendants were referring to ECF Nos. 1-3 (the article) and ECF Nos. 1-5 & 1-6 (Hewey's February 13 & 14, 2024, e-mails to Mr. McBreairty). But, as to the third category, unidentified "responses," being certain unidentified "emails, online posts, and media appearances" those must be excluded. They were not included in the initial disclosures. They do not appear to be Board policies (which presumably means policies ACAD (ECF No. 4-3), ACAF (ECF No. 4-4), and JICK, (ECF No. 4-5); if Defendants are referring to any others, which were never produced, such should be excluded). Nor are they social media posts attached to the complaint; in fact, there were no social media posts attached to the complaint.

Defendants have only ever produced a single e-mail from Mr. McBreairty ( ECF No. 16-2). As Plaintiff will seek admission of this document herself, she will not argue against its admission, despite it not having been listed in the initial disclosures. If there are any other purported e-mails, those should be excluded for failure to disclose. As to online posts and media appearances, Defendants do not identify these exhibits, and they did not appear in the initial disclosures.

The Court set forth the applicable standard governing exclusion for failure to made disclosure in its September 24 Order:

> Rule 26 and the Court's Scheduling Order required that the parties provide each other with initial disclosures. Fed. R. Civ. P. 26(a); Scheduling Order (ECF No. 49). The failure to do so is subject to the potential exclusion of the witness or evidence. Fed. R. Civ. P. 37. According to Rule 37, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). However, Rule 37 also affords the Court leeway to impose a lesser sanction where appropriate. Fed. R. Civ. P. 37(c).
>
> Whether a party's witnesses and exhibits should be excluded based on a failure to timely disclose is not, in other words, "a strictly mechanical exercise." *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 276 (1st Cir. 2006). "[D]istrict courts have broad discretion in meting out . . . sanctions for Rule 26 violations." *Laplace-Bayard v. Batlle*, 295 F.3d 157, 162 (1st Cir. 2002) (citation omitted). Factors that guide the exercise of discretion include (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket. *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009).

ECF No. 127. Thus, the Court determined that "witnesses and exhibits long of record, including declarants offered in support of the Complaint and in the context of summary judgment proceedings" would be admissible (save for Girard and the Dawsons). *Id.* As Defendants have not produced, let alone identified, any of these Category 3 "responses," they should all be excluded.

Defendants may, more narrowly, seek to admit the two X (f/k/a Twitter) posts and an interview referenced at ECF No. 16-3. However, Defendants have no authenticating witness.

Austyn L. Carolin, the declarant of ECF No. 16-3, is not listed as a trial witness.  Moreover, the two posts and interview were solely offered for the purpose of suggesting that since Mr. McBreairty did not remove the photograph and unidentified defamatory statements from X posts and discussed them in an interview, his speech was not chilled.  ECF No. 16 at 5 & 14.  However, it is the chilling of the publication of the Article, not other speech, that is at issue and these other publications are not relevant to that question, thus inadmissible under Fed. R. Evid. 401. And there is no other non-speculative purpose for which they might be admitted.  Hewey never demanded removal of those posts or that he not discuss it with the media, so any attempt to point at those materials to show he was not chilled or that he was not otherwise made fearful by Hewey's threats is nothing but pure speculation and likely beyond the personal knowledge of any witness. They are, therefore, inadmissible under Fed. R. Evid. 602, as Defendants' speculative arguments are not supported by any proffered witness testimony.

Additionally, as to the video, Plaintiff presumes Defendants were referring to the 8:43-16:16 segment of that video in which Mr. McBreairty appeared and, more specifically, the clip from 12:22-13:41 in which Mr. McBreairty discusses the petition at Brewer High School. Contrary to Defendants' suggestion, Mr. McBreairty repeated none of the statements in the Article and he did not republish the photograph during the video. Thus, it is irrelevant (and the interview beyond the 1:19 clip and then the remainder of the show, are ever more irrelevant).  The comments of the show's host, Stew Peters, are themselves inadmissible under Fed. R. Evid. 403 as they are inflammatory and there is no evidence they reflect the views of Mr. McBreairty or related to his reaction to Hewey's threats.[2]

---

[2] As "the Committee Notes to Rule 403 explain, 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an

WHEREFORE, with the exception of the consented exhibit (ECF No. 16-2), witnesses and exhibits not identified in Defendants' initial disclosures should be excluded, consistent with the principle that the parties are subject to the same standards.

Dated: February 6, 2026.                                    Respectfully Submitted,

/s/ Stephen C. Smith                                        Marc J. Randazza (*pro hac vice*)
Stephen C. Smith, Bar No. 8270                                 *Lead Counsel*
Steve Smith Trial Lawyers                                   Jay M. Wolman (*pro hac vice*)
191 Water Street                                            RANDAZZA LEGAL GROUP, PLLC
Augusta, ME 04330                                           30 Western Avenue
info@americantrialgroup.com                                 Gloucester, MA 01930
Tel:  (207) 622-3711                                        Tel: (888) 887-1776
Fax:  (207) 707-1036                                        Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

---

emotional one.' Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C. App., p. 860." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "Rule 403 provides a mechanism to guard against the possibility that 'evidence could . . . cause the jury to condemn a [party] based on passion or bias, for example, which is a no-no.'" *Gonpo v. Sonam's Stonewalls & Art, LLC*, 41 F.4th 1, 7 (1st Cir. 2022) (quoting *United States v. Jones*, 748 F.3d 64, 71 (1st Cir. 2014))(revisions in original).

Plaintiff's Motion *in Limine* to Exclude Evidence
and Testimony Related to Non-Listed Exhibits

Case No. 1:24-cv-00053-LEW

## CERTIFICATE OF SERVICE

I hereby certify that, on February 6, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Stephen C. Smith
Stephen C. Smith

RANDAZZA | LEGAL GROUP