IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>　　　　Defendants. | Case No. 1:24-cv-00053-JAW<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND TESTIMONY RELATED TO ARTICLE CONTENT AND HEWEY'S TESTIMONY, FOR SPECIFIC EXAMINATION OF PROSPECTIVE JURORS, AND FOR SPECIFIC JURY INSTRUCTION** |

　　　　Shawn McBreairty authored a politically-charged article; Brewer and Palmer didn't like it. In denying Brewer and Palmer summary judgment, the Court held "[o]n balance, considering the totality of the circumstances, the School Department threatened Mr. McBreairty with legal consequences for speech related to a matter of political, social, or general concern to the community, having as much legitimate news interest as much other content found in our Nation's newspapers, periodicals, and online fora." *McBreairty v. Brewer Sch. Dep't*, 783 F. Supp. 3d 394, 410 (D. Me. May 6, 2025). Their threats "went so far as to demand the removal of [First Amendment] protected content[.]" *Id.* at 411. Although the content of the article provides context, some members of the venire may find themselves in disagreement with Mr. McBreairty's viewpoint. Jurors, however, should not be weighing what Mr. McBreairty said—they should be focused on the actions of Defendants and the harm they caused Mr. McBreairty irrespective of the content of his article. Plaintiff thus moves *in limine* under Fed. R. Evid. 403 to exclude all evidence and testimony regarding the content of Mr. McBreairty's article aside from the actual photograph at issue. In furtherance thereof, Hewey's testimony will need to be limited, and specific *voir dire*

and jury instruction will be required.

For ease of reference, Plaintiff refers to the Court's summary of Mr. McBreairty's article, as follows:

> After reviewing evidence, speaking to witnesses, and doing research, on February 12, 2024, Mr. McBreairty published "Girl's Bathrooms are Not 'Safe Spaces' When Males are Present" on the website [your]NEWS (hereafter "the Article"), Compl. Ex. 3 (ECF No. 1-3). In the Article, Mr. McBreairty related his opinions about the underlying facts and concerns related to what was happening at Brewer High School. Much of the content was critical of the Brewer School Department's handling of the restroom access controversy related to student petition activity, but much of the Article was written as a kind of exposé-style piece focused on the high school senior who was using the girls' restrooms. Among other things, McBreairty revealed to his audience the first and last name of the student (who I refer to as HD), shared HD's Instagram username, and wrote that "[h]e goes by the pronouns they/them on Instagram." *Id*. McBreairty said:
>
>> He's been allowed by the administration to continue to enter female spaces for the last three months. Even after students' concerns were reported. He once stated he was "too emo for this school," but now he is literally playing dress up, because the school policy allows it to continue and no one has the balls to stop it.
>
> *Id*. McBreairty continued:
>
>> There have been various social media posts that ". . . he is alleged to have touched some female student(s)." Additional, yet unconfirmed reports state he is accused online of a "sexual assault" of a fellow student "in late 2021." There was another post stating ". . . in [S]eptember of 2022 [I] was taken advantage of by [H.D.]."
>
> *Id*. (omissions in original). McBreairty wrote that "[s]ources state these are 'different people' making these serious claims. Is the school aware of these claims? Some say they are." *Id*.
>
> McBreairty included in the Article a picture of four fully clothed students inside the girls' restroom who were standing around a paper towel dispenser with the caption: "Brewer, ME High School girls' bathroom photo of male [HD] (green hair and brown dress) provided by an anonymous source." *Id*. at 4. McBreairty also included a selfie picture of HD from Instagram with the caption, "[HD], a boy who is allowed to hang out in the girls room." *Id*.
>
> McBreairty criticized the Department's institution of a policy that would permit HD to access the girls' restroom, as well as the Department's effort to quash a student-led, in-school petitioning effort opposed to the policy. McBreairty also criticized

school personnel involved in that effort, specifically Defendants Michelle MacDonald, a teacher in the Brewer High School, Department Superintendent Gregg Palmer, and Brewer High School Principal Brent Slowikowski. McBreairty also criticized the law firm Drummond Woodsum for its role in counseling school clients to adopt such policies. Finally, in comments related to MacDonald, McBreairty took aim at MacDonald's minor child, who attended another area high school, calling the child out as transgender and making fun of the child's athletic performance.

783 F. Supp. 3d at 402-03.

The subject matter of Mr. McBreairty's article, relating to transgender identity, transgender rights, and the welfare of minors, is the subject of great political debate. *See, e.g., Libby v. Fecteau*, 784 F. Supp. 3d 272, 274 (D. Me. 2025)("Participation in sports by transgender students is one of many policies that law makers around the country are fiercely debating."); *Defending Educ. v. Olentangy Local Sch. Dist. Bd. of Educ.*, 2025 U.S. App. LEXIS 29181, at *5 (6th Cir. Nov. 6, 2025); *Darlingh v. Maddaleni*, 142 F.4th 558, 565 (7th Cir. 2025)("Indeed, as the Supreme Court has recently emphasized, the treatment protocols for gender dysphoria are evolving and the scientific, policy, and legal debates surrounding transgender issues are profound and unsettled.") (citing *United States v. Skrmetti*, 605 U.S. 495 (2025)). Thus, it is likely that the subject matter of the Article will provoke biases of prospective jurors.

Jurors should not decide the case based on whether they agree with Mr. McBreairty's viewpoints or not. Admission of the content that Defendants assert was offensive is unfairly prejudicial under Rule 403. As "the Committee Notes to Rule 403 explain, 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C. App., p. 860." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "Rule 403 provides a mechanism to guard against the possibility that 'evidence could . . . cause the jury to condemn a [party] based on passion or bias, for example, which is a no-no.'" *Gonpo v. Sonam's Stonewalls*

*& Art, LLC*, 41 F.4th 1, 7 (1st Cir. 2022) (quoting *United States v. Jones*, 748 F.3d 64, 71 (1st Cir. 2014))(revisions in original).

As a result, the First Circuit has recognized that issues relating to human sexuality have the potential to "unfairly prejudice" a party. *United States v. Delgado-Marrero*, 744 F.3d 167, 205-06 (1st Cir. 2014). Although in *Delgado-Marrero* the defendant's homosexuality was viewed as the source of unfair prejudice, here, Mr. McBreairty's views on transgenderism and transgender rights would be potentially prejudicial. A majority of the Maine Legislature censured Rep. Laurel Libby for a social media post that, like Mr. McBreairty's article, criticized transgender athletes. 784 F. Supp. 3d 272. Given that the legislature represented the majority of voters, it is likely that a majority of the venire will share the same negative views of critics of transgenderism and transgender politics.

A jury weighing the violation of Mr. McBreairty's First Amendment rights should not itself be permitted to discriminate on the basis of content and retaliate (*i.e.* minimize or find against Plaintiff) because they disagree with such speech. The defendants have done enough of that. Thus, the content of the article should only be admitted with strong jury instructions that they must not judge the case on whether they agree with the viewpoints= in the article or not, but rather on the basis of whether Defendants infringed an American's right to express that viewpoint and determine the proximate harms therefrom.

To further preclude prejudice, Melissa Hewey, who will be called as a hostile witness, should be precluded from testifying as to the content. She will be called as a fact witness and must refrain, additionally, from giving any legal opinion under Fed. R. Evid. 701. *See, e.g., Tardiff v. GEICO Indem. Co.,* 481 F. App'x 584, 587 (11th Cir. 2012)( finding attorney fact-witness testimony proper where it was confined to "their own experiences and personal knowledge" and

- 4 -

Motion *in Limine* to Exclude Evidence and Testimony Related to Article Content, Hewey's Testimony, for Specific Examination of Prospective Jurors, and for Specific Jury Instruction

was not expert testimony). It is well-established that "legal conclusions or principles are not the proper subject of testimony by a witness" and should be excluded. *United States v. Zipkin*, 729 F.2d 384, 389 (6th Cir. 1984). Thus, "it is not for the witnesses to instruct the jury as to applicable principles of law, but for the judge." *Marx & Co., Inc. v. Diner's Club*, 550 F.2d 505, 509-510 (2d Cir.) cert. denied 434 U.S. 861 (1977). To that end, "[e]ach courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997). The Court should, further, keep Hewey in check, admonishing her before she testifies and ensuring she does not contradict the Court's prior findings. In its summary judgment Order, the Court observed (about Hewey's email):

> The threatening email, furthermore, contained statutory citations suggesting criminal as well as civil violations and potential repercussions.
> …
> While it would have been appropriate for the School Department to simply inform McBreairty of the statute and attempt to persuade him to remove the photograph from the Article, voluntarily, for the sake of those depicted in it, a warning of criminal or civil consequences coupled with a threat of future action was over-exuberant saber rattling.

*McBreairty v. Brewer Sch. Dep't*, 783 F. Supp. 3d 394, 407, 410-11 (D. Me. May 6, 2025). Yet, in her prior testimony to the Court, she denied making criminal or civil threats, explicitly saying "there is no threat". ECF No. 31 at 22:12-23. Thus, her testimony must be limited to the facts, not her non-credible legal conclusions. This Court has had extensive briefing on, for example, whether the photograph at issue enjoys First Amendment protection. (e.g., ECF Nos. 25-27). Obviously, it does, and the Jury must be instructed that it does, lest the jury gives credence to the legal conclusion in Hewey's threat that publishing the article was potentially a criminal act.

Additionally, to avoid any possible prejudice, Plaintiff further requests, per Fed. R. Civ. P. 47(a), that prospective jurors be examined as to their views on transgenderism and transgender

rights.[1] And any prospective juror who negatively views criticism of transgenderism and transgender rights should be excused. (This would not, of course, include jurors who support transgenderism and transgender rights while also fully supporting the right to disagree.)

Further, the jury should be specifically instructed at the outset that the viewpoint of Mr. McBreairty is of no moment and the jury's own beliefs should not allow their biases to inform their decision, to wit:

> This trial is about whether the Defendants violated Mr. McBreairty's right to freedom of speech. If freedom of speech only protected speech you agree with, then it is not freedom of speech. The Court has already determined that Defendants threatened Mr. McBreairty in his exercise of speech that was protected under the First Amendment. Thus, while some of you may agree with what Mr. McBreairty said, some of you may not. Whether or not you agree with Mr. McBreairty should not influence your decision in this matter. You should not decide against the Plaintiff just because you do not like what was said nor may you decide in favor of the Plaintiff because you like what was said.

WHEREFORE evidence and testimony regarding the content of the Article should be excluded, Hewey's testimony should be constrained, prospective jurors should be examined to ensure exclusion of those who would negatively view Mr. McBreairty's viewpoint, and a jury instruction to that point should be given.

Dated: February 6, 2026.                    Respectfully Submitted,

/s/ Stephen C. Smith                         Marc J. Randazza (*pro hac vice*)
Stephen C. Smith, Bar No. 8270                 *Lead Counsel*
Steve Smith Trial Lawyers                    Jay M. Wolman (*pro hac vice*)
191 Water Street                             RANDAZZA LEGAL GROUP, PLLC
Augusta, ME 04330                            30 Western Avenue
info@americantrialgroup.com                  Gloucester, MA 01930
Tel: (207) 622-3711                          Tel: (888) 887-1776
Fax: (207) 707-1036                          Email: ecf@randazza.com

                                             Attorneys for Plaintiff,
                                             Patricia McBreairty

---

[1] Plaintiff recognizes that there will be a separate opportunity to address *voir dire* questioning and jury instructions, and she will do so then, but she raises it here, in context, as well.

- 6 -

Motion *in Limine* to Exclude Evidence and Testimony Related to Article Content, Hewey's Testimony, for Specific Examination of Prospective Jurors, and for Specific Jury Instruction

Case No. 1:24-cv-00053-JAW

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 6, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Stephen C. Smith
Stephen C. Smith

RANDAZZA | LEGAL GROUP

- 7 -

Motion *in Limine* to Exclude Evidence and Testimony Related to Article Content, Hewey's Testimony, for Specific Examination of Prospective Jurors, and for Specific Jury Instruction