IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>Defendants. | Case No. 1:24-cv-00053-JAW<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND TESTIMONY RELATED TO ADVICE OF COUNSEL AND FOR PREEMPTIVE JURY INSTRUCTION** |

In granting summary judgment to Plaintiff on the Estate's claim for declaratory relief, this Court held:

> To respond to bullying the School Department enlisted legal counsel to demand revision upon threat of further action, despite the School Department's blatant lack of standing to pursue relief under any of the statutory provisions it cited. The School Department and its counsel effectively determined that such a tactic was justified insofar as they would have performed some kind of public service. That behavior cannot be condoned under the statutes or policies on which the School Department relies and calls for declaratory relief to that effect. (ECF No. 117 at 29).

Even though such a defense was not raised, Defendants' summary judgment arguments foreshadow that Defendants intend to shift the blame at trial to their former counsel, Melissa Hewey and her firm, DrummondWoodsum. Yet, in denying summary judgment to Defendant Brewer, the Court held "Counsel's email on behalf of the School Department was, quite clearly, municipal action." *Id.* at 11. And the Court found that Attorney Hewey's demand "targeted even more content without legal justification." *Id.* at 19. And in seeking summary judgment, Defendant

Palmer argued that Hewey's unconstitutional threats were not sent on his personal behalf, but the Court determined that Palmer's own affidavit indicated he was involved. (ECF No. 117 at 23).

Defendants chose not to raise an advice of counsel defense in their Answer. (ECF No. 46). It is an affirmative defense,[1] and the failure to plead the same alone warrants exclusion. *See Depositors Tr. Co. v. Slobusky*, 692 F.2d 205, 208 (1st Cir. 1982)("Failure to [plead an affirmative defense] ordinarily results in the waiver of the defense and the exclusion of all evidence relevant only to it.")

Moreover, even had it been pleaded, it would be insufficient and, therefore, more prejudicial than probative, excludable under Rule 403.[2] "Reliance on advice of counsel alone does not per se provide defendants with the shield of immunity." *Sueiro Vazquez v. Torregrosa de la Rosa*, 494 F.3d 227, 235 (1st Cir. 2007). Notably, the *Vazquez* decision viewed such a defense even less favorably where, as here, it would "involve advice from private counsel, who may have financial incentives to provide exactly the advice the client wants." *Id.* at 236. Any attempt at trial to introduce evidence of or suggest an advice-of-counsel defense should be precluded under Fed. R. Evid. 403. In *SEC v. Frost*, suggesting an advice-of-counsel without actually raising that defense was impermissible:

---

[1] "Although 'advice of counsel' is not specifically identified in Rule 8 as an affirmative defense, most courts consider it as such." *Conley-Lepene v. Lepene*, No. 2:20-cv-00452-JCN, 2023 U.S. Dist. LEXIS 219597, at *11 (D. Me. Dec. 11, 2023) (quoting 21 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1271 n.45 Affirmative Defenses—Defenses Not Mentioned in Rule 8(c) (4th ed. 2023)).

[2] As "the Committee Notes to Rule 403 explain, 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C. App., p. 860." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "Rule 403 provides a mechanism to guard against the possibility that 'evidence could . . . cause the jury to condemn a [party] based on passion or bias, for example, which is a no-no.'" *Gonpo v. Sonam's Stonewalls & Art, LLC*, 41 F.4th 1, 7 (1st Cir. 2022) (quoting *United States v. Jones*, 748 F.3d 64, 71 (1st Cir. 2014))(revisions in original).

> The Court finds that Defendants are essentially asserting a "back door" advice of or presence of counsel defense, and this Court joins the roster of other courts to decline to permit such evidence. *See, e.g., SEC v. Tourre*, 950 F. Supp.2d 666, 683-84 (S.D.N.Y. 2013). "The intimation that counsel has blessed a transaction or practice without waiver of the attorney-client privilege would give the defendant all the essential benefit of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense." *SEC v. Lek Sec. Corp*., 2019 U.S. Dist. LEXIS 192042, 2019 WL 5703944, at *4 (S.D.N.Y Nov. 5, 2019) (quoting *Tourre*, 950 F. Supp. 2d at 684).

2022 U.S. Dist. LEXIS 216795, at *1 (C.D. Cal. Feb. 23, 2022). Such a back door defense was similarly deemed excludable under Rule 403 in *SEC v. Davenport*, 2024 U.S. Dist. LEXIS 131409, at *2-3 (C.D. Cal. Apr. 29, 2024). Palmer failed to raise an advice-of-counsel defense, and he should not be permitted to do so.

With respect to Defendant Brewer, it could not even have lawfully raised such a defense, and any such evidence is inherently excludable under Rules 402 & 403. As one court recently explained:

> The Court finds any evidence related to Defendants' purported good faith reliance on advice of counsel to be irrelevant under Fed. R. Evid. 402 and unduly prejudicial under Fed. R. Evid. 403. This evidence is irrelevant because Defendants, as municipal entities and individuals sued in their official capacities, "may not assert the good faith of [their] officers or agents as a defense to liability under § 1983." *Owen v. City of Indep., Mo*., 445 U.S. 622, 639 (1980); *see also Jackler v. Byrne*, 658 F.3d 225, 244 (2d Cir. 2011) (holding "a claim asserted against a government official in his official capacity is essentially a claim against the governmental entity itself"). This evidence is unduly prejudicial because it risks confusing the jury with respect to the lawfulness of Defendants' actions. The Court will instruct the jury as to the law to be applied in this case. Defendants may not introduce legal instruction under the guise of evidence.

*Castaneda v. Cty. of Suffolk*, 2025 U.S. Dist. LEXIS 223341, at *3-4 (E.D.N.Y. Oct. 31, 2025).

Hewey and Palmer are likely to testify as to the facts and circumstances giving rise to Hewey's threat. Plaintiff requests the Court be vigilant to ensure that the testimony and evidence do not suggest in any way that because a lawyer did it or advised it, that it was done in good faith. In fact, as was done in *Castaneda*, a jury instruction as to the law to be applied—that the

involvement of counsel does not relieve or mitigate Defendants' liability—should be given. Plaintiff requests it be as follows, prior to opening statements and re-given at the close of evidence:[3]

> "During this trial, you may hear testimony or see evidence that actions were taken through an attorney. The law is clear that the involvement of legal counsel does not make a defendant's actions any more lawful, proper, or in good faith, than if it were done by the individual or any other agent or employee. The defendants do not plead that the advice or presence of counsel should relieve them of liability in whole or in part and they are prohibited from making any such argument. The fact that actions were taken by an attorney or that an attorney was involved should not influence your decision."

WHEREFORE Plaintiff respectfully requests that evidence and testimony suggesting an advice-of-counsel defense be excluded and that the preemptive jury instruction be given.

Dated: February 6, 2026.  Respectfully Submitted,

/s/ Stephen C. Smith
Stephen C. Smith, Bar No. 8270
Steve Smith Trial Lawyers
191 Water Street
Augusta, ME 04330
info@americantrialgroup.com
Tel: (207) 622-3711
Fax: (207) 707-1036

Marc J. Randazza (*pro hac vice*)
  *Lead Counsel*
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

---

[3] Plaintiff is aware that she will have a separate opportunity to submit proposed jury instructions, and while she will reiterate it then, she highlights it here, in context.

- 4 -

Plaintiff's Motion *in Limine* to Exclude Evidence and Testimony
Related to Advice of Counsel and for Preemptive Jury Instruction

Case No. 1:24-cv-00053-JAW

## CERTIFICATE OF SERVICE

I hereby certify that, on February 6, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Stephen C. Smith
Stephen C. Smith

RANDAZZA | LEGAL GROUP

- 5 -
Plaintiff's Motion *in Limine* to Exclude Evidence and Testimony
Related to Advice of Counsel and for Preemptive Jury Instruction