IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty,<br><br>        Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities,<br><br>        Defendants. | Case No. 1:24-cv-00053-JAW<br><br>**PLAINTIFF'S PROPOSED<br>JURY VOIR DIRE QUESTIONS** |

In accordance with the Court's Order of January 22, 2026 (ECF No. 209) and Fed. R. Civ. P. 47(a), Plaintiff Patricia McBreairty respectfully submits the following proposed jury voir dire questions, in addition to the Court's standard voir dire:

1. What, if any, views do you hold as it relates to transgenderism and/or transgender rights?

2. What, if any, views do you hold toward criticism of transgenderism and/or transgender rights?

3. Are you or have you ever been a member of or employed by any organization that advocates for or against transgender rights?

4. Would the fact that speech on an issue regarding transgender rights sets the facts of a case in motion influence your perception of a case that is not, in fact, about transgender rights?

The first two questions are specifically requested within the ambit of Plaintiff's Motion *in Limine* to Exclude Evidence and Testimony Related to Article Content and Hewey's Testimony,

for Specific Examination of Prospective Jurors, and for Specific Jury Instruction (ECF No. 215).[1] The second two questions were requested in Plaintiff's Pretrial Memorandum (ECF No. 128). As explained in the motion, the subject matter of Shawn McBreairty's article is on a topic where there is a substantial political divide in this country and, more specifically, the venire. Jurors should not be deciding the merits of the case based on whether they agree with the viewpoint expressed in the article, yet there is a substantial risk they will do so. The first question sets the stage to understanding whether a particular juror might have a subject-matter bias. The third question explores whether a particular juror has a financial stake in or a firm commitment to a particularly biased viewpoint. The second and fourth questions explore whether a potential juror might be able to set aside his/her biases when evaluating whether speech they agree with or oppose has been infringed upon.

5. Do you believe the "hate speech" or "biased speech" should be outside the protection of the First Amendment?

6. Do you believe that an individual's right to free speech should be limited if their speech makes others feel "unsafe" or "distressed"?

Question 5 was proposed in ECF No. 128 and question 6 flows from it. As with questions 2 and 4, but more broadly, these questions will help discover whether a potential juror might be inclined to adjudicate whether Mr. McBreairty's speech was infringed upon based on the content of that speech. If a juror believes "hate speech" or "biased speech" is deserving of lesser protection under the First Amendment, that juror would be less likely to either find the speech was infringed upon or accord it a lesser value than speech that they favor when the law abides no such distinction. The same holds true if they think speech should be limited if it causes distress in others or makes them feel unsafe, irrespective of its protected nature.

---

[1] These questions are also within the ambit of Plaintiff's Supplemental Final Pretrial Memorandum (ECF No. 183) and Plaintiff's Second Supplemental Pretrial Memorandum (ECF No. 196).

7. Are you and/or your spouse/life partner now or have you/they ever been employed by a governmental entity?

8. Do you believe that public school officials should be given special deference when they claim to be acting in the 'best interests' of students?

Question 7 was proposed in ECF No. 128 and question 8 relates to it. Defendants are a governmental entity and a governmental actor. While prospective jurors may be unfamiliar with formal terms like "presumption of regularity," those with financial and historical ties to government agencies may unduly believe that executive action is presumptively lawful despite Defendants not being entitled to any such presumption. Jurors with such financial and historical ties are also likely to view a challenge to Defendants' decision-making and actions as a challenge to their own decision-making and actions, unduly placing themselves in Defendants' shoes. It is, thus, not dissimilar to Question 4 on the standard jury questionnaire. Similarly, determining if jurors might be biased in favor of those who purport to act in the best interests of students, irrespective of the rights of citizens, is necessary to ensure a fair trial.

9. Do you believe a person or entity's decisions and/or actions are more likely to be lawful if accomplished through or with the assistance of an attorney?

As argued in Plaintiff's Motion *in Limine* to Exclude Evidence and Testimony Related to Advice of Counsel and for Preemptive Jury Instruction (ECF No. 216), the evidence will show that the infringement of Mr. McBreairty's First Amendment rights was accomplished through the actions of Attorney Melissa Hewey of DrummondWoodsum. Defendants have not raised an advice-of-counsel defense, and "[r]eliance on advice of counsel alone does not per se provide defendants with the shield of immunity." *Sueiro Vazquez v. Torregrosa de la Rosa*, 494 F.3d 227, 235 (1st Cir. 2007). It is well-established that "[a] principal is liable for an agent's tortious conduct 'when the agent's conduct is within the scope of the agent's actual authority.' Restatement (Third) of Agency § 7.04. An agent's actual authority extends to any 'action designated or implied in the

principal's manifestations to the agent and acts necessary or incidental to achieving the principal's objectives, as the agent reasonably understands the principal's manifestations and objectives when the agent determines how to act.' *Id*. § 2.02(1)." *Doe v. Hilton Domestic Operating Co*., 2025 U.S. Dist. LEXIS 226548, at *23 (D. Mass. Nov. 18, 2025). "This rule applies to the attorney-client relationship as to third parties injured by an attorney's torts." *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 172 (S.D.N.Y. 1988). The jury should not presume that Defendants' actions were lawful merely because they were accomplished through counsel, and the proposed question will serve to identify those jurors who might be wrongly biased to believe so.

> 10. Do you have any preconceived notions about independent journalists or "citizen journalists" that would affect how you weigh their speech?

Mr. McBreairty was an independent journalist and activist. Prospective jurors may potentially have a bias against such persons as compared to both the strength of their First Amendment rights when compared to the corporate media, as well as their departure from principles of neutral reporting. Prospective jurors may have had encounters with citizen journalists on a specific issue or generally formed an opinion as to their unconventional approaches. Once more, a juror's past experience with someone like Mr. McBreairty should not influence the outcome of this matter.

> 11. Trials only present a snapshot of a bigger picture, parts of which the parties may have cropped and parts of which the Court may have cropped. Are you able to render a decision based on the evidence presented, setting aside any desire to know more about what occurred beyond the testimony and exhibits presented to you?

The Court has made certain pretrial evidentiary rulings and likely will make others, some that benefit Plaintiff and some that benefit Defendants. Prospective jurors who are unable to focus solely on what has been admitted may adjudicate the matter with improper considerations, such as the belief Plaintiff or Defendants are hiding something.

Dated: February 20, 2026.

/s/ Stephen C. Smith
Stephen C. Smith, Bar No. 8270
Steve Smith Trial Lawyers
191 Water Street
Augusta, ME 04330
info@americantrialgroup.com
Tel: (207) 622-3711
Fax: (207) 707-1036

Respectfully Submitted,

Marc J. Randazza (*pro hac vice*)
  *Lead Counsel*
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

Case No. 1:24-cv-00053-JAW

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Stephen C. Smith
Stephen C. Smith

RANDAZZA | LEGAL GROUP