IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, as personal representative of the Estate of Shawn McBreairty, <br><br> Plaintiff, <br><br> v. <br><br> BREWER SCHOOL DEPARTMENT, GREGG PALMER, in his personal and official capacities, BRENT SLOWIKOWSKI, in his personal and official capacities, MICHELLE MACDONALD, in her personal and official capacities, <br><br> Defendants. | Case No. 1:24-cv-00053-JAW <br><br><br> **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |

Plaintiff, Patricia McBreairty, by and through undersigned counsel, submits the following proposed jury instructions pursuant to Fed. R. Civ. P. 51(a)(1) and the Report of Final Pre-Trial Conference and Order § III (E) (ECF No. 205).

**1.    Consideration of Mr. McBreairty's Death**

This case is brought by Patricia McBreairty as Personal Representative of the Estate of Shawn McBreairty. The claims at issue were originally brought by Mr. McBreairty prior to his death on June 3, 2024, and it is the job of the Personal Representative to stand in Mr. McBreairty's shoes. In the event you find the Defendants liable for any of the claims, you should calculate any awardable damages for Mr. McBreairty's injuries, including emotional distress, up to the moment of his death.

Authority:    In the Report of Final Pre-Trial Conference and Order § III (J), the Court ordered as follows:

> The Court observed that there are several issues it would like the parties to address in their trial briefs and proposed instructions: … 2) how the parties wish to address the fact of Shawn McBreairty's death; 3) whether and how the parties wish to address an instruction on the jury's consideration of the fact of Mr. McBreairty's death.

**2.    Consideration Only of Admitted Evidence**

During the course of the trial, you may have desired for one or both parties to have presented certain evidence or told more than they have told. You should not let that affect your perception of either party or your decision making. Prior to the trial, the court made certain decisions about what evidence and testimony could be presented. Your decision should be based on what was presented, not what wasn't.

Authority:    *United States v. Silva*, 554 F.3d 13, 21 (1st Cir. 2009).

**3.    Non-Expert Testimony**

During the course of the trial, you may hear testimony from a witness who happens to be a lawyer. Do not presume anything this witness says about the law or what she believes the law does or does not require is accurate. I will be the one instructing you on what the law actually is.

Authority:    Fed. R. Evid. 701; *Adams v. New Eng. Scaffolding, Inc.*, Civil Action No. 13-12629-FDS, 2015 U.S. Dist. LEXIS 170688, at *14 (D. Mass. Dec. 22, 2015).

**4.    Section 1983 Claim – Introductory Instruction**

The Plaintiff brings her claims, in part, under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority:    42 U.S.C. § 1983. *See also* 9th Circuit Manual of Model Civil Jury Instructions, § 9.1.

5. **Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof**

In order to prevail on a § 1983 claim against the defendant Gregg Palmer, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. First, the defendant Gregg Palmer acted under color of state law; and,

2. Second, the acts of the defendant Gregg Palmer deprived Shawn McBreairty of particular rights under the United States Constitution as explained in later instructions; and,

3. Third, The defendant Gregg Palmer's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that the defendant Gregg Palmer acted under color of state law.

The defendant Gregg Palmer's conduct is an actual cause of a plaintiff [name]'s injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove regarding First Amendment retaliation, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant Gregg Palmer.

Authority: *Wright v. Martin*, 158 F.4th 286, 290 (1st Cir. 2025); *Drumgold v. Callahan*, 707 F.3d 28, 49-50 (1st Cir. 2013). *See also* 9th Circuit Manual of Model Civil Jury Instructions, § 9.3.

6.  **Section 1983 Claim Against Local Governing Body Defendants Based on Act of Final Policymaker—Elements and Burden of Proof**

In order to prevail on plaintiff's § 1983 claim against defendant Brewer School Department alleging liability based on the act of a final policymaker, plaintiff must prove each of the following elements by a preponderance of the evidence:

1. First, Gregg Palmer acted under color of state law;

2. Second, the acts of Gregg Palmer deprived Shawn McBreairty of his particular rights under the United States Constitution as explained in later instructions;

3. Third, Gregg Palmer had final policymaking authority from defendant Brewer School Department concerning these acts;

4. Fourth, when Gregg Palmer engaged in these acts, Gregg Palmer was acting as a final policymaker for defendant Brewer school Department; and

5. Fifth, the acts of Gregg Palmer caused the deprivation of Shawn McBreairty's rights; that is, Gregg Palmer's acts were the moving force that caused the ultimate deprivation of rights.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that defendant Brewer School Department's official, Gregg Palmer, acted under color of state law.

I instruct you that Gregg Palmer had final policymaking authority from defendant Brewer School Department concerning the acts at issue and, therefore, the third element requires no proof.

If you find that plaintiff has proved each of these elements, and if you find that plaintiff has proved all the elements plaintiff is required to prove under Instruction [4], your verdict should

be for plaintiff.  If, on the other hand, plaintiff has failed to prove any one or more of these elements, your verdict should be for defendant Brewer School Department.

Authority: *Fincher v. Town of Brookline*, 26 F.4th 479, 485 (1st Cir. 2022) (quoting *Rodríguez v. Mun. of San Juan*, 659 F.3d 168, 181 (1st Cir. 2011)); *Welch v. Ciampa*, 542 F.3d 927, 942 (1st Cir. 2008). *See also* 9th Circuit Manual of Model Civil Jury Instructions, § 9.6.

### 7. Maine Civil Rights Act, 5 M.R.S. § 4682

In addition to the Section 1983 claim, Plaintiff has made a claim under the Maine Civil Rights Act.  To prevail under state law, Plaintiff must prove that Defendants intentionally interfered with Mr. McBreairty' constitutional rights, whether under the First Amendment or the Constitution of Maine by physical force or violence, damage or destruction of his property, trespass on that property, or threats thereof, or engaging in any conduct that would cause a reasonable person to suffer emotional distress or to fear death or bodily injury to that person or to a close relation.

Here, Plaintiff claims that Defendants' demands to Mr. McBreairty constituted conduct that would cause a reasonable person to suffer emotional distress and/or threatened physical force or violence, intentionally interfering with his rights.  "Force" or "violence" includes force or violent coercion by the government.

Authority: *Plourde v. Dirigo Counseling Clinic Llc*, 2021 Me. Super. LEXIS 156 (Penobscot Cty. Jan. 20, 2021); *Andrews v. Dep't of Envtl. Prot.*, 1998 ME 198, ¶ 23, 716 A.2d 212, 220; 5 M.R.S. § 4682.

### 8. Maine Constitution

In Plaintiff's claim under the Maine Civil Rights Act, Plaintiff alleges that Defendants violated both the First Amendment and the Maine Constitution, Art. I, §§ 4 & 15.  If you find

Defendants violated Mr. McBreairty's First Amendment rights, you must also find his rights were violated under the Maine Constitution.

Authority: *OccupyMaine v. City of Portland,* 2012 Me. Super. LEXIS 1 (Cumberland Cty. Sup. Ct. Jan. 31, 2012) (citing *City of Bangor v. Diva's Inc.,* 2003 ME 51 P11, 830 A.2d 898 and n.4, 2003 ME 51, 830 A.2d 898, 902 and n.4; *State v. Janisczak,* 579 A.2d 736, 740 (Me. 1990); *City of Portland v. Jacobsky,* 496 A.2d 646, 648-49 (Me. 1985); S*olmitz v. Maine School Admin. District No. 59,* 495 A.2d 812, 816 n.2 (Me. 1985)).

### 9. Particular Rights—First Amendment—"Citizen" Plaintiff

As previously explained, the plaintiff has the burden of proving that the acts of the defendants deprived Shawn McBreairty of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendants deprived Shawn McBreairty of rights under the First Amendment to the Constitution when Melissa Hewey, acting on behalf of the defendants, demanded that Mr. McBreairty take down the contents of his Article and also when she demanded he take down her first demand letter.

Under the First Amendment, a citizen has the right to free expression. To establish the defendants deprived Mr. McBreairty of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. First, Mr. McBreairty was engaged in a constitutionally protected activity;
2. Second, the defendants' threats or actions against Mr. McBreairty, including a threat of prosecution under 17-A M.R.S. Section 511, which carried with it a sentence of imprisonment up to one year and a fine up to $2,000, would chill a person of ordinary firmness from continuing to engage in the protected activity; and,

> 3. Third, Mr. McBreairty's protected activity was a substantial or motivating factor in the defendants' conduct.

I instruct you that Mr. McBreairty's Article and publication of the demand letter was protected under the First Amendment and, therefore, the first element requires no proof.

A substantial or motivating factor means a "significant" factor, though not necessarily the only factor. "Ordinary firmness" means someone of a reasonable constitution, not overly timid nor exceptionally tough.

If the plaintiff establishes each of the foregoing elements, the burden shifts to the defendants to prove by a preponderance of the evidence that the defendants would have taken the action(s) in question, even in the absence of any motive to seek to censor Mr. McBreairty's speech. If you find that the defendants are able to demonstrate this, you must find for the defendants. If you find that the defendants are not able to demonstrate this, you must find for the plaintiff.

<u>Authority</u>: *Staples v. Gerry*, 923 F.3d 7, 15 (1st Cir. 2019); *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011); *Starr v. Dube*, 334 Fed.Appx. 341, 342 (1st Cir. 2009); 17-A M.R.S. Section 511; 17-A M.R.S. Section 1604(1)(D); 160A M.R.S. Section 1704(4); *See also* 9th Circuit Manual of Model Civil Jury Instructions, § 9.11.

**10. Protected Speech**

This trial is about whether the Defendants violated Mr. McBreairty's right to freedom of speech. If freedom of speech only protected speech you agree with or like, then it is not freedom of speech. The Court has already determined that Defendants threatened Mr. McBreairty in his exercise of speech that was protected under the First Amendment. Thus, while some of you may agree with what Mr. McBreairty said, some of you may not. Whether or not you agree with Mr. McBreairty should not influence your decision in this matter. You should not decide against the

Plaintiff just because you do not like what was said nor may you decide in favor of the Plaintiff because you like what was said.

Further, Mr. McBreairty's publication of the Article and its contents was not a violation of 17-A M.R.S. Section 511. He did not take the photograph used in the Article. Thus, Mr. McBreairty had a clearly established right under the First Amendment to publish a lawfully-acquired photograph.

Authority:   *Snyder v. Phelps*, 562 U.S. 443, 458 (2011); *Bartnicki v. Vopper*, 532 U.S. 514 (2001); *Jean v. Mass. State Police*, 492 F.3d 24 (1st Cir. 2007); *Berge v. Sch. Comm. of Gloucester*, 107 F.4th 33, 41 (1st Cir. 2024).

### 11. Liability as to Advice of Counsel

During this trial, you may hear testimony or see evidence that actions were taken through an attorney. The law is clear that the involvement of legal counsel does not make a defendant's actions any more lawful, proper, or in good faith, than if it were done by the individual or any other agent or employee. The defendants do not plead that the advice or presence of counsel should relieve them of liability in whole or in part and they are prohibited from making any such argument. The fact that actions were taken by an attorney or that an attorney was involved should not influence your decision.

Authority:   *Castaneda v. Cty. of Suffolk*, 2025 U.S. Dist. LEXIS 223341, at *3-4 (E.D.N.Y. Oct. 31, 2025); *Sueiro Vazquez v. Torregrosa de la Rosa*, 494 F.3d 227, 235 (1st Cir. 2007).

### 12. Act of Agent is Act of Principal -- Scope of Authority Not in Issue

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

Authority:    *Soc'y of the Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 56-57 (1st Cir. 2012).  *See also* 9th Circuit Manual of Model Civil Jury Instructions, § 4.8.

**13.    Principal Sued but Not Agent—No Issue as to Agency or Authority**

Melissa Hewey was the agent of the defendant Gregg Palmer, and, therefore, any act or omission of Melissa Hewey was the act or omission of Gregg Palmer.

Authority:    *Soc'y of the Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 56-57 (1st Cir. 2012).  *See also* 9th Circuit Manual of Model Civil Jury Instructions, § 4.11.

**14.    Summary Judgment**

Part of Plaintiff's claim has already been resolved.  Two of the named defendants, Brett Slowikowski and Michelle MacDonald, are no longer part of this case and you will not be asked to make any decisions regarding them; you are only being asked to decide on claims against Brewer School District and Gregg Palmer.  The fact that they are not part of this case should not affect your decision.

Additionally, the Court has already determined that Plaintiff should prevail on Count III of her Complaint.  The Court stated that "Neither Maine law prohibiting hazing and bullying in schools nor school policies implemented pursuant to the same, grant to school boards or their counsel a license to threaten litigation whenever someone unaffiliated with the public schools speaks critically about a matter of public interest occurring in the schools and, in the process, identifies students or staff and criticizes them, even if the language employed would qualify as hazing or bullying in the context of school policies."

The Court has already determined that "McBreairty's publication of the image did not offend 17-A M.R.S. § 511, contrary to what Attorney Hewey said in her demand letter[.]… While it would have been appropriate for the School Department to simply inform McBreairty of the statute and attempt to persuade him to remove the photograph from the Article, voluntarily, for the

sake of those depicted in it, a warning of criminal or civil consequences coupled with a threat of future action was over-exuberant saber rattling."

The Court has determined that the emails of Attorney Hewey were "quite clearly, municipal action" for which Brewer School Department may be held liable. The Court further stated that "a municipality's threat or institution of legal proceedings it has no standing to pursue on behalf of one or more of its constituents for the very purpose of curtailing private speech runs against the grain of First Amendment bedrock. … And as for criminal charges, a municipality might justifiably warn of pressing charges, but not under an obviously inapt statute simply because McBreairty published speech they did not like." Thus, the Court "DECLARED that Brewer School Department Policies ACAD, ACAF, and JICK did not apply to Shawn McBreairty or his Article and did not oblige, compel, or justify the conduct by the Brewer School Department and its legal counsel that gave rise to this civil action."

In considering this matter, it is established that Brewer School Department Policies ACAD, ACAF, and JICK did not apply to Shawn McBreairty or his Article and did not oblige, compel, or justify the conduct by the Brewer School Department and its legal counsel that gave rise to this civil action. Nor did 20-A M.R.S. Section 6553 and 6554 apply to Mr. McBreairty.

Authority:   In the Report of Final Pre-Trial Conference and Order § III (J), the Court ordered as follows:

> The Court observed that there are several issues it would like the parties to address in their trial briefs and proposed instructions: 1) whether and how the Court should instruct the jury in a manner consistent with Chief Judge Walker's Orders dated May 6, 2025….

The quotations are drawn from the Order of May 6, 2025, on the cross-motions for summary judgment.

**15.  Compensatory Damages**

If you find that Defendants violated Mr. McBreairty's rights, and thereby caused damages to him, you will then assess an amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Mr. McBreairty's damages caused by that conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You may award only such damages as you find by a preponderance of the evidence were caused by a violation of Mr. McBreairty's rights as I have defined it. It is not necessary for Plaintiff to prove the amount of Mr. McBreairty's damages with certainty. On the other hand, Plaintiff is not to be awarded purely speculative damages.

The elements of damages that you may consider are as follows:

1. Reasonable past medical expenses incurred by Mr. McBreairty in securing treatment for injuries caused by Defendants' conduct.

2. A sum to compensate Plaintiff for income that Mr. McBreairty lost, if you find by a preponderance of the evidence that the defendants caused these losses.

3. An amount for any pain and suffering, emotional distress and humiliation that you find from the evidence Mr. McBreairty endured as a result of the violation of his rights. Even though it is obviously difficult to establish a standard of measurement for this element, that difficulty is not grounds for denying recovery. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view but from a fair and impartial point of view of the amount of pain and suffering, emotional distress and humiliation that Mr. McBreairty incurred as a result of the violation of his rights and you must place a money value on this, attempting to come to a conclusion that will be fair and just to the parties. This will be difficult for you to measure in terms of dollars and cents, but there is no other

rule I can give you for assessing this element of damages.

Authority:   Adapted from Pattern Jury Instructions for Cases of Excessive Force in Violation of the Fourth, Eighth and Fourteenth Amendments for the District Courts of the United States Court of Appeals for the First Circuit § 6.1.

**16.   Emotional Distress Damages**

Compensatory damages for mental and emotional distress are recoverable for violations of rights protected by section 1983 and the Maine Civil Rights Act.  If you find that the plaintiff suffered emotional distress for which the Defendants are liable, then you should award damages that will fairly and justly compensate the plaintiff for the full extent of the plaintiff's emotional distress, even if the plaintiff's emotional distress was greater than the distress which would have been suffered by a person of normal sensitivities.  Additionally, your award, if any, should not be affected by the lack of expert testimony, as expert testimony on emotional distress is not required where lay testimony is within the common knowledge and experience of the layperson.

Authority:   Adapted from Maine Jury Instructions Manual (2022 ed.), § 7-71 and *Travers v. Flight Servs. & Sys.*, 808 F.3d 525, 541 n.10 (1st Cir. 2015); *Kercado-Melendez v. Aponte-Roque*, 829 F.2d 255, 266 (1st Cir. 1987); 5 M.R.S. § 4682(1-A)(B)(5).

**17.   Liability and Overlapping Damages Under Counts I and II**

In this proceeding, the Plaintiff has made claims for damages under two different statutes—the Federal statute known as Section 1983, and the state statute known as the Maine Civil Rights Act. The Plaintiff is also making claims in this trial against two Defendants, Brewer School Committee and Gregg Palmer.  If you determine that one or more of the Defendants is liable under both statutes, you may award the Plaintiff the full measure of damages to which she may be entitled under both.  However, you will need to specify on the verdict form whether the damages under one statute are separate from each other, such that they may be added together for a total damage

award or if they overlap and, if they overlap, to what extent. Similarly, if you determine that both Defendants are liable under one or both statutes, you may award the Plaintiff the full measure of damages to which she may be entitled against both. However, you will need to specify on the verdict form whether the damages against the Defendants are separate from each other, such that they may be added together for a total damage award or if they jointly liable for the same damages and, if they overlap, to what extent.

Authority: In the Report of Final Pre-Trial Conference and Order § III (G), the Court ordered as follows:

> The Plaintiff is proceeding under more than one theory of liability and against two defendants with potentially overlapping damages. To avoid a double recovery for the same damages under different theories, the parties must suggest to the Court how it should instruct the jury on this issue and how the verdict form should clarify the issue of total damages to avoid double damage awards.

### 18. Nominal Damages

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages are generally one dollar.

Authority: *Cortes-Reyes v. Salas-Quintana,* 608 F.3d 41, 53 n.15 (1st Cir. 2010).

### 19. Punitive Damages

If you have awarded compensatory or nominal damages, you may also award punitive damages to Plaintiff under some circumstances. To obtain punitive damages, Plaintiff must prove by a preponderance of the evidence that Defendant Gregg Palmer, acting through Melissa Hewey, either knew that his actions violated federal law or acted in reckless or callous indifference to that risk. If Plaintiff satisfies this requirement, it is entirely up to you whether or not to award punitive damages. But it should be presumed that Plaintiff has been made whole by compensatory damages, so you should award punitive damages only if the defendant's culpability warrants further

sanctions to achieve punishment or deterrence from conducting such actions in the future.

If you decide to award punitive damages, the amount to be awarded is also within your sound discretion. The purpose of a punitive damage award is to punish a defendant or deter a defendant and others from similar conduct in the future. Factors you may consider include, but are not limited to, the nature of the defendant's conduct (how reprehensible or blameworthy was it), the impact of that conduct on Mr. McBreairty, the ratio between the actual compensatory damages and the punitive damages, the relationship between Mr. McBreairty and the defendant, the likelihood that the defendant or others would repeat the conduct if the punitive award is not made, and any other circumstances shown by the evidence, including any mitigating or extenuating circumstances that bear on the question of the size of such an award. You may determine reprehensibility by considering the nature and extent of the harm; whether the conduct showed indifference to or disregard for the health or safety of others; whether the conduct involved repeated actions or was an isolated instance; and whether the harm was the result of intentional malice.

Punitive damages may not be awarded against Brewer School Department. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

Authority: *Powell v. Alexander*, 391 F.3d 1 (1st Cir. 2004). Adapted from Pattern Jury Instructions for Cases of Excessive Force in Violation of the Fourth, Eighth And Fourteenth Amendments for the District Courts of the United States Court of Appeals for the First Circuit § 7.1.

**20.    Qualified Immunity:**

**No Instruction Requested.**

In the Report of Final Pre-Trial Conference and Order § III (J), the Court ordered as follows:

> The Court observed that there are several issues it would like the parties to address in their trial briefs and proposed instructions: … 4) whether and how the parties propose to address the affirmative defense of qualified immunity for Mr. Palmer.

Qualified immunity is not a question to be decided by the jury, however Plaintiff will include special interrogatories in the proposed verdict form. *See St. Hilaire v. City of Laconia*, 71 F.3d 20, 24 n.1 (1st Cir. 1995) (noting that while qualified immunity is a question of law, "[s]ome courts, consonant with the Seventh Amendment, have preserved the fact finding function of the jury through special interrogatories to the jury as to the disputes of fact, reserving the ultimate law question to the judge").

Dated: February 23, 2026.

Respectfully Submitted,

/s/ Stephen C. Smith
Stephen C. Smith, Bar No. 8270
Steve Smith Trial Lawyers
191 Water Street
Augusta, ME 04330
info@americantrialgroup.com
Tel: (207) 622-3711
Fax: (207) 707-1036

Marc J. Randazza (*pro hac vice*)
  *Lead Counsel*
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Plaintiff,
Patricia McBreairty

Case No. 1:24-cv-00053-JAW

## CERTIFICATE OF SERVICE

I hereby certify that, on February 23, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Stephen C. Smith
Stephen C. Smith

RANDAZZA | LEGAL GROUP