UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PATRICIA MCBREAIRTY, in her capacity as Personal Representative of the Estate of Shawn McBreairty,

Plaintiff,

v.

BREWER SCHOOL DEPARTMENT and GREGG PALMER,

Defendants.

No. 1:24-cv-00053-JAW

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Superintendent Gregg Palmer and the Brewer School Department submit the following proposed jury instructions, attached hereto, to supplement this Court's standard instructions, and reserve the right to seek additional or amended instructions based on evidence generated at trial:

- Defendants' Proposed Jury Instruction No. 1 (First Amendment Retaliation)
- Defendants' Proposed Jury Instruction No. 2 (Limits on First Amendment Protection)
- Defendants' Proposed Jury Instruction No. 3 (Students' Right to Use the Bathroom Consistent with their Gender Identification)
- Defendants' Proposed Jury Instruction No. 4 (Criminal Invasion of Privacy)
- Defendants' Proposed Jury Instruction No. 5 (Civil Invasion of Privacy)
- Defendants' Proposed Jury Instruction No. 6 (Cyberbullying)
- Defendants' Proposed Jury Instruction No. 7 (Intention to Limit Protected Speech)
- Defendants' Proposed Jury Instruction No. 8 (Actual Injury)
- Defendants' Proposed Jury Instruction No. 9 (Emotional Distress)

- Defendants' Proposed Jury Instruction No. 10 (Causation)

- Defendants' Proposed Jury Instruction No. 11 (Compensatory Damages)

- Defendants' Proposed Jury Instruction No. 12 (Punitive Damages)

Dated: February 23, 2026

Norman, Hanson & DeTroy, LLC
220 Middle Street, P.O. Box 4600
Portland, ME 04112-4600
(207) 774-7000

/s/ Russell B. Pierce, Jr., Esq.
Russell B. Pierce, Jr. – Bar No. 7322
rpierce@nhdlaw.com

Jonathan W. Brogan – Bar No. 3163
jbrogan@nhdlaw.com

Cecilia J. Shields-Auble – Bar No. 010696
cshields-auble@nhdlaw.com

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME 04101
(207) 772-1941

Kasia S. Park, Esq.
kpark@dwmlaw.com

*Attorneys for Defendants Gregg Palmer and Brewer School Department*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will also notify counsel of record of the filing.

Dated:        February 23, 2026                 /s/ Russell B. Pierce, Jr., Esq.
                                                                Russell B. Pierce, Jr. – Bar No. 7322

*McBreairty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 1**
**(First Amendment Retaliation)**

The plaintiff Patricia McBreairty, as Personal Representative of the Estate of Shawn McBreairty, claims that the Defendant Gregg Palmer unlawfully retaliated against Shawn McBreairty for exercising his free speech rights under the First Amendment of the United States Constitution. She seeks compensatory damages on behalf of McBreairty's estate for the emotional distress she claims Shawn McBreiarty experienced as a result of the alleged retaliation. The defendants deny violating McBreairty's First Amendment rights at all.

To prevail on her retaliation claim, the plaintiff must prove the following elements:

First, that the speech in question was constitutionally protected.

Second, that Gregg Palmer's action would deter a reasonably hardy person from exercising their First Amendment right.

Third, that Shawn McBreairty's protected speech was a substantial or motivating factor in Gregg Palmer's action – in other words, that Gregg Palmer acted with retaliatory animus or would not have taken adverse action but for McBreairty's protected speech.

Finally, that McBreairty's protected speech was in fact chilled or intimidated by the defendants' adverse action. A mere allegation of harm is not enough; a chilling effect that is speculative, indirect, or too remote cannot support a finding of a First Amendment violation.

The plaintiff has the burden of proving each of these elements by a preponderance of the evidence, which means she must establish that each element is more likely true than not true. If she fails to prove even one element by that standard, you must return a verdict for the defendants.

**Authority:** *Falmouth Sch. Dep't v. Doe ex rel. Doe*, 44 F.4th 23, 47 (1st Cir. 2022); *Bloomquist v. Albee*, 421 F.Supp.2d 162, 180 (D. Me. 2006); *Sullivan v. Carrick*, 888 F.2d 1, 4 (1st Cir. 1989); *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019); *Hartman v. Moore*, 547 U.S. 250, 259-60 (2006); *Manzer v. Town of Anson*, 771 F.Supp.2d 121, 131 (D. Me. 2011); *Free Speech Coalition, Inc. v. Paxton*, 606 U.S. 461, 470-71 (2025); 3B Fed. Jury Prac. & Instr. § 168:41 (updated January 2026).

*McBreairty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 2**
**(Limits on First Amendment Protection)**

The First Amendment does not protect all speech.

The First Amendment does not protect speech or other expression:

- Which is an integral part of criminal conduct,

- Which violates a person's right of privacy, as defined by the civil law,

- Which violates another valid state law

**Authority:** *United States v. Stevens*, 559 U.S. 460, 471 (2010) (criminal conduct); *United States v. Sayer*, 748 F.3d 425, 433-34 (1st Cir. 2014) (criminal conduct).

*McBreairty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 3**
**(Students' Right to Use the Bathroom Consistent with their Gender Identification)**

Under Maine law, a student has the right to use the bathroom consistent with his or her gender identity. Therefore, a student who was born male, but who expresses a female gender identity, has the legal right to use the school's communal bathroom reserved for girls.

Superintendent Gregg Palmer was legally required to honor that preference, and his refusal to do so would have violated the Maine Human Rights Act.

**Authority:** *Doe v. Regional School Unit 26*, 2014 ME 11, ¶11, 86 A.3d 600

Maine law also requires schools to provide bathroom facilities in all school buildings that are "installed so that privacy, cleanliness and supervision are assured."

**Authority:** 20-A M.R.S. § 6501(C)

*McBreairty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 4**
**(Criminal Invasion of Privacy)**

Under Maine law, a person is guilty of the crime of invasion of privacy if that person intentionally "installs or uses outside a private place[,] without the consent of the person or persons entitled to privacy therein[,] any device for observing, photographing, hearing, recording, amplifying or broadcasting images or sounds originating in that place that would not ordinarily be visible, audible or comprehensible outside that place."

A "private place" means a place where one may reasonably expect to be safe from surveillance, including, but not limited to, changing or dressing rooms, bathrooms and similar places.

**Authority**: 17-A M.R.S. § 511(1)(C); 17-A M.R.S. § 511(2).

*McBreairty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 5**

Under Maine's civil law, a person commits the wrong of invasion of privacy if he intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, if the intrusion would be highly offensive to a reasonable person.

**Authority**: *Nelson v. Maine Times*, 373 A.2d 1221, 1223 (Me. 1977)

*McBreiarty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 6**
**(Cyberbullying)**

The Maine Legislature has determined that all students have the right to attend public schools that are safe, secure and peaceful environments, and that bullying and cyberbullying have a negative effect on the school environment and student learning and well-being.

For these reasons, the Maine Legislature made it unlawful to cyberbully students.

Cyberbullying is defined to include but is not limited to "written, oral or electronic expression . . . directed at a student" that

- "interferes with the rights of a student by
    - creating an intimidating or hostile educational environment for the student"; or
    - interfering with their academic performance or ability to participate in or benefit from the services, activities or privileges provided by the school,

OR

- is based on the student's "actual or perceived characteristics" of "gender identity" and has the effect, described above, of interfering with the rights of the student by creating an intimidating or hostile educational environment for the student or interfering with their academic performance or ability to participate in or benefit from the services, activities or privileges provided by the school.

"Cyberbullying" means "bullying through the use of technology or any electronic communication including, but not limited to, a transfer of . . . writing, [or] images . . . of any nature transmitted through the use of any electronic device, including, but not limited to, a computer, telephone, cellular telephone, text messaging device and personal digital assistant."

This law applies to school visitors, volunteers, students, employees, and contractors, and includes bullying that occurs through the use of technology or otherwise not on school grounds. It also requires school superintendents to address every substantiated incident of cyberbullying.

If you find that Shawn McBreairty's conduct could constitute cyberbullying under Maine law and that Superintendent Gregg Palmer acted reasonably by ensuring that conduct which appeared to be cyberbullying was addressed, you must return a verdict in Superintendent Palmer's favor.

**Authority:** 20-A M.R.S. § 6554; 5 M.R.S. § 4602;

*Belsito Communications, Inc. v. Decker*, **845 F.3d 13, 22-24 (1st Cir. 2016);** *Cox v. Hainey*, **391 F.3d 25, 31-32 (1st Cir. 2004).**

*McBreairty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 7
(Intention to Limit Protected Speech)**

As I have instructed you, in order to prevail, the plaintiff must prove that Superintendent Gregg Palmer acted with the specific intention to retaliate against Shawn McBreiarty because Mr. McBreiarty engaged in constitutionally protected speech.

Superintendent Palmer had the legal right to act in furtherance of the School Department's legitimate interests – including by enforcing valid state laws to (i) protect student privacy, (ii) ensure non-discrimination, or (ii) address cyberbullying – even though that action incidentally chilled Shawn McBreiarty's First Amendment rights.

Furthermore, if you find that Gregg Palmer, after reasonable investigation, subjectively and reasonably believed that Shawn McBreiarty's speech was unprotected – whether because it violated a student's right of privacy, or because it was contrary to the Maine Human Rights Act, or because it violated the cyberbullying law – you must find that he did not act for the purpose of retaliating against McBreiarty for exercising a constitutionally protected right, and return a verdict in favor of Gregg Palmer.  That is true even if you find that Superintendent Palmer's belief was inaccurate, and that Shawn McBreiarty's speech was entirely protected.

In determining whether Gregg Palmer reasonably investigated or under all the circumstances reasonably understood that his conduct did not contravene Shawn McBreiarty's right to the speech in issue, among all the circumstances you may consider as a factor Gregg Palmer's involvement of the school's lawyer to determine whether he acted reasonably.

**Authority:** *Waters v. Churchill*, 511 U.S. 661, 114 S. Ct. 1878, 1890-91 (plurality opinion), 1891-93 (Souter, J., concurring), 1893-95 (Scalia, J., joined by Kennedy and Thomas, JJ., concurring in

the judgment) (1994); *Greenwich Citizens Committee, Inc. v. Counties of Warren and Washington Indus. Dev. Agency*, 77 F.3d 26, 31 (2nd Cir. 1996); *Cox v. Hainey*, 391 F.3d 25, 31-32 (1st Cir. 2004); *Belsito Communications, Inc. v. Decker*, 845 F.3d 13, 22-24 (1st Cir. 2016).

*McBreairty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 8**
**(Actual Injury)**

The abstract value of a constitutional right may not form the basis for an award of damages. In other words, you may not award damages solely because you believe that the First Amendment, on which the plaintiff's claim is based, creates or confers important rights. Rather, in order to award damages you must find that the plaintiff has proven by a preponderance of the evidence that a violation of Shawn McBreairty's First Amendment rights caused him actual injury.

**Authority:** *Memphis Cmty. Sch. Dist. v. Stachura,* 477 U.S. 299, 306-10 (1986); *Carey v. Piphus*, 435 U.S. 247, 264 (1978); *McBreairty v. Brewer Sch. Dept.,* No. 1:24-cv-00053-JAW, 2025 WL 3706910, at *4 (D. Me. Dec. 22, 2025) (ECF No. 195).

*McBreairty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 9**
**(Emotional Distress)**

The actual injury alleged in this case is severe emotional distress to Shawn McBreairty. The term "severe emotional distress" means distress so severe that no reasonable person could be expected to endure it. Proving severe emotional distress requires evidence of physical manifestations of extremely intense emotional harm such as shock, illness, or other bodily harm, unless the defendant's conduct was so extreme and outrageous that you can infer no reasonable person could endure the emotional response the conduct would naturally generate.

Because hurt feelings, stress, humiliation, anxiety, irritation and emotional upset are endurable, particularly when they stem from rough and tumble of exchanges relating to government and politics, you may not award damages for those conditions, even if you find that McBreairty experienced them.

**Authority:** *Lyman v. Huber*, 2010 ME 139, ¶¶ 21-24, 10 A.3d 707; *Deane v. Cent. Me. Power Co.*, 2024 ME 72, ¶¶ 43-47, 322 A.3d 1223; *Schelling v. Lindell*, 2008 ME 59, ¶¶ 20-26, 942 A.2d 1226.

*McBreairty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 10**
**(Causation)**

To hold Gregg Palmer legally liable for any emotional distress suffered by Shawn McBreairty, the plaintiff must prove not only that Gregg Palmer violated Shawn McBreairty's First Amendment rights, and that Shawn McBreairty suffered severe emotional distress, as I have defined it, but also that Gregg Palmer's unconstitutional conduct was both an actual and a proximate cause of Shawn McBreairty's severe emotional distress. The mere possibility of such causation is not enough. When the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, you must return a verdict in favor of Gregg Palmer.

To prove that Gregg Palmer's unconstitutional conduct was an *actual* cause of Shawn McBreairty's severe emotional distress, the plaintiff must prove that Shawn McBreairty's severe emotional distress would not have occurred but for Gregg Palmer's unconstitutional conduct.

To prove Gregg Palmer's unconstitutional conduct was a *proximate* cause of Shawn McBreairty's severe emotional distress, the plaintiff must prove that Gregg Palmer's unconstitutional conduct played a substantial part in bringing about or actually causing the distress, and that the distress was either a direct result or a reasonably foreseeable consequence of Gregg Palmer's unconstitutional conduct. For it to be a proximate cause, the link between Gregg Palmer's conduct and the severe emotional distress must be unbroken by an intervening cause.

An injury like emotional distress is a direct result of an act when that act starts an event or chain of events that inevitably leads to the injury. This is an objective test: did the act start events which made the injury inevitable, regardless of whether the injury could have been foreseen?

An injury like emotional distress is a reasonably foreseeable consequence of an act when

that act creates a risk which might reasonably be expected to result in the injury in question, even though the exact nature of the injury need not, itself, be foreseeable. This is a subjective test: could the injury reasonably have been foreseen to result from the risk created by the act?

An independent intervening event is an unforeseeable, intervening act or force that breaks the causal connection between the unlawful conduct attributed to the defendant and the injury in question. It is an event that could not have been foreseen by an ordinary, careful person standing in the position of Gregg Palmer, under all the circumstances shown by the evidence in this case. The new intervening event or events must not be the consequence or the natural result of the original act or failure to act by the defendant. The defendant is not relieved from responsibility for acts unless the intervening cause is both new and independent, sufficient of itself to stand as the cause of injury, breaking the causal connection to the defendant's unlawful conduct.

Yet reasonable foreseeability does not equal causation. To support a finding of proximate cause, there must be some evidence indicating a foreseeable injury did in fact result from the act.

**Authority:** *Merriam v. Wanger*, 2000 ME 159, ¶ 8, 757 A.2d 778; ALEXANDER, MAINE JURY INSTRUCTION MANUAL §§ 7-80, 7-83; *Niehoff v. Shankman & Assocs. Legal Ctr., P.A.,* 2000 ME 214, ¶ 8; *Merriam v. Wanger*, 2000 ME 159, ¶¶ 8-10; *Crowe v Shaw*, 2000 ME 136, ¶ 10; *Shaw v. Bolduc*, 658 A.2d 229, 235-36 (Me. 1995); *Wing v. Morse*, 300 A.2d 491, 495-96 (Me. 1973); *Phillips v. Eastern Maine Med. Ctr.*, 565 A.2d 306, 307 (Me. 1989); *Johnson v. Dubois*, 256 A.2d 733, 735 (Me. 1969); 38 Am.Jur. 724, Sec. 68.

*McBreairty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 11**
**(Compensatory Damages)**

You may consider whether to award compensatory damages only if you first determine that the plaintiff has proven by a preponderance of the evidence that (1) Gregg Palmer violated Shawn McBreairty's First Amendment rights; (2) Shawn McBreairty suffered severe emotional distress, as I have defined it; and (3) Gregg Palmer's unconstitutional conduct was an actual and proximate cause of Shawn McBreairty's severe emotional distress.

Compensatory damages are meant to make the plaintiff whole or, in this case, compensate Shawn McBreairty's estate for the emotional distress he suffered as a result of the First Amendment violation. The plaintiff has the burden of proving the existence and the amount of emotional distress damages by a preponderance of the evidence. Thus, any damages you award must be based on the evidence and on a finding by you that the plaintiff has proved it is more likely than not that Shawn McBreairty was damaged as she claims he was damaged. You may not award damages on the basis of guesswork or speculation, nor on the basis of passion, prejudice or sympathy. In other words, the fact that damages are merely "possible" is insufficient to justify an award to the plaintiff. Instead, damages may be awarded only if they are established by positive facts or evidence from which their existence and amount may be determined to a probability.

Additionally, the abstract value of a constitutional right may not form the basis for an award of damages. In other words, you may not award solely damages because you believe the First Amendment, on which the plaintiff's claim is based, creates or confers important rights. Rather, in order to award damages you must find that the plaintiff has proven that a violation of Shawn McBreiarty's First Amendment rights caused him actual injury.

If you find the plaintiff is entitled to recover compensatory damages, you must award an amount that will justify and fairly compensate for the losses resulting from the injuries sustained. Alternatively, if you find that the plaintiff has proved that Gregg Palmer violated Shawn McBreairty's First Amendment rights, but that she has not proved compensatory damages, then you may return a verdict for the plaintiff with damages in a nominal sum, such as one dollar.

**Authority:** ALEXANDER, MAINE JURY INSTRUCTION MANUAL § 7-101 (2017-2017 ed.); *Carter v. Williams*, 2002 ME 50, ¶¶ 9-11 ; *Steeves v. Bernstein, Shur, Sawyer and Nelson*, 1998 ME 210, ¶29, 1998 Me. LEXIS 211; *Wendward Corp. v. Group Designs Inc.*, 428 A.2d 57, 61 (Me. 1981); *Michaud v. Steckino*, 390 A. 2d 524, 530 (Me. 1978); *Addy v. Jenkins, Inc.*, 2009 ME 46, ¶ 12; *Carter v. Williams*, 2002 ME 50, ¶9, 792 A.2d 1093; *Grover v. Spring Harbor Hosp. & William Brennan*, No. CV-04-210, 2007 Me. Super. LEXIS 116, at * 3 (Jun. 14, 2007); *Foss v. Ingeneri*, 561 A.2d 498 (Me. 1989); *Michaud v. Steckino*, 390 A.2d 524, 530 (Me. 1978).

*McBreairty v. Brewer School Department, et al.*
No. 1:24-cv-00053-JAW

**Defendants' Proposed Jury Instruction No. 12**
**(Punitive Damages)**

**NOTE: Defendant Gregg Palmer submits this instruction subject to the threshold question of law raised in Defendants' Motion in Limine to Exclude Punitive Damages [ECF No. 217], that as a matter of law this case is not a "proper" case under 42 U.S.C. § 1983 for punitive damages.** *See Powell v. Alexander*, 391 F.3d 1, 14-15 (1st Cir. 2004) ("Whether a particular case arising under § 1983 is a 'proper' case for an award of punitive damages is a question of law subject to *de novo* review.")

You may consider whether to award punitive damages only if you first determine that Gregg Palmer's conduct was motivated by evil motive or intent, or involved reckless or callous indifference to Shawn McBreairty's federally protected rights. The test is a subjective one, focusing on Gregg Palmer's actual state of mind.

Punitive damages are meant to punish Gregg Palmer for outrageous conduct he himself undertook and to deter him and others like him from similar conduct in the future.

**Authority:** *Smith v. Wade*, 461 U.S. 30, 54, 56 (1983) (outlining the evidentiary threshold a plaintiff must satisfy in a 42 U.S.C. § 1983 action before the jury is permitted to assess punitive damages); *see also Cabral v. U.S. Dep't of Just.*, 587 F.3d 13, 24 (1st Cir. 2009); *Powell v. Alexander*, 391 F.3d 1, 15 (1st Cir. 2004).