UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **PATRICIA MCBREAIRTY, in her capacity as Personal Representative of the Estate of Shawn McBreairty,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BREWER SCHOOL DEPARTMENT and GREGG PALMER,**<br><br>**Defendants.** | No. 1:24-cv-00053-JAW |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
PROPOSED JURY INSTRUCTIONS**

**1. The Defendants object to Plaintiff's Proposed Jury Instruction No. 1.**

Contrary Authority and Explanation:

The evidence will not support a rational factfinder in concluding that Shawn McBreiarty suffered emotional distress sufficiently "severe" to warrant recovery under Maine law, as set forth in Defendants' Proposed Jury Instruction No. 9 (ECF 227 at 14). Accordingly, the jury should not be instructed on that element of damages. *Gillentine v. McKeand,* 426 F.2d 717, 723 (1st Cir. 1970) ("[A]n instruction to the jury which is unsupported by the evidence is error.").

Furthermore, the instruction singles out the category of emotional distress damages, emphasizing it and misleadingly implying that emotional distress damages are "awardable damages for Mr. McBreiarty's damages." If this instruction or one like it is given, the phrase "including emotional distress" should be omitted.

1

The Defendants propose the following alternative (albeit similar) instruction, which is consistent with Fed. R. Civ. P. 25(a) and, unlike the Plaintiff's proposal, does not presuppose that the jury will be called upon to calculate a damage award, let alone an award of damages for emotional distress:

> You will notice that the plaintiff in this case is now Patricia McBreairty, the Personal Representative of the Estate of Shawn McBreairty. The original plaintiff, Shawn McBreairty, passed away on June 3, 2024 during the pendency of this action. Under rules that we follow in court, the Estate has been substituted as the proper party plaintiff. This change in the name of the plaintiff should not affect your consideration of the evidence. Patricia McBreairty is pursuing the same claims that Shawn McBreairty brought. Therefore, you are to consider all evidence as if Shawn McBreairty were still the plaintiff, and the Personal Representative is just standing in his place to bring these claims forward. You must not allow the fact of the substitution to influence your verdict in any way.

**2. The Defendants object to Plaintiff's Proposed Jury Instruction No. 3**

<u>Contrary Authority and Explanation</u>:

The Defendants propose the following instruction, adapted from Judge Hornby's Draft Civil Instructions, "Opinion Evidence, Expert Witnesses" at 5 (available on the website of the United States District Court for the District of Maine, https://www.med.uscourts.gov/sites/med/files/DBH_Draft_Civil_Instructions.pdf), which

2

we submit is more neutral and appropriate:

> You have heard testimony from Melissa Hewey, who is an attorney. Attorney Hewey testified about both the facts of the case – her involvement in the decision to ask Shawn McBreiarty to take down part of his posts – and her opinion of what the law required, upon which her request to Mr. McBreiarty was based.
>
> People who, by education and experience, have become expert in some field, including the law, may state their opinion on matters in that field and may also state their reasons for the opinion.
>
> Attorney Hewey's testimony, including her opinions about the law, should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**3. The Defendants object to Plaintiff's Proposed Jury Instruction No. 5**

<u>Contrary Authority and Explanation</u>:

The proposed instruction is inaccurate and incomplete.

The instruction inaccurately invites the jury to impose strict liability for any conduct that had the effect of limiting Shawn McBreiarty's speech. There is no such strict liability in a First Amendment retaliation claim brought under Section 1983. *Greenwich Citizens Comm., Inc. v. Ctys. of Warren & Washington Indus. Dev. Agency,* 77 F.3d 26, 31 (2d Cir. 1996) ("[I]n *Waters v. Churchill,* 511 U.S. 661, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994),

the Supreme Court held that, under certain circumstances, the State may act adversely with respect to (what turns out to be) protected speech, so long as it does so without any intent to retaliate for the exercise of First Amendment rights. *See id.* at _____, 114 S.Ct. at 1890–91 (plurality opinion) (if, after reasonable investigation, public employer "really did believe" that speech was unprotected, then employee discharge was proper); *id.* at _____, 114 S.Ct. at 1891-93 (Souter, J. concurring) ("[A] public employer who reasonably believes . . . that an employee engaged in constitutionally unprotected speech may punish the employee . . . ."); *id.* at _____, 114 S.Ct. at 1893–95 (Scalia, J., joined by Kennedy and Thomas, JJ., concurring in the judgment) ("[A] public employer's disciplining of an employee violates . . . the First Amendment only if it is in retaliation for the employee's speech on a matter of public concern."). Thus, the Supreme Court has held that governmental entities may act properly in furtherance of legitimate state interests, even though such state action incidentally chills First Amendment rights. *Younger [v. Harris],* 401 U.S. at 51, 91 S.Ct. at 754; *Cameron [v. Johnson],* 390 U.S. at 619, 88 S.Ct. at 1340 ("Any chilling effect . . . that flows from good-faith enforcement of this valid statute would not, of course, constitute that enforcement an impermissible invasion of protected freedoms."). We see no reason under section 1983 to depart from this well-established rule of First Amendment law.").

    The jury should be instructed, in accordance with these authorities and with Defendants' Proposed Jury Instruction No. 7 (ECF 227 at 11-12), that if Defendant Palmer, after reasonable investigation, subjectively and reasonably believed that Shawn McBreiarty's speech was unprotected – whether because it violated a student's right of

privacy, or because it was contrary to the Maine Human Rights Act, or because it violated the cyberbullying law – then he did not act for the purpose of retaliating against McBrearity for his exercise of a constitutionally protected right. That is true even if the jury finds that Defendant Palmer's belief was inaccurate, and that Shawn McBreairty's speech was entirely protected.

The proposed instruction is also incomplete because it does not inform the jury that, in order to find that Shawn McBreiarty's First Amendment rights were "chilled," it must conclude that the email sent to him by Attorney Hewey would have deterred a reasonably hardy person from exercising their First Amendment rights. *D.B. ex rel. Elizabeth B. v. Esposito,* 675 F.3d 26, 43 n. 11 (1st Cir. 2012) ("Under the First Amendment, an adverse action is an action that would deter a reasonably hardy person from exercising his or her constitutional rights.") (citing *Barton v. Clancy,* 632 F.3d 9, 29 (1st Cir. 2011)).

Finally, the Defendants object to the truncated explanation of proximate causation standards in Plaintiff's Proposed Jury Instruction No. 5, and ask the Court instead to give the more detailed instruction they have proposed (Defendants' Proposed Jury Instruction No. 10, ECF 227 at 15-16).

4. **The Defendants object to Plaintiff's Proposed Jury Instruction No. 6**

<u>Contrary Authority and Explanation</u>:

This Proposed Instruction is inaccurate and incomplete for the same reasons Plaintiff's Proposed Instruction No. 5 is inaccurate and incomplete: (1) it inaccurately invites the jury to impose strict liability for conduct which is alleged to have had the effect of limiting Shawn McBreiarty's speech, (2) it does not explain what the Plaintiff must show

5

to prove that Shawn McBreiarty's speech was chilled, and (3) it does not adequately set forth the elements of causation the Plaintiff must establish in order to prevail.

Furthermore, the evidence does not support the Plaintiff's request that the jury be instructed that Defendant Palmer "was acting as a final policymaker for Defendant Brewer School Department." *Gillentine v. McKeand,* 426 F.2d 717, 723 (1st Cir. 1970) ("[A]n instruction to the jury which is unsupported by the evidence is error.").

**5. The Defendants object to Plaintiff's Proposed Jury Instruction No. 7**

<u>Contrary Authority and Explanation</u>:

There is no allegation and no evidence in this case that any Defendant subjected Shawn McBreiarty to physical force or violence, damaged or destroyed his property, trespassed on his property, or threatened to do any of those things. Nor is there any claim or any evidence that any Defendant engaged in conduct which would have caused a reasonable person to fear death or bodily injury to himself or to a close relation. Accordingly, there is no justification for instructing the jury on those issues. *Gillentine v. McKeand,* 426 F.2d 717, 723 (1st Cir. 1970) ("[A]n instruction to the jury which is unsupported by the evidence is error.").

Insofar as the Plaintiff's claim under the Maine Civil Rights Act is concerned, the jury should be instructed only that, in order to prevail, the Plaintiff must prove the Defendants interfered with Shawn McBreiarty's constitutional rights by engaging in conduct that would cause a reasonable person to experience mental or emotional suffering, as evidenced by anxiety, fear, torment or apprehension, and that did in fact cause him to experience such suffering. 5 M.R.S.A. §4684-A ("For purposes of this section, . . .

'emotional distress' [has] the same meaning[ ] as in Title 17-A, section 210-A, subsection 2, . . . paragraph D."); 17-A M.R.S.A. §210-A(2)(D) ("Emotional distress" means mental or emotional suffering of the person being stalked as evidenced by anxiety, fear, torment or apprehension that may or may not result in a physical manifestation of emotional distress or a mental health diagnosis.")

6. **The Defendants object to Plaintiff's Proposed Jury Instruction No. 9**

Contrary Authority and Explanation:

The jury should not be instructed that "Mr. McBreairty's Article and publication of the demand letter was protected under the First Amendment."

Although "'[t]he inquiry into the protected status of speech is one of law, not fact,' . . . proper resolution of this issue . . . may involve determination by the jury of certain underlying facts." *Roberts v. Van Buren Pub. Schs.,* 773 F.2d 949, 954 (8th Cir. 1985) (quoting *Connick v. Myers,* 461 U.S. 138, 148 n. 7 (1983), and citing *McGee v. South Pemiscot School District R–V,* 712 F.2d 339, 342 (8th Cir.1983); *Kim v. Coppin State College,* 662 F.2d 1055, 1062, 1064 (4th Cir.1981); and *Schneider v. City of Atlanta,* 628 F.2d 915, 919 n. 4 (5th Cir.1980)).

The determination of whether Shawn McBreiarty's speech was constitutionally protected depends on whether the jury finds that McBreiarty violated the invasion of privacy and/or cyberbullying laws.

7. **The Defendants object to Plaintiff's Proposed Jury Instruction No. 10.**

Contrary Authority and Explanation:

Whether "Defendants threatened Mr. McBreiarty in his exercise of speech that was

7

protected under the First Amendment" is an issue for the jury

The Court had the authority, under Fed. R. Civ. P. 56(g), to issue an order "stating any material fact . . . that [was] not genuinely in dispute and treating the fact as *established in the case*." (emphasis added). Because the Court issued no such order, its ruling on the Motion for Summary Judgment (ECF 117) had, at most, the effect of establishing that fact as "undisputed *for purposes of the motion*." Fed. R. Civ. P. 56(e)(2) (emphasis added). Therefore, the question of whether Shawn McBreiarty's speech was "protected" is an issue for trial.

It is also inaccurate to say that because Shawn McBreiarty did not take the photograph he published, he had a clearly established right under the First amendment to publish it.

First, his publication of the photograph may have violated 17-A M.R.S.A. § 511, which makes it a crime for a person in McBreiarty's position to

> [i]nstall[ ] or use[ ] outside a private place without the consent of the person or persons entitled to privacy therein any device for observing, photographing, hearing, recording, amplifying or *broadcasting images* or sounds originating in that place that would not ordinarily be visible, audible or comprehensible outside that place.

Alternatively, regardless of whether or not McBreiarty's conduct violated the criminal law, it may have constituted the tort of invasion of privacy. It is for the jury to determine whether the publication was an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns," which "would be highly offensive to a reasonable person." *Restatement (Second) of Torts* §652B. If it was, then it was not protected by the First Amendment.

Nor is McBreiarty exonerated by the fact that he obtained the photograph lawfully. *See Wood v. Hustler Mag., Inc.,* 736 F.2d 1084 (5th Cir. 1984) (affirming judgment for false light invasion of privacy against a magazine that published nude photographs it acquired from a third party, without exercising reasonable care to verify subject's consent). Unless McBreiarty had reason to believe that the minor students shown in the bathroom photograph had consented to have their picture taken there, his online publication of the photograph – making it available to countless people who had never seen it – invaded the students' privacy.

8. **The Defendants object to Plaintiff's Proposed Jury Instruction No. 11.**

Contrary Authority and Explanation:

This Proposed Instruction is both inapposite and legally inaccurate.

As the Defendants will explain in more detail in their *Response in Opposition to Plaintiff's Motion in Limine [ECF No. 216] to Exclude Evidence and Testimony Related to Advice of Counsel and for Preemptive Jury Instruction*, a traditional "advice-of-counsel" defense must be distinguished from an "involvement of counsel" defense. *See United States v. SpineFrontier, Inc.*, 160 F.4th 212, 224 (1st Cir. 2025). Here, the Defendants have not raised "advice of counsel" as a complete legal defense to the Plaintiff's claims. But as a Defendant sued individually for damages, Gregg Palmer is entitled to have the jury consider his good faith consultation with counsel as a factor that was and is relevant to his decision-making.

The First Circuit has said that a government official's consultation with a lawyer "might be relevant . . . to the reasonableness of his later conduct." *Belsito Communications,*

9

*Inc. v. Decker*, 845 F.3d 13, 24 (1st Cir. 2016) (quoting *Cox v. Hainey*, 391 F.3d 25, 34 & 35 (1st Cir. 2004)).  Although *Belsito* expressly addressed "consultation" with counsel in the context of a discussion of qualified immunity, the Court's recognition that consultation is "relevant . . . to the reasonableness of [an individual's] conduct" applies equally to the question of whether Defendant Palmer is liable for having "retaliated" against Shawn McBreiarty for exercising his First Amendment rights.  As noted in Defendants' Proposed Jury Instruction No. 7, one element a jury must consider in determining Defendant Palmer's liability is whether he conducted a "reasonable investigation" before authorizing Attorney Hewey to communicate with Shawn McBreiarty.

Palmer's consultation with Attorney Hewey was an essential part of that investigation.  In a different context, the First Circuit has said that a defendant's consultation with counsel to "ascertain the dictates of the [law] and to act in conformance with it" will support a finding of good faith.  *Pagan-Colon v. Walgreens of San Patricio, Inc.*, 697 F.3d 1, 15 (1st Cir. 2012) (affirming trial court's conclusion that employer which had violated FMLA nevertheless acted in "good faith," and was therefore not liable for liquidated damages, where the decision-maker "consulted with a Walgreens attorney several times to understand the company's legal obligations and obtain guidance in how to proceed").

Accordingly, it is wrong to say that the involvement of legal counsel is irrelevant to the legality of Palmer's conduct, or to his "good faith."

9. **The Defendants object to Plaintiff's Proposed Jury Instruction Nos. 12 & 13.**

   Contrary Authority and Explanation:

   Plaintiff's Proposed Jury Instructions Nos. 12 and 13, which invite the jury to impose vicarious liability on Gregg Palmer for the conduct of Melissa Hewey, are legally inaccurate. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (quoting *Robertson v. Sichel,* 127 U.S. 507, 515–516 (1888) ("A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties.")). Melissa Hewey's conduct is not to be imputed to Gregg Palmer, and it does not legally bind him.

10. **The Defendants object to the second, third, fourth, and fifth paragraphs of Plaintiff's Proposed Jury Instruction No. 14.**

    Contrary Authority and Explanation:

    The Defendants do not object to the first paragraph of Plaintiff's Proposed Jury Instruction No. 14, which informs the jury of the fact that certain parties who initially were named as defendants are no longer parties.

    Because Count III will not be presented to the jury, the second, third, fourth, and fifth paragraphs of Plaintiff's Proposed Jury Instruction No. 11 are not directly relevant to any issue the jury will be called on to decide.

Furthermore, the jury should not be instructed

    (i)    that the publication of a student's photograph in a high school bathroom did not offend the invasion of privacy statute (17-A M.R.S.A.§ 511), or

    (ii)    that the State anti-bullying statutes (20-A M.R.S.A. §§6553 & 6554) and the Brewer School Department's anti-bullying policies "did not oblige, compel, or justify the conduct of the Brewer School Committee and its legal counsel."

With respect to the Plaintiff's claim for retaliation, which is the only claim to be tried, the dispositive question is not whether Shawn McBreiarty's publication of a photograph of students in a high school bathroom, and his accusation that a named student engaged in sexual misconduct, *in fact* violated the invasion of privacy statute; nor is it whether the Defendants' response was *in fact* "compelled or justified" by state law or school policy. Rather, as explained in the Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 5, above, the question the jury must answer is whether Defendant Palmer – who did not have the benefit of the Court's Summary Judgment ruling when he agreed to have Attorney Hewey communicate with Shawn McBreiarty – subjectively and reasonably believed that McBreiarty's publication of a photograph taken of a student in a high school bathroom, and his accusation of sexual misconduct by that student, was unprotected. Instructing the jury as to the conclusion the Court reached more than a year later, after extensive briefing, would convey the misleading impression that Superintendent Palmer knew, or should have known, that Shawn McBreiarty's publication of the student's

12

photograph and his accusation that the student had engaged in sexual misconduct were constitutionally protected.

**11. The Defendants object to the parts of Plaintiff's Proposed Jury Instruction No. 15 that invite the jury to award damages for past medical expenses, lost income, "pain and suffering," and "humiliation."**

Contrary Authority and Explanation:

Fed. R. Civ. P. 9(g) provides that "[i]f an item of special damages is claimed, it must be specifically stated." The Plaintiff did not plead in his Amended Complaint that he suffered damages consisting of "past medical expenses," which are a form of special damages encompassed by Rule 9(g). *Carnell Const. Corp. v. Danville Redevelopment & Hous. Auth.,* 745 F.3d 703, 725-26 (4th Cir. 2014) ("Federal Rule of Civil Procedure 9(g) requires that 'special' damages, namely, those that are not the 'ordinary result' of the conduct alleged, 'shall be specifically stated.'") (quoting *Weyerhaeuser Co. v. Brantley,* 510 F.3d 1256, 1266 (10th Cir. 2007), and citing *Avitia v. Metro. Club of Chi., Inc.,* 49 F.3d 1219, 1226 (7th Cir. 1995)).

Because there will be no evidence to support a finding that Shawn McBreiarty suffered damages in the form of "lost income" due to any conduct of the Defendants, the jury should not be instructed on that element of damages. *Gillentine v. McKeand,* 426 F.2d 717, 723 (1st Cir. 1970) ("[A]n instruction to the jury which is unsupported by the evidence is error.").

The request for an instruction allowing the jury to award damages for "pain and suffering" and "humiliation" is not supported by the evidence. The term "pain and

suffering," juxtaposed with the term "emotional distress," implies that the Plaintiff may be entitled to recover damages for "pain and suffering" experienced by Shawn McBreiarty that was not "emotional" in nature – i.e., physical pain and suffering. There is no allegation in this case that Shawn McBreiarty experienced physical pain and suffering.

There is also no allegation, and there will be no evidence, that Shawn McBreiarty suffered "humiliation," as distinct from "emotional distress" generally. Because an instruction on "humiliation" is also unsupported by the evidence, it should not be given. *Id.*

12. **The Defendants object to Plaintiff's Proposed Jury Instruction No. 16.**

<u>Contrary Authority and Explanation</u>

This Proposed Instruction omits any reference to the requirement in Maine law that emotional distress be "severe" to support a claim for damages. That requirement is made explicit in Alexander's *Maine Jury Instruction Manual*, §7-71, from which the Plaintiff says her Proposed Jury Instruction No. 16 was adapted.

Insofar as the Plaintiff's Section 1983 claim is concerned, assuming the evidence generates the issue, the jury should be instructed that the Plaintiff can recover damages for Shawn McBreiarty's emotional distress only if it finds that the distress was "severe," as defined in Defendants' Jury Instruction No. 9 (ECF 227 at 14). *See Haskell v. Kline,* No. BCD-CIV-2023-00032, 2025 WL 3524915, at *1 (Me.B.C.D. Dec. 04, 2025) (applying severity requirement to claim for damages due to breach of fiduciary duty, as well as to claims for negligent and intentional infliction of emotional distress).

Insofar as the Plaintiff's Maine Civil Rights Act claim is concerned, assuming the

14

evidence generates the issue, the jury should be instructed that the Plaintiff can recover damages for Shawn McBreiarty's emotional distress only if she proves that the Defendants interfered with McBreiarty's constitutional rights by engaging in conduct that would cause a reasonable person to experience mental or emotional suffering, as evidenced by anxiety, fear, torment or apprehension, and that did in fact cause him to experience such suffering. 5 M.R.S.A. §4684-A ("For purposes of this section, . . . "emotional distress" [has] the same meaning[ ] as in Title 17-A, section 210-A, subsection 2, . . . paragraph D."); 17-A M.R.S.A. §210-A(2)(D) ("'Emotional distress' means mental or emotional suffering of the person being stalked as evidenced by anxiety, fear, torment or apprehension that may or may not result in a physical manifestation of emotional distress or a mental health diagnosis.").

13. **The Defendants object to Plaintiff's Proposed Jury Instruction No. 19**

   <u>Contrary Authority and Explanation</u>:

   For the reasons set forth in the Defendants' Motion in Limine to exclude Punitive Damages (ECF 217), the issue of punitive damages is not generated, and it should not be presented to the jury.

   Those reasons are:

   1. The Plaintiff did not plead a claim for punitive damages, ECF 217 at 4-5;

   2. The evidence will not support a rational factfinder in concluding that Defendant Palmer acted with evil intent or with reckless or callous indifference to Shawn McBreiarty's constitutional rights,

15

      ECF 217 at 4-5; and

3. Defendant Palmer is immune from liability for damages of any kind because he did not engage in conduct which violated a clearly established right, ECF 217 at 5-6.

DATED at Portland, Maine this 2nd day of March, 2026.

| | |
|---|---|
| Norman, Hanson & DeTroy, LLC<br>220 Middle Street, P.O. Box 4600<br>Portland, ME 04112-4600<br>(207) 774-7000 | /s/ *Russell B. Pierce, Esq.*<br>Russell B. Pierce, Esq. – Bar No. 7322<br>rperce@nhdlaw.com<br>Jonathan W. Brogan – Bar No. 3163<br>jbrogan@nhdlaw.com<br><br>*Attorneys for Defendants Gregg Palmer and Brewer School Department* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will also notify counsel of record of the filing.

| | |
|---|---|
| Dated: March 2, 2026 | /s/ *Russell B. Pierce, Esq.*<br>Russell B. Pierce, Esq. – Bar No. 7322 |

Norman, Hanson & DeTroy, LLC
220 Middle Street, P.O. Box 4600
Portland, ME 04112-4600
(207) 774-7000

.