UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA MCBREAIRTY, in her capacity as Personal Representative of the Estate of Shawn McBreairty,<br><br>Plaintiff,<br><br>v.<br><br>BREWER SCHOOL DEPARTMENT and GREGG PALMER,<br><br>Defendants. | No. 1:24-cv-00053-JAW |

**DEFENDANTS' WITNESS LIST**

Defendants Gregg Palmer and the Brewer School Department submit the following trial brief pursuant to this Court's report and order following the final pretrial conference. *See* ECF No. 205. The defendants reserve the right to call witnesses listed by the plaintiff.

1.  i) **Gregg Palmer**, Superintendent, Brewer School Department, 261 Central Street, Brewer, Maine.

    ii) Gregg Palmer is a defendant in the above matter, sued in his personal capacity, and will appear as a fact witness. However, examination may elicit opinion testimony from him "rationally based on his perception" and "helpful to determining a fact in issue" or to "clearly understanding his testimony" under Fed. R. Evid. 701(a)-(b); or examination may elicit opinion testimony from him based upon his specialized knowledge and experience as a school superintendent or past experience as a school principal, under Fed. R. Evid. 702.

    iii) The subject matter of Gregg Palmer's testimony, as a defendant, and as Superintendent of Brewer School Department at all relevant times, will be on all relevant factual

1

issues in the case on which there is foundation for his testimony. The subject matter of his testimony will include relevant events concerning students' use of bathroom facilities at Brewer High School, including the school department's compliance with legal requirements. The subject matter will include what he did and did not do relative to the facts of this case, and the reasons for decisions he made or actions he took. The subject matter will include the effects of the McBreairty speech in issue (the photograph) at the school and on the educational rights of students; Palmer's knowledge of the students and events in issue, relevant communications or meetings (before and after the publication by McBreairty of the photograph and related statements in issue) with students, parents, their families, teachers, others in school administration, and Brewer School Committee meetings including the public meetings of February 12, 2024 and March 4, 2024; the involvement of the Brewer School Department's lawyer; and his intention to acknowledge McBreairty's First Amendment rights on all other aspects of his article (and on an array of other roughly contemporaneous posts and public statements by McBreairty) which the correspondence to McBreairty from the school's attorney did not raise. The subject matter will include his duties and responsibilities as a school superintendent. The subject matter will include all subject matter covered by previous declarations he has submitted to the Court in this matter.

      Finally, the subject matter of his testimony will include, if necessary, authentication of various exhibits containing statements of a party opponent, Shawn McBreairty, in the event Plaintiff refuses to stipulate to authenticity. (On this latter subject, depending upon Plaintiff's order of witnesses in the case-in-chief, the exhibits would be admitted *de bene* pending foundation.)

      iv) Estimated time for direct examination: 2-3 hours.

2.  i) **Brent Slowikowski**, Principal, Brewer High School, 79 Parkway S, Brewer, Maine.

ii) Brent Slowikowski had been a named defendant this case, but summary judgment has been entered in his favor. He will appear as a fact witness. However, examination may elicit opinion testimony from him "rationally based on his perception" and "helpful to determining a fact in issue" or to "clearly understanding his testimony" under Fed. R. Evid. 701(a)-(b); or, examination may elicit opinion testimony from him based upon his specialized knowledge and experience as a school principal, under Fed. R. Evid. 702.

iii) The subject matter of Brent Slowikowski's testimony, as Brewer High School Principal, will be on all relevant factual issues in the case on which there is foundation for his testimony. The subject matter of his testimony will include relevant events relating to students' use of bathroom facilities at Brewer High School, his knowledge of the students and events in issue, relevant meetings or communications with students, parents, or teachers, and the effects of the McBreairty posted photograph and related statements on the students involved, the student body, teachers, parents, and families. The subject matter will include what he did and did not do relative to the facts of this case, and will include his duties and responsibilities as Principal.

iv) Estimated time for direct examination: 1-2 hours.

3.  i) **Melissa Hewey**, Drummond Woodsum, 84 Marginal Way, Suite 600, Portland, Maine.

ii) Melissa Hewey is an attorney who at all relevant times was the Brewer School Department lawyer, and who authored the February 13, 2024 email correspondence in issue. She has been subpoenaed by the Plaintiff to testify at trial. It is anticipated that she will appear as both a fact witness and an expert witness, because the nature of the issues in this case will require examination that may elicit opinion testimony from her. The opinion testimony would be "rationally based on her perception" and "helpful to determining a fact in issue" or to "clearly

understanding her testimony" under Fed. R. Evid. 701(a)-(b); or the opinion testimony from her would be based upon her specialized knowledge and experience as an attorney, under Fed. R. Evid. 702.

iii) The subject matter of her testimony will include her email correspondences to Shawn McBreairty and involvement in the underlying events and decision to write to Shawn McBreairty to address the photograph and related statements in McBreairty's article which she pointed out in her email correspondence to him of February 2024, and generally why she did what she did and why she wrote what she wrote in the correspondence. She is not authorized to waive the attorney-client privilege with the Brewer School Department, which includes communications with her organizational client "constituents" such as Gregg Palmer. M.R. Prof. C. 1.6 & 1.13(a) (adopted by Local Rule 83.3(a)) and Rule 501 of the Federal Rules of Evidence; *see Crowe v. County of San Diego*, 242 F. Supp. 2d 740, 746 (S.D. Cal. 2003) (for purposes of Fed. R. Evid. 501, federal law of attorney-client privilege applies in a section 1983 claim because section 1983 claim is a federal claim for which federal law supplies the rule of decision); *Taghavidinani v. Riverview Psychiatric Center*, No. 1:16-cv-208-JDL, 2017 WL 3326754, at *2 (D. Me. Aug. 3, 2017) (federal law of attorney-client privilege applies under Fed. R. Evid. 501 in case where violations of both federal civil rights and state Maine Human Rights Act are alleged).

iv) Estimated time for direct examination: 1-2 hours.

Dated: March 2, 2026

| | |
|---|---|
| Norman, Hanson & DeTroy, LLC<br>220 Middle Street, P.O. Box 4600<br>Portland, ME 04112-4600<br>(207) 774-7000 | /s/ Russell B. Pierce, Jr., Esq.<br>Russell B. Pierce, Jr. – Bar No. 7322<br>rpierce@nhdlaw.com<br><br>Jonathan W. Brogan – Bar No. 3163<br>jbrogan@nhdlaw.com<br><br>Cecilia J. Shields-Auble – Bar No. 010696<br>cshields-auble@nhdlaw.com |
| Drummond Woodsum<br>84 Marginal Way, Suite 600<br>Portland, ME 04101<br>(207) 772-1941 | Kasia S. Park, Esq.<br>kpark@dwmlaw.com<br><br>*Attorneys for Defendants Gregg Palmer and Brewer School Department* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, I electronically filed the foregoing Defendants' Witness List with the Clerk of Court using the CM/ECF system, which will also notify counsel of record of the filing.

Dated: March 2, 2026

/s/ Russell B. Pierce, Jr., Esq.
Russell B. Pierce, Jr. – Bar No. 7322