UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PATRICIA MCBREAIRTY, as                  )
Personal Representative of the Estate    )
Of Shawn McBreairty,                     )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )            No. 1:24-cv-00053-JAW
                                         )
BREWER SCHOOL DEPARTMENT, et al.         )
                                         )
            Defendants.                  )

**ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND TESTIMONY RELATED TO ARTICLE CONTENT AND
HEWEY'S TESTIMONY, FOR SPECIFIC EXAMINATION OF
PROSPECTIVE JURORS, AND FOR SPECIFIC JURY INSTRUCTION**

With trial looming, the Court concludes that an article authored by the deceased plaintiff, which forms the underpinning of his estate's claims, is admissible, that the school's attorney may not testify as an expert and that her testimony is narrowly circumscribed, and that the Court will address issues regarding jury instructions at trial.

## I.      PROCEDURAL BACKGROUND

### A.      Abridged Procedural History

On February 22, 2024, Shawn McBreairty filed a verified complaint against Defendants Brewer School Department and Brewer Superintendent Gregg Palmer (collectively, Defendants) alleging that by threating litigation in response to an article he authored and posted concerning a transgender student's access to the girl's bathroom at Brewer High School, Defendants violated his First Amendment Rights. *Verified Comp. 42 U.S.C. § 1983 Compl. for Declaratory, Inj. Relief, and Damages* at

1, ¶¶ 46-78 (ECF No. 1) (*Compl.*).[1]  Shawn McBreairty's complaint sets fourth three causes of action; two remain: (1) retaliation against the exercise of First Amendment rights made applicable to the States under the Fourteenth Amendment, in violation of the United States Constitution, actionable under 42 U.S.C. § 1983; and (2) a parallel claim based on the Maine State Constitution, actionable under 5 M.R.S. § 4682.  *Id.* ¶¶ 79-101.

On June 3, 2024, Shawn McBreairty died by suicide, *Suggestion of Death as to Pl. Shawn McBreairty* at 1 (ECF No. 52).  On September 6, 2024, Ms. McBreairty, as personal representative of Mr. McBreairty's Estate, (hereinafter, Plaintiff) was formally substituted as plaintiff.  *Order Granting Mot. to Substitute Party* (ECF No. 58).  On May 21, 2025, Plaintiff filed a final pretrial memorandum and served her initial disclosures.  *Pl.'s Pretrial Mem.* (ECF No. 128).

This case is currently scheduled for trial in March 2026 on the remaining two counts.  *Trial List* (ECF No. 202).  Before the Court now is the Plaintiff's motion in limine, seeking to exclude evidence and testimony concerning the content of the contested article.  *Pl.'s Mot.* in Lim. *to Exclude Evid. and Test. Related to Article Content and Hewey's Test., For Specific Examination of Prospective Jurors, and For Specific Jury Instr.* (ECF No. 215) (*Pl.'s' Mot.*).  On February 23, 2026, the Defendants submitted their response.  *Def.'s Resp. in Opp'n to Pl.'s Mot. in Lim. [ECF No. 215]*

---

[1]    The complaint additionally named Brewer High School Principal Brent Slowikowski and Brewer High School English Teacher Michelle MacDonald as defendants.  Mr. Slowikowski has been dismissed by order of this Court.  *See Order on Cross Mots. for Summ. J. and Mot. for Rule 56(d) Disc.* at 31 (ECF No. 117) (*Order on Cross Mots. for Summ. J.*).  The Court also granted Ms. MacDonald's motion for summary judgment.  *Order on Mot. for Summ. J. and Mot. for Rule 56(d) Disc.* at 8-9 (ECF No. 118) (*Order on Mot. for Summ. J.*).

*"to Exclude Evid. and Test. Related to Response to Article Content and Hewey's Test., For Specific Examination of Prospective Jurors, and For Specific Jury Instr."* (ECF No. 222) (*Pl.'s Opp'n*).

### B.    The Article

Brewer School Department's decision to allow students to use the restroom corresponding to their gender identity, rather than their biological circumstances stirred controversy among students and members of the public. *Pl.'s Statement of Material Facts* (ECF No. 91) ¶¶ 1-4 (PSMF), *Sch. Defs.' Opp'n Statement of Material Facts* (ECF No. 102) ¶¶ 1-4 (DRPSMF).  Shawn McBreairty wrote about the controversy. PSMF ¶ 11; DRPSMF ¶ 11; *Statement of Material Facts of Defs. Brewer Sch. Dept., Gregg Palmer, and Brent Slowikowski in Support of Mot. for Summ. J.* (EC No. 93) ¶ 1 (DSMF); *Pl.'s Opposing Statement of Material Fact* (ECF. No. 105) ¶ 1 (PRDSMF).  After reviewing evidence, speaking to witnesses, and doing research, on February 12, 2024, Mr. McBreairty published "Girl's Bathrooms are Not 'Safe Spaces' When Males are Present" on the website *[your]NEWS* (hereafter "the Article"). *Compl.*, Attach. 3, *Ex. 3 Article* (*McBreairty Article*); PSMF ¶ 13; DRPSMF ¶ 13.  In the Article, Mr. McBreairty expressed his opinions about the underlying facts and his concerns about what was happening at Brewer High School.  PSMF ¶ 14; DRPSMF ¶ 14.

The Brewer School Department tried to get Mr. McBreairty to take down the portions of the Article that it believed qualified as defamatory or invaded the privacy rights of its students.  PSMF ¶¶ 27-29; DRPSMF ¶¶ 27-29.  The School Department

3

requested that its counsel, Attorney Melissa Hewey, send Mr. McBreairty an email. PSMF ¶ 27; DRPSMF ¶ 27.

On February 13, 2024, Attorney Hewey, acting on behalf of the Brewer School Department, sent Mr. McBreairty an email. *Compl.* Attach. 5, *Ex. 5 E-Mail from Melissa Hewey Feb. 13, 2024* (*First Hewey Email*); DSMF ¶ 8; PRDSMF ¶ 8. That email stated:

> Dear Mr. McBreairty,
>
> I am writing on behalf of our client the Brewer School Department to demand that you remove certain content from your February 12, 2024 online post entitled "Girl's Bathrooms Are Not 'Safe Spaces' When Males are Present." If you are represented by counsel in this matter, please let me know and I will be glad to direct my correspondence to them.
>
> Although we acknowledge that much of that post contains your opinions on matters of public concern and recognize your right to express them, there are certain portions that are not protected because they are either false or an impermissible invasion of the privacy of minors and have the effect of bullying and hazing a student and a teacher at the Brewer High School in violation of Board Policies ACAD, ACAF and JICK and Maine law. In particular:
>
> <u>First</u>, there is a picture of Brewer High School students in the restroom. As we understand it, this picture was taken without their consent, presumably in violation of 17-A M.R.S. Section 511.
>
> <u>Second</u>, there are the following two statements concerning a Brewer High School student that identifies the student specifically:
>
> > [HD], aka "****" is a senior at Brewer High School. He goes by the pronouns they/them on Instagram and his profile name is "****." He's been allowed by the administration to continue to enter female spaces for the last three months. Even after students' concerns were reported. He once stated he was "too emo for this school," but now he is literally playing dress up, because the school policy allows it to continue and no one has the balls to stop it.

4

> There have been various social media posts that "... he is alleged to have touched some female student(s)." Additional, yet unconfirmed reports state he is accused online of a "sexual assault" of a fellow student "in late 2021." There was another post stating "... in September (sic) of 2022 i (sic) was taken advantage of by [HD]." Sources state these are "different people" making these serious claims. Is the school aware of these claims? Some say they are.

Third, there is a statement concerning the minor child of one of our teachers:

> MacDonald has a transgender child who attends a different school (Hampden Academy. She's a girl who pretends to be a boy on the male track team, usually coming in dead last).

All of the above are invasions of privacy of the students you have referred to and are causing the Brewer High School student and the Brewer High School staff member who is the parent of the other student you refer to severe distress within the meaning of Maine statute, 20-A M.R.S. Sections 6553 and 6554.

Please remove the referenced material by noon on February 14, 2024 and confirm to me that you have done so or we will be forced to take further action against you.

> M

*First Hewey Email* at 2 (emphasis in original); DSMF ¶ 9; *PRDSMF* ¶ 9.

Mr. McBreairty reluctantly and fearfully removed the entire Article from the website *[your]NEWS* and published a copy of counsel's email dated February 13, 2024, on his Twitter/X account. *Compl.*, Attach. 6, *Ex. 6 E-mail from Melissa Hewey February 14, 2025* (*Second Hewey Email*); PSMF ¶¶ 32, 38; DRPSMF ¶¶ 32, 38; DSMF ¶ 11; PRDSMF ¶ 11.

On February 14, 2024, counsel for the School Department sent Mr. McBreairty a second email with the subject line "Brewer Follow-up." *Second Hewey Email* at 2; DSMF ¶ 12; PRDSMF ¶ 12. The full text of the February 14, 2024 email reads:

Dear Mr. McBreairty,

As an initial matter, I want to thank you for complying with our request to remove the image and certain content from your post in response to the email I sent you yesterday. I understand that instead, you posted a screenshot of the email I sent you. What you may not have been aware of is that my email quoted verbatim the inappropriate content so by posting the email on X, you have effectively re-posted the inappropriate content.

Please redact the information regarding the BHS student from your second picture and the information regarding the staff member's child on the third page.

Thank you for your prompt attention to this demand.

*Second Hewey Email* at 2; DSMF ¶ 13; PRDSMF ¶ 13.

Mr. McBreairty died by suicide on June 3, 2024. DSMF ¶ 16; PRDSMF ¶ 16.

## II.    THE PARTIES' POSITIONS

### A.    The Plaintiff's Motion[2]

The Plaintiff seeks to exclude evidence and testimony related to the Article's content, aside from the actual photograph at issue, and Attorney Hewey's testimony at trial. *Pl.'s Mot.* at 1. The Plaintiff says "the subject matter of the Article will provoke biases of prospective jurors" and thus it should be excluded as unfairly

---

[2]    The Plaintiff frames the motion primarily as a motion to prohibit the jury venire from learning about the content of the Article at the time of jury selection. *See Pl.'s Mot.* at 1 ("[S]ome members of the venire may find themselves in disagreement with Mr. McBreairty's viewpoint"). The jury was selected on March 5, 2026, and, to that extent, the motion is moot. However, the Court perceives that these same issues may arise at trial and therefore has addressed the merits of the motion, eliminating the term "prospective" and addressing the motion as if it is directed to the admissibility of evidence at the trial.

prejudicial. *Id.* at 3. Additionally, to "further preclude prejudice" Attorney Hewey "should be precluded from testifying as to the content." *Id.* at 4. As far as the jury is concerned, the Plaintiff seeks an instruction that the photograph is First Amendment Protected so that the jury does not "give[] credence to the legal conclusion in Hewey's threat that publishing the article was potentially a criminal act." *Id.* at 5.

### B.    The Defendants' Opposition

The Defendants oppose the motion, instead advocating that more information and context be provided to the jury. *Defs.' Opp'n* at 2. As for Attorney Hewey's testimony, the Defendants argue that she should not be limited in testifying and that the jury can give her testimony proper weight. *Id.* at 4-7.

## III.    LEGAL STANDARD

### A.    Relevance

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Courts should generally admit relevant evidence unless directed otherwise by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## IV.    DISCUSSION

### A.    The Content of the Article is Admissible

7

The Court concludes that the content of the article is relevant and not unduly prejudicial. As the Defendants point out, the content of the Article is relevant to at least the following issues:

> i) whether the core of McBreairty's speech was in fact chilled, or any of his speech chilled; ii) whether under all of the circumstances Defendant Gregg Palmer is entitled to qualified immunity, including whether he acted reasonably in responding to McBreairty's post as an incident of cyberbullying under 20-A M.R.S. § 6554, on which if so Palmer has a state statutory obligation to address; iii) whether the jury should see the entire article so that it understands the speech that the school's letter was not addressing when it told Shawn McBreairty that "we acknowledge much of that post contains your opinions on matters of public concern and [we] recognize your right to express them" . . . ; iv) proximate causation of actual injury in the form of severe emotional distress under the "but for" and "substantial factor" standards, *see Webb v. Haas*, 728 A.2d 1261, 1267 (Me. 1999); and v) consideration of the totality of circumstances, which includes consideration of the egregiousness of the defendant's conduct and the foreseeability of severe emotional distress flowing from the conduct, *Garland v. Roy*, 976 A.2d 940, 947-48 (Me. 2009); vi) considerations of the totality of circumstances required for the jury to reach an amount of an award of damages for reasonably foreseeable emotional distress proximately caused by alleged wrongful conduct, and required for the Court to decide whether any damages awarded might be excessive, given the inherently "esoteric nature of damages for emotional distress," *see Koster v. Trans World Airlines, Inc.*, 181 F.3d 24, 36 (1st Cir 1999).

*Defs.' Opp'n* at 2-3. The Court agrees with the Defendants that the content of the Article is relevant.

According to the Plaintiff, while "the content of the article provides context," it is possible "members of the [jury] may find themselves in disagreement" and because they "should not be weighing what Mr. McBreairty said—they should be focused on the actions of Defendants," all evidence and testimony regarding the Article, aside from the photograph at issue, should be excluded. *Pl.'s Mot.* at 1. The Court declines to find the Article contents unduly prejudicial, warranting exclusion.

The jury is the finder of fact, and in doing so, it will benefit from a full picture on which to base its decisions.  Additionally, the Defendants contend that "[t]he jury should know what speech was in fact not challenged by the school.  Censoring that speech from the jury's consideration results in the jury considering the case on less than a full record of whether and to what extent McBreairty's speech was ever chilled, and whether the school's letter was a substantial factor in causing him [alleged] foreseeable severe emotional distress." *Defs.' Mot.* at 3.

The Court does not consider the content of the Article to unfairly prejudice the Plaintiff.  FED. R. EVID. 403. "Unfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. DiRosa*, 761 F.3d 144, 153 (1st Cir. 2014) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).  Accordingly, the Court denies the Plaintiff's motion to the extent it seeks to limit testimony and evidence of the content of the Article.

## B.    Attorney Hewey's Testimony

First, the Defendants propose to call Attorney Melissa Hewey as both a fact and expert witness.  *Defs.' Witness List* at 3 (ECF No. 242) ("It is anticipated that [Attorney Hewey] will appear as both a fact witness and an expert witness, because of the nature of the issues in this case will require examination that may elicit opinion testimony from her").  However, based on the record before it, the Court rules that Attorney Hewey may not testify as an expert in this case.  First, to present expert testimony, a party must comply with Federal Rule of Civil Procedure 26(a)(2) and

there is no suggestion in this record that the Defendants have complied with the rule. The First Circuit has written that "[i]f a party's expert disclosure is untimely, the party is not allowed to use that witness or relevant expert information 'to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.'" *Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 77 (1st Cir. 2009) (quoting FED. R. CIV. P. 37(c)(1)).  To the Court's knowledge, the Defendants have never, not even yet, made an expert disclosure for Attorney Hewey.

Second, Attorney Hewey's proposed testimony runs afoul of basic limitations on expert legal testimony in a trial setting.  The applicable principles are well set forth in *Adams v. New England Scaffolding, Inc.*, Civil Action No. 13-12629-FDS, 2015 U.S. Dist. LEXIS 170688, at *11-23 (D. Mass. Dec. 22, 2015).  It is well-settled that "purely legal questions and instructions to the jury on the law to be applied . . . [are] exclusively the domain of the judge."  *Id.* at *11 (quoting *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997)).  Even though "there is no blanket prohibition on expert testimony concerning the law," *id.*, the instances where a legal expert is allowed to give opinions about the law are limited.  *Id.* at *11-14 (expert legal testimony may be admitted to clarify highly complex and technical matters or when the relevant law is not in dispute).

But, as the *Adams* Court stated, "one of the most important limitations on expert testimony concerning the law is that such testimony has to accurately state the law."  *Id.* at *16.  If there is a dispute about the law, "it is not for the jury to

10

resolve it; only the court can do so." *Id.* "Put simply, any expert description of the law is admissible only if it is correct." *Id.*

Here, the Court ruled that Attorney Hewey's statements of law in her February 13, 2024 email were incorrect as a matter of law. *Order on Cross Mots. for Summ. J. and Mot. for Rule 56(d) Disc.* at 16-20, 27-29 (ECF No. 117). With this ruling, which is now law of the case, Attorney Hewey cannot take the stand and testify that the Court is in error, leaving it to the jury to decide whether to accept the law as testified to by an attorney or as given by the Court. Thus, Attorney Hewey's expert testimony, as anticipated, violates Federal Rule of Evidence 403 because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. In other words, an expert's testimony may not "usurp" the role of judge. *Adams*, 2015 U.S. Dist. LEXIS 170688, at *20.

This leaves the question of what Attorney Hewey may testify to at trial. In the Court's view, the proper ambit of her testimony is exceedingly narrow. She may authenticate her emails and confirm that she sent the emails to Mr. McBreairty in her role as counsel for the Brewer School Department. If she is asked about her conversations with Mr. Palmer and other members of the Brewer School Department, she may assert the attorney-client privilege, if the client does not waive the privilege.[3]

### C.    Jury Instructions

---

[3]     The Court is not clear on whether, if Attorney Hewey asserts the attorney-client privilege and if the clients do not waive it, an instruction should be given to the jury that they may draw a negative inference from the assertion of the privilege. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345 (1st Cir. 2004); *Rowe v. Liberty Mut. Group, Inc.*, 2013 U.S. Dist. LEXIS 172272, at *42-43 (D.N.H. Dec. 6, 2013).

To the extent that the Plaintiff seeks particular jury instructions, the Court dismisses the Plaintiff's motion without prejudice. The Court agrees with the Defendants that "[a]ny jury instructions that the Plaintiff wants on any issue generated at trial should be submitted with authority and opportunity for Defendants to respond before the jury is charged." *Defs.' Mot.* at 4. Accordingly, the Court defers on this issue of jury instructions.

## V.    CONCLUSION

The Court DENIES in part, GRANTS in part, and DISMISSES in part Plaintiff's Motion *in Limine* to Exclude Evidence and Testimony Related to Article Content, and Hewey's Testimony, for Specific Examination of Prospective Jurors, and for Specific Jury Instruction (ECF No. 215). The Motion is DENIED insofar as it seeks to limit evidence and testimony about the content of the article; GRANTED insofar as it limits Attorney Hewey's testimony to circumscribed lay testimony; and it is DISMISSED, without prejudice, insofar as it seeks to alter the jury instructions.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2026

12