UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PATRICIA MCBREAIRTY, as )
Personal Representative of the Estate )
Of Shawn McBreairty, )
)
Plaintiff, )
)
v. )          No. 1:24-cv-00053-JAW
)
BREWER SCHOOL DEPARTMENT, et al. )
)
Defendants. )

## ORDER ON DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PUNITIVE DAMAGES

In anticipation of trial, the defendants filed a motion in limine seeking an order excluding evidence of punitive damages from trial and granting judgment as a matter of law in the defendants' favor on the plaintiff's punitive damages claims. Because the court does not have a sufficient record on which evidence the defendants seek to exclude the portion of the motion seeking to exclude evidence of punitive damages from the trial on liability is dismissed without prejudice; likewise, the portion of the motion seeking judgment as a matter of law is premature and is thus dismissed without prejudice.

## I.    PROCEDURAL BACKGROUND

On February 22, 2024, Shawn McBreairty filed a verified complaint against Defendants Brewer School Department and Brewer Superintendent Gregg Palmer (collectively, Defendants) alleging that, by threating litigation in response to an article he authored and posted concerning a transgender student's access to the girl's

bathroom at Brewer High School, Defendants violated his First Amendment Rights. *Verified Comp. 42 U.S.C. § 1983 Compl. for Declaratory, Inj. Relief, and Damages* at 1, ¶¶ 46-78 (ECF No. 1) (*Compl.*).[1]  Shawn McBreairty's complaint sets fourth three causes of action; two remain: (1) retaliation against the exercise of First Amendment rights made applicable to the States under the Fourteenth Amendment, in violation of the United States Constitution, actionable under 42 U.S.C. § 1983; and (2) a parallel claim based on the Maine State Constitution, actionable under 5 M.R.S. § 4682.  *Id.* ¶¶ 79-101.  As relevant to this motion in limine, the complaint states Mr. McBreairty "is entitled to damages as a result of its actions, including, but not limited to, lost income, emotional distress and incurring legal fees."  *Id.* ¶¶ 86, 95.  Mr. McBreairty's complaint requests relief including "Actual Damages in an amount to be determined at trial," "Nominal Damages," and "further relief the Court deems appropriate."  *Id.* at 16.

On June 3, 2024, Shawn McBreairty died by suicide, *Suggestion of Death as to Pl. Shawn McBreairty* at 1 (ECF No. 52).  On September 6, 2024, Ms. McBreairty, as personal representative of Mr. McBreairty's Estate, (hereinafter, Plaintiff) was formally substituted as plaintiff.  *Order Granting Mot. to Substitute Party* (ECF No. 58).

---

[1]      The complaint additionally named Brewer High School Principal Brent Slowikowski and Brewer High School English Teacher Michelle MacDonald as defendants.  Mr. Slowikowski has been dismissed by order of this Court.  *See Order on Cross Mots. for Summ. J. and Mot. for Rule 56(d) Disc.* at 31 (ECF No. 117) (*Order on Cross Mots. for Summ. J.*).  The Court also granted Ms. MacDonald's motion for summary judgment.  *Order on Mot. for Summ. J. and Mot. for Rule 56(d) Disc.* at 8-9 (ECF No. 118) (*Order on Mot. for Summ. J.*).

On May 21, 2025, Plaintiff filed a final pretrial memorandum and served her initial disclosures. *Pl.'s Pretrial Mem.* (ECF No. 128). In that motion, she stated she was seeking "nominal damages" as well as "actual damages, including compensation for Mr. McBreairty's severe, debilitating, and fatal emotional distress, as well as punitive damages and attorneys' fees." *Id.* at 2. Plaintiff also itemized a more extensive list of witnesses than previously identified. *Id.* at 3-4. On September 24, 2025, the Court granted in part and denied in part that motion, excluding some witnesses. *Order on Mot. for Order Regarding Trial Evid.* (ECF No. 150) (*Trial Evid. Order*).

This case is currently scheduled for trial in March 2026 on the remaining two counts. *Trial List* (ECF No. 202). The Court held a final pretrial conference at the Gignoux Courthouse, Portland, Maine on Tuesday, January 6, 2026. *Min. Entry* (ECF No. 200). On January 7, 2026, the Court issued a final pretrial report and order stating, inter alia, that the Court will "hold a bifurcated trial." *Report of Final Pretrial Conf. and Order* at 5 (ECF No. 205).

Before the Court now is the Defendants' motion in limine, seeking to exclude evidence of punitive damages from trial and granting judgment as a matter of law for the Defendants on the Plaintiff's punitive damages claim. *Defs.' Mot.* In Lim. *To Exclude Evid. of Punitive Damages* (ECF No. 217) (*Defs. Mot.*). On February 23, 2026, the Plaintiff submitted her response. *Pl.'s. Opp'n to Defs.' Mot.* in Lim. *to Exclude Evid. of Punitive Damages* (ECF No. 225) (*Pl.'s Opp'n*).

## II.    THE PARTIES' POSITIONS

### A.    The Defendants' Motion

3

The Defendants argue that the Plaintiff has "yet to generate a sufficient evidentiary foundation to rationalize putting the issue of punitive damages to the jury." *Defs.' Mot.* at 4. Accordingly, they seek to exclude all evidence of punitive damages from the trial on liability and compensatory damages. Second, and further, the Defendants claim that due to Plaintiff's late-notice quest for punitive damages— "after the close of discovery and summary judgment briefing"—they have not been able to file a dispositive motion on punitive damages and seek to do so now, asking the Court to grant "judgment as a matter of law in defendants' favor on the plaintiff's punitive damages claims." *Id.* at 5-6. In support of this second point, the Defendants explain that municipalities and their departments are immune from punitive damages in 42 U.S.C. § 1983 cases and Defendant Palmer is immune from damages— including punitive damages—under the doctrine of qualified immunity. *Id.* at 5.

### B.      The Plaintiff's Opposition

The Plaintiff opposes the motion. Though she acknowledges that Defendant Brewer School Department and Defendant Palmer in his official capacity are immune from money damages, she maintains that the jury may award her punitive damages against Defendant Palmer in his personal capacity. *Pl.'s Opp'n* at 1. As to the judgment as a matter of law, the Plaintiff considers the motion better raised at the close of evidence. *Id.* at 2.

## III.    LEGAL STANDARD

### A.      Relevance

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

4

determining the action." FED. R. EVID. 401. Courts should generally admit relevant evidence unless directed otherwise by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## IV.   DISCUSSION

### A.   Bifurcated Trial

Because the Court will hold a bifurcated trial with the issues of liability and compensatory damages tried first to verdict and the issue of punitive damages tried second, and only if the Plaintiff prevails, *Report of Final Pretrial Conf. and Order* at 5, the Court would exclude evidence that is expressly and only related to punitive damages, like the Defendant's wealth. *See Shannon v. Sasseville*, 684 F. Supp. 2d 169, 172 (D. Me. 2010) (admitting evidence regarding the defendant's wealth for the purposes of punitive damages only after the jury had awarded compensatory damages).

However, on the record before the Court, there is no specific testimony or evidence that the Defendants seeks to exclude. Because some evidence could be relevant to both the trial on liability and the punitive damages phase, like the content of the contested article at the center of the case, the Court declines to make a pretrial ruling. Therefore, the Defendant's motion is dismissed, without prejudice, insofar as

it seeks to exclude all evidence of punitive damages at trial.  Should the Plaintiff try to introduce in evidence testimony or exhibits related solely to punitive damage, the Defendants are free to re-raise the objection.

For now, the Court notes that evidence solely related to punitive damages is prejudicial at the liability phase of trial.  *See Hearts with Haiti, Inc. v. Kendrick*, 141 F. Supp. 3d 99, 120 (D. Me. 2015) (bifurcating trial over concern "that the admission of evidence of [defendant's] wealth during the initial liability and compensatory damages phase would be unfairly prejudicial"); *Goldenson v. Steffens*, No. 2:10-cv-00440-JAW, 2014 U.S. Dist. LEXIS 91672, at *5 (D. Me. Jul. 7, 2014) ("The Court agrees with the Defendants, however, that the introduction of the Defendants' wealth into the liability phase of this trial would be potentially prejudicial").

### B.    Judgment as a Matter of Law

The Court dismisses, without prejudice, the Defendants' motion for judgment as a matter of law.  In their motion in limine, the Defendants seek "judgment as a matter of law in the defendants' favor on the plaintiff Patricia McBreairty's punitive damages claims," *Defs.' Mot.* at 1, ostensibly governed by Federal Rule of Civil Procedure 50.  However, a Rule 50(a) motion is timely made only after "a party has been *fully heard on an issue during a jury trial*."  Fed. R. Civ. P. 50(a) (emphasis supplied).  *See Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 928-30 (9th Cir. 2007); *Jaasma v. Shell Oil Co.*, 412 F.3d 501, 506 n.4 (3rd Cir. 2005) (stating that the trial court acted prematurely in granting a Rule 50(a) motion before the commencement of trial); *Echeverria v. Chevron USA Inc.*, 391 F.3d 607 (5th Cir. 2004) (concluding

that a Rule 50 motion should not be acted upon until the non-movant has presented all its evidence). Here, before any evidence has been presented to the jury, the Defendants attempt to use Rule 50 to bar the Plaintiff from presenting punitive damages evidence to the jury.

Though requesting a motion for judgment as a matter of law, the closest true analogues would be either a motion to dismiss under Rule 12 or a motion for summary judgment under Rule 56, since the Defendants seeks to challenge the legal sufficiency of the Plaintiff's punitive damages claim on an assumed set of facts. In either case, the motion is a dispositive motion governed by the time limits imposed by the Scheduling Order and is thus too late. The Court recognizes that it permitted the Plaintiff to add damages not explicitly initially pled. *See Order on Defs.' Mot. in Lim. To Exclude Evid. of Compensatory Damages Under Fed. R. Civ.P. 37(c)(1)* (ECF No. 194) (explaining that "[d]espite plaintiff's failure to make adequate initial disclosures" the Court exclusion of several Plaintiff witnesses was "sufficient sanction the Plaintiff . . . and because the defendants had actual or implicit knowledge of the potential evidence"). However, the Court has already bifurcated this trial and expects the parties to proceed accordingly. The Defendants are free to raise the argument again at the close of the Plaintiff's case in chief.

## V.    CONCLUSION

The Court DISMISSES, without prejudice, the Defendants' Motion *in Limine* to Exclude Evidence of Punitive Damages (ECF No. 217).

7

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2026