UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PATRICIA MCBREAIRTY, as            )
Personal Representative of the Estate  )
Of Shawn McBreairty,               )
                                   )
          Plaintiff,               )
                                   )
     v.                            )        No. 1:24-cv-00053-JAW
                                   )
BREWER SCHOOL DEPARTMENT, et al.   )
                                   )
          Defendants.              )

**ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND TESTIMONY RELATED TO NON-LISTED EXHIBITS**

In anticipation of trial, the plaintiff filed a motion in limine seeking to limit

references non-listed exhibits and witnesses.  Although much of the objected to

evidence and testimony was not included in the defendants' initial disclosures, the

plaintiff had actual or implicit knowledge of it.  The record reflects that such evidence

was described in the defendants' first final pretrial memorandum, filed nearly a year

ago.  As to exhibits not in the initial disclosures nor any final pretrial memorandum,

the court does not have sufficient information and declines to make a pretrial ruling.

Accordingly, the plaintiff's requested relief is denied in part and dismissed in part.

**I.    PROCEDURAL BACKGROUND**

     **A.    Abridged Procedural History**

On February 22, 2024, Shawn McBreairty filed a verified complaint against

Defendants Brewer School Department and Brewer Superintendent Gregg Palmer

(collectively, Defendants) alleging that by threating litigation in response to an

article he authored and posted concerning a transgender student's access to the girl's

bathroom at Brewer High School, Defendants violated his First Amendment Rights. *Verified Comp. 42 U.S.C. § 1983 Compl. for Declaratory, Inj. Relief, and Damages* at 1, ¶¶ 46-78 (ECF No. 1) (*Compl.*).[1]  Shawn McBreairty's complaint sets fourth three causes of action; two remain: (1) retaliation against the exercise of First Amendment rights made applicable to the States under the Fourteenth Amendment, in violation of the United States Constitution, actionable under 42 U.S.C. § 1983; and (2) a parallel claim based on the Maine State Constitution, actionable under 5 M.R.S. § 4682.  *Id.* ¶¶ 79-101.

On June 3, 2024, Shawn McBreairty died by suicide, *Suggestion of Death as to Pl. Shawn McBreairty* at 1 (ECF No. 52).  On September 6, 2024, Ms. McBreairty, as personal representative of Mr. McBreairty's Estate, (hereinafter, Plaintiff) was formally substituted as plaintiff.  *Order Granting Mot. to Substitute Party* (ECF No. 58).

On May 21, 2025, Plaintiff filed a final pretrial memorandum and served her initial disclosures.  *Pl.'s Pretrial Mem.* (ECF No. 128) (*Pl.'s First Pretrial Mem.*).  In that motion, she itemized a more extensive list of witnesses than previously identified.  *Id.* at 3-4.  On July 31, 2025 Plaintiff filed a motion seeking an order stating that she will be permitted to introduce at trial exhibits and witnesses not timely disclosed by initial disclosure under Federal Rule of Civil Procedure 26 and

---

[1]     The complaint additionally named Brewer High School Principal Brent Slowikowski and Brewer High School English Teacher Michelle MacDonald as defendants.  Mr. Slowikowski has been dismissed by order of this Court.  *See Order on Cross Mots. for Summ. J. and Mot. for Rule 56(d) Disc.* at 31 (ECF No. 117) (*Order on Cross Mots. for Summ. J.*).  The Court also granted Ms. MacDonald's motion for summary judgment.  *Order on Mot. for Summ. J. and Mot. for Rule 56(d) Disc.* at 8-9 (ECF No. 118) (*Order on Mot. for Summ. J.*).

the June 4, 2024 Scheduling Order.  *Mot. for Order Regarding Trial Evid.* (ECF No. 138) (*Mot. on Trial Evid.*); *Scheduling Order* (ECF No. 49).  Defendants opposed the motion, maintaining that because of the tardy disclosure the only proper witnesses are the parties themselves.  *Opp'n to Pl.'s Mot. for Order Regarding Trial Evid.* (ECF No. 146) at 5 n.1, 9 (*Opp'n to Mot. on Trial Evid.*).  The Court granted in part and denied in part that motion, excluding four individuals as a witness, reasoning "this late disclosure is prejudicial and insufficiently justified."  *Order on Mot. for Order Regarding Trial Evid.* (ECF No. 150) (*Order on Mot. on Trial Evid.*).  On September 26, 2025, Plaintiff filed a motion for reconsideration on the Court's exclusion of one of those excluded witness.  *Mot. for Limited Recons.* (ECF No. 151).  The Court denied the motion.  *Order on Mot. for Recons.* (ECF No. 169).

This case is currently scheduled for trial in March 2026 on the remaining two counts.  *Trial List* (ECF No. 202).  Before the Court now is Plaintiff's motion in limine, seeking to exclude evidence and testimony related to non-listed exhibits.  *Pl.'s Mot.* in Lim. *to Exclude Evid. and Test. Related to Non-Listed Exs.* (ECF No. 214) (*Pl.'s Mot.*).  On February 23, 2026, the Defendant submitted their opposition.  *Defs.' Resp. in Opp'n to Pl.'s Mot. in Lim. [ECF No. 214] "to Exclude Evid. and Test. Related to Non-Listed Exs."* (ECF No. 223) (*Pl.'s Opp'n*).

Since the filing of the motion in limine, the parties have also submitted their witness lists, *Pl.'s Witness List* (ECF No. 238); *Defs.' Witness List* (ECF No. 242), as well as an exhibit list detailing the objections of all parties.  *Ex. List* (ECF No. 251).

3

### B.    The Pretrial Memoranda

The trial date for this case has moved several times and in preparation for trial, the parties have submitted pretrial memoranda.  On May 21, 2025, the Defendants filed a pretrial memorandum.  *Pretrial Mem. of Defs. Brewer School Dept. and Gregg Palmer* (ECF No. 127) (*Defs.' First Pretrial Mem.*); *Pl.'s First Pretrial Mem.*  The Defendants, for their part, stated they intended to call Defendant Gregg Palmer and former Defendant Brent Slowikowski and that they "reserve the right to add witnesses in accordance with the schedule issued by this Court."  *Defs.' First Pretrial Mem.* at 4.  The Defendants proposed trial exhibits listed the following:

1. McBreairty's post

2. Emails from counsel to McBreairty regarding post

3. McBreairty's responses, including emails, online posts, and media appearances

*Id.* at 5.  On December 2, 2025, the Defendants filed a second pretrial memorandum, *Final Pretrial Mem. of Defs. Brewer School Dept. and Gregg Palmer* (ECF No. 182) (*Defs.' Second Final Pretrial Mem.*), and on December 30, 2025, the Defendants filed a third pretrial memorandum, *Final Pretrial Mem. of Defs. Brewer School Dept. and Gregg Palmer* (ECF No. 197) (*Defs.' Third Final Pretrial Mem.*). The subsequent pretrial memoranda incorporated the prior memoranda.

## II.    THE PARTIES' POSITIONS

### A.    The Plaintiff's Motion

The Plaintiff seeks to exclude the witnesses and exhibits not identified in the Defendants' initial disclosures because some of the Plaintiff's own witnesses and

exhibits have been excluded. *Pl.'s Mot.* at 1. The Plaintiff takes particular issue with exhibits including "McBreairty's responses, including emails, online posts, and media appearances." *Id.* at 2 (quoting *Defs. First Final Pretrial Mem.*).

## B.   The Defendants' Opposition

The Defendants counter that the Plaintiff appears "to preclude admission of Shawn McBreairty's own out-of-court statements and recorded media appearances, offered against him and that undermine her late-advanced 'emotional distress' claim." *Def.'s Opp'n* at 1.

## III.   LEGAL STANDARD

Rule 26 and the Court's scheduling order required that the parties provide each other with initial disclosures. FED. R. CIV. P. 26; *Scheduling Order*. Rule 26 reads, in relevant part:

(a) Required Disclosures.

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to

> support its claims or defenses, unless the use would be solely for impeachment;

FED. R. CIV. P. 26(a)(1)(A)(i)-(ii).  The failure to do so is subject to the potential exclusion of the witness or evidence.  FED. R. CIV. P. 37.  According to Rule 37, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  However, Rule 37 also affords the Court leeway to impose a lesser sanction where appropriate.  FED. R. CIV. P. 37(c).

Whether a party's witnesses and exhibits should be excluded based on a failure to timely disclose is not, in other words, "a strictly mechanical exercise." *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 276 (1st Cir. 2006).  "[D]istrict courts have broad discretion in meting out . . . sanctions for Rule 26 violations" that "range from limited exclusion to dismissal of the case." *LaPlace-Bayard v. Batlle*, 295 F.3d 157, 162 (1st Cir. 2002) (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R.*, 248 F.3d 29, 34 (1st Cir. 2001)).  To determine if preclusion was warranted, the First Circuit considers several factors:

> (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.

*Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009); *see Doe v. Austin*, No. 2:22-cv-00368-NT, 2024 U.S. Dist. LEXIS 199423, *6 (D. Me. Nov. 1, 2024).

## IV.   DISCUSSION

### A.   Witness Listings

The motion is denied with respect to witnesses.  According to the Plaintiff, "[t]o the extent that Defendants would add witnesses, such should be excluded. Plaintiff has had no notice of who these possible witnesses might be, and such should be excluded for failure to make timely disclosure per Fed. R. Civ. P. 26(a) and 37." *Pl.'s Mot.* at 2.  In response, the Defendants argue that "the court has previously identified the seven witnesses for trial . . . . It is unclear whether Plaintiff is suggesting by her motion that the Defendant[s] should not be permitted to call to the stand any of these witnesses." *Defs.' Opp'n* at 2.

The Court agrees with the Defendants.  On March 2, 2026, the Defendants submitted their witnesses, listing Greg Palmer, Brent Slowikowski, and Melissa Hewey.  *Defs.' Witness List*.  Although Attorney Hewey was not listed as part of Defendants' initial disclosures, *Reply in Support of Mot. for Order Regarding Tr. Ev.* (ECF No. 148), Attach. 3, *Initial Disclosures of Defs. Brewer School Dept., Superintendent Gregg Palmer, and High School Principal Brent Slowikowski* (*Defs.' Initial Disclosures*); "Attorney Hewey's status as a witness . . . has long been a basic component of this litigation." *Order on Mot. on Trial Evid.* at 4.

### B.   Exhibits

The Plaintiff argues that the "Defendants should be precluded from seeking to introduce exhibits (and testimony thereon) not previously disclosed and provided" which is anything beyond the "Board policies" and "Social media posts – attached to

the complaint[.]"  *Pl.'s Mot.*at 2 (citing *Defs.' Initial Disclosures*).  The Defendants' pretrial memorandum, however, adds the following:

1. McBreairty's post

2. Emails from counsel to McBreairty regarding post

3. McBreairty's responses, including emails, online posts, and media appearances

*Defs.' First Pretrial Mem.* at 5.  The Plaintiff takes issue with the third category.  The Defendant responds that the "category of documents in issue are all statement of a party opponent, Shawn McBreairty, and admissible."  *Defs.' Opp'n* at 3.  As the Defendants see it:

> [i]t would be profoundly unfair to prohibit the Defendants from responding to an emotional distress claim through the use of public statements of a party opponent – statements that all of the parties can access, have always been able to access, and that will be timely exchanged as exhibits in this case on March 2, 2026.

*Id.* at 5.  Given this history of the litigation, including that the Defendant's first pretrial memorandum were filed nearly a year ago, *Defs.' First Final Pretrial Mem.*, and reincorporated twice thereafter, *Defs.' Second Final Pretrial Mem.*; *Defs.' Third Final Pretrial Mem.*, the Court considers the late disclosures of Shawn McBreairty's own responses less prejudicial.

The Defendants' need for these exhibits is evident in light of the Plaintiff's pursuit of emotional damages, which also explains why the disclosure was late—the Defendants learned of Plaintiff's emotional distress claim after the period of initial disclosure lapsed.  As for any surprise or prejudice associated with the late disclosure, the Court credits the Defendants' argument—the Plaintiff has always

8

had access to the public statements of Shawn McBreairty. Finally, concerning the Court's docket, the late disclosure does not threaten or require any unanticipated delay. Thus, the Court dismisses the Plaintiffs motion insofar as it seeks to exclude any category of evidence identified in the Defendants' final pretrial memoranda. *Defs. First Final Pretrial Mem.*; *Defs. Second Final Pretrial Mem.*; *Defs. Third Final Pretrial Mem.* Of course, the Court notes that such evidence must still be otherwise admissible under the Federal Rules of Evidence.

The Court also has reviewed the exhibit list. *Ex List.* Defendants' exhibit Nos. 9 (February 13, 2024 emails between Karen Dawson Gardner and Gregg Palmer) and 21 (February 22, 2024 email from Karen Dawson Gardner to Gregg Palmer) do not pertain to "McBreairty's responses, including emails, online posts, and media appearances." *Defs.' First Final Pretrial Mem.* Though the Court does not presently have sufficient information to understand how the Defendants plan to use these exhibits, the Court declines to make a pretrial ruling wholesale excluding these exhibits. Likewise, the Court will not exclude any of the Plaintiff's exhibits that similarly were not in the Plaintiff's initial disclosures or subsequent final pretrial memoranda. Instead, the Court will defer ruling on admissibility for trial. Therefore, the Plaintiff's motion is dismissed without prejudice insofar as it seeks to exclude the Defendant's proposed exhibit numbers 9 and 21.

## V.    CONCLUSION

The Court DENIES in part and DISMISSES without prejudice in part Plaintiff's Motion *in Limine* to Exclude Evidence and Testimony Related to Non-Listed Exhibits (ECF No. 214).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2026