UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PATRICIA MCBREAIRTY, as            )
Personal Representative of the Estate    )
Of Shawn McBreairty,               )
                                   )
            Plaintiff,             )
                                   )
        v.                         )        No. 1:24-cv-00053-JAW
                                   )
BREWER SCHOOL DEPARTMENT, et al.   )
                                   )
        Defendants.                )

**ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND TESTIMONY RELATED TO RESPONSE TO ARTICLE**

In anticipation of trial, the plaintiff filed a motion in limine seeking to prohibit the defendants from introducing evidence and testimony related reactions of non-parties to the controversial article at the center of this case. The court considers the reactions of non-parties relevant but does not have sufficient information on the record before the court to determine admissibility. Because the court declines to make an advisory ruling, the motion is dismissed.

## I.    PROCEDURAL BACKGROUND

### A.    Abridged Procedural History

On February 22, 2024, Shawn McBreairty filed a verified complaint against Defendants Brewer School Department and Brewer Superintendent Gregg Palmer (collectively, Defendants) alleging that by threating litigation in response to an article he authored and posted concerning a transgender student's access to the girl's bathroom at Brewer High School, Defendants violated his First Amendment Rights. *Verified Comp. 42 U.S.C. § 1983 Compl. for Declaratory, Inj. Relief, and Damages* at

1, ¶¶ 46-78 (ECF No. 1) (*Compl.*).[1]  Shawn McBreairty's complaint sets fourth three causes of action; two remain: (1) retaliation against the exercise of First Amendment rights made applicable to the States under the Fourteenth Amendment, in violation of the United States Constitution, actionable under 42 U.S.C. § 1983; and (2) a parallel claim based on the Maine State Constitution, actionable under 5 M.R.S. § 4682.  *Id.* ¶¶ 79-101.

On June 3, 2024, Shawn McBreairty died by suicide, *Suggestion of Death as to Pl. Shawn McBreairty* at 1 (ECF No. 52).  On September 6, 2024, Ms. McBreairty, as personal representative of Mr. McBreairty's Estate, (hereinafter, Plaintiff) was formally substituted as plaintiff.  *Order Granting Mot. to Substitute Party* (ECF No. 58).  On May 21, 2025, Plaintiff filed a final pretrial memorandum and served her initial disclosures.  *Pl.'s Pretrial Mem.* (ECF No. 128).

This case is currently scheduled for trial in March 2026 on the remaining two counts.  *Trial List* (ECF No. 202).  Before the Court now is the Plaintiff's motion in limine, seeking to exclude evidence and testimony concerning the reactions of non-parties to the article at the center of this case.  *Pl.'s Mot.* in Lim. *to Exclude Evid. and Test. Related to Response to Article* (ECF No. 213) (*Pl.'s Mot.*).  On February 23, 2026, the Defendants submitted their response.  *Defs.' Resp. in Opp'n to Pl.'s Mot. in Lim.*

---

[1]    The complaint additionally named Brewer High School Principal Brent Slowikowski and Brewer High School English Teacher Michelle MacDonald as defendants.  Mr. Slowikowski has been dismissed by order of this Court.  *See Order on Cross Mots. for Summ. J. and Mot. for Rule 56(d) Disc.* at 31 (ECF No. 117) (*Order on Cross Mots. for Summ. J.*).  The Court also granted Ms. MacDonald's motion for summary judgment.  *Order on Mot. for Summ. J. and Mot. for Rule 56(d) Disc.* at 8-9 (ECF No. 118) (*Order on Mot. for Summ. J.*).

*[ECF No. 213] "to Exclude Evid. and Testimony Related to Response to Article"* (ECF No. 224) (*Defs.' Opp'n*).

### B.    Defendant Palmer's Declaration

The Plaintiff's motion in limine quotes from several portions of Defendant Palmer's declaration, submitted in opposition to an earlier filed motion for a temporary restraining order in this case. *Mem. of Law in Opp'n to Mot. for TRO of Def.'s Brewer School Dept., Gregg Palmer, and Brent Slowikowski* (ECF No. 16), Attach. 1, *Decl. of Greg Palmer* (*Palmer Decl.*). The Plaintiff quoted the following paragraphs:

> 8. After Mr. McBreairty's post appeared online and was the subject of discussion at the High School, HD stopped coming to school.
>
> 9. I also heard complaints from the students and families of the other students depicted in the photograph Mr. McBreairty posted of students in the girls' bathroom at the High School. They were upset about the violation of their children's privacy rights.
>
> 10. I also heard from Michelle MacDonald, one of our teachers at the High School that she was feeling bullied by the statements Mr. McBreairty made about her child in the post.
>
> 11. As a result of the disruption and emotional distress that the post was causing to students and a staff member, we decided that we had to try to get Mr. McBreairty to take the portions of the post down that were defamatory or invaded the privacy of our students and, therefore, our counsel sent him an email, a copy of which is attached to the complaint in this matter as Exhibit 5.
>
> . . . .
>
> 17. HD remained out of school through February 16, 2024, when February vacation started.
>
> 18. Over February vacation, HD's parent wrote me an email stating that when HD returned to school, they intend to use a single stall bathroom. The parent explained the decision as follows:

3

> This is what we feel is best for our family, for their academics and for the school. Reading that article only strengthens the decision. I have many strong feelings about how this group has gone about things and how they have villainized and victimized children. They are not looking out for the greater good. However, I can not allow my childs [sic] and my family's matters to be laid out for public debate and scrutiny.

*Palmer Decl.* at 2-3; *Pl.'s Mot.* at 1-2.

## II. THE PARTIES' POSITIONS

### A. The Plaintiff's Motion to Exclude Evidence and Testimony Related to Article

The Plaintiff seeks to exclude evidence and testimony related to the reactions non-party students, staff, families, and others had to the article Mr. McBreairty authored. *Pl.'s Mot.* at 2. The Plaintiff reasons that such evidence and testimony is irrelevant and unduly prejudicial because "the Court already determined that Defendants violated Mr. McBreairty's rights, and any attempt by Defendants to justify this violation serves no purpose but to prejudice the jury against Plaintiff." *Id.* at 2-3. Additionally, the Plaintiff argues that "any evidence of the alleged opinion or reaction of non-parties is inadmissible hearsay per Fed. R. Evid. 802." *Id.* at 3.

### B. The Defendants' Opposition to Plaintiff's Motion to Exclude Evidence and Testimony Related to Article

The Defendants respond that testimony from Defendant Palmer and former defendant Slowikowski are "admissible and relevant to the liability issues set for trial, including the issues of liability of Gregg Palmer in his individual, personal capacity under section 1983, and the associated issue of his qualified immunity." *Def.'s Opp'n* at 1. However, the Defendants argue that the Court's ruling on summary

judgment did not reach judgment of liability against Defendant Palmer on Counts I and II and thus it "cannot be used to impose strict liability on Palmer or deny him the right to testify to his side of the story." *Id.* at 5.

## III.   LEGAL STANDARD

### A.   Relevance

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.   Courts should generally admit relevant evidence unless directed otherwise by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.   FED. R. EVID. 402.   However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

### B.   Inadmissible Hearsay

Federal Rule of Evidence 802 prohibits the admission of hearsay.   "Hearsay is an out-of-court statement offered 'in evidence to prove the truth of the matter asserted in the statement.'" *United States v. Fígaro-Benjamín*, 394 F. Supp. 3d 191, 195 (D.P.R. 2019) (quoting FED. R. EVID. 801(c)).   "[A]n out-of-court statement is not hearsay if it is relevant regardless of its truth (say, to show state of mind)." *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 19 (1st Cir. 2014); *United States v. Bailey*, 270 F.3d 83, 87 (1st Cir. 2001) ("Out of court statements offered not for their truth but 'offered only for context' do not constitute hearsay") (quoting *United States*

5

*v. Catano*, 65 F.3d 219, 224 (1st Cir. 1995)); *United States v. Murphy,* 193 F.3d 1, 5 n.2 (1st Cir.1999) ("[A]n out-of-court statement might be offered to show that the declarant had certain information, or entertained a specific belief . . . or it might be offered to show the effect of the words spoken on the listener (e.g. to supply a motive for the listener's action)").

## IV.    DISCUSSION

### A.    Relevance

The Court considers the evidence and testimony concerning reactions of the non-party students, staff, and others related to Mr. McBreairty's article relevant to the case at hand.  At this point, the Court intends to instruct the jury that to prove her claim, Ms. McBreairty must prove that "Shawn McBreairty's protected activity was a substantial or motivating factor in the Defendants' conduct."  This instruction was proposed by the Plaintiff.  *See Pl.'s Proposed Jury Instructions* at 6-7 (ECF No. 226).  Thus, under the Plaintiff's own formulation, Mr. Palmer's motivation is an issue to be considered by the jury.  Thus, Mr. Palmer's proposed testimony about complaints from students and others goes directly to his motivation.  Although specifics rulings on admissibility will be determined at trial, in accordance with the Plaintiff's own proposed instructions, the Court generally considers community members' reaction to Mr. McBreairty's article related to determining liability.

The summary judgment motions and order do not preordain the relevance of issues not resolved on summary judgment.  While the Plaintiff takes the Court to have "already determined that Defendants violated Mr. McBreairty's rights," *Pl.'s*

6

*Mot.* at 3, they are mistaken.  As the Defendants explain, "[w]hen the Court denied the Defendants' motion for summary judgment it did so taking the facts in the light most favorable to McBreairty as the nonmoving party" but it "did not enter summary judgment against the Defendants on Counts I and II, which it had the power to do under Fed. R. Civ. P. 56(f)(1)." *Defs.' Opp'n* at 2 (emphasis omitted).  "As the First Circuit [] stated, 'the denial of a motion for a summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim.'" *Rhoades v. Camden Nat. Corp.*, 575 F. Supp. 2d 260, 264 (D. Me. 2008) (quoting *Rigby v. Damant*, 486 F.3d 692, 692 (1st Cir. 2007) (per curiam) (internal quotation marks omitted)).  Thus, the information the Plaintiff seeks to exclude may well still be relevant if properly elicited at trial.  *Khan v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 22-cv-11893-ADB, 2025 U.S. Dist. LEXIS 225399, at *5 (D. Mass. Nov. 17, 2025) ("[T]he Court's summary judgment decision alone will not preclude Plaintiff from introducing otherwise admissible evidence subject to appropriate objections at trial").

The Plaintiff also expresses concern that such evidence could "prejudice the jury against Plaintiff." *Pl.'s Mot.* at 3.  However, it is not mere prejudice but rather unfair prejudice that excludes otherwise relevant evidence and testimony.  FED. R. EVID. 403.  "Unfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. DiRosa*, 761 F.3d 144, 153 (1st Cir. 2014) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

Based on the record before the Court, and notwithstanding that transgender issues in schools are controversial, the Court does not conclude pretrial that the probative value of evidence and testimony relating to the reactions of third parties to Mr. McBreairty's article is substantial outweighed by its prejudicial effect. FED. R. EVID. 403.

## B.     Hearsay

The Plaintiff argues that any evidence or testimony about the reactions of non-parties would be inadmissible hearsay given that those individuals are not expected to testify. *Pl.'s Mot.* at 3-4. However, as the Defendants explain, "complaints by parents are offered to show the effect of the statement on the listener, [Defendant] Palmer, not to show that the contents of the complaints necessarily had to be true." *Defs.' Opp'n* at 5-6. Though the Court agrees that that out of court statements not offered for the truth of the matter asserted may be admissible for the effect on the listener, the Court declines to make a pretrial ruling and instead opts to make a determination about the purpose of offering and particular statement when it is raised at trial. *Murphy,* 193 F.3d at 5 n.2.

## C.     Residual Hearsay

The Defendants have not made a sufficient showing regarding the residual hearsay exception. The residual exception of Rule 807 reads:

> **(a) In General.** Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
>
> **(1)** the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances

8

under which it was made and evidence, if any, corroborating the statement; and

**(2)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

**(b) Notice.** The statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name—so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing—or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice.

FED. R. EVID. 807.

The Defendants argue that if the Court determines "portions of Palmer's or Slowikowski's testimony to be hearsay, they may still be admissible under the residual hearsay exception." *Defs.' Opp'n* at 6. The Plaintiff states that none of the statements from Defendant Palmer's declaration meet any exception to the hearsay prohibition, including the residual exception.

The Defendants have not indicated the specific statements they seek to admit under the residual exception. In addition to a stated reluctance to issue speculative and advisory rulings, the Court has not been provided with any information that defendants have complied with the notice provisions of Rule 807(b). The First Circuit observed that the admissibility of evidence under Rule 807 involves "considerations which are very trial-specific, such as the relative probative value of the hearsay statement and whether admitting the statement will best serve the 'interests of justice.'" *United States v. Doe*, 860 F.2d 488, 491 (1st Cir. 1988) (addressing former Rule 803(24), which was combined with Rule 804(b)(5) in 1997 and transferred to

9

Rule 807). The Court declines to predict the admissibility at trial under Rule 807 of unknown statements.

To the extent the parties seek a pretrial ruling on the admissibility of Defendant Palmer's statements excerpted in the Plaintiff motion, *Pl.'s Mot.* at 1-2, the Court dismisses the motion as requiring a speculative and advisory ruling. Additionally, those statements may be admitted in evidence through another exception, but the Court cannot yet know how the trial will unfold.

## V.    CONCLUSION

The Court DISMISSES without prejudice Plaintiff's Motion *in Limine* to Exclude Evidence and Testimony Related to Response to Article (ECF No. 213).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2026