UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PATRICIA MCBREAIRTY, as )
Personal Representative of the Estate )
Of Shawn McBreairty, )
 )
    Plaintiff, )
 )
    v. )    No. 1:24-cv-00053-JAW
 )
BREWER SCHOOL DEPARTMENT, et al. )
 )
    Defendants. )

**ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND TESTIMONY RELATED TO ADVICE OF COUNSEL AND
FOR PREEMPTIVE JURY INSTRUCTION**

In anticipation of trial, the plaintiff filed a motion in limine seeking to limit references to an advice of counsel defense during trial and in the ultimate jury instructions. The motion is dismissed without prejudice insofar as it seeks to limit evidence and testimony about the defense during trial and also to the extent it seeks to alter the jury instructions because the court will address jury instructions based on other briefing from the parties.

**I.    PROCEDURAL BACKGROUND**

**A.    Abridged Procedural History**

On February 22, 2024, Shawn McBreairty filed a verified complaint against Defendants Brewer School Department and Brewer Superintendent Gregg Palmer (collectively, Defendants) alleging that by threating litigation in response to an article he authored and posted concerning a transgender student's access to the girl's bathroom at Brewer High School, Defendants violated his First Amendment Rights.

*Verified Comp. 42 U.S.C. § 1983 Compl. for Declaratory, Inj. Relief, and Damages* at 1, ¶¶ 46-78 (ECF No. 1) (*Compl.*).[1]  Shawn McBreairty's complaint sets fourth three causes of action; two remain: (1) retaliation against the exercise of First Amendment rights made applicable to the States under the Fourteenth Amendment, in violation of the United States Constitution, actionable under 42 U.S.C. § 1983; and (2) a parallel claim based on the Maine State Constitution, actionable under 5 M.R.S. § 4682.  *Id.* ¶¶ 79-101.

On June 3, 2024, Shawn McBreairty died by suicide, *Suggestion of Death as to Pl. Shawn McBreairty* at 1 (ECF No. 52).  On September 6, 2024, Ms. McBreairty, as personal representative of Mr. McBreairty's Estate, (hereinafter, Plaintiff) was formally substituted as plaintiff.  *Order Granting Mot. to Substitute Party* (ECF No. 58).  On May 21, 2025, Plaintiff filed a final pretrial memorandum and served her initial disclosures.  *Pl.'s Pretrial Mem.* (ECF No. 128).

This case is currently scheduled for trial in March 2026 on the remaining two counts.  *Trial List* (ECF No. 202).  Before the Court now is the Plaintiff's motion in limine, seeking to exclude evidence and testimony related to the advice of counsel. *Pl.'s Mot.* in Lim. *to Exclude Evid. and Test. Related to Advice of Counsel and For Preemptive Jury Instr.* (ECF No. 216) (*Pl.'s' Mot.*).  On February 23, 2026, the Defendants submitted their response.  *Defs.' Resp. in Opp'n to Pl.'s Mot. in Lim. [ECF*

---

[1]      The complaint additionally named Brewer High School Principal Brent Slowikowski and Brewer High School English Teacher Michelle MacDonald as defendants.  Mr. Slowikowski has been dismissed by order of this Court.  *See Order on Cross Mots. for Summ. J. and Mot. for Rule 56(d) Disc.* at 31 (ECF No. 117) (*Order on Cross Mots. for Summ. J.*).  The Court also granted Ms. MacDonald's motion for summary judgment.  *Order on Mot. for Summ. J. and Mot. for Rule 56(d) Disc.* at 8-9 (ECF No. 118) (*Order on Mot. for Summ. J.*).

*No. 216] "to Exclude Evid. and Test. Related to Advice of Counsel and For Preemptive Jury Instr."* (ECF No. 221) (*Pl.'s Opp'n*).

### B.    The Article

Brewer School Department's decision to allow students to use the restroom corresponding to their gender identity, rather than their biological circumstances stirred up controversy among students and members of the public. *Pl.'s Statement of Material Facts* (ECF No. 91) ¶¶ 1-4 (PSMF), *Sch. Defs.' Opp'n Statement of Material Facts* (ECF No. 102) ¶¶ 1-4 (DRPSMF).    Shawn McBreairty wrote about the controversy.  PSMF ¶ 11; DRPSMF ¶ 11; *Statement of Material Facts of Defs. Brewer Sch. Dept., Gregg Palmer, and Brent Slowikowski in Support of Mot. for Summ. J.* (EC No. 93) ¶ 1 (DSMF); *Pl.'s Opposing Statement of Material Fact* (ECF. No. 105) ¶ 1 (PRDSMF).  After reviewing evidence, speaking to witnesses, and doing research, on February 12, 2024, Mr. McBreairty published "Girl's Bathrooms are Not 'Safe Spaces' When Males are Present" on the website *[your]NEWS* (hereafter "the Article").  *Compl.*, Attach. 3, *Ex. 3 Article* (*McBreairty Article*); PSMF ¶ 13; DRPSMF ¶ 13.  In the Article, Mr. McBreairty expressed his opinions about the underlying facts and his concerns about what was happening at Brewer High School.  PSMF ¶ 14; DRPSMF ¶ 14.

The Brewer School Department decided to try to get Mr. McBreairty to take down the portions of the Article that it believed qualified as defamatory or invaded the privacy rights of its students.  PSMF ¶¶ 27-29; DRPSMF ¶¶ 27-29.  The School Department requested that its counsel send Mr. McBreairty an email.  PSMF ¶ 27; DRPSMF ¶ 27.

3

On February 13, 2024, Attorney Melissa Hewey, counsel for the Brewer School Department, sent Mr. McBreairty an email. *Compl.* Attach. 5, *Ex. 5 E-Mail from Melissa Hewey Feb. 13, 2024* (*First Hewey Email*); DSMF ¶ 8; PRDSMF ¶ 8. That email stated:

Dear Mr. McBreairty,

I am writing on behalf of our client the Brewer School Department to demand that you remove certain content from your February 12, 2024 online post entitled "Girl's Bathrooms Are Not 'Safe Spaces' When Males are Present." If you are represented by counsel in this matter, please let me know and I will be glad to direct my correspondence to them.

Although we acknowledge that much of that post contains your opinions on matters of public concern and recognize your right to express them, there are certain portions that are not protected because they are either false or an impermissible invasion of the privacy of minors and have the effect of bullying and hazing a student and a teacher at the Brewer High School in violation of Board Policies ACAD, ACAF and JICK and Maine law. In particular:

<u>First</u>, there is a picture of Brewer High School students in the restroom. As we understand it, this picture was taken without their consent, presumably in violation of 17-A M.R.S. Section 511.

<u>Second</u>, there are the following two statements concerning a Brewer High School student that identifies the student specifically:

[HD], aka "****" is a senior at Brewer High School. He goes by the pronouns they/them on Instagram and his profile name is "****." He's been allowed by the administration to continue to enter female spaces for the last three months. Even after students' concerns were reported. He once stated he was "too emo for this school," but now he is literally playing dress up, because the school policy allows it to continue and no one has the balls to stop it.

There have been various social media posts that "... he is alleged to have touched some female student(s)." Additional, yet unconfirmed reports state he is accused online of a "sexual assault" of a fellow student "in late

2021." There was another post stating "... in September (sic) of 2022 i (sic) was taken advantage of by [HD]." Sources state these are "different people" making these serious claims. Is the school aware of these claims? Some say they are.

Third, there is a statement concerning the minor child of one of our teachers:

> MacDonald has a transgender child who attends a different school (Hampden Academy. She's a girl who pretends to be a boy on the male track team, usually coming in dead last).

All of the above are invasions of privacy of the students you have referred to and are causing the Brewer High School student and the Brewer High School staff member who is the parent of the other student you refer to severe distress within the meaning of Maine statute, 20-A M.R.S. Sections 6553 and 6554.

Please remove the referenced material by noon on February 14, 2024 and confirm to me that you have done so or we will be forced to take further action against you.

M

*First Hewey Email* at 2 (emphasis in original); DSMF ¶ 9; *PRDSMF* ¶ 9.

Mr. McBreairty reluctantly and fearfully removed the entire Article from the website *[your]NEWS* and published a copy of counsel's email dated February 13, 2024, on his Twitter/X account. *Compl.*, Attach. 6, *Ex. 6 E-mail from Melissa Hewey February 14, 2025* (*Second Hewey Email*); PSMF ¶¶ 32, 38; DRPSMF ¶¶ 32, 38; DSMF ¶ 11; PRDSMF ¶ 11.

On February 14, 2024, counsel for the School Department sent Mr. McBreairty a second email with the subject line "Brewer Follow-up." *Second Hewey Email* at 2; DSMF ¶ 12; PRDSMF ¶ 12. The full text of the February 14, 2024 email reads:

Dear Mr. McBreairty,

5

As an initial matter, I want to thank you for complying with our request to remove the image and certain content from your post in response to the email I sent you yesterday. I understand that instead, you posted a screenshot of the email I sent you. What you may not have been aware of is that my email quoted verbatim the inappropriate content so by posting the email on X, you have effectively re-posted the inappropriate content.

Please redact the information regarding the BHS student from your second picture and the information regarding the staff member's child on the third page.

Thank you for your prompt attention to this demand.

*Second Hewey Email* at 2; DSMF ¶ 13; PRDSMF ¶ 13.

Mr. McBreairty died by suicide on June 3, 2024. DSMF ¶ 16; PRDSMF ¶ 16.

## II.    THE PARTIES' POSITIONS

### A.    The Plaintiff's Motion

The Plaintiff argues that because the Defendants did not plead the affirmative defense of advice of counsel, the defense is waived and all evidence relevant to only that defense should be excluded. *Pl.'s Mot.* at 2. Further, even if not waived, it is "insufficient and, therefore, more prejudicial than probative, excludable." *Id.* The Plaintiff seeks a related jury instruction. *Id.* at 3-4.

### B.    The Defendants' Opposition

The Defendants oppose the motion explaining that because Plaintiff seeks to recover emotional damages against Mr. Palmer in his personal capacity, evidence of Mr. Palmer's good faith reliance on counsel is a factor in his decisionmaking and a relevant factor in the jury's assessment of the reasonableness of his conduct under his qualified immunity defense. *Defs.' Opp'n.* at 1-4. Defendants oppose Plaintiffs' proposed jury instruction because standard jury instructions involving expert

testimony is available and "this issue will be addressed more fully in objections to Plaintiff's jury instructions." *Defs.' Opp'n* at 5-6.

## III.   LEGAL STANDARD

### A.   Relevance

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.  Courts should generally admit relevant evidence unless directed otherwise by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402.  However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## IV.   DISCUSSION

### A.   Relevance

The Court considers the role of counsel relevant to issues the jury will decide at trial.  Even though the Defendants did not affirmatively raise the advice of counsel defense, they did raise the defense of qualified immunity.  *Answer and Affirmative Defenses of Defs. Brewer School Dept., Gregg Palmer, and Brent Slowikowski* at 9 (ECF No. 46).  As the Defendants point out, "Plaintiff seeks to recover emotional distress damages against Defendant Palmer in his individual capacity under section 1983, not only in Palmer's official capacity, making evidence of his consultation and reliance on legal counsel a relevant factor in assessing the reasonableness of his

7

conduct under his qualified immunity defense." *Defs.' Opp'n* at 1.  Thus, even if the Court were to agree with the Plaintiff that the advice of counsel defense is excludable for failure to raise in the answer,[2] testimony and evidence related to the advice of counsel is not relevant only for that defense. *Depositors Tr. Co. v. Slobusky*, 692 F.2d 205, 208 (1st Cir. 1982) ("Failure to [plead an affirmative defense] ordinarily results in the waiver of the defense and the exclusion of all evidence relevant only to it.")

The Plaintiff also argues that the Defendants could not have even raised the advice of counsel defense with respect to Defendant Brewer School Department because municipal entities sued in their official capacities cannot assert good faith reliance on advice of counsel defense for § 1983 liability and to include evidence of good faith reliance on advice of counsel "is unduly prejudicial because it risks confusing the jury with respect to the lawfulness of Defendants' actions." *Pl.'s Mot.* at 3 (quoting *Castaneda v. Cnty. of Suffolk*, No. 17-cv-4267 (WFK) (ARL), 2025 U.S. Dist. LEXIS 223341, at *3-4 (E.D.N.Y. Oct. 31, 2025).

The Court agrees with the Defendants that, as to the individual Defendants also sued in their individual capacities; the non-binding *Castaneda* decision is distinguishable. *See Defs.' Opp'n* at 3 ("As a defendant sued individually for damages, Palmer is entitled to have the jury consider his good faith reliance on counsel as a factor in his decisionmaking and in the underlying circumstances of the case").

---

[2]    Under Federal Rule of Civil Procedure 8(c),"a party must affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c)(1).  "Although 'advice of counsel' is not specifically identified in Rule 8 as an affirmative defense, most courts consider it as such." *Conley-Lepene v. Lepene*, No. 2:20-cv-00452-JCN, 2023 U.S. Dist. LEXIS 219597, at *11 (D. Me. Dec. 11, 2023) (quoting 21 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1271 n.45 Affirmative Defenses—Defenses Not Mentioned in Rule 8(c) (4th ed. 2023)).

As to the municipal Defendant Brewer School Department, assuming that it may not assert reliance on advice of counsel as a defense, this would not mean that the evidence is inadmissible, since it is admissible as against Mr. Palmer.  When evidence is properly admissible against one but not both defendants, the common response is a limiting instruction, not exclusion.  Accordingly, the Court dismisses without prejudice the Plaintiff's motion seeking to exclude testimony and evidence about the advice of counsel.

### B.    Jury Instructions

To the extent that the Plaintiff seeks particular jury instructions, the Court dismisses the Plaintiff's motion without prejudice.  The Court agrees with the Defendants that "this issue will be addressed more fully in objections to Plaintiff's jury instructions." *Defs.' Mot.* at 5.  Accordingly, the Court defers on this issue of jury instructions and dismisses the related portions of Plaintiff's motion without prejudice.

## V.    CONCLUSION

The Court DISMISSES without prejudice Plaintiff's Motion *in Limine* to Exclude Evidence and Testimony Related to Advice of Counsel and for Preemptive Jury Instruction (ECF No. 216).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2026

9